UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                                                    CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/
    LEXINGTON LAW FIRM                           November 7, 2003

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE DECLARATION

Plaintiff moves to strike the Declaration of Rhiannon Lawrence as inadmissible. Not only is it unsworn, but it is rife with unsupported innuendo, hearsay, and conclusory statements which have no factual basis.

The Declarant says she is now "the attorney administrator" of the law firm. [Later she admits she is not an attorney. ¶ 32.] Being an "attorney administrator" would appear to be a clerical job ( ¶¶ 44, 45) with no authority to speak for the firm. The Declarant does not provide any foundation for her conclusory statements about the history of the law firm. ¶¶5-6. We don't know how long she has been employed or in what capacities.

She is not a lawyer, yet she conclusorily asserts that there are trade secrets – a legal concept. ¶¶7-10. A witness is not permitted to present testimony in the form of legal conclusions. Hygh v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992); Daniels v. City of Binghamton, 946 F. Supp. 590, 594 (N.D.N.Y. 1996) (affidavit that consists of legal arguments inadmissible).

She claims that the identity of defendant's clients is privileged. ¶ 12. Yet, defendant purports to act on their behalf with third party credit bureaus. Such identity is necessarily disclosed to the bureaus, and is not privileged even if it were not disclosed.

Vingelli v. U.S., 992 F.2d 449 (2d Cir. 1993); Yancey v. Hooten, 180 F.R.D. 203 (D. Conn. 1998) and cases cited therein.

She discloses information about plaintiff's matter (including what the plaintiff client told the credit repair organization), ¶¶ 19-21, in support of defendant's effort to prevent plaintiff from discovering that very information -- what services defendant charged her for and what letters were sent on her behalf.

The Utah Declarant obviously has no personal information about plaintiff's counsel since she relies on documents and does not substantiate various conclusory assertions. ¶¶15-16, 23—27, 29, 33, 35, 43, 54. Not being a lawyer, she does not comprehend the difference between what Lexington may or may not have been doing (disputing erroneous credit items) and what the undersigned did (sued a credit bureau) which Lexington could not and would not do for plaintiff. ¶¶ 22-24. No "competition" is involved.

The unsworn Declaration is rife with inadmissible hearsay. ¶¶ 29, 32, 33, 36-40, 42-43, 46-54. For instance, the Declarant purports to know that some members of NACA are credit repair organizations – unlikely since credit repair organizations are not eligible to be members. Her unsubstantiated Declaration does not include names – because there are none (other than Lexington).

The Declarant's biggest complaint is demonstrably false: an imaginary conspiracy to prevent Lexington from being listed in the NACA directory. Attached is the current internet Directory of Utah NACA members. There are eight from Lexington. Also attached is the listing for each of the eight. They did not join until 2003 – too late to be

2

included in the 2002 Directory. One can not possibly suspect a conspiracy to prevent 2003 members from appearing in a hard copy directory for the year before they joined.

Indeed, no one from Lexington joined NACA until after this lawsuit was filed and after mail service was sent to defendant. Note that several Lexington staff were permitted to join after this lawsuit was well underway, right up to October, 2003, further undercutting the objectively false conspiracy notion. (Although Michael Langford is listed as being with Lexington, the Utah Bar information available on the internet shows he works for Atkin & Hawkins.)

Since credit repair organizations are not eligible for membership in NACA, no one from Lexington has any possible basis for complaining about not being in a NACA directory. One can only conclude that the Lexington people joined under false pretenses, since they are ineligible in the first place.

## CONCLUSION

The unsworn, hearsay, conclusory, unsubstantiated Declaration should be stricken. It does not provide any basis for a protective order in this case.

THE PLAINTIFF

BY_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 065l1
 (203) 772-0395