UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/
LEXINGTON LAW FIRM          November 20, 2003

FILED
Nov 20  2 24 PM '03
DISTRICT COURT
NEW HAVEN, CONN.

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM: RULE 4

The Court requested the parties to file supplemental memoranda regarding who may serve the Connecticut Secretary of the State as agent for defendant. Fed. R. Civ. P. 4(c) controls "by whom" service may be made. Herein, service was made "by any person not a party and who is at least 18 years of age." Rule 4(e)(2) controls "upon whom" service may be made. Herein, service was made by delivery "to an agent authorized by appointment or by law to receive service of process" – the Connecticut Secretary of the State. Rule 4(e)(1) allows an additional service alternative, not at issue herein.

Before Rule 4 was amended in the early '80s to allow persons other than federal marshals to serve, it was clear that *who* can serve was governed by Rule 4(c). If process was served by a state officer, rather than a marshal, it could be quashed. Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982) (who can serve is governed by Rule 4(c)); Veeck v. Commodity Ent., Inc., 487 F.2d 423, 425 (9th Cir. 1973) (long arm service under state law to be accomplished by person authorized under rule 4(c)). Service made by someone improper under state law was proper under federal law. Weisler v. Matta, 95 F. Supp. 152, 155 (W.D. Pa. 1951) (state limitations on who can serve do not apply in federal

court). *See* Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1092 at 50, 55; §1089.1 at 40 (1973) (amendment expands those who can serve under Rule 4).[1]

Where the defendant is a Utah lawyer, failure to abide by his "duty" to waive costs of service, apparently in the hope of finding a "gotcha" with the effect of avoiding the merits and imposing additional service costs, warrants the granting of plaintiff's Motion for Reimbursement. See Doc. Nos. 11, 14, 15.

THE PLAINTIFF

BY _____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395

This is to certify that the foregoing was mailed on November 19, 2003, postage prepaid, to:

Richard H.G. Cunningham
12 Kenilworth Drive East
Stamford CT 06902

Blake Atkin
136 S Main St 6th fl
Salt Lake City UT 84101

_____
Joanne S. Faulkner

---

[1] Were the Rule's dichotomy between *who* can serve and *upon whom* service may be made not so clear, Plaintiff would respectfully suggest that, where there is actual notice, as here, the Rule may be liberally interpreted. Precision Etchings & Findings v. LGP Gem, Ltd., 152 F.R.D. 433, 434 (D.R.I. 1993).