UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                                CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE
    D/B/A/ LEXINGTON LAW FIRM                    DEC. 5, 2003

## REPORT OF PARTIES' PLANNING MEETING

Date complaint filed:  Jan. 13, 2003

Date complaint served: Jan. 16 and Feb. 24, 2003

Date of defendant's appearance:  March 20, 2003

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, the parties exchanged drafts but a conference was not held.

 The participants were:

   Joanne S. Faulkner for the plaintiff

   Blake S. Atkin for the defendant

**I.   CERTIFICATION.**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibility for achieving a prompt settlement or other resolution of the case.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.   JURISDICTION.**

A.   Subject matter jurisdiction:  15 U.S.C. §1681p.

B.   Personal jurisdiction:  Conn. Gen. Stat. §52-59b. Defendant contests service.

**III.   BRIEF DESCRIPTION OF CASE:**

1.   Plaintiff seeks relief pursuant to the federal Credit Repair Organizations Act (CROA), 15 U.S.C. § 1679, which regulates the conduct of credit repair organizations, the Connecticut Credit Clinics Act, Conn. Gen. Stat. §36a-700, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

A.   Claim of Plaintiff:  Defendants violated the above laws, inter alia, deceptive representations and by charging a fee before performing the credit repair services.

B.   Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant:
   Answer not yet due

C.  Defenses and Claims of Third Party Defendant:  N/A

**IV.   STATEMENT OF UNDISPUTED FACTS:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

1.  Plaintiff is an individual who resides in Connecticut.

2.  Defendant has a place of business at  634 South 400 West, # 200, Salt Lake City, UT 84101.

3.  Defendant does not refuse to accept  retainer fees from Connecticut residents.

4.  Defendant accepted a retainer  from plaintiff.

**V. CASE MANAGEMENT PLAN:**

A.   Standing Order on Scheduling in Civil Cases.

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth in parts E through H below.

2

B.Scheduling Conference with the Court.

The plaintiff does not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). Defendant requests such a conference.

C.Early Settlement Conference.

1.The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement may be enhanced by the use of the following procedures:

2.The defendant does not request an early settlement conference.

3.The plaintiff prefers a settlement conference with ~~[the presiding judge]~~ [a magistrate judge] [a parajudicial officer] [special masters].

4.The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

E.**JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS.**

1.Plaintiff should be allowed until March 31, 2003 to file motions to join additional parties. and until January 1, 2004 to file motions to amend the pleadings.

2.Defendant should be allowed until ten days after any ruling on his Motion to Dismiss to join additional parties and to file a response to the Amended Complaint.

F.**DISCOVERY.**

1.The parties anticipate that discovery will be needed on the following subjects: Principal issues of fact for discovery include the defendant's receipt and investigation of plaintiff's credit dispute; defendant's communications with the credit bureaus; defendant's credit repair procedures; the truth of any representations made by defendant; any consent

orders entered into by defendant; the number of Connecticut clients and the amount of fees received from each; issues raised by the pleadings.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be completed (not propounded) by July 30, 2004.

3. Discovery will not be conducted in phases.

4. Discovery on [issues for early discovery] will be completed by: N/A.

5. The parties anticipate that the plaintiff will require a total of 4 depositions of fact witnesses and that defendant will require a total of 2 depositions of fact witnesses. The depositions will commence by January 15, 2004, and be completed by June 15, 2004.

6. The parties will not request permission to file more than 25 interrogatories.

7. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by: May 1, 2004. Depositions of any such experts will be completed by: June 15, 2004.

8. Defendant may call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by: May 15, 2004. Depositions of any such experts will be completed by: June 15, 2004.

9. A damage analysis will be provided by any party who has a claim or counterclaim for damages 2 months after determination of Defendant's motion to dismiss.

G.  **DISPOSITIVE MOTIONS.**

Dispositive motions will be filed on or before thirty days after the close of discovery, presently proposed to end on June 15, 2004.

H.  **JOINT TRIAL MEMORANDUM.**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by the later of June 30, 2004 or three weeks after any determination on a dispositive motion.

VI. **TRIAL READINESS.**

The case will be ready for trial by June 30, 2004 or four weeks after any determination on a dispositive motion.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF

By:_____   Date:_____
   Joanne S. Faulkner ct 04137
   123 Avon Street
   New Haven, CT 06511
   (203) 772-0395

`                                   5