IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

FILED
Dec 9  2 47 PH '03

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,<br><br>Defendant. | **SUPPLEMENTAL MEMORANDUM REGARDING SERVICE OF PROCESS**<br><br><br>Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

Defendant Victor Lawrence, d/b/a Lexington Law Firm, submits this Supplemental Memorandum Regarding Service of the summons in this case pursuant to the order of the Court dated November 18, 2003.

I.   BACKGROUND

Plaintiff Michelle Goktepe filed this case on January 13, 2003. A summons was issued by the Court Clerk on January 14, 2003. On February 24, 2003, Nancy F. Marino, an indifferent person, left a copy of the summons and complaint at the office of Susan Bysiewicz, Secretary of State of Connecticut. Later that same day, Ms. Marino mailed a copy of the summons and complaint, certified mail, return receipt requested, to "Victor Lawrence d/b/a/ Lexington Law Firm, 634 South 400 West #200, Salt Lake City, UT 84101." Delivery of the letter was not restricted to Mr. Lawrence; the return receipt was signed by "K. Fiedel" and returned to Ms. Marino.

Mr. Lawrence moved for dismissal pursuant to Fed. R. Civ. Pro. 12(4) on the grounds that service was improper because Connecticut law requires service to be made by an officer

service alternative, not at issue herein." Plaintiff's Supplemental Memorandum: Rule 4 at 1. Mr. Lawrence agrees that Rule 4(e)(1) was not followed and therefore is not at issue herein. In Delta Steamships Lines, Inc. v. Albano, 768 F.2d 728 (5th Cir. 1985), the Fifth Circuit discussed whether service of process was effective under former Rule 4(c)(2)(C)(i), now Rule 4(e)(1). The Texas rule at issue allowed for service by registered or certified mail, but required that the service be made by an officer, as defined in another rule. Service was not performed by any of the officers listed. Because of this defect, neither the U.S. District Court, the Circuit Court, the defendant, nor, indeed, even the plaintiff, argued that service was proper under the rule allowing for service pursuant to state law.

> It is obvious that the state service mechanism was not employed. The district court so found and we agree. Delta perforce concedes the point and argues that the certified mailing constituted the effective equivalent of federal service under Rule 4(c)(2)(C)(ii).[2] We are not persuaded.

Id. at 730. The material facts in this case are identical. Ms. Goktepe attempted to serve Mr. Lawrence pursuant to the Connecticut longarm statute. The longarm statute required that the service be made by an "officer," defined elsewhere. Service was not made by an officer. Thus, service was not proper under Rule 4(e)(1).

Nor does Ms. Goktepe's argument accurately capture the interplay between Rule 4(e) and Rule 4(c)(2). She argues that Rule 4(c) controls "by whom" service can be made, while Rule 4(e)(2) controls "upon whom" service may be made. Plaintiff's Supplemental Memorandum: Rule 4 at 1. Although this distinction may have been, at one time, useful, it does not assist in

---

[2]Former Rule 4(c)(2)(C)(ii) provided for waiver of service and was similar to current rule 4(d).

3

understanding the current version of Rule 4.

Wright & Miller's commentary on former versions of Rule 4 articulated the distinction invoked by Ms. Goktepe:

> Both Rule 4(d)(7) [which became Rule 4(c)(2)(C)(i) in 1983, and then Rule 4(e)(1) in 1993] and former Rule 4(e) spoke to the question of "how" service was to be made and not "who" was to make service, it uniformly was held that personal service under either of these rules had to be made by a person authorized to serve process by former Rule 4(c)–a marshal, deputy marshal, or special appointee.

4A Wright & Miller, Federal Practice and Procedure: Civil 3d § 1092 at 483 (2002). Wright & Miller explain that prior to the 1993 amendments to Fed. R. Civ. Pro. 4 there was difficulty determining who could serve the summons and complaint when state law was involved. Former Rule 4(d)(7) permitted service to be made "in the manner prescribed" by state statute. Since former Rule 4(d)(7) did not address who should perform the service, the Courts struggled over whether the service had to be performed by the officers designated in Rule 4, or whether "in the manner prescribed" also permitted service by the persons designated in the state statute, which were usually more liberal. However, the 1983 revisions to Rule 4 were designed to eliminate these questions. By changing the phraseology from "in the manner prescribed by state law" to "pursuant to the law of the state," the revised rule incorporated not only the method of service described by state law, but the entire service scheme, including the requirements regarding persons authorized to perform service.

> This revision of Rule 4 has rendered moot much of the difficulty formerly encountered regarding service pursuant to state law. The division of who may serve under Rule 4(c) and the manner of service under Rule 4(d)(7) [now rule 4(e)(1)] has been abolished.

4

4A Wright & Miller, Federal Practice and Procedure: Civil 3d § 1092 at 488 (2002); see also, 4B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1114 at 156-60 (2002). This abolition was accomplished by a clear division of the rules relating to service. Not surprisingly, the cases cited by Ms. Goktepe in support of this proposition predate the 1983 and 1993 amendments that eliminated the dichotomy she espouses. Plaintiff's Supplemental Memorandum: Rule 4 at 1.

Under the case law regarding the current rules, Ms. Goktepe was required to comply with the state statute in its entirety to satisfy Rule 4(e)(1).

> A plaintiff should not ignore more stringent state requirements, however, when service is made under Rule 4(e)(1). State law sometimes will require that the process server take some extra step that is not required by the federal rules. For example, federal practice under Rule 4(c)(1) simply provides that the summons and complaint be served together. However, when state practice calls for some additional notice to be given following the first stage of service, as when service is made initially on a state officer who is then required by state law to forward the papers or notice of the service to the defendant, the state procedure must be followed.

4B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1112 at 141. The Fourth Circuit has held that "to be effective [under language equivalent to current 4(e)(1)] service of process must comply not only with constitutional requirements, but also with the provisions of the state statute." Federal Deposit Insurance Corp. v. Schaffer, 731 F.2d 1134, 1136 (4th Cir. 1984); see also, Delta Steamships Lines, Inc. v. Albano, 768 F.2d 728 (5th Cir. 1985); 4B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1115 at 169 (2002) ("If the use of state law is appropriate under Rule 4(e)(1) and state law is complied with, service of the summons and complaint generally will be held valid. Service under Rule 4(e) that fails to accord with the

5

states' requirements, not surprisingly, will be found improper.") (emphasis added).

III.    RULE 4(e)(2)

To avoid the crush of authority that requires full compliance with state statutes to satisfy Rule 4(e)(1), Ms. Goktepe advances a different theory. Ms. Goktepe claims that service was actually accomplished pursuant to Rule 4(e)(2) by service on the secretary of the state of Connecticut, who is, she claims, Mr. Lawrence's agent appointed by law, specifically, Conn. Gen. Stat. § 52-59b(c). She claims that she relies only on that part of the statute that appoints the secretary of state as the agent of foreign defendants and that she is not required to comply with the remainder of the statute, which sets out the methods that must be followed to effectively serve the secretary of state on behalf of a nonresident defendant. Thus, Ms. Goktepe argues that she was not required to effect service by an officer, although expressly required by the statute. Nor, presumably, was she required to send a copy of the summons and complaint to Mr. Lawrence by certified mail, also required by the statute, although she did so. According to Wright & Miller, this is not a proper construction of the law.

> Under the assumption that Rule 4(e)(2) is available in any situation in which there is a statutory agent, it is important to keep in mind that simply delivering a copy of the papers to the agent under Rule 4(e)(2) is not sufficient when receipt of the papers by the agent is not binding on the person to be served or when the relevant statute prescribes that additional steps be taken before service of process is deemed complete. To construe Rule 4(e)(2) as authorizing complete service by simple delivery to the agent in this situation, although linguistically plausible, is improper and might lead to a violation of due process or constitute a circumvention of the requirements in a state or federal statute. Rule 4(e)(2) never was intended to permit that type of practice.

4A Wright & Miller, Federal Practice and Procedure: Civil 3d § 1098 at 550 (2002).

Wright & Miller identify two possible distinctions between Rule 4(e)(1) and 4(e)(2). Under either of these constructions, the service attempted here falls under Rule 4(e)(1), and therefore, must be sufficient pursuant to Conn. Gen. Stat. § 52-59b(c), and therefore must have been made by an officer to be effective.

First, Wright & Miller state that Rule 4(e)(2) applies when all that is required to effectuate service is to deliver the documents to the person identified, but that 4(e)(1) applies if any additional steps must be taken. 4A Wright & Miller, Federal Practice and Procedure: Civil 3d § 1098 at 545-51 (2002). Since Conn. Gen. Stat. § 52-59b(c) requires that service upon the secretary of state be accomplished by both serving the secretary of state and sending the summons and complaint to the defendant at the defendant's last-known address, Rule 4(e)(1) applies. As discussed above, because service upon Mr. Lawrence did not comport with the requirements of the state statute, it was ineffective under Rule 4(e)(1).

Second, Wright & Miller note that some courts have found that Rule 4(e)(2) only applies when service is made pursuant to federal law. 4A Wright & Miller, Federal Practice and Procedure: Civil 3d § 1098 at 548-51 (2002). According to this line of cases, Rule 4(e)(2) allows a plaintiff to take advantage of federal laws that deem an agent to have been appointed. See, e.g., 28 U.S.C.A. § 1694 (patents); 15 U.S.C. § 1050(d) (trademarks); 49 U.S.C.A. §§ 10329, 10330 (common cariers); 43 U.S.C.A. § 1062 (wrongful enclosure of public lands). However, service on an agent appointed by state law is undertaken pursuant to Rule 4(e)(1). As discussed above, because service upon Mr. Lawrence did not comport with the requirements of the state statute, it was ineffective under Rule 4(e)(1).

Ms. Goktepe's suggestion that somehow service is proper in this case because she served the secretary of state through some other method than that prescribed by Connecticut law is troubling. Plaintiffs are not allowed to pick and choose the portions of the statute with which they will comply. Ms. Goktepe chose not to use an officer to deliver the complaint. If next time she chooses not to deliver the complaint by certified mail, will service nonetheless be effective? Obviously not. Yet that is the result required by Ms. Goktepe's interpretation of Rule 4(e)(2).

A plaintiff has the choice of following either the federal or state method of service. Rule 4(e)(1) allows the plaintiff to make service "pursuant to the law of the state in which the district court is located." Pursuant to the law of the state of Connecticut, "Where a particular method of serving process is pointed out by statute, that method must be followed." Board of Educ. v. Local 1282, Dist. 1, Communications Workers of Am., 31 Conn. App. 629, 632 (Conn. App. 1993). The method for serving the secretary of the state of Connecticut expressly requires service to be accomplished by an officer, not an indifferent person and requires that it also be made by certified mail to the defendant's last known address.

Service on Mr. Lawrence was thus not proper.

IV.   RULE 4(k)

Even if Ms. Goktepe were correct that she was not required to comply with the Connecticut long-arm statute in serving Mr. Lawrence, she was required to comply with that statute for the court to exercise jurisdiction over Mr. Lawrence. Under Rule 4(k),

> service 'is effective' to establish personal jurisdiction over those who can be reached under a state's long-arm statute (Rule 4(k)(1)(A)), the special 100-mile provision (Rule 4(k)(1)(B)), or the Federal Interpleader Act (Rule 4(k)(1)(C). Subparagraph

8

> (1)(D) also permits service pursuant to any federal statute that
> provides for nationwide or even world-wide service of process in
> cases arising under those statutes.

4C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1124 at 233. Subparagraphs (B), (C) of Rule 4(k) have no application here. Additionally, CROA does not have a provision for nationwide service of process for cases, such as this, arising out of it. See, Berthold Types Ltd. v. European Mikrograf Corp., 102 F. Supp. 2d 928, 930 (N.D. Ill. 2000) (In federal question litigation, the statute upon which the action is based provides the rules for service of process on nonresident defendants); Helicoptors, Inc. v. Avco Corp., 623 F. Supp. 902 (D.C. La. 1985) ("When a federal question case is based upon a federal statute that is silent as to service of process, Federal Rule 4(e), which governs service of process on nonresidents, requires the state standard of amenability to jurisdiction apply.") Thus, for service to confer jurisdiction, it must have been made pursuant to Rule 4(k)(1)(A) and must therefore have satisfied the Connecticut long-arm statute, Conn. Gen. Stat. § 52-59b.[3] Allied Towing Corp. v. Great Eastern Petrolium Corp., 642 F. Supp. 1339 (D.C.Va. 1986) (absent a federal statute expressly authorizing nationwide service of process, the validity of service on a nonresident defendant is controlled by the law of the forum state).

As discussed above, Ms. Goktepe's attempt to serve Mr. Lawrence pursuant to Conn. Gen. Stat. § 52-59b was defective because it was not served by an officer and because the process was not mailed to the defendant's last known address. Ms. Goktepe is required to have brought Mr. Lawrence before the court, if at all, under the Connecticut long arm statute. Having failed to

---

[3] It appears that Rule 4(k)(1)(A) would also be satisfied if service were made pursuant to Conn. Gen. Stat. § 52-59a, but Ms. Goktepe did not attempt to effectuate service in that manner.

9

do so, the court may not exercise jurisdiction over Mr. Lawrence.

## Conclusion

Ms. Goktepe has failed to show that she properly served Mr. Lawrence in this case. Ms. Goktepe admits that service was not proper pursuant to Rule 4(e)(1) because it did not comply with the requirements of Connecticut law, and the alternative theory, that service was improper under Rule 4(e)(2), is likewise unsupported. The complaint must be dismissed.

DATED this 5th day of December, 2003.

ATKIN & HAWKINS, P.C.

_____
Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039

10

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing SUPPLEMENTAL MEMORANDUM REGARDING SERVICE OF PROCESS was mailed first class, postage prepaid on this the 5th day of December, 2003 to the following:

Joanne S. Faulkner
123 Avon St.
New Haven, CT 06511-2422

when there is only one defendant and when service is made on the secretary of state and because it was not sent to Mr. Lawrence's "last known address." The Court asked both parties to submit supplemental memoranda regarding the interplay between Rule 4(c)(2) and Rule 4(e)(1).

II.   RULE 4(e)(1)

Two initial matters ought to be dealt with. First, "The plaintiff is responsible for service of a summons and complaint." Fed. R. Civ. Pro. 4(c)(1). It was Ms. Goktepe's burden to properly serve Mr. Lawrence, and it is her burden to show that service was proper. Second, actual notice is not a substitute for proper service. Robinson Eng'g Co. Pension Plan & Trust v. George, 223 F.3d 445, 454 (7th Cir. 2000); Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993). "Where a particular method of serving process is pointed out by statute, that method must be followed." Board of Educ. v. Local 1282, Dist. 1, Communications Workers of Am., 31 Conn. App. 629, 632 (Conn. App. 1993).[1]

The Court asked each of the parties to prepare a supplemental memorandum regarding service of process pursuant to Rule 4(e)(1). However, Ms. Goktepe's supplemental memorandum disavowed any reliance on Rule 4(e)(1): "Rule 4(e)(1) allows an additional

---

[1] In a real sense, this case is not just about the procedural rights of Victor Lawrence, but it is very much about protecting the rights of the next out of state defendant whose right to notice and to be properly brought before the Court would be eroded by Plaintiff's suggestion that the rules be relaxed in this instance. The thing that keeps us a free people governed by law, not by the whims of other men, is the adherence by a court to rules of procedure. The junk heaps of 20th Century history are littered with the bones of totalitarian regimes with written constitutions touting guarantees of individual freedom rivaling our own. The difference between those ethereal promises and the vigor of human rights in this country is the attention we pay to litigants' procedural rights. As Sir Thomas More, in Robert Bolt's "A Man for All Seasons," explained to his protege Roper, who would dispense with proper procedure in order that "justice" be done: "And after you had knocked down all the procedural safeguards, where would you hide from the Devil . . ."

2