UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHELLE GOKTEPE, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. 3:03cv89 (MRK) |
| VICTOR LAWRENCE, d/b/a LEXINGTON LAW FIRM, | : | |
| Defendant. | : | |

**MEMORANDUM OF DECISION**

The defendant Victor Lawrence, d/b/a/ Lexington Law Firm, filed a Motion to Dismiss [doc. #7] on March 20, 2003 and oral argument was held on all pending motions[1] on November 18, 2003.  By Order dated November 18, 2003 [doc # 41], and for the reasons stated in open court, the Court denied the Motion to Dismiss "in all respects except regarding the portion seeking to dismiss the case for failure to effectuate service in compliance with Fed. R. Civ. P. 4."  Order at 1.  The Court directed the parties to submit supplemental briefing on the service of process issue, *id.*, and the parties did so.  *See* Pl.'s Suppl. Mem. [doc. # 42]; Def.'s Suppl. Mem. [doc. # 45].  This issue involves several highly technical arguments regarding the service of the complaint and summons on the defendant.  The defendant does not deny that he received a copy of the summons and complaint.  Instead, he argues that the means by which he received them were insufficient to effectuate service on him.  Upon consideration of the parties' supplemental briefs, Defendant's Memorandum in Support of Motion to Dismiss [doc. #7], Plaintiff's

---

[1]The pending motions consisted of: Motion to Dismiss [doc. #7], Motion for Attorney's Fees [doc. #11], Motion to Compel Discovery [doc. #23], Motion for Protective Order [doc. #27] and Motion to Strike Declaration [doc. #39].

Opposition Memorandum [doc. #13], the Summons in Civil Case [doc. #3] and the Supplemental Return [doc. #4], the Court concludes that plaintiff complied with the requirements for service of process under Fed. R. Civ. P. 4. Accordingly, the defendant's Motion to Dismiss [doc. #7] is DENIED in all respects.

The plaintiff, Michelle Goktepe, brought this suit against Victor Lawrence, d/b/a/ Lexington Law Firm, pursuant to the federal Credit Repair Organization Act (CROA), 15 U.S.C. § 1679, the Connecticut Credit Clinics Act, Conn. Gen. Stat. § 36a-700, and the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a. *See* First Amended Compl. [doc. #12] at 1. The record regarding the plaintiff's service of process on the defendant shows that Nancy F. Marino, an "Indifferent Person," served the nonresident defendant, Victor Lawrence, d/b/a/ Lexington Law Firm, on February 24, 2003 "by delivering by hand a true and verified copy of the original Federal Summons and Complaint to Susan Bysiewicz, Secretary of the State of Connecticut and the duly authorized agent for the defendant." *See* Summons in Civil Case. On February 24, 2003, Ms. Marino also "deposited in the Post Office at Newington, Connecticut, postage paid and certified, return receipt requested, a true and verified copy of the within original Federal Summons and Complaint" addressed to Victor Lawrence, d/b/a/ Lexington Law Firm, 634 South 400 West #200, Salt Lake City, UT 84101. *Id.* Ms. Marino received the return receipt signed by K. Fiedel, stamped on February 26, 2003. *See* Supplemental Return.

It is undisputed that "[b]efore a . . . federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) (citing *Omni Capital Int'l, Ltd. v.*

*Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987)). Service of process in a federal action is governed generally by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e) covers service upon individuals located within a judicial district. The rule contains two provisions for effecting service upon an individual located in any judicial district in the United States:

> (1) *pursuant to the law of the state in which the district court is located*, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the States; or

> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual abode with some person of suitable age and discretion then residing therein or *by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.*

Fed. R. Civ. P. 4(e) (emphasis added).

In its initial brief, the defendant argued that he had not been served "pursuant to the law of the state in which the district court is located," as required by Rule 4(e)(1), because Connecticut's long-arm statute, Conn. Gen. Stat. § 52-59b(c),[2] states that process served on the Secretary of the State as statutory agent for a nonresident defendant must be served by an "officer," and it does not authorize service by an indifferent person such as Ms. Marino. Def.'s Mem. Supp. Mot. to Dismiss at 3.

---

[2]Conn. Gen. Stat. § 52-59b(c) governs service of process on nonresident defendants, and states, in pertinent part: "Any nonresident individual . . . over whom a court may exercise personal jurisdiction . . . shall be deemed to have appointed the secretary of the state as its attorney and to have agreed that any process in any civil action brought against the nonresident individual . . . may be served upon the secretary of the state and shall have the same validity as if served upon the individual . . . personally. The process shall be served by the officer to whom the same is directed upon the secretary by leaving with or at the office of the secretary . . . and by sending to the defendant at his last-known address, by registered or certified mail, postage prepaid, a like true and attested copy with an endorsement thereon of the service upon the secretary."

This Court need not decide, however, whether the reference to "officer" in § 52-59b(c) precludes service by an indifferent person. For in her supplemental brief, the plaintiff stated that she does not rely upon Rule 4(e)(1) to justify the service in this case. Pl.'s Suppl. Mem. at 1. The plaintiff instead relies solely on Rule 4(e)(2) to establish the validity of service upon the defendant. *See* 4A C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1094, at 512 (3d ed. 2002) ("If the plaintiff chooses to follow one of the specific means of service set out in Rule 4(c)(2) or 4(e)(2) and complied with the prescribed procedure for doing so, service is effective regardless of whether or not that mode of service also is valid under the forum state's law"). She notes that service under Rule 4(e)(2) can be effected by "delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Pl.'s Mem. Opp'n Mot. to Dismiss at 3. The plaintiff further argues that delivery of the summons and complaint under Rule 4(e)(2) can be accomplished by any person authorized by federal law to do so and that as an indifferent person, Ms. Marino was authorized by Rule 4(c)(2) to deliver the summons and complaint to the Secretary of the State as the statutory agent for this nonresident defendant.

In his supplemental brief, the defendant appears to agree, as he should, that any person who is authorized to effectuate service under Rule 4(c)(2) may deliver the summons and complaint referred to in Rule 4(e)(2), even if that person is not authorized to effect service under state law.[3] Moreover, Ms. Marino, as an indifferent person, certainly qualifies under Rule 4(c)(2)

---

[3] Wright & Miller is clear and instructive on the scope of Rule 4(c)(2):

In 1981, the Advisory Committee proposed permitting service of a summons and complaint by persons who had applied and registered with the clerk of the court for authorization to serve process. This proposal met with stiff resistance

as a person authorized to effect service in a federal action.

The defendant nonetheless contends that Rule 4(e)(2) does not validate the service in this case for two reasons. First, he argues that Rule 4(e)(2) is not available to a plaintiff like Ms. Gopteke who seeks to serve a statutory agent created by *state* law. According to the defendant, the reference to "agent" in Rule 4(e)(2) is limited to an appointed agent or to an agent authorized under *federal* law. When the agent is authorized by state law, as is the case here, the defendant claims that a plaintiff's exclusive means of effectuating service is Rule 4(e)(1), which requires strict compliance with state law, including – in this case – the requirement of service by an "officer" and not an "indifferent person." Def.'s Suppl. Mem. at 7. Second, and alternatively, the defendant argues that even if Rule 4(e)(2) is available when a plaintiff serves a state-designated statutory agent, the plaintiff must comply with all of the requirements for effectuating service on that agent and that Conn. Gen. Stat. § 52-59b(c) required the plaintiff in this case to mail a copy of the summons and complaint to the defendant's home address and not, as was done here, to his business address. *Id.* at 2, 9. The Court rejects each of the defendant's arguments.

The defendant has not cited the Court to any decision holding that the phrase "agent

---

and was rejected because it was feared that the courts would become enmeshed in administrative proceedings investigating and authorizing private persons to serve process. In place of this proposal, it was decided to permit service of a summons and complaint by adult nonparties, just as Rule 45 permits private persons to serve a subpoena. This revision eliminated the necessity of asking the court for a special appointment or of resorting to state law for authority to have process served by such persons. Consequently, in situations requiring personal service of process, *the task normally will be performed by adult nonparties* rather than a marshal, deputy, or special appointee.

4A C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1089.1, at 470-471 (3d ed. 2002) (emphasis added).

authorized . . . by law" in Rule 4(e)(2) is limited to agents authorized by federal law only. While at first blush it might seem anomalous that a plaintiff could serve an agent created under state law by complying with *either* Rule 4(e)(1) *or* Rule 4(e)(2), there certainly is nothing on the face of the rule or in the Advisory Committee Notes that precludes such a result. After all, a plaintiff serving an individual at his usual place of abode in a state may choose to effectuate service under either Rule 4(e)(1) or Rule 4(e)(2). There does not seem to be any reason to treat service on statutory agents any differently.

Moreover, there is nothing in the text of the rule itself or in the Advisory Committee Notes to indicate that when the drafters used the phrase "authorized . . . by law" they really meant "authorized . . . by *federal* law" and only federal law. The Advisory Committee Notes to the 1993 amendments that gave rise to Rule 4(e)(2) simply state: "Paragraph (2) . . . authorizes the use of the familiar methods of personal or abode service or service on an authorized agent in any judicial district," without any indication that the rule was limited to agents authorized under *federal* law only. Certainly, when the drafters of the Civil Rules wanted to limit a provision to federal law exclusively, they knew how to do so.[4] That they did not so limit Rule 4(e)(2) suggests strongly that the drafters did not intend to limit the rule to agents created under federal law only.

The Court has not found any decision that explicitly addresses the issue of the meaning of "authorized . . . by law" in Rule 4(e)(2). However, two decisions interpreting the predecessor of

---

[4] *See, e.g.,* Fed. R. Civ. P. 12(a): "Unless a different time is prescribed in a *statute of the United States*, the defendant shall serve an answer . . ." (emphasis added); *see also* Fed. R. Civ. P. 24(a): "Upon timely application anyone shall be permitted to intervene in an action: (1) when a *statute of the United States* confers an unconditioned right to intervene . . ." (emphasis added).

Rule 4(e)(2) suggest that the phrase includes agents created under state statutes. *See Nelson v. Swift*, 271 F.2d 504 (D.C. Cir. 1959) (interpreting former Rule 4(d)(1), now Rule 4(e)(2), the D.C. Circuit adverted to state statutes authorizing substituted service upon nonresident property owners for private civil actions arising out of the property); *see also Hardy v. O'Daniel*, 16 F.R.D. 355, 356 (D.C.C. 1954) ("It seems to the Court that [Rule 4(d)(1)] should be construed as relating to an agent expressly authorized by appointment of the defendant to receive process in his behalf, or an agency created by statute to receive service of process, such as an agency in respect to suits against nonresident defendants in connection with automobile accident cases, or other statutory agencies of that sort"). In the absence of any indication in the rule itself, the Advisory Committee Notes or case law suggesting that Rule 4(e)(2) does not extend to agents created under state law, the Court declines to write such a limitation into Rule 4(e)(2).

Connecticut statutory law designates the Secretary of the State, here Secretary of the State Bysiewicz, as the defendant's agent for purposes of service of process. *See* Conn. Gen. Stat. § 52-59b(c). It is undisputed that Ms. Marino hand-delivered a true and verified copy of the original summons and of the complaint to Susan Bysiewicz, Secretary of the State of Connecticut. The plaintiff thus served the defendant "by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process" and thereby satisfied the explicit terms of Rule 4(e)(2).

Nevertheless, simply delivering a copy of the summons and complaint to a statutory agent is insufficient "when receipt of the papers by the agent is not binding on the person to be served or when the relevant statute prescribes that additional steps must be taken before service of process is deemed complete." 4A C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE §

1094, at 550 (3d ed. 2002). Here, Connecticut's long-arm statute prescribes such an additional step – namely, mailing of a copy of the summons and complaint to the defendant's "last-known address." Conn. Gen. Stat. § 52-59b(c). While the defendant concedes that the plaintiff mailed a copy of the summons and complaint to his business address, he argues that the reference to "last-known address" in § 52-59b(c) means last known *home* address, not *business* address. Def's. Suppl. Mem. at 3.

The defendant's argument runs headlong into Connecticut case law, however. For Connecticut courts have uniformly construed § 52-59b(c) contrary to the interpretation urged by the defendant in this case. For example, in *Celik v. Dunbar*, 1995 WL 424710, at *2 (Conn.Super., July 12, 1995), the Superior Court stated that service on the defendant at his business address complied with Conn. Gen. Stat. § 52-59b(c). Similarly, in *Tek-Motive, Inc. v. AFB, Inc.*, 1993 WL 479797, at *5 (Conn.Super., Nov. 12, 1993), the Superior Court held that "notice delivered to an individual's business address, rather than his residence, is adequate" under Conn. Gen. Stat. § 52-59b(c). The defendant has not cited any contrary authority or advanced any reason why this Court should decline to follow these well reasoned decisions by Connecticut Superior Court judges. This is especially true since the defendant in this case is being sued as a "d/b/a" for his business activities, which he allegedly engaged in and/or directed from the address to which the summons and complaint were directed. Accordingly, the plaintiff's service of process was not defective because it was mailed to the defendant at his last-known business address.

For the foregoing reasons, the defendant's Motion to Dismiss [doc. #7] is DENIED in all respects.

IT IS SO ORDERED.

/s/        Mark R. Kravitz
U.S.D.J.

Dated at New Haven, Connecticut: January 27, 2004.