IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,<br><br>Defendant. | Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

## MEMORANDUM IN OPPOSITION TO
## MOTION FOR PERMISSION TO AMEND AND IN SUPPORT OF
## MOTION TO STRIKE

Defendant Victor Lawrence submits this memorandum in opposition to the Motion for Permission to Amend pursuant to D. Conn. L. Civ. R. 7(a).

### Facts

1. On February 9, 2004, Ms. Goktepe filed a Motion for Permission to Amend.

2. At the time Ms. Goktepe entered into a retainer agreement with Lexington Law firm, she signed a power of attorney in which she agreed that Lexington could write letters on her behalf. Exhibit A.

3. One of the tools Lexington has in its arsenal is the ability to write dispute letters in the name of a particular client. Often, a letter in the client's name will result in more effective advocacy with the credit reporting agencies. When, in the judgment of one of the lawyers at Lexington, a letter on firm letterhead would be more effective such a course is followed. However, Lexington has learned that often a letter on firm letterhead is met with resistance and delays by the agencies. Therefore, when it will be more effective, Lexington writes the letters in the name of the client. Exhibit B, Declaration of John C. Heath.

4.      That practice is both a traditional and acceptable practice for a lawyer.  See,
Exhibit C, letter of David Pena, Utah State Bar.

5.      During the deposition of Experian, Ms. Goktepe's lawyer acknowledged her
familiarity with this practice and the fact that the letter produced by Experian was in fact written
by Lexington.  Exhibit D, Depo. of Kimberly Hughes 14:17-14:19.

6.      During the deposition of Experian, a letter was produced, written to Experian in
the name of the plaintiff dated October 14, 2002, that disputed entries on plaintiff's credit report
from Citibank Mastercharge and Filenes.

7.      The Lexington support notes that were produced to plaintiff before the Experian
deposition show that on October-14, 2002 Lexington sent a letter disputing Citibank,
Mastercharge, and Filenes.  Exhibit E, Lexington support note.

8.      Similarly, during the deposition of Transunion, plaintiff learned that Transunion
had received letters in the name of the plaintiff dated October 14, 2002, which disputed
Macys/GECCCC and Filines, and November 11, 2002, which disputed Filenes, Macys/GECCCC
and American Express.[1]

9.      The Lexington support notes that were produced to plaintiff before the Transunion
deposition show that on October 14, 2002 Lexington sent a letter to Transunion disputing
Macys/GECCCC and Filenes and on November 11, 2002, Lexington sent a letter to Transunion
disputing Filenes, Macys/GECCCC and American Express.  Exhibit F, Lexington support note.

10.     Victor Lawrence bought the law practice of a Lawyer named Jamis Johnson in

_____

[1]The transcript of the deposition of TransUnion is not yet available; when it becomes
available, defendant will supplement this Memorandum.

2

May, 1999.

11.    That purchase included the right to use the name "Lexington Law Firm" in connection with the practice.

12.    Several months after Mr. Lawrence' purchase of the law practice from Mr. Johnson, Mr. Johnson was disbarred for conduct unrelated to the Lexington Law Firm practice.

13.    Mr. Lawrence was sued by Mr. Johnson in the Third Judicial District Court of Salt Lake County, State of Utah. Mr. Johnson made some of the same allegations that plaintiff attempts to make in the proposed Second Amended Complaint, namely, that the law practice of Mr. Lawrence was somehow part of a partnership between Mr. Johnson and Messrs. Orvis and Steckling.

14.    The Court granted summary judgment to Mr. Lawrence in that action, finding there was no evidence to support Mr. Johnson's claims against Mr. Lawrence. Exhibit G, Judgment.

<u>**Argument**</u>

The parties submitted Reports of their Rule 26(f) Planning Meeting. [44], [46]. Although there were some topics on which the parties were unable to agree, they did agree that the deadline to file motions to amend the pleadings ought to be January 1, 2004. Ms. Goktepe's Motion for Permission to Amend was not filed until February 9, 2004. This is a sufficient ground for denying the motion.

D. Conn. L. Civ. R. 7(a) provides:

> Any motion involving disputed issues of law shall be accompanied by a written memorandum of law . . . Failure to submit a memorandum may be deemed sufficient cause to deny the motion.

Ms. Goktepe's Motion for Permission to Amend was not accompanied by a written memorandum of law. This is sufficient cause to deny the motion.

Although leave to amend is "freely given when justice so requires," (Fed. R. Civ. Pro. 15(a)), leave to amend may be denied for a number of reasons, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Ms. Goktepe should not be allowed to amend because of the bad faith motive shown by her proposed complaint and because the amendment would be futile.

In paragraph 11 of the Second Amended Complaint, Ms. Goktepe avers:

> Upon information and belief, what is now Lexington Law Firm was originated by one Jason Orvis in cooperation with Jamis Johnson, a since disbarred Utah lawyer.

In subsequent paragraphs, Mr. Goktepe alleges that Lexington Law Firm is, in fact, a business entity involving Jamis Johnson, Jayson Orvis and Deon Steckling. Proposed Second Amended Complaint ¶¶ 12-14. Ms. Goktepe's allegations are laden with false, scandalous, impertinent, and irrelevant innuendo, namely, that a disbarred lawyer and non-lawyers control Lexington Law Firm and that Mr. Johnson was disbarred for activities related to Lexington Law Firm. Jamis Johnson was disbarred for reasons unrelated to his involvement with Lexington Law Firm. Neither Jamis Johnson, Jason Orvis, nor Deon Steckling, nor any business owned or controlled by them has any interest in Lexington Law Firm; nor do they share in the proceeds from Lexington Law Firm. Mr. Orvis and Mr. Steckling do not have authority to sign checks or transfer funds from Lexington accounts; only Mr. Lawrence has signature authority on

4

Lexington's accounts. These allegations appear to have come from court documents filed in a Utah action between Jamis Johnson and Mr. Lawrence. Jamis Johnson sued Mr. Lawrence, claiming he had some interest in proceeds from Lexington Law Firm and Mr. Lawrence prevented him from obtaining those proceeds. The Court found that the claims were unsupportable and that Jamis Johnson had no interest in Lexington Law Firm and dismissed the complaint against Mr. Lawrence. Exhibit G, Judgment. Moreover, it is difficult to see any relevance to the allegations even if there were any evidence they were true. These allegations are futile and cannot have been made for any good faith purpose connected with moving this case forward. Paragraphs 11-14 of the proposed Second Amended Complaint contain false, scandalous, impertinent and irrelevant statements. Those paragraph should be stricken from the proposed Second Amended Complaint and Ms. Goktepe should not be allowed to amend her complaint to add those paragraphs.

Paragraphs 26 and 27 allege that TransUnion and Experian, credit reporting agencies, had "no record of receiving any dispute from Lexington Law Firm on behalf of plaintiff during the period when lexington was supposed to be acting on Ms. Goktepe's behalf." These allegations are completely false and are known by Ms. Goktepe's lawyer to be false.

Ms. Goktepe signed a power of attorney giving defendant authority to write dispute letters in her name to the credit bureaus. Ms. Goktepe's lawyer has been aware that this is one of the tools that Mr. Lawrence, in his discretion as a lawyer, uses to protect and pursue his client's interests. A quick glance at the support notes that Lexington produced to Ms. Goktepe before the Transunion and Experian depositions were taken shows that the letters produced by those entities were in fact written by Lexington. Experian received a letter in the name of the plaintiff dated

5

October 14, 2002, which disputed entries on plaintiff's credit report from Citibank Mastercharge

and Filenes.  Correspondingly, Lexington's records show that it sent a letter on October 14, 2002

disputing Citibank, Mastercharge, and Filenes.  Similarly TransUnion received a letter in the

name of the plaintiff dated October 14, 2002, which disputed Macys/GECCCC and Filines, and

another letter November 11, 2002, which disputed Filenes, Macys/GECCCC and American

Express.  Correspondingly, Lexington's records show that it sent a letter to TransUnion on

October 14, 2002 disputing Macys/GECCCC and Filenes and that it sent another letter on

November 11, 2002 disputing Filenes, Macys/GECCCC and American Express.  During the

deposition of Experian, plaintiff's lawyer acknowledged her familiarity with the practice of

sending a letter on behalf of a client over the client's name and the fact that the letter produced

by Experian was in fact written by Lexington.  Plaintiff cannot in good faith argue that she

doesn't know that Lexington wrote those letters.  Additionally, it would be futile to allow Ms.

Goktepe to add the allegations because they are controverted by the facts.

DATED this _3_ day of _March_, 2003.

ATKIN & HAWKINS, P.C.

_____
Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039

6

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing  MEMORANDUM IN

OPPOSITION TO MOTION FOR PERMISSION TO AMEND AND IN SUPPORT OF

MOTION TO STRIKE was mailed first class, postage prepaid on this the 3rd day of March, 2004

to the following:

Joanne S. Faulkner
123 Avon St.
New Haven, CT 06511-2422

# EXHIBIT "A"

The Federal trade Commission regulates credit bureaus and credit repair organizations. For more information contact:

> The Public Reference Branch
> Federal Trade Commission
> Washington, D.C. 20580

## *** ELECTRONIC SIGNATURE POWER OF ATTORNEY ***

Lexington will do its best to restore your good credit. To do so, we need permission from you to write and sign letters to the credit bureaus and creditors in your name. By granting Lexington a power of attorney you give Lexington permission to write letters on your behalf.

Your electronic signature is a Power of Attorney and authorizes us to represent you under the Fair Credit Reporting Act and other laws. You may cancel your electronic authorization by sending the law firm an email notifying us that you retract your electronic authorization. Since we will not be able to represent you without this electronic authorization, canceling it will also close your case.

## *** NOTICE OF CANCELLATION ***

Lexington Law Firm allows you to cancel this agreement any time you feel you have achieved your desired results. In addition, federal law requires us to provide you with the following Notice of Cancellation form in bold and in duplicate:

NOTICE OF CANCELLATION

YOU MAY CANCEL THIS CONTRACT, WITHOUT ANY PENALTY OR OBLIGATION, AT ANY TIME BEFORE MIDNIGHT OF THE 3RD DAY WHICH BEGINS AFTER THE DATE THE CONTRACT IS SIGNED BY YOU.

TO CANCEL THIS CONTRACT, MAIL OR DELIVER A SIGNED, DATED COPY OF THIS CANCELLATION NOTICE, OR ANY OTHER WRITTEN NOTICE TO LEXINGTON LAW FIRM AT P.O. BOX 1173, SALT LAKE CITY, UT 84110 BEFORE MIDNIGHT ON [ DATE ]

I HEREBY CANCEL THIS TRANSACTION,
[ DATE ]
[ PURCHASER'S SIGNATURE ]


NOTICE OF CANCELLATION

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>Plaintiff,<br><br><br>v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,<br><br>Defendant. | Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

### DECLARATION OF JOHN C. HEATH

John C. Heath, under penalty of perjury, deposes and states as follows:

1. I have personal knowledge of the matters set forth herein.

2. I am a staff attorney with Lexington Law Firm.

3. Lexington Law firm has its clients sign a power of attorney at the time we are retained giving us authority to send letters in the client's name.

4. The reason that we obtain that authority is because we have learned over the years that in many instances a letter on lawyer letterhead is not as effective as a letter in the name of the client.

5. In fact, the credit bureaus, when confronted with a letter on lawyer letterhead, typically require a copy of the power of attorney, and do other actions to stall the process. We are currently pursuing litigation against the bureaus precisely because of these delay tactics.

6. Sending letters in the client's name is only one tool in our arsenal. When, in the judgment of the lawyer, a letter on lawyer letterhead is needed or would be more effective, we do

not hesitate to send such a letter.

DATED this 24 day of February 2004.

_John Heath_

Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039

136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

2

# EXHIBIT "C"



# Utah State Bar

**Office of Professional Conduct**
645 South 200 East, Suite 205 • Salt Lake City, Utah 84111-3834
Telephone: (801) 531-9110 • FAX: (801) 531-9912 • 1-800-698-9077
E-mail: opc@utahbar.org



RECEIVED
FEB 1 2 2004

**Billy L. Walker**
Senior Counsel

**Kate A. Toomey**
Deputy Counsel

**Diane Akiyama**
Assistant Counsel

**David V. Peña**
Assistant Counsel

**Adam C. Bevis**
Assistant Counsel

**Sharadee Fleming**
Assistant Counsel

February 10, 2004

Re:     The Information You Submitted Concerning Victor Lawrence

Dear Mr

I have reviewed your Informal Complaint with the other attorneys in this office, along with the response to your Informal Complaint submitted by Mr. Lawrence a copy of which has previously been mailed to you. Additionally, we have reviewed the supplemental information submitted by you. We have concluded that, upon consideration of all factors, your Informal Complaint must be dismissed for the reasons summarized below.

You have alleged that Mr. Lawrence sent letters under your name without your permission.

Mr. Lawrence's response to your Informal Complaint states that you did authorize the use of your signature.

The evidence is insufficient to establish that there is probable cause that Mr. Lawrence has violated the Rules of Professional Conduct. For example, Mr. Lawrence has provided information, and this office has reviewed Mr. Lawrence's' website, which indicates that you did agree to have Mr. Lawrence sign for you in certain correspondence. Accordingly, this matter must be dismissed.

We nevertheless thank you for bringing this matter to our attention. Your concerns aid the OPC in monitoring the professional conduct of attorneys in Utah.

Pursuant to Rule 10(a)(6) of the Rules of Lawyer Discipline and Disability, as amended on January 1, 2003, you may appeal this decision

to the Chair of the Ethics and Discipline Committee of the Utah Supreme
Court within fifteen days after the date of this letter.  If you wish to appeal
the decision, notify this office in writing, and we will forward the file to the
Chair for review.

Sincerely,

David V. Peña
Assistant Counsel
Office of Professional Conduct

DVP/ay
cc: Blake Atkin (atty for Mr. Lawrence)

EXHIBIT "D"

1                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

2

MICHELLE GOKTEPE

3

4  VS.                    CASE NO. 3:03CV 0089(MRK)

5  VICTOR LAWRENCE d/b/a
    LEXINGTON LAW FIRM

6

7

8

9        \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

10                 ORAL DEPOSITION OF

11                 KIMBERLY HUGHES

12                JANUARY 20, 2004

13        \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

14

15                   COPY

16

17    ORAL DEPOSITION of KIMBERLY HUGHES, produced as a

18  witness at the instance of the Plaintiff, and duly

19  sworn, was taken in the above-styled and -numbered

20  cause on the 20th of January, 2004, from 2:27 p.m. to

21  2:48 p.m., before Dawn A. Weeks, CSR in and for the

22  State of Texas, reported by machine shorthand at the

23  offices of Jones Day, 2727 North Harwood Street,

24  Dallas, Texas, pursuant to the Federal Rules of Civil

25  Procedure.

14

1    the accuracy or not of the records that are kept.

2             MS. BLOOM:  I respectfully do not

3    disagree with whether that question would be relevant,

4    but the objection is based on the subpoena that was

5    served on Experian and Experian's designation of a

6    witness to speak to the issues in the subpoena.

7             MR. ATKIN:  Okay.

8             MS. BLOOM:  And had that subject matter

9    been listed in the subpoena, I, of course, would have

10   no objection, but Ms. Hughes is not prepared to

11   testify regarding subjects outside the scope of those

12   listed on the subpoena.  And those listed on the

13   subpoena is limited to Michelle Goktepe and complaints

14   about the Lexington Law Firm during the specified time

15   period, not the number of disputes Experian received

16   by mail during that time period.

17            MS. FAULKNER:  In addition, of course,

18   Lexington Law Firm only claims to have sent one letter

19   during this time period.

20            MR. ATKIN:  Well, I have a -- I

21   understand that if Ms. Hughes were to tell me that she

22   can't answer the question, that's one thing, but I am

23   entitled to inquire if she knows the volume of

24   disputes that Experian may have received during that

25   time period of October, November of 2002.  What I

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

VS.                          CASE NO. 3:03CV 0089(MRK)

VICTOR LAWRENCE d/b/a
LEXINGTON LAW FIRM

THE STATE OF TEXAS :

COUNTY OF DALLAS   :


           I, DAWN A. WEEKS, a Certified Shorthand

Reporter in and for the State of Texas, hereby certify

to the following:

           That the witness, KIMBERLY HUGHES, was

duly sworn by the officer and that the transcript of

the oral deposition is a true record of the testimony

given by the witness;

           That the deposition transcript was

submitted on _____, 2004, to the

witness, or to the attorney for the witness, for

examination, signature, and return to Dickman

Davenport, Inc., by _____, 2004;

           That the amount of time used by each

party at the deposition is as follows:

           Ms. Joanne Faulkner - (7 minutes)

           Mr. Blake S. Atkin - (13 minutes)

1    I further certify that I am neither counsel

2  for, related to, nor employed by any of the parties or

3  attorneys in the action in which this proceeding was

4  taken, and further that I am not financially or

5  otherwise interested in this outcome of the action.

6    GIVEN UNDER MY HAND AND SEAL OF OFFICE, on

7  this, the _____ day of _____,

8  2004.

9

10

11

12

13  _____
    DAWN A. WEEKS, Texas CSR 7319
14  Expiration Date: 12/31/2004
    DICKMAN DAVENPORT, INC.
15  Firm No. 312
    1010 Two Turtle Creek Village
16  3838 Oak Lawn Avenue
    Dallas, Texas  75219
17  (214) 855-5100 (800) 445-9548
    e-mail: Info@dickmandavenport.com
18  www.dickmandavenport.com

19

20

21

22

23

24

25

EXHIBIT "E"



Previous **Record 15 of 32 found** Next
Show All

| Client Name | Michelle Goktepe | Client ID | 198489 |
|---|---|---|---|
| Date of Entry | 2002-10-14 | Time of Entry | 18:43:18 |
| Who | Michael Toa | Request Sent | 0000-00-00 |
| Type | Dispute Sent | Description | Experian |

**Explanation**

Citibank Mastercharge
Filenes

| From | eanalyst@creditrights.org | To | gemgoktepe@aol.com |
|---|---|---|---|
| Subject | Lexington Law Firm | CC | |

**Body**

Dear Michelle:

We have sent out disputes to Experian. At this point, the bureau should investigate our disputes and attempt to verify the disputed information. After approximately eight weeks, new credit reports should arrive to your home automatically in response to our disputes. The new reports will show which items were deleted and which were verified. At that point, please forward copies of the new reports to our office by mail.

If, for any reason, you do not receive new reports within eight weeks, please contact us so that we may re-dispute. Additionally, please forward to our office any letters that the bureaus send to you.

If you have any further questions, please do not hesitate to email us at victor@creditrights.org.

Thank you,

Lexington Law Firm
PO BOX 510290
Salt Lake City, UT 84151
800-341-8441

# EXHIBIT "F"



Previous **Record 11 of 32 found** Next
Show All

| Client Name | Michelle Goktepe | Client ID | 198489 |
|---|---|---|---|
| Date of Entry | 2002-11-08 | Time of Entry | 14:59:36 |
| Who | Preston Coleman | Request Sent | 0000-00-00 |
| Type | Dispute Sent | Description | Trans Union |

**Explanation**

Filenes Macys/gecccc Amex

| From | eanalyst@creditrights.org | To | gemgoktepe@aol.com |
|---|---|---|---|
| Subject | Lexington Law Firm | CC | |

**Body**

Dear Michelle:

We have sent out disputes to Trans Union. At this point, the bureau should investigate our disputes and attempt to verify the disputed information. After approximately eight weeks, new credit reports should arrive to your home automatically in response to our disputes. The new reports will show which items were deleted and which were verified. At that point, please forward copies of the new reports to our office by mail.

If, for any reason, you do not receive new reports within eight weeks, please contact us so that we may re-dispute. Additionally, please forward to our office any letters that the bureaus send to you.

If you have any further questions, please do not hesitate to email us at victor@creditrights.org.

Thank you,

Lexington Law Firm
PO BOX 510290
Salt Lake City, UT 84151
800-341-8441



Previous Record 16 of 32 found Next
Show All

| Client Name | Michelle Goktepe | Client ID | 198489 |
|---|---|---|---|
| Date of Entry | 2002-10-14 | Time of Entry | 18:43:32 |
| Who | Michael Toa | Request Sent | 0000-00-00 |
| Type | Dispute Sent | Description | Trans Union |

**Explanation**

Macys/gecccc
Filenes

| From | eanalyst@creditrights.org | To | gemgoktepe@aol.com |
|---|---|---|---|
| Subject | Lexington Law Firm | CC | |

**Body**

Dear Michelle:

We have sent out disputes to Trans Union. At this point, the bureau should investigate our disputes and attempt to verify the disputed information. After approximately eight weeks, new credit reports should arrive to your home automatically in response to our disputes. The new reports will show which items were deleted and which were verified. At that point, please forward copies of the new reports to our office by mail.

If, for any reason, you do not receive new reports within eight weeks, please contact us so that we may re-dispute. Additionally, please forward to our office any letters that the bureaus send to you.

If you have any further questions, please do not hesitate to email us at victor@creditrights.org.

Thank you,

Lexington Law Firm
PO BOX 510290
Salt Lake City, UT 84151
800-341-8441

EXHIBIT "G"

FILED DISTRICT COURT
Third Judicial District

JUN 2 5 2003

By _____
SALT LAKE COUNTY
Deputy Clerk

IN THE THIRD JUDICIAL DISTRICT COURT OF SALT LAKE COUNTY

STATE OF UTAH

| | |
|---|---|
| JAYSON ORVIS,<br><br>Plaintiff,<br><br>vs.<br><br>JAMIS JOHNSON,<br><br>Defendant. | **JUDGMENT** |
| JAMIS JOHNSON,<br><br>Third-Party Plaintiffs,<br><br>vs.<br><br>JAYSON ORVIS, SAM SPENDLOVE, DION SCHNELLING, VICTOR LAWRENCE, and JOHN DOES 1-15,<br><br>Third-Party Defendants | Case No. 010907449<br><br>Honorable Timothy R. Hanson |

Judgment is hereby entered in favor of third party defendants, Victor Lawrence and Sam Spendlove, no cause of action.

DATED this _25_ day of April, 2003.

Hon. Timothy R. Hanson
District Judge

2

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing JUDGMENT were mailed first class, postage prepaid on this the 7th day of April, 2003 to the following:

Gary F. Bendinger
Milo Steven Marsden
John H. Bogart
Cheryl Mori-Atkinson
BENDINGER, CROCKETT, PETERSON & CASEY
170 South Main, Suite 400
Salt Lake City, UT 84101

Peggy A. Tomsic
Angela Adams
BERMAN, GAUFIN, TOMSIC & SAVAGE
50 South Main Street, Suite 1250
Salt Lake City, UT 84144