UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE                                JURY TRIAL DEMANDED

v.                                              CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM        March 29, 2004

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE
AND IN SUPPORT OF MOTION TO AMEND

Plaintiff files this Memorandum in opposition to defendant's Motion to Strike (Doc. Nos. 52, 53) and in support of her motion to amend.

The motion to amend should be granted. Fed. R. Civ. P. 15(a) states that leave to amend must be "freely given when justice so requires." Unless there is a good reason for denial, failure to grant a motion to amend is an abuse of discretion. Foman v. Davis, 371 U.S. 178, 182 (1962); United States v. Continental Illinois National Bank and Trust Co., 889 F.2d 1248, 1255 (2d Cir. 1989). "The Rule reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim . . . and 'mere technicalities' should not prevent cases from being decided on the merits." Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 283 (2d Cir. 2000). "Thus, absent evidence of undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." Id.

Defendant's opposition to the Motion for Permission to Amend is based on a supposed agreement in the proposed, but never adopted and now moot, counter-Planning Meeting Reports. Def. Mem. at 3. No scheduling order has yet issued in this case. Defendant's additional technicality is that plaintiff did not file a supporting memorandum. However,

plaintiff did not believe there were disputed issues of law to be addressed, based on the text of Rule 15.

<u>Defendant's opposition to amend based on futility is without merit, since it based on disputed facts.</u> Finally, defendant bases his substantive opposition to the proposed amendment on futility. Def. Mem. at 4, 5. The futility claim is based entirely on defendant's position that the plaintiff's allegations "are controverted by the facts." Defendant recites a number of "facts" in his Memorandum. Assertions in legal memoranda are not evidence. See <u>Quinn v. Syracuse Model Neighborhood Corp.</u>, 613 F.2d 438, 445 (2d Cir. 1980); <u>British Airways Board v. Boeing Co</u>., 585 F.2d 946, 952 (9th Cir. 1978), cited with approval in <u>Rexnord Holdings, Inc. v. Bidermann</u>, 21 F.3d 522, 525-26 (2d Cir. 1994).

At pages 2 and 5 of defendant's Memorandum, he repeatedly refers to "the support notes that Lexington produced to Ms. Goktepe before the Transunion and Experian depositions were taken." **Defendant has produced nothing**, despite repeated demand. At the Court's urging, we had a lengthy dispute resolution conference last November 18; defendant has yet to live up to his agreements at that conference, which included providing a certified copy of the Lexington internet pages to moot some of the disputes, and revisiting some of the objections by December 5, 2003. See attached emails. Exhibits E and F to defendant's memorandum are evidently part of the non-produced material.

At page 3 of his Memorandum, defendant refers to a Utah suit, of which he provides only a conclusory description and an unrevealing Exhibit G. Plaintiff was not aware of the Utah suit. If it indeed encompasses or precludes any of the claims herein, defendant is obligated to provide certified copies of documents to support that assertion. See attached

2

excerpts from Utah docket record, replete with discovery disputes.

Plaintiff does not concede that defendant's version of the facts is uncontrovertible. Harris v. City of New York, 186 F.3d 243, 250-51 (2d Cir. 1999) (reversing futility dismissal based on statute of limitations as premature). Accordingly, the Motion for Permission to Amend should be "freely granted" per Rule 15.

Defendant's Motion to Strike is unsupported. Defendant also moves to strike proposed paragraphs 12-14, 26 and 27 as "false, immaterial, impertinent and scandalous" within Rule 12(f). As the Second Circuit said in Lipsky v. Com. United Corp., 551 F.2d 887, 894 (2d Cir. 1976)

> In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible. *Gleason v. Chain Service Restaurant*, 300 F.Supp. 1241 (S.D.N.Y. 1969), aff'd, 422 F.2d 342 (2d Cir. 1970); *Fleischer v. A. A. P., Inc.*, 180 F.Supp. 717 (S.D.N.Y. 1959); *Wimberly v. Clark Controller Co.*, 364 F.2d 225 (6th Cir. 1966); *Parks-Cramer Co. v. Mathews Cotton Mills*, 36 F.Supp. 236 (W.D. S.C. 1940); see generally, 2A Moore's Federal Practice ¶ 12-21[1] (2d ed. 1975). The Federal Rules of Civil Procedure have long departed from the era when lawyers were bedeviled by intricate pleading rules and when lawsuits were won or lost on the pleadings alone. Thus the courts should not tamper with the pleadings unless there is a strong reason for so doing. *Nagler v. Admiral Corp.*, 248 F.2d 319, 325 (2d Cir. 1957); *Atlantic City Electric Co. v. General Electric Co.*, 207 F.Supp. 620, 623 (S.D.N.Y. 1962). .. .

"It has been observed by well respected commentators that '[tlhe court possesses considerable discretion in disposing of a motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because motions to strike on these grounds are not favored, often being considered 'time wasters,' they usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Cobell v. Norton, No. 96-1285,2003 WL 721477, at *I (Mar. 3,2003) (quoting 5A Charles Alan Wright

3

& Arthur R. Miller, Federal Practice and Procedure 0 1382 (2d ed. 1990)). See also Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664 (7th Cir. 1992) ("Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice"); Skadegaard v. Fan'ell, 578 F. Supp. 1209, 1221 (D.N.J. 1984) ("'To be scandalous such 'degrading charges [must] be irrelevant, or, if relevant, [must be] gone into in unnecessary detail '").

Defendant moves to strike the following allegations:

12. Upon information and belief, Lexington outsources or contracts for, or licenses much of its credit repair work and advertising from one or more entities owned or operated by Jason [as defendant points out, Jayson is the correct spelling] Orvis, including Far Cliffs Multimedia, L.L.C. Upon information and belief one Deon Steckling also has an interest in or shares the proceeds from Lexington and or the Orvis entities.
13. Neither Jason Orvis nor Deon Steckling are lawyers.
14. Upon information and belief, Jason Orvis and /or Deon Steckling receive money from or have authority to sign checks or transfer funds from Lexington accounts.

Yet defendant's own attorney represented, in the discovery conference, that Lexington outsources or licenses its credit repair material and advertising – and that is why defendant refused to produce manuals, form letters, and the like. He said they don't belong to Lexington Law. Plaintiff interposed discovery aimed at the relationship with outsiders (the financial records which would support this allegation and defense counsel's November representation); in the absence of this allegation in the prior complaints, the Court disallowed the discovery. We believe, because of and in conformity with counsel's representation, that defendant may be acting as a front for a nonlawyer credit repair organization. FTC v. Gill, 265 F.3d 944, 949 (9th Cir. 2001). Defendant claims the allegations should be stricken because they are untrue. Rather, plaintiff should be allowed discovery instead of swallowing whole the bald factual

assertions in defendant's memorandum.

    Defendant also moves to strike the following allegations claiming that they are not true:

26. Trans Union, a consumer reporting agency, has no record of receiving any dispute from Lexington Law Firm on behalf of plaintiff during the period when Lexington was supposed to be acting on plaintiff's behalf.
27. Experian, a consumer reporting agency, has no record of receiving any dispute from Lexington Law Firm on behalf of plaintiff during the period when Lexington was supposed to be acting on plaintiff's behalf.

However, that is exactly what the two entities said in their depositions. They got one letter each from Ms. Goktepe, not from Lexington Law. (Trans Union testified that it did not get any letter from either Goktepe or Lexington dated October 14, 2002, contrary to defendant's Mem. at 6.) Thus, defendant's claim that the allegations should be stricken because "These allegations are completely false and are known by Ms. Goktepe's lawyer to be false" (Def. Mem. at 5) is meritless. Lexington Law (or its outsource) may have sent some letters, but they were carefully designed and mailed to completely hide Lexington Law's involvement. Plaintiff was affirmatively led to believe she would have a lawyer representing her in dealing with the credit bureaus, which did not happen and was a serious deception. Indeed, Exhibits E and F, form letters from Lexington Law, continue the deception. They also emphasize that they sent the disputes: ""We have sent . . .our disputes.. . . our disputes. . . we may re-dispute" (Lexington Law claims not to keep copies of the disputes they send, which is unusual for a law firm which is so highly computerized that it keeps details of letters to clients).

5

CONCLUSION

Defendant's Motion to Strike should be denied, and the proposed Amendment should be granted.

          THE PLAINTIFF

          BY____/s/ Joanne S. Faulkner__
          JOANNE S. FAULKNER ct04137
          123 AVON STREET
          NEW HAVEN, CT 06511-2422
          (203) 772-0395
          j.faulkner@snet.net

This is to certify that the foregoing was mailed on March 27, 2004, postage prepaid, to:

Blake Atkin
136 S Main St 6th fl
Salt Lake City UT 84101

Richard H.G. Cunningham
12 Kenilworth Drive East
Stamford CT 06902

          ___/s/ Joanne S. Faulkner____
          Joanne S. Faulkner