United States District Court
District of Connecticut
FILED AT          NEW HAVEN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

April 7, 2004
Kevin F. Rowe, Clerk
by P. A. Villano, Deputy Clerk

MICHELLE GOKTEPE                              JURY TRIAL DEMANDED

v.                                            CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM

### SECOND AMENDED COMPLAINT

1. Plaintiff seeks relief pursuant to the federal Credit Repair Organizations Act (CROA), 15 U.S.C. § 1679, which regulates the conduct of credit repair organizations, the Connecticut Credit Clinics Act, Conn. Gen. Stat. §36a-700, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court's jurisdiction is conferred by 28 U.S.C. §1331, §1337, and § 1367.

3. Plaintiff is a natural person who resides in CT.

4. Defendant uses instrumentalities of interstate commerce, including electronic transmission and the United States Postal Services, in a business which purports to perform the service of improving, correcting, changing, or deleting adverse entries on a consumer's credit record.

5. Defendant is a credit repair organization within the CROA and a credit clinic within the Connecticut Credit Clinics Act.

6. Defendant has accepted retainer and service fees from Connecticut residents.

FIRST COUNT

7. Defendant has a place of business registered to his trade name (d/b/a) at 634 South 400 West, # 200, Salt Lake City, UT 84101.

8. Defendant is not licensed as an attorney in Connecticut.

9. Defendant does not refuse to accept retainer fees from Connecticut residents.

10. Defendant accepted a retainer and service fees from plaintiff.

11. Upon information and belief, what is now Lexington Law Firm was originated by one Jason Orvis in cooperation with Jamis Johson, a since disbarred Utah lawyer.

12. Upon information and belief, Lexington outsources or contracts for, or licenses much of its credit repair work and advertising from one or more entities owned or operated by Jason Orvis, including Far Cliffs Multimedia, L.L.C. Upon information and belief one Deon Steckling also has an interest in or shares the proceeds from Lexington and or the Orvis entities.

13. Neither Jason Orvis nor Deon Steckling are lawyers.

14. Upon information and belief, Jason Orvis and /or Deon Steckling receive money from or have authority to sign checks or transfer funds from Lexington accounts.

15. At and before November 22, 2003, Defendant, either directly or through an authorized agent, has advertised Lexington's "nationwide" credit repair clinic extensively on the internet, and directly or indirectly pays "affiliates" to link to his web site.

16. At and before November 22, 2003, Defendant's interactive web site (lexingtonlaw.com) explained the "advantages of using a law firm." It says, "We enforce your rights under the various federal laws."

17. At and before November 22, 2003, Defendant's interactive web site promised to "impose legal opinions when and if necessary."

18. At and before the date of this action, Defendant signed up his credit repair clients (including plaintiff) through his interactive web site on the internet.

19. At and before the date of this action, Defendant communicated with his credit repair clients (including plaintiff) through internet e-mail.

20. At the time when plaintiff signed up with Lexington Law Firm over the internet, there were four lawyers at Lexington Law Firm.

21. Lexington Law Firm statistics published on its web site represented that over 260,000 negative items were deleted from credit reports in a recent one year period.

22. Lexington Law Firm statistics published on its web site represented that it removed some 28,000 negative items per month, on average, from credit reports.

23. From 7/1/02 to 9/30/02 Lexington Law Firm records represented that it removed multiple negative entries from credit reports relating to entities including SNET, Webster Bank, People's Bank, United Illuminating, Credit Bureau of Connecticut, US Bankruptcy Court of New Haven CT, Connecticut State, EFGTECH /Connecticut, and Ansonia collections.

24. In or about September 20, 2002, Defendant agreed to work to improve plaintiff's credit by challenging credit items and represented that "We will use federal law to pursue your right to have all such credit listings deleted from your credit report."

25. Defendant's policies, practices, and procedures include challenging only some of the credit items a consumer disputes in a single dispute letter to a credit bureau, rather than challenging all the items at once.

26. Trans Union, a consumer reporting agency, has no record of receiving any dispute from Lexington Law Firm on behalf of plaintiff during the period when Lexington was supposed to be acting on plaintiff's behalf.

27. Experian, a consumer reporting agency, has no record of receiving any dispute from Lexington Law Firm on behalf of plaintiff during the period when Lexington was supposed to be acting on plaintiff's behalf.

28. In accordance with its policies, practices, and procedures, Defendant affirmatively concealed its participation, if any, in challenging credit items on plaintiff's report.

29. In accordance with its policies, practices, and procedures, Defendant charged for the performance of credit repair services before fully performing the services.

30. Defendant refused to refund amounts paid by plaintiff until after this lawsuit.

31. In connection with the defendant's agreement to provide credit repair services, defendant violated the CROA, *inter alia*, § 1679b(a)(1) by making untrue or misleading statements to a consumer reporting agency; §1679b(a)(3) by misrepresenting its services; and §1679b(a)(4) by engaging in acts, practices or courses of business which constitute or result in the commission of a deception on its customers, plaintiff or the consumer reporting agencies; §1679b(b) by charging and receiving money for the performance of its agreement before the service was fully performed; and §1679d(b) by failure to include the information required by that subsection.

SECOND COUNT

32. Within three years prior to the date of this action Defendant engaged in acts and practices as to plaintiff in violation of the Connecticut Credit Clinics Act, Conn. Gen. Stat. §36a-700, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive.

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide.

THE PLAINTIFF

BY _____
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net


This is to certify that the foregoing was mailed on February 9, 2004, postage prepaid, to:

Blake Atkin
136 S Main St 6th fl
Salt Lake City UT 84101

Richard H.G. Cunningham
12 Kenilworth Drive East
Stamford CT 06902

_____
Joanne S. Faulkner