IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,<br><br>　　　　Defendant. | Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE FALSE, SCANDALOUS AND IMPERTINENT MATTER

Defendant Victor Lawrence d/b/a Lexington Law Firm submits this reply memorandum in support of his Motion to Strike False, Scandalous and Impertinent Matter.

The paragraphs of the amended complaint that Mr. Lawrence seeks to strike have no possible relation to the controversy and may cause prejudice to Mr. Lawrence. Ms. Goktepe acknowledges that the allegations are included as a pretext to conduct a fishing expedition. "We believe, because of and in conformity with counsel's representation, that defendant may be acting as a front for a nonlawyer credit repair organization. FTC v. Gill, 265 F.3d 944, 949 (9th Cir. 2001)." Plaintiff's Memorandum in Opposition to Motion to Strike and in Support of Motion to Amend at 3. By raising the Gill case, Ms. Goktepe continues to make false, scandalous and impertinent allegations.

The attorney in Gill advertised that he provided credit repair services. In fact, the services were provided wholly by a disbarred lawyer; the attorney had no involvement with credit repair

services whatsoever. In contrast, Lexington Law Firm attorneys are comprehensively involved in its cases. Ms. Goktepe's allegation that, because Lexington Law Firm licenses intellectual property and technology, it must therefore be a front for a nonlawyer credit repair organization is a non-sequitur. Lexington Law Firm licenses intellectual property and technology from outside sources, as it is perfectly appropriate for an attorney to do. Ms. Goktepe has no reason to believe that her allegation might be true and it is not true. She should not be allowed to embark on a "fishing expedition" to see if she has a cause of action. The allegations in paragraphs 12-14 of the proposed amended complaint are scandalous and irrelevant and should be stricken.

Ms. Goktepe acknowledges that Lexington Law Firm "may have sent some letters." Nevertheless, she insists that she ought to be allowed to allege, in paragraphs 26 and 27 of the proposed amended complaint, that Lexington did not send any letters. Ms. Goktepe knows the letters did not come from her, but came from Lexington Law Firm. The Court should strike these scandalous and irrelevant allegations.

Ms. Goktepe inaccurately portrays the status of discovery in this matter. The documents requested have been produced for inspection and copying, as required by Rule 34, since June 20, 2003. Ms. Goktepe or her counsel are free to inspect or copy them at any time at the office of Mr. Lawrence's counsel. Because of the difficulty associated with distance in this case, Mr. Lawrence offered to have a third party copy service copy them and forward them to Ms. Goktepe or her counsel. As the Court agreed last November, Mr. Lawrence is under no obligation to copy documents at his expense for Ms. Goktepe; nor is he required to entrust original copies to her (or, for that matter, to the United States Postal Service). Mr. Lawrence has consistently reminded

Ms. Goktepe's counsel of his position. Exhibit A. Nevertheless, Ms. Goktepe has not exercised her right to inspect and copy the documents as contemplated by the Rules. Mr. Lawrence has done all that the rules require him to do; Ms. Goktepe cannot claim that she is prejudiced by her own lack of diligence.

Additionally, following last November's discovery discussion, and other discussions in December, Mr. Lawrence supplemented his responses. Exhibit B.

DATED this 12 day of April, 2004.

ATKIN & HAWKINS, P.C.

_____
Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing ANSWER TO FIRST AMENDED COMPLAINT was mailed first class, postage prepaid and by overnight courier service on this the 12 day of April, 2004 to the following:

Joanne S. Faulkner
123 Avon St.
New Haven, CT 06511-2422

# EXHIBIT "A"

**Main Identity**

| | |
|---|---|
| **From:** | "Atkin & Hawkins" <atkinandhawkins@velocitus.net> |
| **To:** | "Joanne Faulkner" <j.faulkner@snet.net> |
| **Sent:** | Friday, January 09, 2004 6:30 PM |
| **Attach:** | Supp Resp_1st Interr.wpd; Supp_Prod.wpd |
| **Subject:** | Discovery |

Please find attached Supplemental answers to your discovery requests. We have put hard copies in the mail to you. We would like to continue to cooperate regarding discovery. Please let us know if you have any questions or concerns.

Additionally, we would be happy to initiate the telephone call on Tuesday.

Sincerely,
Blake S. Atkin

**Main Identity**

From:     "Atkin & Hawkins" <atkinandhawkins@velocitus.net>
To:       "Joanne Faulkner" <j.faulkner@snet.net>
Sent:     Tuesday, March 02, 2004 4:00 PM
Subject:  Re: Blake

Dear Joanne:

Since June 20, 2003, the documents have been available for inspection and copying as required by Rule 34. We have discussed this matter repeatedly, including at the hearing last November. At that time, Judge Kravitz noted that we are not responsible to pay for copying the documents you request. As we have indicated, we understand the difficulties posed by distance and we are happy to facilitate copying the documents at your expense. If you would like to arrange to use a copy service, we will deliver the documents to them so that they can copy them and mail them to you.

Sincerely,
Blake S. Atkin

**Main Identity**

**From:** "Atkin & Hawkins" <atkinandhawkins@velocitus.net>
**To:** "Joanne Faulkner" <j.faulkner@snet.net>
**Sent:** Wednesday, March 03, 2004 2:00 PM
**Subject:** documents

Dear Joanne:

Your recollection and mine as to copy costs is different. I recall Judge Kravitz pointing out to you that it is our right to require you to pay the copy costs. As to justifying the costs, we had, as a courtesy to you copied the documents and taken them to Connecticut and only wanted reimbursement of those costs. You can, if you choose, designate a copy service to whom we will deliver the documents. You can make your own arrangements.

Finally, we have, long since produced these documents to you. If you have chosen not to inspect or copy them that is of no moment to us.

Sincerely,
Blake S. Atkin

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>        Plaintiff,<br><br>v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,<br><br>        Defendant. | **DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br><br>Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

Defendant Victor Lawrence supplements his responses to Plaintiff's First Request for Production as follows:

1.      All documents transmitted to consumer reporting agencies ("credit bureaus") on behalf of plaintiff.

<u>Supplemental Response to Request No. 1</u>:  Defendant mailed a letter to Experian on October 14, 2002 disputing as inaccurate entries from Citibank, MasterCard and Filenes; to TransUnion on October 14, 2002 disputing as inaccurate entries from Macys, GECCCC and Filines; and to TransUnion on November 8, 2002 disputing as inaccurate entries from Filines, Macys/GECCCC and American Express.  Defendant runs a paper-less office and actual copies of the letters are not available.  A printout of the notes of actions taken on behalf of Ms. Goktepe, attached as exhibit A, shows these transmittals.

2.      All documents received from credit bureaus relating to plaintiff.

<u>Supplemental Response to Request No. 2</u>: Defendant runs a paper-less office and no such

documents are available; however, the notes, <u>see</u> exhibit A, show that reports were received from Expierian on October 7, 2002 and from TransUnion on October 7, 2002.

3. All documents relating to communications with the Connecticut Banking Department beginning in January 2001.

<u>Supplemental Response to Request No. 3</u>: There are no such documents.

4. All manuals, procedures, and protocols used by defendant to comply with the Credit Repair Organization Act.

<u>Supplemental Response to Request No. 4</u>: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Without waiving this objection, Defendant will produce, upon entry of an appropriate protective order, those portions of its manuals, procedures, and protocol, relating to Defendant's policy to not collect money until after services are fully performed and relating to Defendant's policy of not promising specific results.

5. All documents identified in response to the first set of interrogatories.

<u>Supplemental Response to Request No. 5</u>: Such documents in the custody or control of Defendant will be produced.

6. All documents consulted in responding to the first set of interrogatories.

<u>Supplemental Response to Request No. 6</u>: Defendant objects to this request on the ground and to the extent it calls for production of documents protected by the attorney client and/or work product privilege and on the further ground that it fails to identify the documents requested by category or otherwise as required by rule 34(b), Fed. Rules of Civil Procedure.

7. Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payment made to satisfy the judgment.

Supplemental Response to Request No. 7: There is none.

8. All documents showing incorporation, licensing or trade name status for each business in which the defendant engages.

Supplemental Response to Request No. 8: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Without waiving objections, Defendant will produce his business license and dba registration.

9. All balance sheets, income, and expense statements, 1099s and corporate tax returns relating to credit restoration income and expenses for the past three years.

Supplemental Response to Request No. 9: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

10. All agreements with affiliates who have signed up for the Affiliate program ("exciting opportunities to earn income through your web site").

Supplemental Response to Request No. 10: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant

3

further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

11.     All form letters and manuals used by credit repair staff for entry of data and information from consumer clients.

Supplemental Response to Request No. 11: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

12.     All form letters and manuals used by credit repair staff for communication with credit bureaus.

Supplemental Response to Request No. 12: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

13.     All forms and manuals used by credit repair staff for entering and maintaining the statistical information as to success rates which appear on your web site.

Supplemental Response to Request No. 13: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

4

DATED this 9th day of January, 2004.

                                        ATKIN & HAWKINS, P.C.

Local counsel:  
Richard H.G. Cunningham # CT15195  
12 Kenilworth Drive East  
Stamford, CT 06902  
Tel. (203) 348-9958  
Fax (203)324-6039  

Blake S. Atkin CT24726  
Lonn Litchfield CT24727  
Attorneys for Victor Lawrence  
136 South Main Street, 6th Floor  
Salt Lake City, UT 84101  
Tel. (801) 533-0300  
Fax (801) 533-0380  

5

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing DEFENDANT'S SUPPLEMENTARY RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS were mailed first class, postage prepaid on this the 9th day of January 2004 to the following:

Joanne S. Faulkner
123 Avon St.
New Haven, CT 06511-2422

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,<br><br>Defendant. | **DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**<br><br>Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

1. Identify Jennifer Chacon.

Response to Interrogatory No. 1: Defendant objects to Interrogatory 1 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary. Without waiving this objection, Jennifer Chacon is a paralegal working for Lexington.

2. Identify all staff of Lexington Law Firm ("Lexington") as of November 2002.

Response to Interrogatory No. 2: Defendant objects to Interrogatory 2 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary. Without waiving this objection, as of November 2002 Lexington employed 6 lawyers, 2 law clerks, 11 paralegals, 20 paralegal assistants, 7 support staff, 3 clerks, 3 accounting clerks, 18 mail room clerks, and 21 data entry clerks.

3. Identify all staff of Lexington involved in credit restoration as of November 2002.

Response to Interrogatory No. 3: Defendant objects to Interrogatory 3 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence

and on the further ground that the information sought is confidential and proprietary. Without waiving this objection, see answer to Interrogatory 2.

4. Set forth the number of individuals who entered into retainer arrangements with Lexington during 2002 for credit restoration.

Response to Interrogatory No.4: Defendant objects to Interrogatory 4 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary. Without waiving this objection, defendant stipulates that he derives substantial income from interstate commerce.

5. Set forth the number of individuals with a Connecticut address who entered into retainer arrangements with Lexington during 2002 for credit restoration.

Response to Interrogatory No. 5: Defendant objects to Interrogatory 5 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary.

6. Set forth the number of individuals with a Connecticut address who have been Lexington's customers for credit restoration and paid Lexington for services in connection with credit restoration during and after January 2000.

Response to Interrogatory No. 6: Defendant objects to Interrogatory 6 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary.

7. Identify all Affiliates who agreed to participate in Lexington's affiliate network.

Response to Interrogatory No. 7: Defendant objects to Interrogatory 7 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence

and on the further ground that the information sought is confidential and proprietary. Without waiving this objection, this information is nor with in the custody and control of Lexington.

8.  Identify Lexington's affiliate network manager during 2002.

Response to Interrogatory No. 8: Defendant objects to Interrogatory 8 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary. Without waiving this objection, there is none.

9.  Identify all lawsuits against Lexington alleging violations of law in connection with credit repair or credit reporting services.

Response to Interrogatory No. 9: This action, Iosello v. Lawerence, N.D. Ill., Eastern Div., Case No. 03 C 0987.

10. Identify all street addresses at which credit repair staff work.

Response to Interrogatory No. 10: 634 South 400 West, # 200, Salt Lake City, Utah 84101.

DATED this 9th day of February, 2004.

ATKIN & HAWKINS, P.C.

Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES was mailed first class, postage prepaid on this the ____ day of January, 2004 to the following:

Joanne S. Faulkner
123 Avon St.
New Haven, CT 06511-2422