IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

FILED
APR 29 2 25 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

MICHELLE GOKTEPE,

Plaintiff,

v.

VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,

Defendant.

Case No. 3:03CV0089-MRK

Honorable Judge Mark R. Kravitz

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant Victor Lawrence d/b/a Lexington Law Firm submits this memorandum in support of his Motion to Dismiss Second Amended Complaint.

**Facts**

In a motion to dismiss, the allegations of the complaint are taken as true. Of particular importance to this motion is paragraph 30 of the Second Amended Complaint, which reads:

> Defendant refused to refund amounts paid by plaintiff until after this lawsuit.

Taking this allegation as true, additional background facts will aid the court in understanding what is being alleged. The plaintiff entered into a retainer agreement with the defendants on September 25, 2002. Exhibit A. For the defendant's services, the plaintiff was charged $75 on September 30, 2002 (Exhibit B) and $35 on October 30, 2002 (Exhibit C). On November 18, 2002, the plaintiff asked to cancel the retainer agreement and asked for a refund. Exhibit D. Although the retainer agreement had a term of 12 months and the defendant had already

performed a significant amount of work on the plaintiff's case, the defendant, pursuant to its liberal cancellation policy, immediately cancelled the retainer agreement and submitted the refund request for review. Id. The plaintiff filed this lawsuit on January 13, 2003. [Doc. No. 1] The defendant refunded $110 to the plaintiff on February 14, 2003. Exhibit E. The plaintiff accepted the refund. As this court has ruled, the defendant was served on February 24, 2003. [Doc. No. 49]. The plaintiff filed a Second Amended Complaint on April 7, 2004. [Doc. No. 57].

## Argument

All of the plaintiff's claims arising out of CROA should be dismissed because the plaintiff has received all she can receive under the statute and therefore lacks standing. Additionally, the plaintiff's claims arising out of CROA alleging fraud have not be pleaded with particularity and should be dismissed.

I. THE PLAINTIFF'S CROA CLAIMS SHOULD BE DISMISSED BECAUSE SHE DOES NOT HAVE STANDING TO MAINTAIN HER CLAIMS.

"Under Article III, § 2 of the Constitution, the federal courts have jurisdiction over this dispute between appellants and appellees only if it is a 'case' or a 'controversy.'" Raines v. Bird, 521 U.S. 811, 817, 117 S.Ct. 2312, 2317, 138 L.Ed.2d 840 (1997). "One element of the case-or-controversy requirement is that the appellees, based on their complaint, must establish that they have standing to sue." Id. It is the plaintiff's burden to establish standing. Lujan v. Defendants of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136-37, 119 L.Ed.2d 351 (1992).

> As we have frequently explained, a plaintiff must meet three requirements in order to establish Article III standing. See, e.g., Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC),

> Inc., 528 U.S. 167, 180-181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). First, he must demonstrate "injury in fact"--a harm that is both "concrete" and "actual or imminent, not conjectural or hypothetical." Whitmore v. Arkansas, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) (internal quotation marks and citation omitted). Second, he must establish causation--a "fairly ... trace [able]" connection between the alleged injury in fact and the alleged conduct of the defendant. Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). And third, he must demonstrate redressability--a "substantial likelihood" that the requested relief will remedy the alleged injury in fact. Id., at 45, 96 S.Ct. 1917. These requirements together constitute the "irreducible constitutional minimum" of standing, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), which is an "essential and unchanging part" of Article III's case-or-controversy requirement, ibid., and a key factor in dividing the power of government between the courts and the two political branches, see id., at 559-560, 112 S.Ct. 2130.

Vermont Agency of Natural Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 771, 120 S.Ct. 1858, 1861-62, 146 L.Ed.2d 836 (2000). With regard to each of her claims, the plaintiff is unable to show an injury in fact, causation, or redressability because she has already obtained all she can hope to obtain under the statute authorizing her recovery and she received that money before serving the complaint on the defendant. Additionally, the plaintiff has no standing under 15 U.S.C. § 1679b(a)(1) because, even if her allegations are true, the injured party would be the credit reporting agencies, not the plaintiff.

A. THE PLAINTIFF HAS OBTAINED ALL SHE CAN OBTAIN UNDER THE STATUTE.

The plaintiff alleges certain violations of the Credit Repair Organizations Act ("CROA") as well as violations of similar Connecticut state statutes, over which the court has supplemental jurisdiction. When Congress creates a cause of action by statute, to have standing, a plaintiff

must be entitled to recovery under the statute. Stevens, 529 U.S. at 773, 120 S.Ct. at 1862-63.

The United States Supreme Court recently addressed a statute similar to CROA in Doe v. Chao, __ U.S. __, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004). In that case, the plaintiff, Doe, accused the Office of Workers' Compensation Programs of violating the Privacy Act of 1974 by disclosing his social security number beyond the limits set by that act. Like CROA, the Privacy Act referred to liability for "actual damages." 5 U.S.C. § 552a(g)(4). The Supreme Court looked to the requirement of actual damages to hold that Doe could not establish liability without pleading and proving actual damages. Id. at 1208. "[T]he statute does not speak of liability (and consequent entitlement to recovery) in a freestanding, unqualified way, but in a limited way, by reference to enumerated damages." Id. at 1208-09. It was not enough that Doe suffered an "adverse effect caused by intentional or willful violation" of the statute. Id. at 1209.

The plaintiff in this case obtained all she can obtain under CROA before she served the complaint. As in Doe, a person who has been affected by a violation of CROA is limited to recovery of actual damages. 15 U.S.C. § 1679g(a)(1). Actual damages for a failure to comply with CROA are defined as the greater of "any actual damage sustained by such person as a result of such failure" (§ 1679g(a)(1)(A)) or "any amount paid by the person to the credit repair organization" (§ 1679g(a)(1)(B)). The plaintiff has not alleged the she has suffered any actual damages in her Second Amended Complaint; nor has she claimed or identified any at any other time. The plaintiff is therefore limited to obtaining the amount she paid to Lexington Law Firm. Pursuant to Lexington Law Firm's liberal refund policy, that amount, $110, was refunded on February 14, 2003, ten days before the complaint was served. Consequently, CROA does not

entitle her to recover any additional amount. Thus, she has no injury in fact, the defendant's actions have not caused her any injury, and she can not obtain redress through further litigation; consequently, she lacks Article III standing.

CROA allows an award of punitive damages in an "additional amount," thus requiring an award of actual damages as a condition to an award of punitive damages. 15 U.S.C. § 1679b(a)(2)(A). Even if the plain language of CROA did not so require, a potential award of punitive damages is insufficient to create standing because punitive damages are "an interest that is merely a 'byproduct' of the suit itself [that] cannot give rise to a cognizable injury in fact for Article III standing purposes." Stevens, 529 U.S. at 773, 120 S.Ct. 1858 at 1863; *see also* Doe, 124 S.Ct. at 1211 and n. 9

Likewise, CROA allows for an award of attorneys fees in a "successful action." 15 U.S.C. § 1679b(a)(3). "It is true that, were the Court to resolve the case on the merits against appellees, appellees would no longer be "prevailing parties" entitled to an award of fees under 42 U.S.C. § 1988. But the mere fact that continued adjudication would provide a remedy for an injury that is only a byproduct of the suit itself does not mean that the injury is cognizable under Art. III." Diamond v. Charles, 476 U.S. 54, 70-71, 106 S.Ct. 1697, 1708, 90 L.Ed.2d 48 (1986). That an award of costs and fees can support standing was again rejected by the Supreme Court in Doe, 124 S.Ct. at 1211 and n. 9.

> Nor are we convinced by the analysis mentioned in the dissenting opinion in the Court of Appeals, that any plaintiff who can demonstrate that he was adversely affected by intentional or willful agency action is entitled to costs and reasonable attorney's fees under § 552a(g)(4)(B), and is for that reason "a person entitled to recovery" under subsection (g)(4)(A). . . Instead of treating

> damages as a recovery entitling a plaintiff to costs and fees, . . . this analysis would treat costs and fees as the recovery entitling a plaintiff to minimum damages; it would get the cart before the horse.

(Internal citations omitted).

In short, the plaintiff would not "benefit in a tangible way from the court's intervention in this matter." Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 104 fn. 5, 118 S.Ct. 1003, 1017 fn. 5, 140 L.Ed.2d 210 (1998). The plaintiff has already received all she can receive under CROA. In the Second Amended Complaint, the plaintiff has not pleaded, and she does not have, an Article III injury caused by the defendant's violation of CROA that can be redressed. Consequently, the plaintiff lacks standing, there is no case or controversy and this court has no subject matter jurisdiction over the claims asserted in the Second Amended Complaint.

    B.    THE PLAINTIFF HAS NO STANDING TO MAINTAIN HER CLAIM UNDER 15 U.S.C. § 1679b(a)(1).

The plaintiff asserts a cause of action arising out of 15 U.S.C. § 1679b(a)(1) "by making untrue or misleading statements to a consumer reporting agency." Second Amended Complaint ¶ 31. That provision provides—

> No person may . . . make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading (or which, upon the exercise of reasonable care, should be known by the credit repair organization, officer, employee, agent, or other person to be untrue or misleading) with respect to any consumer's credit worthiness, credit standing, or credit capacity to . . . any consumer reporting agency (as defined in section 1681a(f) of this title).

To have standing, it is not sufficient that the defendant made a false statement to a credit

reporting agency;[1] the plaintiff must have suffered an injury because of the false statement.

> To meet the standing requirements of Article III, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984) (emphasis added). For our purposes, the italicized words in this quotation from Allen are the key ones. We have consistently stressed that a plaintiff's complaint must establish that he has a "personal stake" in the alleged dispute, and that the alleged injury suffered is particularized as to him. See, e.g., Lujan, supra, at 560-561, and n. 1, 112 S.Ct., at 2136, and n. 1 (to have standing, the plaintiff must have suffered a "particularized" injury, which means that "the injury must affect the plaintiff in a personal and individual way").

Raines v. Byrd, 521 U.S. 811, 818-19, 117 S.Ct. 2312, 2317, 138 L.Ed.2d 849 (1997). Thus, "the Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party." Stevens, 529 U.S. at 771, 120 S.Ct. at 1862. Although it is a violation of CROA to make a false statement to a credit reporting agency, to have standing on that claim, the plaintiff must show that she was personally injured by the false statement. The plaintiff has not pleaded any injury based on any putative false statement to a credit repair organization.

In fact, the plaintiff claims that the defendant did not communicate with a credit reporting agency on her behalf. Second Amended Complaint, ¶¶ 26-27. Thus, taking the facts alleged in the complaint as true, the defendant could not have made a false representation to a credit reporting agency, the plaintiff could not have been injured, and the plaintiff lacks standing to pursue her 15 U.S.C. § 1679b(a)(1) claim.

---

[1]As discussed below, the plaintiff has failed to identify any false statement made to a credit reporting agency and has therefore failed to plead her claim with particularity as required by Fed. R. Civ. Pro. 9(b). The defendant denies making any statement to a credit bureau that he reasonably knew was false or misleading.

However, the defendant did, on plaintiff's behalf, send letters to credit repair agencies that disputed inaccurate information on her credit reports to credit reporting agencies in November, 2002. These communications are the only communication between the defendant and a credit reporting agency having anything to do with the plaintiff. The plaintiff subsequently sued one of the credit reporting agencies, Trans Union (Case No. 3:03 CV 00255, D. Conn.) for failure to follow the procedures outlined in the Fair Credit Reporting Act that are triggered by the receipt of a dispute letter. In that action, the plaintiff has relied on the dispute letter sent by the defendant, thus ratifying the letter sent. If there is a claim under 15 U.S.C. § 1679b(a)(1), the claim belongs to the credit reporting agency, not to the plaintiff.

The plaintiff has not suffered a personal injury based on a putative false statement to a credit reporting agency. She therefore has no standing to bring a claim under 15 U.S.C. § 1679b(a)(1); that claim should be dismissed.

II. THE PLAINTIFF'S 28 U.S.C. § 1679b(a)(1), (3) AND (4) CLAIMS SHOULD BE DISMISSED BECAUSE SHE HAS FAILED TO PLEAD THEM WITH PARTICULARITY.

Fed. R. Civ. Pro. 9(b) requires all averments of fraud to be stated with particularity. Rule 9(b)'s requirements apply to statutory causes of action based on fraud. "By its terms, Rule 9(b) applies to 'all averments of fraud.' Fed.R.Civ.P. 9(b). This wording is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." Rombach v. Chang, 355 F.3d 164 (2nd Cir. 2004). Three of the four sections imputed in this action are statutory fraud claims.

> No person may . . . make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading (or

> which, upon the exercise of reasonable care, should be known by the credit repair organization, officer, employee, agent, or other person to be untrue or misleading) with respect to any consumer's credit worthiness, credit standing, or credit capacity to . . . any consumer reporting agency (as defined in section 1681a(f) of this title).

28 U.S.C. § 1679b(a)(1).

> No person may . . . make or use any untrue or misleading representation of the services of the credit repair organization.

28 U.S.C. § 1679b(a)(3).

> No person may . . . engage, directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization.

28 U.S.C. § 1679b(a)(4).

The Second Circuit has explained the policy behind Rule 9(b).

> The particularity requirement of Rule 9(b) serves to "provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." O'Brien v. Nat'l Property Analysts Partners, 936 F.2d 674, 676 (2d Cir.1991) (internal quotation marks omitted).

Rombach v. Chang, 355 F.3d 164, 171 (2nd Cir. 2004). The Second Circuit "has read Rule 9(b) to require that a complaint '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" Rombach v. Chang 355 F.3d 164, 170 (2nd Cir. 2004), quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir.1993).

The Second Amended Complaint identifies several statements that can be attributed to

the defendants. See, ¶¶ 16, 17, 21-24. However, the plaintiff does not specify which, if any, of the statements were fraudulent. Most of the statements were allegedly made by the defendant by posting them on the internet, but the plaintiff does not state when or where she became aware of them. Nor does the plaintiff identify why any of the statements were fraudulent. Additionally, none of the statements appear to have been made to or directed at a credit reporting agency, as required by 15 U.S.C. § 1679b(a)(1).

The Second Amended Complaint failed to plead with particularity its fraud allegations. The Second Amended Complaint does not provide the defendant with fair notice of the plaintiff's claims. The defendant's reputation has not been safeguarded from improvident charges of wrongdoing. The defendant is not protected against the institution of a strike suit. The plaintiff's claims arising under 15 U.S.C. § 1679b(a)(1), (3) and (4) should be dismissed.

III.   BECAUSE THE FEDERAL LAW CLAIMS MUST BE DISMISSED, THE STATE LAW CLAIMS MUST ALSO BE DISMISSED.

This Court has subject matter jurisdiction over the CROA claims in the Second Amended Complaint by virtue of 28 U.S.C. §§ 1331 and 1337. Second Amended Complaint ¶ 2. The Court has jurisdiction over the state law claims in the Second Amended Complaint by virtue of 28 U.S.C. §§ 1367. "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), cited in Tyson v. Willauer, 290 F.Supp.2d 278 (D.Conn. 2003). Because the Court must dismiss the CROA claims, as detailed above, the Court should dismiss the state law claims.

**Conclusion**

The plaintiff's CROA claims in the Second Amended Complaint should be dismissed because she has already obtained all the relief available to her under the statute. The plaintiff's claim under section 1679b(a)(1) should be dismissed because any claim properly belongs to a third party, not this plaintiff and because that claim has not been pleaded with particularity. Likewise, the plaintiff's claims under section 1679b(a)(3) and (4) should also be dismissed for failure to plead with particularity. The plaintiff's state law claims should be dismissed because the Court does not have jurisdiction over the federal law claims and therefore cannot exercise supplemental jurisdiction over the state law claims.

DATED this 26 day of April, 2004.

ATKIN & SHIELDS, P.C.

Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203) 324-6039

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT was mailed first class, postage prepaid on this the 26th day of April, 2004 to the following:

Joanne S. Faulkner
123 Avon St.
New Haven, CT 06511-2422