IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,<br><br>Defendant. | Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

## REPLY MEMORANDUM TO MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant Victor Lawrence d/b/a Lexington Law Firm submits this reply memorandum in support of his Motion to Dismiss Second Amended Complaint.

### Argument

The Plaintiff's memorandum in opposition to the Motion to Dismiss Second Amended Complaint shows, once again, that this lawsuit is an attorney driven fishing expedition. The plaintiff claims that the defendant should be punished for making misrepresentations, but refuses to identify what the representations are and why they were false. The damages that plaintiff seeks are not tied to her injuries, but are entirely byproducts of the suit itself.

The defendant moved to dismiss (1) all of the plaintiffs claims arising out of CROA (15 U.S.C. § 1679, et seq.) because the plaintiff has already received all she can receive under the

statute and therefore lacks standing to sue;[1] (2) the plaintiff's 15 U.S.C. § 1679b(a)(1) claim because she is not the proper plaintiff and was not injured by the violation, even if there were one;[2] (3) the plaintiff's 15 U.S.C. § 1679b(a)(1), (3) and (4) claims because the claims were not pleaded with particularity;[3] and (4) the plaintiff's state law claims because the court's supplemental jurisdiction over those claims is lost if the federal claims are dismissed.[4] The plaintiff does not argue she is the correct plaintiff under her 1679b(a)(1) claim; having conceded the point, that claim should be dismissed. D. Conn. L. Civ. R. 7(a)(1). Nor does she argue that, if the federal claims are dismissed, she can maintain the state law causes of action; if the federal claims are dismissed, those claims should be dismissed as well.

## I.    FAILURE TO PLEAD WITH PARTICULARITY

Likewise, the plaintiff does not assert that the Second Amended Complaint pleads her § 1679b(a)(1), (3) and (4) claims with particularity; the question remaining, then, is whether Rule 9(b) requires her to do so.

The plaintiff argues that she was not required to plead her CROA claims with

---

[1]The defendant's motion in this regard is not waived by Fed. R. Civ. Pro. 12(g). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Pro. 12(h)(3).

[2]The defendant's motion in this regard is not waived by Fed. R. Civ. Pro. 12(g). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Pro. 12(h)(3).

[3]The defendant's motion in this regard is not waived by Fed. R. Civ. Pro. 12(g) because (1) the defense was not available at the time of the earlier motion to dismiss because it is based on the failure of the Second Amended Complaint to plead fraud with particularity, and (2) because the motion falls under Rule 12(h)(2), which is specifically excluded from the operation of Rule 12(g).

[4]The defendant's motion in this regard is not waived by Fed. R. Civ. Pro. 12(g). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. Pro. 12(h)(3).

particularity because she is not alleging "fraud," but, rather, she claims that the defendant made statements or engaged in practices that were "untrue," "misleading," or "deceptive." Memo. in Opp. at 6-8. This is exactly contrary to the holding in Rombach v. Chang, 355 F.3d 164, 171 (2nd Cir. 2004), cited in the Memo. in Support at 8.

> This wording [Rule 9(b)] is cast in terms of the <u>conduct alleged</u>, and is not limited to allegations <u>styled</u> or <u>denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action</u>.

(emphasis added). The argument in Rombach is precisely the argument made by the plaintiff: she was not required to plead her CROA claims with particularity because they are not styled or denominated as "fraud." By arguing that Rule 9(b) does not apply because CROA (argued solely by analogy) does not require a "showing of actual deception, but merely a tendency and capacity to deceive," the plaintiff is merely asserting that the CROA claims are not "expressed in terms of the constituent elements of a fraud cause of action," as expressly rejected in Rombach. Further, the policy articulated in Rombach is as applicable regarding allegations of "untrue," "misleading" or "deceptive" statements in a CROA context as they are in a securities violation context.[5]

> The particularity requirement of Rule 9(b) serves to "provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit." O'Brien v. Nat'l Property Analysts Partners, 936 F.2d 674, 676 (2d

---

[5] Like two of the three the sections of CROA that the plaintiff relies on here, the sections at issue in Rombach do not specifically refer to fraud. "Section 11 of the Securities Act imposes civil liability on issuers and signatories, such as officers of the issuer and underwriters, of a registration statement that 'contained an untrue statement of a material fact or omitted to state a material fact ... necessary to make the statements therein not misleading.' 15 U.S.C. § 77k." Rombach v. Chang, 355 F.3d 164, 168 fn. 2 (2nd Cir. 2004). "Section 12(a)(2) of the Securities Act provides that a person who sells securities by means of a prospectus that misrepresents or omits material facts is liable to the person purchasing such security from him. 15 U.S.C. § 77l(a)(2)." Id. at fn. 3. Nevertheless, Rombach held that the claims alleged under these statutes alleged fraud and therefore were required to be pleaded with particularity.

3

> Cir.1991) (internal quotation marks omitted); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1104 (9th Cir.2003) ("Fraud allegations may damage a defendant's reputation regardless of the cause of action in which they appear, and they are therefore properly subject to Rule 9(b) in every case."); In re Stac Elecs. Secs. Litig., 89 F.3d at 1405 ("Rule 9(b) serves to ... prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.") (internal quotation marks and alteration marks omitted). These considerations apply with equal force to "averments of fraud" set forth in aid of Section 11 and Section 12(a)(2) claims that are grounded in fraud.

355 F.3d 164 at 171. The defendant's reputation is as vulnerable to charges that he made "untrue" "misleading" or "deceptive" statements as it is to allegations employing the word "fraud." If the defendant here is being accused of a serious wrong, such as making "untrue," "misleading," or "deceptive" statements, the plaintiff must set out the facts establishing the wrong. Thus, Rule 9(b) requires her to plead her allegations with particularity.

Turning to the allegations of the Second Amended Complaint, the plaintiff's arguments regarding Rule 9(b) and standing are duplicitous. With regard to Rule 9(b), she argues that she does not allege "intent and reliance" and, therefore she is not asserting fraud, thus she has no duty to plead with particularity. Out of the other side of her mouth, she claims that defendant's actions justify punitive damages; one of the factors to consider in determining punitive damages under CROA is "the extent to which such noncompliance was intentional," the very allegation she denies she is making. 15 U.S.C. § 1679g(b)(3). Thus, if she is not making any allegation of intentionality, she has not pleaded a case for punitive damages under CROA and the plaintiff has no standing; on the other hand if she is alleging intentionality, she has made allegations of fraud and she was required to plead those allegations with particularity. Either way, the Second Amended Complaint should be dismissed.

II.  LACK OF STANDING

The plaintiff emphasizes a point made by the defendant: "In a motion to dismiss, the allegations of the complaint are taken as true." Memo. in Support at 1; Memo. in Opp. at 3. However, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2nd Cir. 1996) (citations omitted). Here, the plaintiff makes only bald assertions and conclusions of law that she has suffered any injury whatsoever.[6]

The plaintiff argues that the Second Amended Complaint establishes an injury in fact because the fees were charged "to her credit card, and [she] was without the use of the funds for more than three months," (Memo. in Opp. at 6); and because CROA allows an award of "'additional damages' . . . without regard to the refund" (Memo. in Opp. at 4).

A.  LOSS OF USE OF FUNDS

While the plaintiff admits that she has received all she can receive under 15 U.S.C. § 1679g(a)(2), she claims she has suffered an injury in fact because she is entitled to recover additional actual damages under subsection (a)(1) because she may be able to show she was charged interest on the amounts paid to the defendant.[7] When Congress enacted CROA, it

---

[6] The Memo. in Opposition at 2 includes a discussion of the congressional history of CROA. In order to address these concerns, the defendant has implemented policies protecting his clients that go far beyond those required by CROA, including a policy allowing clients to cancel at any time (CROA allows cancellation within three days) and a money-back guarantee based on the effectiveness of the defendant's service to the client. The plaintiff took advantage of both of these policies.

[7] The plaintiff did not include a claim for interest or an allegation that she was without the use of her funds in her Second Amended Complaint. Thus, whether plaintiff had to pay interest is "abstract, conjectural or hypothetical." Sullivan v. Syracuse Housing, 962 F.2d 1101, 1107 (2nd Cir. 1992) (internal quotation marks removed); see also, Lamar Advertising of Penn, LLC v. Town of Orchard Park, New York, 356 F.3d 365 (2nd Cir. 2004) (a plaintiff must allege an actual or threatened injury).

provided for the redress of two types of injuries, actual damages caused by a violation of CROA or the amount paid by the person to the credit repair organization. Neither of these types of damages allows for an award of prejudgment interest. 15 U.S.C. § 1679g(a). Nor does the plaintiff have a right to prejudgment interest under any other provision of law. Moreover, if the interpretation urged by the plaintiff were correct, no person would ever recover under § 1679g(a)(2) because there would always be a claim for interest that would have to be made under § 1679g(a)(1), leaving the former section without application.

Further, an award of interest would be a mere byproduct of the suit itself and thus insufficient to confer standing. Doe v. Chao, ___ U.S. ___, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004); Vermont Agency of Natural Resources v. U.S. ex rel. Stevens, 529 U.S. 765, 773, 120 S.Ct. 1858, 1863, 146 L.Ed.2d 836 (2000). The plaintiff has no claim of right to interest absent victory. Thus, any right to interest cannot constitute an injury in fact.

B.   PUNITIVE DAMAGES

In support of its argument that punitive damages under § 1679g(a)(2) are sufficient to establish standing when there are no "actual damages," the plaintiff relies on Clomon v. Jackson, 988 F.2d 1314 (2nd Cir. 1993), a case interpreting the Fair Debt Collections Practices Act. In addition to interpreting a different statutory regime,[8] the interpretation of Clomon put forward by the plaintiff has been precluded by Doe v. Chao, ___ U.S. ___, 124 S.Ct. 1204, 157 L.Ed.2d 1122 (2004) and Vermont Agency of Natural Resources v. U.S. ex rel. Stevens, 529 U.S. 765,

---

[8] Under CROA, alternative calculations of actual damages are provided, with "additional damages" being included in another section, namely, "punitive damages." Additionally, the FDCPA caps "additional damages" at $1,000. CROA does not include such a cap. Thus, that the provisions serve different purposes in the regime and are not interchangeable.

Clomon is also distinguishable because the parties in Clomon did not raise and the court did not address the issue of standing.

120 S.Ct. 1858, 146 L.Ed.2d 836 (2000). Whether designated "additional damages" or "punitive damages," both types of damages are "merely a 'byproduct' of the suit itself [that] cannot give rise to a cognizable injury in fact for Article III standing purposes." Stevens, 529 U.S. at 773, 120 S.Ct. 1858 at 1863.

Further, even if punitive damages could be considered an injury in fact, the Second Amended Complaint includes no allegations justifying punitive damages. When considering punitive damages in a non-class action case under CROA, the court considers "(1) the frequency and persistence of noncompliance by the credit repair organization; (2) the nature of the noncompliance; (3) the extent to which such noncompliance was intentional." 15 U.S.C. § 1679g(b). The Second Amended Complaint does not plead any facts, bald allegations, legal conclusions, or anything else, that relate to any of these factors. Even if punitive damages may be conceivably available, the plaintiff has not pleaded sufficient facts to justify that, standing alone, punitive damages can constitute the sole injury in fact necessary for the court to find that the plaintiff has standing.

## Conclusion

The plaintiff's CROA claims in the Second Amended Complaint should be dismissed because she has already obtained all the relief available to her under the statute. The plaintiff's claim under section 1679b(a)(1) should be dismissed because any claim properly belongs to a third party, not this plaintiff and because that claim has not been pleaded with particularity. Likewise, the plaintiff's claims under section 1679b(a)(3) and (4) should also be dismissed for failure to plead with particularity. The plaintiff's state law claims should be dismissed because the Court does not have jurisdiction over the federal law claims and therefore cannot exercise

7

supplemental jurisdiction over the state law claims.

DATED this 24 day of May, 2004.

ATKIN & HAWKINS, P.C.

Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 5th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing REPLY MEMORANDUM TO MOTION TO DISMISS SECOND AMENDED COMPLAINT was mailed first class, postage prepaid on this the 24 day of May, 2004 to the following:

Joanne S. Faulkner
123 Avon St.
New Haven, CT 06511-2422