UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                          CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM        June 28, 2004

### MOTION FOR SETTLEMENT CONFERENCE

Plaintiff moves for a prompt settlement conference in the above matter, with the parties and all counsel present. On May 28, 2004, the parties reached agreement on the central terms of settlement: amount, mutual releases, and dismissal. They have not been able to reach an agreement on other terms. The competing drafts are attached.

                                        THE PLAINTIFF

ORAL ARGUMENT NOT REQUESTED

                                         By___/s/ Joanne S. Faulkner____
                                         Joanne S. Faulkner ct04137
                                         123 Avon Street
                                         New Haven CT 06511-2422
                                         (203) 772-0395


This is to certify that the foregoing and attached was mailed on June 26, 2004, postage prepaid, to:

Richard H.G. Cunningham
12 Kenilworth Drive East
Stamford CT 06902

Blake Atkin
136 S Main St 6th fl
Salt Lake City UT 84101

                                         ____/s/ Joanne S. Faulkner____
                                         Joanne S. Faulkner

Page 1 of 1

## Joanne Faulkner

**From:** "Joanne Faulkner" <j.faulkner@snet.net>
**To:** "Atkin & Hawkins" <atkinandhawkins@velocitus.net>
**Sent:** May 28, 2004 4:07 PM
**Subject:** Blake Atkin

Goktepe v. Lawrence:
This is to confirm that we have agreed on defendant paying $30,000 subject to negotiation of conditions which an unidentified attorney may or may not want to include in the settlement other than dismissal and mutual releases. We discussed that my clients do not enter into confidentiality agreements, need plain language documents, and I do not agree to anything unethical.
I will expect to have an email draft Wed or Thur at the latest.
Based on the above I have canceled the depositions, subject to rescheduling them in July if we cannot agree to the conditions in addition to the $$$.
Thanks for your call. Have a nice weekend!

Attorney Joanne Faulkner
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net


---
Outgoing mail is certified Virus Free.
Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.692 / Virus Database: 453 - Release Date: 5/28/04

6/26/04

Page 1 of 1

## Joanne Faulkner

**From:** "Joanne Faulkner" <j.faulkner@snet.net>
**To:** "Atkin & Hawkins" <atkinandhawkins@velocitus.net>
**Sent:** June 02, 2004 9:45 AM
**Subject:** Blake Atkin

Goktepe v Lawrence
Don't forget you were going to try to get back to me today on settlement conditions, if any, other than payment of $30,000 exchange of mutual plain language releases and dismissal of the lawsuit.


Attorney Joanne Faulkner
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net




---
Outgoing mail is certified Virus Free.
Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.693 / Virus Database: 454 - Release Date: 5/31/04

6/26/04

Page 1 of 1

### Joanne Faulkner

| | |
|---|---|
| **From:** | "Joanne Faulkner" <j.faulkner@snet.net> |
| **To:** | "Atkin & Hawkins" <atkinandhawkins@velocitus.net> |
| **Sent:** | June 03, 2004 7:33 AM |
| **Attach:** | GOK Settlement Agreement.doc |
| **Subject:** | Re: Lawrence: Goktepe |

The proposed agreement does not comply with plain language requirements, does not contain mutual releases, contains lots of duplication and irrelevant or superfluous language. I have tried to shorten it considerably without changing the meaning.

There is no possible way for me to get client to sign it on short notice, particularly since I will be leaving for a few weeks.

Send me a revised draft, please. Or call once you have reviewed the attached.


Attorney Joanne Faulkner
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net



---
Outgoing mail is certified Virus Free.
Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.693 / Virus Database: 454 - Release Date: 5/31/04

6/24/04

SETTLEMENT AGREEMENT AND
MUTUAL RELEASE OF CLAIMS ("SETTLEMENT AGREEMENT")

THIS SETTLEMENT AGREEMENT is made and entered into by and between MICHELLE GOKTEPE ("MICHELLE GOKTEPE") and Victor Lawrence dba Lexington Law Firm ("Lawrence") on this 1st day June 2004 ~~(effective date)~~.

WHEREAS, MICHELLE GOKTEPE filed lawsuit Case No. 3:03 CV 0089-MRK against Lawrence in February, 2003; and

WHEREAS, MICHELLE GOKTEPE and LAWRENCE desire to amicably and completely settle the lawsuit;

NOW THEREFORE, in mutual consideration of the exchange of promises and agreements contained herein MICHELLE GOKTEPE and LAWRENCE agree as follows:

1.  MICHELLE GOKTEPE's Release and Discharge **NEEDS TO BE MUTUAL**

    For and in consideration of the payment by LAWRENCE to MICHELLE GOKTEPE of the sum of THIRTY THOUSAND DOLLARS ($30,000.00) ("settlement payment"), and in consideration of LAWRENCE's agreement to this Settlement Agreement, MICHELLE GOKTEPE, for herself, her executors, administrators, successors, assigns, ~~officers, directors, employees,~~ agents ~~and all related firms, persons, corporations, associations, agents, and partnerships,~~ releases, acquits and forever discharges LAWRENCE, HIS ~~its~~ executors, administrators, successors, assigns, ~~officers, directors,~~ employees, agents ~~and all related firms, persons, corporations, associations, agents, and partnerships,~~ from any and all claims, actions, ~~causes of action, demands, rights,~~ damages, costs~~, loss of service, loss of use, expenses and compensation~~ whatsoever, ~~or any other thing whatsoever, asserted, assertable, or unasserted,~~ which she may now have or hereafter accrue ~~on account of or~~ in any way arising out of ~~any and all known and unknown, foreseen and unforeseen damages including but not limited to, compensatory and punitive damages, property damage and personal injury and the consequences thereof, and all breaches of contract or interference with contractual relationship or breach of fiduciary duty, resulting from~~ or in any way relating to the lawsuit, ~~which were, could, or may have been raised or asserted between the parties privately or in any private or public dispute resolution proceedings, and any and all other claims~~ which MICHELLE GOKTEPE may have, known and unknown, against LAWRENCE which existed prior to the date of execution of this Settlement Agreement by both parties.

MICHELLE GOKTEPE – LAWRENCE Settlement Agreement and Release
    DRAFT 2.0    PAGE 1 of 5
06/26/04  8:02 AM

~~MICHELLE GOKTEPE specifically releases any right she may now have or hereafter to reform, rescind, modify or set aside any terms of this Settlement Agreement through mutual or unilateral mistake or otherwise. The risk of uncertainty and mistake is assumed by MICHELLE GOKTEPE in consideration of the exchange of terms of this Settlement Agreement between the parties and in consideration of this being a full and final settlement of the lawsuit.~~ UNILATERAL, NO CONSIDERATION

3.  Payment

The settlement payment will be paid by LAWRENCE to JOANNE S. FAULKNER TRUST ACCOUNT F/B/O MICHELLE GOKTEPE concurrent with MICHELLE GOKTEPE's execution of this Settlement Agreement.

4.  ~~Covenant and Agreement Not to Pursue or Assist Others in Pursuing Further Disputation~~

~~MICHELLE GOKTEPE covenants and agrees that she will not, either by herself or in concert with others, or by virtue of other litigation, arbitration, mediation, or otherwise whatsoever, make or cause to be made, acquiesce in or assist in, the bringing of any further claims or actions of any kind against LAWRENCE.~~
MEANING UNCLEAR, NOT MUTUAL;

5.  No Admission of Liability

It is understood and agreed that the terms of the Settlement Agreement are part of a settlement and compromise of disputed claims and that the consideration given by either party is not to be construed as an admission of liability on the part of any party, and that the parties expressly deny liability for the claims and intend merely to avoid litigation and settle the matter. ~~The parties acknowledge and understand and assume all risks, chance or hazard that any damages or claims or losses the parties may have suffered may substantially worsen in the future, may be greater in degree than presently described, and may be different in kind or character, and hoping for the best the parties understand and acknowledge that their circumstances may take a turn for the worse. Nevertheless, the parties accept the consideration and terms stated in this Settlement Agreement and give the releases and discharges identified herein.~~
DUPLICATIVE

6.  ~~No Defamation~~

~~The parties agree to not defame, slander, libel or otherwise make or cause to be made disparaging statements concerning the other as a result of the above referenced transactions that gave rise to this Settlement Agreement.~~
MEANING UNCLEAR

7.  ~~Return of Documents and Certification~~

~~Upon execution of this agreement Defendant will return all documents and all copies thereof produced by Defendant and by their signatures certify that this provision has been complied with.~~
YOU HAVE NOT PRODUCED ANY DOCUMENTS

8.  Advice of Counsel

MICHELLE GOKTEPE and LAWRENCE each confirm that they have had the benefit of counsel ~~retained or employed by them~~ regarding each of the terms of this Settlement Agreement ~~and that each has been advised of its rights and the law concerning the matter of liability related to the lawsuit, and have been advised of the consequences of signing this Settlement Agreement and that it will forever bar bringing suit or claims against the other party in connection with any damages or claims or losses suffered by the parties in relation to the lawsuit.~~
SUPERFLUOUS

9.  Integration

~~The parties each further declare and represent that no promise, inducement or agreement not expressed in this Settlement Agreement has been made to the parties, and that~~ this release contains the entire agreement between the parties~~, and that the terms of this release are contractual and not a mere recital. Further, this Settlement Agreement supersedes and cancels any prior understandings and agreements of the parties hereto with respect to such matters. The parties have each read the release thoroughly, understand it, and sign it freely and voluntarily.~~
SUPERFLUOUS

10. Enforcement

a.  ~~If litigation is instituted to enforce any term of this settlement agreement, the prevailing party shall be entitled to recovery of its reasonable actual attorney's fees and costs incurred in such action.~~

b.  Venue for any litigation or dispute resolution process regarding this Settlement Agreement shall be in ~~Salt Lake City, Utah.~~ CONNECTICUT

c.  This Settlement Agreement shall be governed and construed according to the laws of the State of CONNECTICUT ~~Utah~~ in all respects, including matters of construction, validity, enforcement and interpretation.

11. Representations and Warranties

MICHELLE GOKTEPE – LAWRENCE Settlement Agreement and Release
    DRAFT 2.0    PAGE 3 of 5
06/26/04  8:02 AM

Each of the parties hereto represents and warrants one to the other as follows:

    a.    Each is the sole owner of all rights, titles, interest and claims that they may have or may have had against the other party hereto arising out of the lawsuit.

    b.    There has been no transfer, sale or assignment of any right, title, interest or claim which they may have or may have had against any other party hereto arising out of the lawsuit.

    ~~c.    Each shall execute any and all documents reasonably required to effectuate the purpose and intent of this Settlement Agreement at present or in the future.~~

    ~~d.    Each party has carefully read this Settlement Agreement and all and each knows and understands its contents completely and each has had an opportunity to consult with its attorney(s) and each is executing this agreement of their own free will, act and deed.~~

    ~~e.    In executing this Settlement Agreement, none of the parties hereto, or any of the undersigned persons, have relied upon any statement or representations pertaining to this matter made by the persons, firms, organizations or corporations who are being released, or by any person or persons representing them other than as expressly stated herein.~~

    ~~f.    Each individual signing hereto has complete and full authority to act upon such party's behalf and to bind it and all persons or entities with any right, title or interest therein, and intends that this agreement shall fully resolve the disagreement and past and future liabilities related to the lawsuit.~~
DUPLICATIVE

12.    <u>Severance</u>

If any provision of this Settlement Agreement is prohibited by law or stricken in any judicial action or other dispute resolution proceeding, such prohibition or judicial striking, shall not affect the validity of the remaining provisions of this Settlement Agreement.

~~13.    <u>Modification and Waiver</u>~~

~~Any modification or waiver of any provision of this Settlement Agreement or any consent to any departure from any of the terms of this Settlement Agreement, shall not be binding unless the same is in writing and signed by all of the original parties to the document which is the subject of the modification or waiver.~~

MICHELLE GOKTEPE – LAWRENCE Settlement Agreement and Release
    DRAFT 2.0    PAGE 4 of 5
06/26/04  8:02 AM

14. ~~Headings~~

~~Section headings are inserted for convenience only and shall not affect any construction or interpretation of this Settlement Agreement.~~
DUPLICATIVE, SUPERFLUOUS
15. ~~Confidentiality~~

~~Each party covenants and agrees that it, and its counsel and agents, will~~
   ~~a. keep confidential this Settlement Agreement, and each of its terms, and not disclose any information about or in the Settlement Agreement to any other person or entity, and~~

   ~~b. not publish, orally or in writing or in ay other form, any information about any of the terms of, or information in, in this Settlement Agreement except to say the case was amicalby settled~~

REJECTED, OVERBROAD

16. ~~Stipulation for Dismissal.~~

~~As part of this Settlement Agreement, the parties hereto agree to execute the STIPULATION FOR DISMISSAL pleading attached hereto as Exhibit 1, and to file the same with the court holding jurisdiction over the lawsuit no later than 5 working days after the effective date.~~

   GOES WITHOUT SAYING, NOTHING ATTACHED

**IN WITNESS WHEREOF** the parties have caused this Settlement Agreement to be executed by their duly authorized representatives. ~~By their signatures below, plaintiff and her counsel certify they have read this agreement and certify that they have returned or by no later than June 11, 2004 at 5:00 p.m., E.D.T. will return, to Defendant all documents produced by Defendant to them in this case.~~
?? WHO IS SUPPOSED TO EXECUTE??

_____
MICHELLE GOKTEPE

Date: _____

_____
JOANNE FAULKNER
Attorney for Michelle Goktepe

---

MICHELLE GOKTEPE – LAWRENCE Settlement Agreement and Release
   DRAFT 2.0   PAGE 5 of 5
06/26/04  8:02 AM

_____
VICTOR LAWRENCE dba Lexington Law firm

Date: _____

_____
BLAKE S. ATKIN
Attorney for Victor Lawrence

Page 1 of 1

## Joanne Faulkner

**From:** "Joanne Faulkner" <j.faulkner@snet.net>
**To:** "Atkin & Hawkins" <atkinandhawkins@velocitus.net>
**Sent:** June 17, 2004 11:09 AM
**Attach:** GOK Settlement Agreement 2.doc
**Subject:** GOK Settlement Agreement 2.doc

We have agreed on $30,000, mutual releases, and dismissal of the case. No settlement agreement is necessary or appropriate. In fact I just settled a similar case with another Credit Repair Org with nothing but payment, exchange of releases and dismissal.

I am having my client sign the attached document. Please have your client sign a copy too.
Otherwise we need to reschedule the depositions PROMPTLY. Or ask the court for a settlement conference.

6/26/04

SETTLEMENT AGREEMENT AND
MUTUAL RELEASE OF CLAIMS ("SETTLEMENT AGREEMENT")

THIS SETTLEMENT AGREEMENT is made and entered into by and between MICHELLE GOKTEPE ("MICHELLE GOKTEPE") and Victor Lawrence dba Lexington Law Firm ("Lawrence") on this 1st day June 2004.

WHEREAS, MICHELLE GOKTEPE filed lawsuit Case No. 3:03 CV 0089-MRK against Lawrence in February, 2003; and

WHEREAS, MICHELLE GOKTEPE and LAWRENCE desire to amicably and completely settle the lawsuit;

NOW THEREFORE, in mutual consideration of the exchange of promises and agreements contained herein MICHELLE GOKTEPE and LAWRENCE agree as follows:

1.   MICHELLE GOKTEPE's Release and Discharge

For and in consideration of the payment by LAWRENCE to MICHELLE GOKTEPE of the sum of THIRTY THOUSAND DOLLARS ($30,000.00) ("settlement payment"), and in consideration of LAWRENCE's agreement to this Settlement Agreement, MICHELLE GOKTEPE, for herself, her executors, administrators, successors, assigns, agents releases, acquits and forever discharges LAWRENCE, HIS its executors, administrators, successors, assigns, employees, agents from any and all claims, actions, damages, costs whatsoever, which she may now have or hereafter accrue in any way arising out of or in any way relating to the lawsuit, s which MICHELLE GOKTEPE may have, known and unknown, against LAWRENCE which existed prior to the date of execution of this Settlement Agreement by both parties.

2.   VICTOR LAWRENCE'S Release and Discharge

For and in consideration of MICHELLE GOKTEPE'S execution of this Settlement Agreement, VICTOR LAWRENCE, for himself, his executors, administrators, successors, assigns, officers, directors, employees, agents and all related firms, persons, corporations, associations, agents, and partnerships, releases, acquits and forever discharges MICHELLE GOKTEPE, her executors, administrators, successors, assigns, officers, directors, employees, agents and all related firms, persons, corporations, associations, agents, and partnerships, from any and all claims, actions,

causes of action, demands, rights, damages, costs, loss of service, loss of use, expenses and compensation whatsoever, or any other thing whatsoever, asserted, assertable, or unasserted, which she may now have or hereafter accrue on account of or in any way arising out of any and all known and unknown, foreseen and unforeseen damages including but not limited to, compensatory and punitive damages, property damage and personal injury and the consequences thereof, and all breaches of contract or interference with contractual relationship or breach of fiduciary duty, resulting from or in any way relating to the lawsuit, which were, could, or may have been raised or asserted between the parties privately or in any private or public dispute resolution proceedings, and any and all other claims which MICHELLE GOKTEPE may have, known and unknown, against LAWRENCE which existed prior to the date of execution of this Settlement Agreement by both parties.

3.   Payment

The settlement payment will be paid by LAWRENCE to JOANNE S. FAULKNER TRUST ACCOUNT F/B/O MICHELLE GOKTEPE concurrent with MICHELLE GOKTEPE's execution of this Settlement Agreement.

4.   No Admission of Liability

It is understood and agreed that the terms of the Settlement Agreement are part of a settlement and compromise of disputed claims and that the consideration given by either party is not to be construed as an admission of liability on the part of any party, and that the parties expressly deny liability for the claims and intend merely to avoid litigation and settle the matter.

8.   Advice of Counsel

MICHELLE GOKTEPE and LAWRENCE each confirm that they have had the benefit of counsel regarding each of the terms of this Settlement Agreement

9.   Integration

This release contains the entire agreement between the parties

10.   Enforcement

a. Venue for any litigation or dispute resolution process regarding this Settlement Agreement shall be in CONNECTICUT

MICHELLE GOKTEPE – LAWRENCE Settlement Agreement and Release
    DRAFT 2.0    PAGE 2 of 5
06/26/04  8:02 AM

c.  This Settlement Agreement shall be governed and construed according to the laws of the State of CONNECTICUT in all respects, including matters of construction, validity, enforcement and interpretation.

11. Representations and Warranties

Each of the parties hereto represents and warrants one to the other as follows:

a.  Each is the sole owner of all rights, titles, interest and claims that they may have or may have had against the other party hereto arising out of the lawsuit.

b.  There has been no transfer, sale or assignment of any right, title, interest or claim which they may have or may have had against any other party hereto arising out of the lawsuit.

12. Severance

If any provision of this Settlement Agreement is prohibited by law or stricken in any judicial action or other dispute resolution proceeding, such prohibition or judicial striking, shall not affect the validity of the remaining provisions of this Settlement Agreement.

**IN WITNESS WHEREOF** the parties have caused this Settlement Agreement to be executed by their duly authorized representatives.

_____
MICHELLE GOKTEPE

Date: _____


_____
VICTOR LAWRENCE dba Lexington Law firm

Date: _____

SETTLEMENT AGREEMENT AND
MUTUAL RELEASE OF CLAIMS ("SETTLEMENT AGREEMENT")

THIS SETTLEMENT AGREEMENT is made and entered into by and between MICHELLE GOKTEPE ("MICHELLE GOKTEPE") and VICTOR LAWRENCE dba Lexington Law Firm ("VICTOR LAWRENCE") on this ____ day June 2004 ("Effective Date").

WHEREAS, MICHELLE GOKTEPE filed lawsuit Case No. 3:03 CV 0089-MRK against Lawrence in February, 2003 ("lawsuit"); and

WHEREAS, MICHELLE GOKTEPE and VICTOR LAWRENCE desire to amicably and completely settle the lawsuit;

NOW THEREFORE, in mutual consideration of the exchange of promises and agreements contained herein MICHELLE GOKTEPE and VICTOR LAWRENCE agree as follows:

1. MICHELLE GOKTEPE's Release and Discharge

   a. For and in consideration of the payment by VICTOR LAWRENCE to MICHELLE GOKTEPE of the sum of THIRTY THOUSAND DOLLARS ($30,000.00) ("settlement payment"), and in consideration of VICTOR LAWRENCE's agreement to this Settlement Agreement, MICHELLE GOKTEPE, for herself, her executors, administrators, successors, assigns, officers, directors, employees, agents and all related firms, persons, corporations, associations, agents, and partnerships, releases, acquits and forever discharges VICTOR LAWRENCE, its executors, administrators, successors, assigns, officers, directors, employees, agents and all related firms, persons, corporations, associations, agents, and partnerships, from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, loss of use, expenses and compensation whatsoever, or any other thing whatsoever, asserted, assertable, or unasserted, which she may now have or hereafter accrue on account of or in any way arising out of any and all known and unknown, foreseen and unforeseen damages including but not limited to, compensatory and punitive damages, property damage and personal injury and the consequences thereof, and all breaches of contract or interference with contractual relationship or breach of fiduciary duty, resulting from or in any way relating to the lawsuit, which were, could, or may have been raised or asserted between the parties privately or in any private or public dispute resolution proceedings, and any and all other claims which MICHELLE GOKTEPE may have, known and unknown, against VICTOR LAWRENCE which existed prior to the date of execution of this Settlement Agreement by both parties.

MICHELLE GOKTEPE – VICTOR LAWRENCE Settlement Agreement and
Release            DRAFT 3.0    PAGE 1 of 5
06/04/04  11:45 AM

    b.    MICHELLE GOKTEPE specifically releases any right she may now have or hereafter to reform, rescind, modify or set aside any terms of this Settlement Agreement through mutual or unilateral mistake or otherwise. The risk of uncertainty and mistake is assumed by MICHELLE GOKTEPE in consideration of the exchange of terms of this Settlement Agreement between the parties and in consideration of this being a full and final settlement of the lawsuit.

2.    <u>VICTOR LAWRENCE'S Release and Discharge</u>

    a.    For and in consideration of MICHELLE GOKTEPE's execution of this Settlement Agreement VICTOR LAWRENCE, for himself, his executors, administrators, successors, assigns, officers, directors, employees, agents and all related firms, persons, corporations, associations, agents, and partnerships, releases, acquits and forever discharges MICHELLE GOKTEPE, from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, loss of use, expenses and compensation whatsoever, or any other thing whatsoever, asserted, assertable, or unasserted, which she may now have or hereafter accrue on account of or in any way arising out of any and all known and unknown, foreseen and unforeseen damages including but not limited to, compensatory and punitive damages, property damage and personal injury and the consequences thereof, and all breaches of contract or interference with contractual relationship or breach of fiduciary duty, resulting from or in any way relating to the lawsuit, which were, could, or may have been raised or asserted between the parties privately or in any private or public dispute resolution proceedings, and any and all other claims which VICTOR LAWRENCE may have, known and unknown, against MICHELLE GOKTEPE which existed prior to the date of execution of this Settlement Agreement by both parties.

    b.    VICTOR LAWRENCE specifically releases any right he may now have or hereafter to reform, rescind, modify or set aside any terms of this Settlement Agreement through mutual or unilateral mistake or otherwise. The risk of uncertainty and mistake is assumed by VICTOR LAWRENCE in consideration of the exchange of terms of this Settlement Agreement between the parties and in consideration of this being a full and final settlement of the lawsuit.

3.    <u>Payment</u>

The settlement payment will be paid by VICTOR LAWRENCE to MICHELLE GOKTEPE in care of JOANNE S. FAULKNER TRUST ACCOUNT F/B/O MICHELLE GOKTEPE concurrent with MICHELLE GOKTEPE's execution of this Settlement Agreement. The settlement check will be made out to MICHELLE GOTKETE and JOANN FAULKNER, ESQUIRE jointly.

4.    <u>Covenant and Agreement Not to Pursue or Assist Others in Pursuing Further Disputation</u>

MICHELLE GOKTEPE – VICTOR LAWRENCE Settlement Agreement and
Release    DRAFT 3.0    PAGE 2 of 5
06/04/04 11:45 AM

MICHELLE GOKTEPE and VICTOR LAWRENCE each covenants and agrees that she and he will not, either by herself or himself, or in concert with others, or by virtue of other litigation, arbitration, mediation, or otherwise whatsoever, make or cause to be made, acquiesce in or assist in, the bringing of any further claims or actions of any kind against the other party for any alleged legally cognizable harm arising on or before the Effective Date.

5.   No Admission of Liability

It is understood and agreed that the terms of the Settlement Agreement are part of a settlement and compromise of disputed claims and that the consideration given by either party is not to be construed as an admission of liability on the part of any party, and that the parties expressly deny liability for the claims and intend merely to avoid litigation and settle the matter. The parties acknowledge and understand and assume all risks, chance or hazard that any damages or claims or losses the parties may have suffered may substantially worsen in the future, may be greater in degree than presently described, and may be different in kind or character, and hoping for the best the parties understand and acknowledge that their circumstances may take a turn for the worse. Nevertheless, the parties accept the consideration and terms stated in this Settlement Agreement and give the releases and discharges identified herein.

6.   No Defamation

The parties agree to not defame, slander, libel or otherwise make or cause to be made disparaging statements concerning the other as a result of the above referenced transactions that gave rise to this Settlement Agreement.

7.   Return of Documents and Certification

a.   Upon execution of this agreement Defendant will return to VICTOR LAWRENCE all documents and all copies thereof produced by Defendant or provided by Defendant to MICHELLE GOKTEPE or any of her counsel and agents between the date the lawsuit was filed and the Effective Date that have not been filed in the court with jurisdiction of the lawsuit.

b.   By their signatures below, MICHELLE GOKTEPE and her counsel of record in the lawsuit certify that this provision has been fully and unconditionally complied with, or will be fully and unconditionally complied with by no later than June 14, 2004 at 5:00 p.m. E.D.T.

8.   Advice of Counsel

MICHELLE GOKTEPE and VICTOR LAWRENCE each confirm that they have had the benefit of counsel retained or employed by them regarding each of the terms of this Settlement Agreement and that each has been advised of its rights and the law concerning the matter of liability related to the lawsuit, and have been advised of the consequences of signing this Settlement Agreement and that it will forever bar bringing suit or claims against the other party in connection with any damages or claims or losses suffered by the parties in relation to the lawsuit.

9.  Integration

The parties each further declare and represent that no promise, inducement or agreement not expressed in this Settlement Agreement has been made to the parties, and that this release contains the entire agreement between the parties, and that the terms of this release are contractual and not a mere recital. Further, this Settlement Agreement supersedes and cancels any prior understandings and agreements of the parties hereto with respect to such matters. The parties have each read the release thoroughly, understand it, and sign it freely and voluntarily.

10. Enforcement

   a.  If litigation is instituted to enforce any term of this settlement agreement, the prevailing party shall be entitled to recovery of its reasonable actual attorney's fees and costs incurred in such action.

   b.  Venue for any litigation or dispute resolution process regarding this Settlement Agreement shall be in the court that had jurisdiction of the lawsuit.

   c.  This Settlement Agreement shall be governed and construed according to the laws of the State of CONNECTICUT in all respects, including matters of construction, validity, enforcement and interpretation.

11. Representations and Warranties

Each of the parties hereto represents and warrants one to the other as follows:

   a.  Each is the sole owner of all rights, titles, interest and claims that they may have or may have had against the other party hereto arising out of the lawsuit.

   b.  There has been no transfer, sale or assignment of any right, title, interest or claim which they may have or may have had against any other party hereto arising out of the lawsuit.

  c. Each shall execute any and all documents reasonably required to effectuate the purpose and intent of this Settlement Agreement at present or in the future.

  d. Each party has carefully read this Settlement Agreement and all and each knows and understands its contents completely and each has had an opportunity to consult with its attorney(s) and each is executing this agreement of their own free will, act and deed.

  e. In executing this Settlement Agreement, none of the parties hereto, or any of the undersigned persons, have relied upon any statement or representations pertaining to this matter made by the persons, firms, organizations or corporations who are being released, or by any person or persons representing them other than as expressly stated herein.

  f. Each individual signing hereto has complete and full authority to act upon such party's behalf and to bind it and all persons or entities with any right, title or interest therein, and intends that this agreement shall fully resolve the disagreement and past and future liabilities related to the lawsuit.

12. Severance

If any provision of this Settlement Agreement is prohibited by law or stricken in any judicial action or other dispute resolution proceeding, such prohibition or judicial striking, shall not affect the validity of the remaining provisions of this Settlement Agreement.

13. Modification and Waiver

Any modification or waiver of any provision of this Settlement Agreement or any consent to any departure from any of the terms of this Settlement Agreement shall not be binding unless the same is in writing and signed by all of the original parties to the document which is the subject of the modification or waiver.

14. Headings

Section headings are inserted for convenience only and shall not affect any construction or interpretation of this Settlement Agreement.

15. Confidentiality

Each party covenants and agrees that it, and its counsel and agents, will

    a. keep confidential this Settlement Agreement, and each of its terms, and not disclose any information about or in the Settlement Agreement to any other person or entity, and

    b. not publish, orally or in writing or in any other form, any information about any of the terms of, or information in, in this Settlement Agreement except to say the case was amicably settled

16. <u>Stipulation for Dismissal.</u>

As part of this Settlement Agreement, the parties hereto agree to execute the STIPULATION FOR DISMISSAL pleading attached hereto as Exhibit 1, and to file the same with the court holding jurisdiction over the lawsuit no later than 5 working days after the Effective Date.

**IN WITNESS WHEREOF** the parties have caused this Settlement Agreement to be executed by their duly authorized representatives.

_____
MICHELLE GOKTEPE

Date: _____

_____
JOANNE FAULKNER
Attorney for Michelle Goktepe

_____
VICTOR LAWRENCE dba Lexington Law firm

Date: _____

_____
BLAKE S. ATKIN
Attorney for Victor Lawrence

MICHELLE GOKTEPE – VICTOR LAWRENCE Settlement Agreement and
Release                 DRAFT 3.0    PAGE 6 of 5
06/04/04  11:45 AM