UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                              CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM

**PLAINTIFF'S MEMORANDUM RE SETTLEMENT CONFERENCE**

On May 28, 2004, the parties reached an agreement to settle the matter for a sum certain, mutual releases, and dismissal. The parties have not been able to finalize the rest of the terms of the agreement. Competing drafts are appended to the Motion filed herewith.

A settlement conference would promote public policy

There is a strong public policy to encourage settlements and thereby avoid wasteful litigation. "Should a court system awash in backlog delay further the disposition of a case where there is convincing proof that a settlement has been reached?" Janneh v. GAF Corp., 887 F. 2d 432 (2d Cir. 1989). "As any litigator or judge can attest, the best case is a settled case....In a very real sense, all of the parties -- and the court as an institution -- win when litigation is settled amicably short of trial." Mathewson Corp. v. Allied Marine Ind., Inc., 827 F.2d 850, 852, 857 (1st Cir. 1987). "[S]ettlements . . . compromise and conservation of judicial resources, two concepts highly regarded in American jurisprudence."

Settlement agreements are favored by the courts, which have inherent power to enforce such agreements summarily, even if they are not reduced to writing. Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1371 (6th Cir. 1976); Autera v. Robinson, 419 F.2d 1197 (D.C. Cir. 1969); DiMartino v. City of Hartford, 636 F. Supp. 1241, 1244 (D. Conn.

1986), Dependahl v. Falstaff Brewing Co., 448 F. Supp. 813 (E.D. Mo. 1978); Read v. Baker, 438 F. Supp. 737 (D. Del. 1977).

The parties and all counsel should be present

Plaintiff requests that the parties be present because the failure of a defendant to attend a settlement conference is a virtual guarantee of its failure. See Nick v. Morgan's Foods, Inc., 99 F. Supp. 2d 1056, 1062-63 (E.D. Mo. 2000), aff'd, 270 F.3d 590 (8th Cir. 2001). See G. Heilman Brewing Co. v. Joseph Oat Co., 107 F.R.D. 275, 277 (W.D. Wis. 1985) (imposing sanctions for refusal to attend):

> It is no argument that it would have been futile for [parties] to appear by representatives with full authority to settle, simply because these corporations had decided that they would not settle on any terms other than full dismissal of the claims against [them]. *It is always possible that exposure of the decisionmakers to the realities of a case will bring about a re-evaluation of settlement posture* on the part of those persons. Thus it is appropriate for a judicial officer to require that, particularly in complex and protracted litigation, the decisionmakers be made aware of all aspects of the case and the anticipated costs of its prosecution by being personally present. . . ."

Id. at 277 (emphasis added). The court went on to note:

> Only [when the parties are present] may proposals and counter-proposals be advanced and responded to without delay. The presence of the parties, who are, of course, the most familiar with their claims and the nature of their businesses, also opens opportunities to explore the existence of other common grounds for agreement which may involve matters outside the litigation. It is common knowledge that the majority of lawsuits do settle and our literature is filled with articles detailing the variety of negotiating and settlement techniques which courts, with increasing frequency, are being encouraged to employ.

Id.

## CONCLUSION

The Court is respectfully requested to set this matter down for a settlement conference as promptly as possible.

                                                THE PLAINTIFF

                                      By___/s/ Joanne S. Faulkner___
                                      Joanne S. Faulkner ct04137
                                      123 Avon Street
                                      New Haven CT 06511
                                      (203) 772-0395

      This is to certify that the foregoing was mailed on June 26, 2004, postage prepaid, to:

Richard H.G. Cunningham
12 Kenilworth Drive East
Stamford CT 06902

Blake Atkin
136 S Main St 6th fl
Salt Lake City UT 84101

                                      ___/s/ Joanne S. Faulkner___
                                            Joanne S. Faulkner