IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

FILED

JUL 9 ⟨... 21 AM '04

U.S. ⟨...⟩ COURT
NEW ⟨...⟩

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>Plaintiff,<br><br><br>v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,<br><br>Defendant. | Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

## MOTION FOR PROTECTIVE ORDER

Defendant Victor Lawrence, d/b/a Lexington Law Firm moves the Court for a Protective

Order to protect his trade secrets and other confidential research, development and commercial

information pursuant to Fed. R. Civ. Pro. 26(c). The movant certifies that he has, in good faith,

conferred with other affected parties in an effort to resolve the dispute without court action. See,

Exhibit A, Declaration of Lonn Litchfield. Defendant requests that the court issue the protective

order attached hereto as Exhibit B.

DATED this _8_ day of July, 2004.

ATKIN & SHIELDS, P.C.

_____

Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing  MOTION FOR PROTECTIVE ORDER was mailed first class, postage prepaid and sent by Federal Express on this the _8_ day of July, 2004 to the following:

Joanne S. Faulkner
123 Avon St.
New Haven, CT 06511-2422

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>Plaintiff,<br><br><br>v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,<br><br>Defendant. | Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

## DECLARATION OF LONN LITCHFIELD

I, Lonn Litchfield, under penalty of perjury, do depose and state as follows:

1.      I am counsel for the defendant in this matter.

2.      The plaintiff in this matter issued discovery requests seeking trade secret and other confidential research, development, or commercial information, including internal operation information and financial information.

3.      Counsel for the plaintiff, Joanne Faulkner, has indicated an intention to seek similar information through depositions.

4.      I have sent two emails to Ms. Faulkner that provided a standard proposed protective order. A copy of emails sent by defendant's counsel is attached as Exhibit A.

5.      Blake S. Atkin, lead counsel for the defendant, discussed the issue with Ms. Faulkner by telephone conversations, email and in person conversation,

6.      Mr. Atkin insisted that a protective order be in place before the defendant would provide confidential or trade secret information.

7.      Ms. Faulkner refused to agree to the stipulated protective order, refused to

articulate why it was objectionable, and refused to propose a protective order that would

adequately protect the defendant from disclosure of his confidential information.

      8.     I certify that the defendant has in good faith conferred or attempted to confer with

the plaintiff in an effort to resolve the dispute without court action.

DATED this _8_ day of July, 2004.

_____
Lonn Litchfield

|  |  |
|---|---|
| | Blake S. Atkin CT24726 |
| | Lonn Litchfield CT24727 |
| Local counsel: | ATKIN & SHIELDS, P.C. |
| Richard H.G. Cunningham # CT15195 | Attorneys for Victor Lawrence |
| 12 Kenilworth Drive East | 136 South Main Street, 6th Floor |
| Stamford, CT 06902 | Salt Lake City, UT 84101 |
| Tel. (203) 348-9958 | Tel. (801) 533-0300 |
| Fax (203)324-6039 | Fax (801) 533-0380 |

2

# EXHIBIT "A"

**Main Identity**

| | |
|---|---|
| **From:** | "Atkin & Hawkins" <atkinandhawkins@velocitus.net> |
| **To:** | "Joanne Faulkner" <j.faulkner@snet.net> |
| **Sent:** | Thursday, May 13, 2004 9:28 AM |
| **Attach:** | Protective Order Stipulated.wpd |
| **Subject:** | Re: Lonn Litchfield |

Joanne
Please find attached a Stipulated Protective Order

----- Original Message -----
From: "Joanne Faulkner" <j.faulkner@snet.net>
To: "Atkin & Hawkins" <atkinandhawkins@velocitus.net>
Sent: Thursday, May 13, 2004 7:20 AM
Subject: Re: Lonn Litchfield


> Your office was supposed to draft a confidentiality order. Please get it
to
> me by Monday. Otherwise I will submit my own to the court, which will look
> like the attached.
>
> Attorney Joanne Faulkner
> 123 Avon Street
> New Haven CT 06511
> (203) 772-0395
> j.faulkner@snet.net
>
>
>
>
> ---
> Outgoing mail is certified Virus Free.
> Checked by AVG anti-virus system (http://www.grisoft.com).
> Version: 6.0.681 / Virus Database: 443 - Release Date: 5/10/04
>

7/8/04

**Subject:** (no subject)
**From:** "Blake S. Atkin" <batkin@atkinshields.com>
**Date:** Thu, 01 Jul 2004 12:18:32 -0600
**To:** Joanne Faulkner <j.faulkner@snet.net>

Dear Joanne,
   You have not yet executed our Protective Order and the Order has not yet been entered by the court. Unless we have you stipulation before the deposition there are documents we cannot produce and question Victor will not answer.  Please read over the draft I sent you and sign it or contact me immediately if you have changes.
   Sincerely
     Blake S. Atkin

**Main Identity**

| | |
|---|---|
| **From:** | "Atkin & Hawkins" <atkinandhawkins@velocitus.net> |
| **To:** | "Joanne Faulkner" <j.faulkner@snet.net> |
| **Sent:** | Tuesday, July 06, 2004 12:39 PM |
| **Attach:** | Protective Order Stipulated.wpd |
| **Subject:** | Protective Order |

Dear Joanne,

Attached is a Stipulated Protective Order that we sent to you several months ago.
If it is not stipulated to by Thursday, there will be questions Mr. Lawrence will not answer.

Sincerely,
Lonn Litchfield

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>Plaintiff,<br><br><br>v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,<br><br>Defendant. | **PROTECTIVE ORDER**<br><br><br><br>Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

It is hereby ORDERED that:

1.      This Protective Order shall govern the production of, dissemination of, and access to Classified Information disclosed by the parties in the course of this litigation.

2.      "Classified Information" shall mean all information designated as "Confidential" or "Attorney's Eyes Only" as provided in this Protective Order produced or otherwise disclosed by the parties in this action including, without limitation, (a) all documents and things and copies and summaries thereof, (b) all discovery requests and responses to discovery requests, and (c) all testimony given in connection with this action by the parties, their present and former officers, directors, employees, agents, consultants, and/or experts, whether by deposition or at trial, which this Order or a party so designates, including all transcript copies thereof.

3.      Classified Information in documentary or written form shall be designated as "Confidential Information" by marking each page of the documents or writing containing Confidential Information as follows: "CONFIDENTIAL." Classified Information may be further designated as "Attorney's Eyes Only Information" by marking such information as follows:

"ATTORNEY'S EYES ONLY." The designation of CONFIDENTIAL or ATTORNEY'S EYES ONLY shall be plainly legible on each page of each document. In lieu of marking the original of the documents, the party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection. In the case of documents and things produced in electronic form (including, without limitation, CD ROMs, computer diskettes, or any other electronic storage media) a designation of CONFIDENTIAL or ATTORNEY'S EYES ONLY marked on the physical storage medium itself (and/or its case or container) shall apply and extend to all information contained therein and/or generated therefrom. All documents or things or any portion thereof produced for inspection (but not yet delivered to or copied for the inspecting party) shall be deemed as "Attorney's Eyes Only Information," as defined in Paragraph 15 herein, whether marked ATTORNEY'S EYES ONLY, CONFIDENTIAL, or not yet marked.

4.      All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose or preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof. In designating information as Confidential or Attorney's Eyes Only, a party will make such designation only as to that information that it in good faith believes contains such confidential information. Information or material that is available to non-parties and other members of the public shall not be Classified.

5.      "Qualified Persons," as used herein means:

      (a)      Counsel for the parties as follows:

            (i)      For the plaintiff Michelle Goktepe, Joann Faulkner, including her

2

associate attorneys and paralegals, stenographic and clerical employees of those attorneys and paralegals, and other support staff whose functions require access to Classified Information.

(ii)    For defendant Victor Lawrence d/b/a Lexington Law Firm, any in-house counsel employed by Lexington Law Firm, Atkin & Shields, P.C., and Richard Cunningham, including their attorneys and paralegals, stenographic and clerical employees of those attorneys and paralegals, and other support staff whose functions require access to Classified Information.

(b)    Actual or potential independent experts or consultants, whose advice and consultation are being or will be used by a party in connection with the conduct of this litigation.

(i)    Counsel desiring to disclose Confidential or Attorney's Eyes Only Information to such experts or consultants shall first obtain a signed undertaking by each such expert or consultant who may require access to such materials, in the form or Exhibit "A" attached hereto.

(ii)    Confidential and Attorney's Eyes Only materials will not be disclosed to any such expert or consultant for a period of seven (7) days after service of the signed undertaking upon opposing counsel, said service to be made by Federal Express or comparable next day delivery service. Along with the signed undertaking, opposing counsel shall also be provided with information regarding the identity of the expert or consultant, including

3

his/her name, address and job title, the name and address of his/her employer, and a current curriculum vitae that includes a list of all companies for which such person has worked and/or consulted during the past twelve (12) months.

    (iii)    The time and manner for making objections to any experts and consultants and the resolution of such objections shall be governed by and made in accordance with the procedure set forth in Paragraph 6 of this Protective Order.

    (iv)    Actual or potential independent experts or consultants shall not include current employees or persons employed year by any party to this litigation for a year prior to commencement of this suit.

    (c)    The named parties to this lawsuit, whether individuals or entities.

    (d)    Independent copying services, independent computer consulting and support services, independent exhibit makers, independent translators, and other independent litigation support services retained by counsel for purposes of this action.

    (e)    Court reporters, subject to the requirements of Paragraph 8 of this Protective Order.

    (f)    If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties. Without a prior Court Order, no counsel or party to this litigation may initiate contact with any other party's current or former employees, clients and/or customers.

6.    If an opposing party desires to object to the submission of Confidential or Attorney's

Eyes Only Information to individuals identified pursuant to Paragraph 5(b) above, it shall so notify the proposing party in writing, via service on opposing counsel by facsimile and overnight mail within seven (7) days after service of the materials specified in Paragraph 5(b). The objecting party must specifically state the objection and grounds therefor. If no objection is made in the time and manner provided herein, the proposing party may disclose Confidential and Attorney's Eyes Only Information to the expert or consultant. If an objection is made in the time and manner provided herein and the dispute is not resolved on an informal basis between the proposing and objecting party, the objecting party shall, within seven (7) days after service of such written objections, submit such objection on motion to the Court for ruling. During this seven (7) day period following the service of a written objection, Confidential and Attorney's Eyes Only materials will not be disclosed to the expert or consultant identified in the objection. In the event the objecting party timely files a motion seeking to prevent the disclosure of Confidential and Attorney's Eyes Only Information to individuals identified in Paragraph 5(b), any such disclosure to the individuals identified in the motion shall be withheld pending the ruling of the Court or pending written agreement between the parties to the dispute. If no motion is filed in the time and manner provided herein, the proposing party may then disclose Confidential and Attorney's Eyes Only Information to the expert or consultant regardless of any prior objection by the opposing party. Nothing in this Paragraph shall prevent the proposing party from filing a motion with the Court prior to the expiration of the objecting party's seven (7) day motion period for disclosure of Confidential or Attorney's Eyes Only Information to individuals identified in Paragraph 5(b).

7.       Information disclosed at the deposition of a party or one of its present or former officers,

directors, employees, agents or independent experts retained by counsel for the purpose of this litigation may be designated by any party as Confidential or Attorney's Eyes Only Information by indicating on the record at the deposition that the portion(s) of the testimony claimed to be Confidential or Attorney's Eyes Only and subject to the provisions of this Order. Each party shall attache a copy of such written notice or notices to the face of the transcript and each copy thereof in his/its possession, custody or control. To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential or Attorney's Eyes Only with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Confidential and/or Attorney's Eyes Only Information shall have page numbers that correspond to the blank pages in the main transcript.

8.     Any court reporter or transcriber who reports or transcribes testimony in this action at a deposition shall agree, before recording or transcribing any such testimony constituting Confidential or Attorney's Eyes Only Information, that all such testimony and information revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter or transcriber except to the attorneys for each party and any other person who is present while such testimony is being given and, further, that copies of any transcript, reporter's notes, or any other transcription records of any such testimony shall be retained in safekeeping by such reporter or transcriber or shall be delivered to the counsel of record for the parties.

9.     Information designated as Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Likewise,

information designated as Attorney's Eyes Only shall also not be disclosed or made available by the receiving party to persons other than Qualified Persons, with the further restriction that information designated as Attorney's Eyes Only shall not be disclosed to those persons identified in or designated pursuant to Paragraph 5(c) of this Protective Order.

10.    Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons under Paragraph 5(b) above, shall be maintained only at the office of such Qualified Persons and only working copies shall be made of any such documents.  Copies of documents produced under this Protective Order may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this litigation.

11.    No party shall be responsible to another party for any otherwise lawful use made of information produced and not identified by the supplying party as Confidential Information or Attorney's Eyes Only Information in accordance with the provisions of this Protective Order.  However, in the event that a party inadvertently fails to stamp or otherwise designate a document or other information as Confidential or Attorney's Eyes Only at the time of its production, that party shall, within thirty (30) days after such production, stamp or otherwise designate the document or other information as Confidential or Attorney's Eyes Only.  The subsequently designated information shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

12.    Nothing herein shall prevent disclosure beyond the terms of this Order if each party

designating the information as Confidential or Attorney's Eyes Only consents in writing to such disclosure or, ir the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing Confidential or Attorney's Eyes Only Information in the examination or cross-examination of any persons who is indicated on the document as being an author, source or recipient of the Confidential or Attorneys' Eyes Only Information, irrespective of which party produced such information.

13.    A party shall not be obligated to challenge the propriety of a designation as Confidential or Attorney's Eyes only at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as Confidential or Attorneys' Eyes Only or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party shall be required to move the Court for an order modifying the designated status of such information. The burden of proving that information has been improperly designated as Confidential Information or Attorney's Eyes Only Information shall be on the party objecting to the designation.

14.    The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

15.    A party shall designate as Classified Information only such materials and information that the party in good faith believes constitute materials or information as used by it in, or

8

pertaining to, its business and that is not generally known and/or that the designated party would cause third parties to maintain in confidence. Nothing shall be regarded as Confidential or Attorney's Eyes Only Information if it is information that either:

    (a)    is in the possession of a non-party or part of the public domain at the time of disclosure, as evidenced by a written document;

    (b)    becomes the possession of a non-party or part of the public domain through no fault of the parties to the litigation;

    (c)    the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

16.    Any documents that may be inadvertently produced by a party in connection with discovery proceedings in this case, and that, but for such inadvertent production, otherwise would have been entitled to protection from discovery by any privilege or immunity shall continue to be protected as if never produced. Any inadvertent production of otherwise privileged or protected documents by a party shall not be deemed a waiver by the producing party of any privilege or immunity if such inadvertent production is thereafter brought to the attention of the receiving party by written notice within five (5) days after discovery by the conveying party of such inadvertent production. The producing party shall provide the opposing party with written notification of inadvertent production, identifying the document or documents that inadvertently have been produced and stating the privilege, immunity, or other protection by which the producing party claims such inadvertently produced document or documents are protected. Within forty-eight (48) hours (not including Saturdays, Sundays, or legal holidays) of receiving the

9

producing party's written notice of inadvertent production, the opposing party shall return to the producing party all inadvertently produced documents identified by the producing party and any and all copies the opposing party has made of such documents, and thereafter shall not reproduce, disclose, disseminate, or otherwise use any information contained in or derived from said documents or any summaries or notes containing such information.

17.    Neither the identification of inadvertently produced documents by written notification, in accordance with the provision this Order, nor the return of inadvertently produced documents, in accordance with the provisions of this Order, shall prevent any party from filing any specific objections that normally could be made under the Federal Rules of Civil Procedure to any claims of privilege, immunity, or other protection asserted by the producing party.

18.    In the event a party wishes to use any Confidential or Attorney's Eyes Only Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Confidential or Attorney's Eyes Only Information used therein shall be filed under seal with the Court.

19.    The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as confidential or Attorney's Eyes Only Information by a party to this action.

20.    Unless otherwise  to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subjected to the

10

provisions of this Protective Order.

21.  Within ninety (90) days after conclusion of this litigation or, if appeal is taken, the conclusion of any appeal, any document and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraph 5(a) through 5(f) shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial.  As far as the provision of any Protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such Protective orders.  Additionally, Outside Counsel for the parties shall be entitled to retain all litigation documents (such as pleadings, motions, and other papers filed with the Court; written discovery responses; and deposition transcripts) and exhibits and their own memoranda containing Classified Information, but such litigation documents and memoranda shall be used only for the purposes of preserving a file on the action and shall not, without the written permission of the opposing party or order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed in accordance with this Protective Order, during the course of this action.

22.  This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any party client his or her

11

evaluation in a general way of Confidential or Attorney's Eyes Only Information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any Confidential or Attorney's Eyes Only Information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

23.     No client or former client of any part shall be contacted by any other party for any purpose without further order of the Court.

24.     Any party designating or providing Classified Information to any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

SIGNED AND ENTERED this _____ day of _____, 2004.

_____
HONORABLE MARK R. KRAVITZ
UNITED STATES DISTRICT JUDGE

## Exhibit A

### Acknowledgment of Obligation

I, the undersigned, hereby acknowledge that I have read the attached Protective Order

12

entered in connection with the litigation styled *Goktepe v. Lawrence,* Civil Action No.

3:03CV0089-MRK, pending before the United States District Court for the District of

Connecticut, New Haven Division.  I understand the terms of the Protective Order and agree to

be bound by all the terms thereof.

Date:          _____


Signature:     _____
Types or
print name:    _____

       DATED this ___ day of _____, 200___.