IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

FILED

Jul 9 10 29 AM '04

U. S. DISTRICT COURT
NEW HAVEN, CONN.

MICHELLE GOKTEPE,

Plaintiff,

v.

VICTOR LAWRENCE, d/b/a/ LEXINGTON
LAW FIRM,

Defendant.

Case No. 3:03CV0089-MRK

Honorable Judge Mark R. Kravitz

---

## MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Defendant Victor Lawrence, d/b/a Lexington Law Firm submits this memorandum in

support of his Motion for Protective Order pursuant to D. Conn. L. Civ. R. 7(a)(1).

Fed. R. Civ. Pro. 26(c)(7) allows for protective orders to protect "trade secret or other

confidential research, development, or commercial information."  Wright, Miller & Marcus note

that parties to civil litigation routinely stipulate to protective orders that protect such information.

> One distinguished judge noted in 1981 that he was "unaware of any
> case in the past half-dozen years of even a modicum of complexity
> where an umbrella protective order . . . has not been agreed to by
> the parties and approved by the Court.  Protective orders have been
> used so frequently that a degree of standardization is appearing."

Wright, Miller & Marcus, Federal Practice and Procedure:  Civil 2d § 2035, quoting Zenith

Radio Corp. v. Matsushita Elec. Indus. Co., 529 F.Supp. 866, 889 (D.C.Pa. 1981) (per Becker,

J.); see also, Standard Chlorine of Delaware, Inc. v. Sinibaldi, 821 F.Supp. 232 (D.Del. 1992)

(Umbrella confidentiality order would best serve interests of just, prompt and efficient resolution

of this complex action).  Defendant's counsel proposed a standardized protective order of the

type Wright, Miller & Marcus note is frequently entered.  See, Motion for Protective Order,

Exhibit B.  Plaintiff's counsel has refused to agree to that protective order or any other that

would adequately protect the defendant's protected information.

The Second Circuit spoke favorably of orders protecting confidential commercial and

trade secret information in <u>SEC v. TheStreet.Com</u>, 273 F.3d 222 (2nd Cir. 2001).

> [P]rotective orders issued under Rule 26(c) serve "the vital
> function . . . of 'securing the just, speedy, and inexpensive
> determination' of civil disputes . . . by encouraging full disclosure
> of all evidence that might conceivably be relevant. This objective
> represents the cornerstone of our administration of civil justice."
> Id. at 295 (citations omitted). Without an ability to restrict public
> dissemination of certain discovery materials that are never
> introduced at trial, litigants would be subject to needless
> "annoyance, embarrassment, oppression, or undue burden or
> expense."

<u>Id.</u> at 229.  <u>See also</u>, <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 35-36, 81 L.Ed.2d 17, 104

S.Ct. 2199 (1984) (without protective orders, individuals may forgo the pursuit of just claims,

"resulting in frustration of a right as valuable as that of speech itself.").

In this case, the plaintiff has sought extensive discovery regarding the defendant's trade

secret and confidential commercial information, including information related to the defendant's

business practices and statistics (Exhibit 1, First Discovery Requests:  Interrogatory 1-8, Request

for Production 4, 8, 10-13; Exhibit 2, Second Discovery Requests, Interrogatory 3, 7, Request for

Production 1), and financial information (Exhibit 1, First Discovery Requests:  Request for

Production 9).  Plaintiff's counsel has indicated an intention to pursue discovery of such

information by deposition as well.  It goes without saying that the production of this sensitive,

confidential, and trade secret information would be prejudicial to the defendant and his business.

The rules contemplate the protection of such information from disclosure.

To protect this information from disclosure, the Court should enter the protective order

<div align="center">2</div>

attached to the defendant's Motion for Protective Order as Exhibit B.

DATED this _8_ day of July, 2004.

<div style="margin-left: 45%;">

ATKIN & SHIELDS, P.C.

Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380
</div>

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039

3

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing  MEMORANDUM IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER was mailed first class, postage prepaid
and sent by Federal Express on this the _9_ day of July, 2004 to the following:

       Joanne S. Faulkner
       123 Avon St.
       New Haven, CT 06511-2422

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                    CASE NO. 3:03CV 0089 (CFD)

VICTOR LAWRENCE
        d/b/a/ LEXINGTON LAW FIRM          May 19, 2003

<u>FIRST SET OF INTERROGATORIES</u>

The plaintiff requests defendant to respond to the following interrogatories under

oath. <u>Please see Local Rule 26 for definitions</u>, except that "Identify" <u>also</u> means provide

"desk" name or alias, and period during which employed by defendant. These

interrogatories shall be deemed continuing so as to require supplementary answers if you

obtain further information between the time answers are served and the time of trial.

1.   Identify Jennifer Chacon.

2.   Identify all staff of Lexington Law Firm ("Lexington") as of November 2002.

3.   Identify all staff of Lexington involved in credit restoration as of November

2002.

4.   Set forth the number of individuals who entered into retainer arrangements

with Lexington during 2002 for credit restoration.

5.   Set forth the number of individuals with a Connecticut address who entered

into retainer arrangements with Lexington during 2002 for credit restoration.

6.   Set forth the number of individuals with a Connecticut address who have been

Lexington's customers for credit restoration and paid Lexington for services in

connection with credit restoration during and after January 2000.

7.   Identify all Affiliates who agreed to participate in Lexington's affiliate

network.

    8.  Identify Lexington's affiliate network manager during 2002.

    9.  Identify all lawsuits against Lexington alleging violations of law in connection

with credit repair or credit reporting services.

    10. Identify all street addresses at which credit repair staff work.

<div align="center">THE PLAINTIFF</div>

BY _Joanne S Faulkner_

JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                          CASE NO. 3:03CV 0089 (CFD)

VICTOR LAWRENCE
   d/b/a/ LEXINGTON LAW FIRM        May 19, 2003

### FIRST REQUEST FOR PRODUCTION

The plaintiff requests each defendant to produce the following documents at the office of plaintiff's attorney within 30 days hereof. Please see the first set of interrogatories for instructions and definitions. "Documents" includes electronic transmission, and writings and recordings as defined in Fed. R. Evid. 1001. If there are no such documents, please so state. If there are such documents, please list appended documents responsive to each request.

1. All documents transmitted to consumer reporting agencies ("credit bureaus") on behalf of plaintiff.

2. All documents received from credit bureaus relating to plaintiff.

3. All documents relating to communications with the Connecticut Banking Department beginning in January 2001.

4. All manuals, procedures, and protocols used by defendant to comply with the Credit Repair Organizations Act.

5. All documents identified in response to the first set of interrogatories.

6. All documents consulted in responding to the first set of interrogatories.

7. Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payments made to satisfy the judgment.

8. All documents showing incorporation, licensing or trade name status for each business in which the defendant engages.

9. All balance sheets, income and expense statements, 1099's and corporate tax returns relating to credit restoration income and expenses for the past three years.

10. All agreements with affiliates who have signed up for the Affiliate program ("exciting opportunities to earn income through your web site").

11. All form letters and manuals used by credit repair staff for entry of data and information from consumer clients.

12. All form letters and manuals used by credit repair staff for communication with credit bureaus.

13. All forms and manuals used by credit repair staff for entering and maintaining the statistical information as to success rates which appear on your web site.

THE PLAINTIFF

BY _Joanne Shel_

JOANNE S. FAULKNER ct04137
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395

2

# EXHIBIT 2



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                              CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE
        d/b/a/ LEXINGTON LAW FIRM            April 20, 2004

SECOND DISCOVERY REQUEST

INTERROGATORIES

The plaintiff requests defendant to respond to the following interrogatories under

oath. Please see Local Rule 26 for definitions, except that "Identify" also means provide

"desk" name or alias, and period during which employed by defendant.

1.  Identify Michael Toa.

2.  Identify Preston Coleman.

3.  Identify each licensor of intellectual property and technology to defendant /

Lexington Law concerning its credit repair operations, and describe what products,

personnel or services each provides.

4.  Identify all lawsuits filed by any Lexington lawyer on behalf of a client

seeking to enforce rights under the Fair Credit Reporting Act.

5.  Identify the caption and location of all litigation you are pursuing against the

credit bureaus.

6.  Describe all circumstances in which your firm has sent a letter to a credit

bureau on a lawyer's letterhead.

7.  Identify the person who is hired to perform internet services for Lexington

Law.

## REQUEST FOR PRODUCTION

1. All agreements pursuant to which defendant contends that he is bound to the confidentiality of any product or service he licenses concerning the credit repair business.

2. Provide an authenticated copy of the pages of the Lexington Law web site (as Mr. Atkin represented he would do on November 18, 2003), preferably as it existed when plaintiff entered into her retainer agreement or as close thereto as possible.

## REQUESTS FOR ADMISSIONS

1. Defendant kept copies of all communications with plaintiff

2. Defendant generally keeps copies of all communications with clients of the credit repair service.

3. Defendant did not keep a copy of any letter he claims to have sent to a credit bureau about plaintiff's credit report.

4. Defendant generally does not keep copies of any letters he sends to credit bureaus for clients of the credit repair service.

5. Defendant did not use its name or letterhead on any letter he claims to have sent to credit bureaus about plaintiff's credit report.

6. Defendant generally does not use his name or letterhead on any letters he sends to credit bureaus for clients of the credit repair service.

7. Defendant did not use an envelope with his return address on any letter he claims to have sent to credit bureaus about plaintiff's credit report.

8. Defendant generally does not use an envelope with his return address on any letter he sends to credit bureaus for clients of the credit repair service.

9.  Defendant used stamps instead of postage meters on all letters transmitted to credit bureaus.

10. Defendant addresses the letters sent to credit bureaus in handwriting instead of typing or printing the address.

11. Defendant sends stamped letters to credit bureaus in bulk for mailing to various places around the country so that they are not postmarked from Utah.

12. Defendant pays his licensor(s) a percentage of its income from credit repair operations.

THE PLAINTIFF

BY _____

JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395

3