UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                          CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/
      LEXINGTON LAW FIRM                    July 19, 2004

**PLAINTIFF'S OPPOSITION TO SECOND MOTION
FOR PROTECTIVE ORDER**

Defendant's Second Motion for Protective Order (Doc. No. 69) should be denied because it is entirely unsubstantiated. Defendant's first motion was denied. The only basis for the first motion was the unlikely theory that the undersigned solo practitioner is a competitor of a Utah entity that has four lawyers and over 100 employees. The second motion is bereft of any justification, good cause, or even explanation.

Material not confidential. Defendant conclusorily asserts that plaintiff has sought discovery regarding trade secret and confidential commercial information, with no explanation of why the information fits that description. Even defendant's objections to the discovery (copy attached) do not explain why the requests have anything to do with trade secrets.

At his deposition, defendant refused to answer such questions as the number of clients,[1] the pay range for the data entry clerks who generate the credit bureau letters (payroll is outsourced), the name of the entity from which the technology is licensed, whether the entity is Far Cliffs Multimedia, the relations with Far Cliffs, whom he deals with at Far Cliffs, whether he knows anyone who is part of the entity to whom Lexington pays rent, how many clients are

_____

[1] He recently disclosed that his office has helped over 80,000 people clean up their reports; and that some 350,000 errors were deleted last year alone.

assigned to each of the paralegals, whether he consulted CA attorney Brelsford about this lawsuit, how letters generated in Utah wound up being postmarked Portland ME; the process of generating and sending the credit bureau dispute letters, whether he has contracts with mail drops around the country to receive and mail the dispute letters.

Defendant rejected shorter, simpler proposals. Defendant does not disclose that plaintiff offered two forms of protective order, one issued by Judge Hall in another case, and one painstakingly drafted to comply with case law and the Federal Rules, both attached. Defendant simply insisted that his draconian twelve page order be used, despite its overbreadth and noncompliance with the Rules and case law.

No good cause shown. Defendant has not met the burden of showing good cause for a confidentiality order regarding the information requested in this case. Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003) (burden to make particular showing of good cause and show specific harm). See United States v. Graham, 257 F.3d 143 (2d Cir. 2001) (public access to court material); Cf. In re Sealed Case, 339 U.S. App. D.C. 309, 199 F.3d 522, 525 (D.C. Cir. 2000) (collecting cases requiring public docketing in judicial proceedings).

A strong public policy favors public access to judicial records and documents, and disfavors confidentiality orders or agreements. In re Application of CBS, 828 F. 2d 958, 960-61 (2d Cir. 1987) and cases cited therein; In re Agent Orange Prod. Liability Litigation, 821 F.2d 139, 145-46 (2d Cir. 1987). Appellate courts strongly criticize confidentiality agreements. Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999) (blanket discovery order invalid); In re Agent Orange Prod. Liability Litigation, 821 F.2d 139, 148 (2d Cir. 1987) (same); see also City of Hartford v. Chase, 942 F. 2d 130, 135-36 (2d Cir. 1991) (same).

Evaluating claims involving the public common law right of access to court records "require[s] courts to start with a strong presumption in favor of access." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995). As Justice Powell said: "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978). The public has a presumptive right of access to court records under the first amendment and at common law. In re Orion Pictures Corp., 21 F.3d 24, 26 (2d Cir. 1994). "The existence of a common law right of access to judicial proceedings and to inspect judicial records is beyond dispute." Publicker Industries, Inc. v. Cohen, 733 F.2d 1059, 1066 (9th Cir. 1984). Lawyers and litigants do not surrender their First Amendment free speech rights at the courthouse door. In re Halkin, 598 F.2d 176, 186-87 (D.C. Cir. 1979); Koster v. Chase Manhattan Bank, 93 F.R.D. 471, 475-76 (S.D.N.Y. 1982).

Access to records of judicial proceedings is critical to the integrity of the judicial system and to public confidence in that integrity. Orion, 21 F. 3d at 26. See, e,g, Publicker, 733 F.2d at 1070 (quoting Globe Newspaper Co., 102 S.Ct. at 2618-19, 457 U.S. at 605-06). By engaging in formal litigation, parties submit to the public nature of the process in exchange for the benefits conferred by the court's supervision. *The propriety of a protective order is reduced when the material may come out at trial anyway.* Koster, 93 F.R.D. at 482.

As did the Second Circuit in Agent Orange, 821 F.2d at 148, the Ninth Circuit made clear in Beckman Industries, Inc. v. International Ins. Co., that a blanket discovery protective order, without a showing of specific harm from disclosure, is never justified:

> [A party's reliance interest in allowing discovery or settling the case] will be less with a blanket order, because it is by nature overinclusive ...because the protective order

> was a stipulated blanket order, [the party opposing disclosure] never had to make a 'good cause' showing under Fed.R.Civ.P. 26(c) of the need for protection...nor does it allege specific prejudice or harm now. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.

966 F.2d 470, 476 (9th Cir. 1992) (internal quotation omitted) (emphasis supplied). "Moreover, on a purely practical level, the sealing of court records inflicts a costly nuisance on the judicial system." Orion, 21 F.3d at 26.

Burden of party seeking confidentiality. The burden of showing good cause for a protective order under Fed. R. Civ. P. 26(c) is on the party seeking protection from disclosure because of the presumption that discovery takes place without secrecy, in the public eye. See Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (burden of showing good cause is on the party seeking protection); In re Agent Orange Product Liability Litigation, 821 F.2d 139, 148 (2d Cir. 1987), aff'g 104 F.R.D. 559, 567 (E.D.N.Y. 1985); American Tel. & Telegraph Co. v. Grady, 594 F.2d 594, 596 (7th Cir. 1978) ("as a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings").

a. Specific need. Courts have routinely required the party seeking protection to show a particular and specific need for that protection. 8 C. Wright and A. Miller, Federal Practice and Procedure §2035 at 265 (1970). A showing of "good cause" has been generally defined as a "heavy burden" of demonstrating that disclosure will work "clearly defined and very serious injury." Waelde v. Merck Sharp & Dohme, 94 F.R.D. 27, 29 (E.D. Mich. 1981); United States v. United Fruits Co., 410 F.2d 553, 557 (5th Cir. 1969). This is so because as a general proposition, it is contemplated that pre-trial discovery proceedings will take place in the open

unless compelling reasons exist for imposing confidentiality.  Broan Mfg. Co. v. Westinghouse Electric Corp., 101 F.R.D. 773, 774 (E.D. Wis., 1984); AT&T v. Grady, 594 F.2d 594, 596 (7th Cir. 1979).  Secrecy is clearly the exception, not the rule.  Citicorp v. Interbank Card Assn., 101 F.R.D. 773, 774 (S.D.N.Y. 1979). The presumption is that no order is necessary and therefore the movant must show positive reasons for the entry of even a stipulated order.  Earl v. Gulf & Western Mfg. Co., 366 N.W. 2d 160, 165 (Wis. App. 1985) (rejecting proposed stipulated order).

b. Serious harm. A showing of serious harm either to business or non-business interest is required.  In re Agent Orange Product Liability Litigation, 104 F.R.D. 559, 571 (E.D.N.Y. 1985), aff'd 821 F.2d 139 (2d Cir. 1987).   Defendant must make a showing of serious harm by "a particular and specific demonstration of fact,"  rather than stereotyped and conclusory statements. Cooper v. Welsh Foods, Inc., 105  F.R.D. 4, 6 (W.D.N.Y. 1984); General Dynamics Corp. v. Selb Mfg. Corp., 481 F.2d 1204, 1212 (8th Cir. 1973);  Farnum v. G.D. Searle & Co., 339 N.W.2d 384, 389, 391 (Iowa 1983).

c. Particularized proof. The standard of particularized proof applies in two ways:  First, it requires the movant to identify what information in the documents should be protected. Thus, although the movant may identify subject documents by identifiable categories [see e.g., Culligan v. Yamaha Motor Corp., 110 F.R.D. 112 (S.D. N.Y. 1986)], it is ordinarily necessary to specify particular documents which it seeks to protect, United States v. Exxon Corp., 94 F.R.D. 250, 251 (D.D.C. 1981); Hunter v. International Systems & Controls Corp., 51 F.R.D. 251, 255 (W.D. Mo. 1970); Waelde, 94 F.R.D. at 28-30; Koster v. Chase Manhattan Bank, 93 F.R.D. 471, 481 (S.D. N.Y. 1982).  This aspect of the standard is most important because the

Court, not the defendants, must ultimately make the decision whether a particular document is entitled to judicial protection.  Were the movant not required to identify specific documents, it would become a "self-appointed censor."  See United States v. IBM, 82 F.R.D. 183, 184 (S.D.N.Y. 1984).  See Hare, Gilbert and Remine Confidentiality Orders (John Wiley & Sons, 1988), § 7.14, p. 231, n. 142.

Second, the standard requires the showing of specific instances in which disclosure of what information would inflict competitive harm, and the specific instances must be set forth in **more than mere briefs or general allegations or an affidavit**.  United States v. Hooker Chemicals & Plastics Corp., 90 F.R.D. 421 (W.D.N.Y. 1981); Hunter, 51 F.R.D. at 255; Reliance Insurance Co. v. Barron's, 429 F. Supp. 200, 202-03 (S.D.N.Y. 1977); Apco Oil Corp. v. Certified Transp., Inc., 46 F.R.D. 428, 432 (W.D. Mo. 1969); Johnson Foils, Inc. v. Huyck Corp., 61 F.R.D. 405, 409 (N.D. 1973).  Defendant must "demonstrate that disclosure of allegedly confidential information will work a clearly defined and very serious injury to the defendant," United States v. IBM, 67 F.R.D. 40, 46 (S.D.N.Y. 1976).

The requirement of particularized proof is an essential safeguard against the Court being misled by a superficial or conclusory allegation.  A skillful advocate can construct an affidavit which on the surface offers a plausible showing of confidentiality and competitive harm.  However, detailed facts are necessary to reveal whether a movant's burden has actually been met.

The court finds that the two affidavits filed by GM do not establish that the information in question is confidential.  One affidavit states that disclosure of crash test results and design information in question is confidential.  One affidavit states that disclosure of crash test results and design information within GM is limited to the technical and engineering staffs of respective divisions.  The affidavit does not reveal how many persons work on these staffs, or how the secrecy of the reports is maintained.

The second affidavit states that the "initial distribution" of reports of crash tests is limited to "only a few employees."  Circulation to others is permitted although reproduction of reports of crash tests is controlled.  The second affidavit mentions no specific controls on field design information.  Some of the information plaintiff seeks is ten years old; GM does not show that the information is still confidential after ten years.  Moreover, GM admits that some information which plaintiff seeks must be disclosed to the government.  GM has not attempted to show what specific information is already part of the public record and what information remains confidentially held at General Motors.  General Motors has not made a particularized showing that the information sought is confidential as required by Fed. R. Civ. P. 26(c)(7) for entry of a protective order.  Moreover, GM's allegations of competitive harm are vague and conclusory when specific examples are necessary. *Parsons v. General Motors Corp.*, 85 F.R.D. 724, 726 (N.D. Ga. 1980).  See also *Farnum, Ibid.*, at 391 and *Deford v. Schmid Products Co.,* 120 F.R.D. 648, 653 (D. Md. 1987).

Koval v. General Motors Corp., 610 N.E. 2d 1199, 1202 (Ohio Com. Pl. 1990).

d. Confidentiality of information. Finally, it is defendant's burden  to demonstrate that the information is indeed confidential, Parsons v. General Motors Corp., 85 F.R.D. 724, 726 (N.D. Ga. 1980) -- that is, it is not available to accountants, tax preparers, government investigators or stockholders.

CONCLUSION

Defendant's unsubstantiated Motion for a Protective Order should be denied.

THE PLAINTIFF


BY_____/s/ Joanne S. Faulkner__
          JOANNE S. FAULKNER ct04137
          123 Avon Street
          New Haven, CT  06511
          (203) 772-0395
          j.faulkner@snet.net

This is to certify that the foregoing was mailed on July 19, 2004postage prepaid, to:

Richard H.G. Cunningham
12 Kenilworth Drive East
Stamford CT 06902

Blake Atkin
136 S Main St 6th floor
Salt Lake City UT 84101

_____/s/ Joanne S. Faulkner_____
Joanne S. Faulkner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,<br><br>Defendant. | **DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**<br><br>Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

1.      Identify Jennifer Chacon.

Response to Interrogatory No. 1: Defendant objects to Interrogatory 1 on the ground that it

requests information that is neither relevant nor likely to lead to discovery of admissible evidence

and on the further ground that the information sought is confidential and proprietary. Without

waiving this objection, Jennifer Chacon is a paralegal working for Lexington.

2.      Identify all staff of Lexington Law Firm ("Lexington") as of November 2002.

Response to Interrogatory No. 2: Defendant objects to Interrogatory 2 on the ground that it

requests information that is neither relevant nor likely to lead to discovery of admissible evidence

and on the further ground that the information sought is confidential and proprietary.  Without

waiving this objection, as of November 2002 Lexington employed 6 lawyers, 2 law clerks, 11

paralegals, 20 paralegal assistants, 7 support staff, 3 clerks, 3 accounting clerks, 18 mail room

clerks, and 21 data entry clerks.

3.      Identify all staff of Lexington involved in credit restoration as of November 2002.

Response to Interrogatory No. 3: Defendant objects to Interrogatory 3 on the ground that it

requests information that is neither relevant nor likely to lead to discovery of admissible evidence

and on the further ground that the information sought is confidential and proprietary. Without waiving this objection, see answer to Interrogatory 2.

4.      Set forth the number of individuals who entered into retainer arrangements with Lexington during 2002 for credit restoration.

Response to Interrogatory No.4: Defendant objects to Interrogatory 4 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary. Without waiving this objection, defendant stipulates that he derives substantial income from interstate commerce.

5.      Set forth the number of individuals with a Connecticut address who entered into retainer arrangements with Lexington during 2002 for credit restoration.

Response to Interrogatory No. 5: Defendant objects to Interrogatory 5 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary.

6.      Set forth the number of individuals with a Connecticut address who have been Lexington's customers for credit restoration and paid Lexington for services in connection with credit restoration during and after January 2000.

Response to Interrogatory No. 6: Defendant objects to Interrogatory 6 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary.

7.      Identify all Affiliates who agreed to participate in Lexington's affiliate network.

Response to Interrogatory No. 7: Defendant objects to Interrogatory 7 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence

and on the further ground that the information sought is confidential and proprietary. Without waiving this objection, this information is nor with in the custody and control of Lexington.

8.      Identify Lexington's affiliate network manager during 2002.

Response to Interrogatory No. 8:  Defendant objects to Interrogatory 8 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary. Without waiving this objection, there is none.

9.      Identify all lawsuits against Lexington alleging violations of law in connection with credit repair or credit reporting services.

Response to Interrogatory No. 9:  This action, Iosello v. Lawerence, N.D. Ill., Eastern Div., Case No. 03 C 0987.

10.     Identify all street addresses at which credit repair staff work.

Response to Interrogatory No. 10:  634 South 400 West, # 200, Salt Lake City, Utah 84101.

DATED this _9th_ day of _January_, 2004.

ATKIN & HAWKINS, P.C.

Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>            Plaintiff,<br><br><br>      v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON<br>LAW FIRM,<br><br>            Defendant. | **DEFENDANT'S SUPPLEMENTAL<br>RESPONSES TO PLAINTIFF'S FIRST<br>REQUEST FOR PRODUCTION OF<br>DOCUMENTS**<br><br><br>Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

Defendant Victor Lawrence supplements his responses to Plaintiff's First Request for

Production as follows:

1.      All documents transmitted to consumer reporting agencies ("credit bureaus") on behalf of

plaintiff.

Supplemental Response to Request No. 1:  Defendant mailed a letter to Experian on October 14,

2002 disputing as inaccurate entries from Citibank, MasterCard and Filenes; to TransUnion on

October 14, 2002 disputing as inaccurate entries from Macys, GECCCC and Filenes; and to

TransUnion on November 8, 2002 disputing as inaccurate entries from Filenes, Macys/GECCCC

and American Express.  Defendant runs a paper-less office and actual copies of the letters are not

available.  A printout of the notes of actions taken on behalf of Ms. Goktepe, attached as exhibit

A, shows these transmittals.

2.      All documents received from credit bureaus relating to plaintiff.

Supplemental Response to Request No. 2: Defendant runs a paper-less office and no such

documents are available; however. the notes, <u>see</u> exhibit A, show that reports were received from Expierian on October 7, 2002 and from TransUnion on October 7, 2002.

3.      All documents relating to communications with the Connecticut Banking Department beginning in January 2001.

<u>Supplemental Response to Request No. 3</u>: There are no such documents.

4.      All manuals, procedures, and protocols used by defendant to comply with the Credit Repair Organization Act.

<u>Supplemental Response to Request No. 4</u>: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Without waiving this objection, Defendant will produce, upon entry of an appropriate protective order, those portions of its manuals, procedures, and protocol, relating to Defendant's policy to not collect money until after services are fully performed and relating to Defendant's policy of not promising specific results.

5.      All documents identified in response to the first set of interrogatories.

<u>Supplemental Response to Request No. 5</u>: Such documents in the custody or control of Defendant will be produced.

6.      All documents consulted in responding to the first set of interrogatories.

<u>Supplemental Response to Request No. 6</u>: Defendant objects to this request on the ground and to the extent it calls for production of documents protected by the attorney client and/or work product privilege and on the further ground that it fails to identify the documents requested by category or otherwise as required by rule 34(b), Fed. Rules of Civil Procedure.

2

7.    Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payment made to satisfy the judgment.

Supplemental Response to Request No. 7: There is none.

8.    All documents showing incorporation, licensing or trade name status for each business in which the defendant engages.

Supplemental Response to Request No. 8: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Without waiving objections, Defendant will produce his business license and dba registration.

9.    All balance sheets, income, and expense statements, 1099s and corporate tax returns relating to credit restoration income and expenses for the past three years.

Supplemental Response to Request No. 9: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

10.    All agreements with affiliates who have signed up for the Affiliate program ("exciting opportunities to earn income through your web site").

Supplemental Response to Request No. 10: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant

3

further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

11.    All form letters and manuals used by credit repair staff for entry of data and information from consumer clients.

Supplemental Response to Request No. 11: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

12.    All form letters and manuals used by credit repair staff for communication with credit bureaus.

Supplemental Response to Request No. 12: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

13.    All forms and manuals used by credit repair staff for entering and maintaining the statistical information as to success rates which appear on your web site.

Supplemental Response to Request No. 13: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

4

DATED this 7th day of February, 2004.

ATKIN & HAWKINS, P.C.

_____
Blake S. Atkin CT 24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>          Plaintiff,<br><br><br>      v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON<br>LAW FIRM,<br><br>          Defendant. | Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

## RESPONSES TO SECOND DISCOVERY REQUESTS

### ANSWERS TO INTERROGATORIES

**Interrogatory 1:** Identify Michael Toa.

**Response to Interrogatory 1:** Michael Toa is a former employee of Lexington Law Firm; he can be contacted through Lexington Law Firm's attorneys, Atkin & Shields, 136 South Main Street, Sixth Floor, Salt Lake City, Utah 84101 (801) 533 0300.

**Interrogatory 2:** Identify Preston Coleman.

**Response to Interrogatory 2:** Preston Coleman is a former employee of Lexington Law Firm; he can be contacted through Lexington Law Firm's attorneys, Atkin & Shields, 136 South Main Street, Sixth Floor, Salt Lake City, Utah 84101 (801) 533 0300.

**Interrogatory 3:** Identify each licensor of intellectual property and technology to defendant/Lexington Law concerning its credit repair operations, and describe what products, personnel or services each provides.

**Response to Interrogatory 3:** Defendant objects to the interrogatory on the ground that it asks for information that is confidential, proprietary and a trade secret and is not calculated to

lead to the discovery of admissible evidence and on the further ground that a protective order has not been entered in this case.

Interrogatory 4:  Identify all lawsuits filed by any Lexington lawyer on behalf of a client seeking to enforce rights under the Fair Credit Reporting Act.

Response to Interrogatory 4:  Cespedes v. Dell Financial Services, United States District Court, District of Utah, Civil No. 2:30CV00936 DB; Mary Carole Downing v.Experian, United States District Court, District of Utah, Civil No. 2:03cv1005 TS; Smith v. TransUnion, United States District Court, Central District of California, Civil No. SACV 04-100 GLT (PJWx).

Interrogatory 5:  Identify the caption and location of all litigation you are pursuing against the credit bureaus.

Response to Interrogatory 5:  Cespedes v. Dell Financial Services, United States District Court, District of Utah, Civil No. 2:30CV00936 DB; Mary Carole Downing v.Experian, United States District Court, District of Utah, Civil No. 2:03cv1005 TS; Smith v. TransUnion, United States District Court, Central District of California, Civil No. SACV 04-100 GLT (PJWx).

Interrogatory 6:  Describe all circumstances in which your firm has sent a letter to a credit bureau on a lawyer's letterhead.

Response to Interrogatory 6:  When in the lawyer's discretion a letter on firm letterhead would be most effective.

Interrogatory 7:  Identify the person who is hired to perform internet services for Lexington Law.

Response to Interrogatory 7:  Defendant objects to the interrogatory on the ground that it asks for information that is confidential, proprietary and a trade secret and is not calculated to lead to the discovery of admissible evidence and on the further ground that a protective order has

not been entered in this case.

## RESPONSES TO REQUEST FOR PRODUCTION

Request 1.  All agreements pursuant to which defendant contends that he is bound to the confidentiality of any product or services he licenses concerning the credit repair business.

Response to Request 1:  Defendant objects to the request on the ground that it asks for information that is confidential, proprietary and a trade secret and is not calculated to lead to the discovery of admissible evidence and on the further ground that a protective order has not been entered in this case.

Request 2.  Provide an authenticated copy of the pages of the Lexington Law web site (as Mr. Atkin represented he would do on November 18, 2003), preferably as it existed when plaintiff entered into her retainer agreement or as close thereto as possible.

Response to Request 2:  Defendant will permit inspection and related activities of all documents in his possession, custody or control responsive to the request at the offices of Atkin & Shields, 136 S. Main Street, Sixth Floor, Salt Lake City, Utah 84101 at a mutually agreeable time.

## RESPONSES TO REQUESTS FOR ADMISSIONS

Request 1.  Defendant kept copies of all communications with plaintiff.

Response to Request 1:  Denied.  Defendant kept support notes regarding communications with plaintiff.

Request 2.  Defendant generally keeps copies of all communications with clients of the credit repair service.

Response to Request 2:  Denied.  Defendant generally keeps support notes regarding communications with his clients.

Request 3. Defendant did not keep a copy of any letter he claims to have sent to a credit bureau about plaintiff's credit report.

Response to Request 3: Defendant objects to this request on the ground that the word "claims" makes the request ambiguous. Defendant admits that he kept records that letters were sent to the credit bureaus and the items disputed by the letters.

Request 4. Defendant generally does not keep copies of any letters he sends to credit bureaus for clients of the credit repair service.

Response to Request 4: Admitted. The defendant keeps records that letters are sent to the credit bureaus and the items disputed by the letters.

Request 5. Defendant did not use its name or letterhead on any letter he claims to have sent to credit bureaus about plaintiff's credit report.

Response to Request 5: Admitted.

Request 6. Defendant generally does not use his name or letterhead on any letters he sends to credit bureaus for clients of the credit repair services.

Response to Request 6: Denied. Defendant uses Lexington Law Firm letterhead and his or other Lexington lawyer's names when it would be appropriate and effective to do so.

Request 7. Defendant did not use an envelope with his return address on any letter he claims to have sent to credit bureaus about plaintiff's credit report.

Response to Request 7: Defendant objects to this request on the ground that the word "claims" makes the request ambiguous. Admitted.

Request 8. Defendant generally does not use an envelope with his return address on any letter he sends to credit bureaus for clients of the credit repair service.

Response to Request 8: Denied. Defendant uses an envelope with his return address on

4

letters he sends to credit bureaus on Lexington Law letterhead.

Request 9.  Defendant used stamps instead of postage meters on all letters transmitted to credit bureaus.

Response to Request 9: Denied.

Request 10.  Defendant addresses the letters sent to credit bureaus in handwriting instead of typing or printing the address.

Response to Request 10: Denied.

Request 11.  Defendant sends stamped letters to credit bureaus in bulk for mailing to various places around the country so that they are not postmarked from Utah.

Response to Request 11: Denied.

Request 12.  Defendant pays his licensor(s) a percentage of its income from credit repair operations.

Response to Request 12:  Denied.  Defendant pays each licensor based on the services provided by the licensor.

DATED this 24 day of May, 2004.

ATKIN & SHIELDS, P.C.

Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                              CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM

---

**Stipulated Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status**

---

This matter has come before the Court on the stipulation of the parties.  It appears that the parties anticipate discovery and production of documents which may be the proper subject of a protective order under FRCP 26(c), and that each of the parties will likely seek such protection for information to be produced in discovery.  In order to assist in the timely completion of discovery without undue delay or unnecessary motion practice, the Court enters this Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status.

1.   **Confidentiality as a Basis of Non-Disclosure.**

Having provided the parties a mechanism for the protection of documents or information of a confidential nature, the parties may not assert the confidential nature or trade secret status of documents as a basis of non-disclosures.

2.   **Designation of Confidentiality.**

A party responding to requests for production or interrogatories may – acting in good faith – designate the responsive information to that discovery as **"CONFIDENTIAL"** (hereafter referred to as "information designated as confidential").  That party shall make the

designation by producing the information and affixing a stamp conspicuously designating the information as "**CONFIDENTIAL**." The party making the designation shall serve with the information a log of all *information designated as confidential* and identify the each basis upon which the designation is made pursuant to FRCP 26(c). The failure to designate the information as "**CONFIDENTIAL**" or provide the log waives any such designation and the material in question is no longer subject to the protection in this Order.

3.    <u>**Protection of Information Designated as Confidential.**</u>

Any *information designated as confidential* shall be protected as confidential under the terms of this Order until such time as 1) the Court rules on the designation pursuant to a motion by designating party, 2) the designating party waives its assertion of confidentiality expressly in writing, or by failure to file a timely motion for a protective order, 3) the documents are submitted to the Court in connection with a dispositive motion, or 4) the documents are submitted at trial of this matter. At that time, the materials cease to be subject to the protections of this order and the information may be used in any fashion consistent with other materials obtained through discovery.

Any information which is protected as confidential may not be used outside this case and may only be used in this litigation or litigation of similar cases against the party producing the *information designated as confidential.* This information may only be disclosed to

      a.      Other attorneys appearing in this case.

      b.      Staff, office personnel, consulting attorneys, experts, and consulting experts. associated with the attorneys appearing in this case.

      c.      Witnesses.

    d.      Deponents.

    e.      The Court and its personnel

    f.      Court reporters engaged to transcribe the proceedings or discovery in this case.

    g.      Other attorneys working on similar cases against the party having produced the material designated as confidential who have agreed to be bound by this order.

Each person – excepting the Court and its personnel – who receives material subject to the protections of this order shall be given a copy of this order prior to receiving the materials and execute a copy of the acknowledgment attached Exhibit A to this order.  No person apart from counsel for the parties to this matter may be provided with any material designated as **"CONFIDENTIAL"** unless that person has executed that acknowledgment.

4.      **Objections to the Designation of Confidentiality.**

Within 14 days of actual receipt of information designated as confidential, the receiving party must either object to the designation, or else waive any objection to the designation.  A party who objects to the designation shall within that 14 day period, serve objections to the designation and requests in writing a conference to resolve the conflict.  The party asserting the designation is responsible for making good faith efforts to arrange that conference.  If the parties cannot resolve the objections to the designation, the party asserting the designation of confidentiality shall move within 14 days of receiving the objections, for a protective order under Rule 26(c), showing good cause, specific harm arising from the disclosure, and setting forth reasonable restrictions which it requests on the discovery sought.  The failure to move for a protective order within that 14 day period waives the designation.

5.      **Use of Confidential Materials in Dispositive Motions and At Trial**

If any *information protected as confidential* is submitted in connection with a dispositive motion or at trial pursuant to this Order, the information ceases to be protected as confidential as set forth above, but any party may move to seal the Court's record and proceedings and continue the protections of this order.

A party who intends to use any information which is protected as confidential in connection with a dispositive motion or response to a dispositive motion must provide notice of that intent 7 days before submitting any such information to the Court, and identify the specific information which that party intends to submit. A party receiving such notice may within that 7 days move to seal the record and proceedings under applicable standards. The failure to provide that notice by a party seeking to use information waives the right to use such information in connection with a dispositive motion and any portions of any court document which contain such information may be stricken.

A party who intends to use any information which is designated as confidential in connection with a trial must identify the document in the joint final pretrial order, along with a separate list of the information which is protected as confidential which that party will seek to submit. A party receiving such a list may within that 7 days move to seal the record and proceedings under applicable standards.

If a motion to seal the record and proceedings is filed, the party seeking to use the information protected as confidential shall file all documents containing that information under seal and those documents shall remain under seal and the proceedings shall remain under seal until such time as the Court rules on the motion.

The Court will retain jurisdiction over the parties for purposes of enforcement or modification of this order.

THE PLAINTIFF


By_____
Joanne S. Faulkner ct04137
123 Avon Street
New Haven CT 06511-2422
(203) 772-0395



THE DEFENDANT


By_____
Blake Atkin
136 S Main St 6th fl
Salt Lake City UT 84101



**SO ORDERED**


_____
Hon. Mark R. Kravitz,
United States District Court Judge

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                    CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM

**Acknowledgment of Receipt of Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status**

I acknowledge that I have read and that I understand the **Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status** entered in this action and agree to abide by its terms and conditions.  As a condition to access by me to documents designated by the parties to this action as "CONFIDENTIAL," I agree to submit to the jurisdiction of the United States District Court for the District of Connecticut in connection with any alleged breach by me of the **Interim Protective Order Governing Assertions of Confidentiality and Trade Secret Status**.  I also understand that any violation of the Amended Protective Order by me or any one under my control may subject me to penalties for contempt of court.

_____