IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE, <br><br> Plaintiff, <br> v. <br> VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM, <br><br> Defendant. | Case No. 3:03CV0089-MRK <br><br> Honorable Judge Mark R. Kravitz |

## REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Defendant Victor Lawrence, d/b/a Lexington Law Firm submits this memorandum in support of his Motion for Protective Order pursuant to D. Conn. L. Civ. R. 7(d).

The plaintiff argues that the material sought to be protected is not confidential information. Opposition at 1-2. She then sets forth a list of the information that the defendant has refused to produce without a protective order in place. Id. Each of the items identified falls squarely within the ambit of Fed. R. Civ. Pro. 26(c)(7). Each of the plaintiff's requests identified by the defendant seeks information that would be harmful to the defendant's business if it were publically known. When not publically known, the names and numbers of clients, as well as other indicia of volume or revenues generated by a business, are commercial information. The defendant's "manuals, procedures, and protocols" are trade secrets, which are not generally known and give the defendant an advantage in the marketplace, which advantage would be lost if they were generally known. Similarly, the defendant's internal business records are confidential commercial information. The forms and methods by which the defendant represents its clients in disputes with credit bureaus are certainly protected by Rule 26(c)(7). Naturally, the defendant's "balance sheets, income and expense statements, 1099's and corporate tax returns relating to credit restoration income and expenses" are confidential commercial information. Thus, the plaintiff assertion that the defendant has not shown that the information is confidential is without basis.

The plaintiff asserts that the protective order proposed by the defendant was overbroad and did not comply with the rules and case law. However, the plaintiff does not support this bald assertion by argument or reference to any specific rule or case. Likewise, although the plaintiff, through her counsel, refused to enter into the protective order, she did not articulate any specific problem with it. Further, contrary to the plaintiff's assertion, the defendant's proposed protective order is quite standard and has been repeatedly approved by federal courts across the country.

The plaintiff argues that there is a presumption in favor of public access to judicial records and documents. Opposition at 2. However, that proposition is not at issue here. The protective order sought does not apply to "judicial records and documents," but to discovery materials. Indeed, discovery materials are generally not filed with the court and are not "judicial records and documents." Fed. R. Civ. Pro. 5(d). Nor do the cases cited by the plaintiff involve discovery materials.

The Second Circuit refuted the notion that there is a public policy in favor of public access to discovery materials in SEC v. TheStreet.Com, 273 F.3d 222 (2nd Cir. 2001).

> [P]rotective orders issued under Rule 26(c) serve "the vital function . . . of 'securing the just, speedy, and inexpensive determination' of civil disputes . . . by encouraging full disclosure of all evidence that might conceivably be relevant. This objective represents the cornerstone of our administration of civil justice." Id. at 295 (citations omitted). Without an ability to restrict public dissemination of certain discovery materials that are never introduced at trial, litigants would be subject to needless "annoyance, embarrassment, oppression, or undue burden or expense."

Id. at 229. See also, Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35-36, 81 L.Ed.2d 17, 104 S.Ct. 2199 (1984) (without protective orders, individuals may forgo the pursuit in just claims, "resulting in frustration of a right as valuable as that of speech itself."). In TheStreet.com, the

Second Circuit went on to note that In Agent Orange Prod. Liability Litigation, 821 F.2d 139 (2nd Cir. 1987) did not establish a presumption, as plaintiff asserts it does, that discovery materials should be publically available. 273 F.3d at 231, n. 9. Additionally, Agent Orange was partially overruled by amendments to Fed. R. Civ. Pro. 5(d). 273 F.3d at 233, n. 11. Further, the Second Circuit has squarely held that documents "passed between the parties in discovery" are not included in the presumption favoring public access to judicial materials. United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). Excluding the public from litigation documents is particularly justified when, as here, the documents contain trade secrets. 273 F.3d at 231, n. 10. Thus, despite citations to numerous inapposite district court cases more than 20 years old, the plaintiff was wrong when she argued that there is a presumption of public access to the discovery materials in this case.

The plaintiff has no legitimate reason to oppose the protective order presented. With the protective order in place, the plaintiff's case can proceed while the defendant's confidential information is protected from disclosure.

## CONCLUSION

The defendant's motion for a protective order should be granted.

DATED this 5th day of August, 2004.

ATKIN & SHIELDS, P.C.

_[signature]_

Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203) 324-6039

3

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER was mailed first class, postage prepaid on this the 5th day of August, 2004 to the following:

Joanne S. Faulkner
123 Avon St.
New Haven, CT 06511-2422