UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                              CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM          September 23, 2004

## PLAINTIFF'S OBJECTION TO MOTION TO WITHDRAW

### INTRODUCTION

Under the unusual facts in this case, Plaintiff opposes the unexplained withdrawal of defense counsel and the proposed appearance of defendant pro se, because such withdrawal would violate the Local Rules of this Court, would seriously prejudice this Plaintiff, and because the motion, unaccompanied by a brief as mandated by D. Conn. L. Civ. Rule 7(a)1, simply fails to set forth any valid reason for permitting withdrawal and would do nothing but complicate the current procedural status and delay the final disposition of this action.

Ethically withdrawing from litigation matters requires not only a proper basis or reason for withdrawal (Rules of Professional Conduct 1.16(a) and (b)), but also compliance with the substantive and procedural rules of the court before which the litigation is pending.

### LEGAL STANDARD

Under usual norms, this Court must weigh four factors in deciding whether to grant an attorney's motion to withdraw:

(1) the reason for which withdrawal is sought; [none provided]

(2) whether withdrawal will prejudice the parties; [yes, see below]

(3) whether withdrawal will interfere with the administration of justice; [yes, see below] and

(4) the degree to which withdrawal will delay the action. [it will, see below]

- 1 -

*Taylor v. Stewart,* 20 F.Supp.2d 882 (E.D.Pa.1998). Applying these factors to the facts in this case, defense counsels' motion to withdraw should be denied.

## ARGUMENT

### I. COUNSELS' MOTION TO WITHDRAW VIOLATES THE LOCAL RULES BECAUSE NO GOOD CAUSE HAS BEEN SHOWN FOR SUCH A WITHDRAWAL.

D. Conn. L. Civ. Rule 7(e) provides:

Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to appear pro se, and that the party whose counsel seeks to withdraw has received actual notice by personal service or certified mail of the motion to withdraw. In cases where the party has failed to engage other counsel or file a pro se appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a pro se appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

Defense counsel has not shown the type of notice to their client required by Local Rule 7. While Mr. Lawrence has seemingly elected to appear pro se, he has not appeared pro se.[1] Moreover, he cannot appear pro se without giving a local address where service can be made upon him. Local Rule 83.1(b)2.

Mr. Lawrence's Election to Proceed Pro Se states that he is a lawyer, but plaintiff is concerned that he may not be a lawyer much longer. A sanctions hearing is set before Utah Judge Bohling for October 15, 2004, in <u>The Office of Professional Conduct v. Victor Lawrence</u>, Case # 020907018. Mr. Lawrence is represented in the grievance matter by defense counsel herein, Blake Atkin.

---

[1] As a pro se defendant, Mr. Lawrence would have the benefit of the leniency and accommodation given to pro se parties, which may be an improper reason for the change to pro se status.

Absent a proper appearance by Mr. Lawrence, defense counsel must show good cause. Ethically, they cannot show good cause to withdraw except for the reasons, and under the conditions, stated in the Rules of Professional Conduct §1.16. One of the possible reasons is the client's failure to pay fees. However, as late as the end of June, 2004, Mr. Atkin reported that he had newly received $30,000 to devote to the defense of this case.

No explanation for withdrawal has been provided.

## II. GRANTING THIS MOTION TO WITHDRAW WILL UNDOUBTEDLY PREJUDICE THIS PLAINTIFF AND DELAY THIS ACTION.

Although the plaintiff's copy of the withdrawal motion was dated September 16, 2004, counsel were in the midst of scheduling depositions, with the last communication as late as September 17, 2004. Plaintiff has not yet received complete or verified discovery responses as to unobjected-to discovery about Lexington, despite many reminders and requests. Plaintiff has sent out a new set of discovery about Lexington, responses to which will be due in less than a month. Defendant's Motion to Dismiss, filed by withdrawing counsel, is pending. Despite this Court's encouragement and guidance (telephone conference of 8/20/04), the parties have not yet negotiated a confidentiality agreement to enable plaintiff to obtain essential "confidential" discovery requested over a year ago, and to enable rescheduling defendant's deposition as to the purported confidential matters.[2] In other words, plaintiff perceives this withdrawal as timed to

---

See docket entry from Iosello v. Lexington Law Firm, Civ. No. 1:03cv00987 (N.D. Ill), wherein defense counsel is representing Lexington and has not moved to withdraw per the docket viewed on 9/21/04

6/7/04  148  MINUTE ORDER of 6/7/04 by Honorable Michael T. Mason :
Plaintiff's motion for rule to show cause [132-1], Plaintiff's Notice. of Objection to "Agreed" Protective Order, Motion to strike and Motion to Enter Protective Order [144-1] and Defendant's motion for a ruling are all denied for failure to comply with Local Rule 37.2. We understand that this is a hotly contested case and that each party is attempting to be a zealous advocated for its respective client. However, the parties must learn to communicate and compromise without immediately seeking Court intervention. The parties are ordered to meet and confer to draft a truly "agreed" protective order. Both drafts that we have reviewed are unacceptable. We believe an appropriate protective order lies somewhere in the middle, and leave it to the parties to find and agree on that middle ground. denied. Mailed notice (gy) [Entry date 06/08/04]

increase her difficulty in obtaining discovery or prevent it entirely. It should not be considered before all of the outstanding discovery matters have been concluded, including depositions set for the week of October 25, 2004.

Neither Defendant nor his counsel should now be permitted to drag out these proceedings any further by these clearly obstructionist and dilatory tactics. *See F.T. International, Ltd. v. Mason*, 2001 U.S. Dist. LEXIS 5376 (E.D.Pa 2001) ("The withdrawal of counsel at this juncture and in these circumstances may well prejudice plaintiff. It would almost certainly be followed by still another request for delay while defendants purportedly search for new counsel."); *McCune v. First Judicial District of Pennsylvania*, 99 F.Supp.2d 565, 566 (E.D.Pa. 2000) ("[W]ithdrawal of counsel at this point will simply delay the action further to the prejudice of the defendants."). Granting this motion to withdraw will obviously delay this proceeding as well.

Plaintiff needs to be able to ensure that someone will respond to discovery requests and appear at hearings. There simply has been no showing of good cause or justifiable reason to permit withdrawal of counsel.

### III.   GRANTING THE MOTION TO WITHDRAW WILL INTERFERE WITH THE ADMINISTRATION OF JUSTICE IN THIS CASE.

Plaintiff has reason to believe that defendant is taking steps to conceal his assets and avoid his liability in collusion with his withdrawing Utah counsel. It is peculiar that Victor Lawrence, who claimed he owns Lexington Law, has recently disappeared from the Lexington Law Web Site. *Copy attached.* It is peculiar that the trade name now belongs to one of the other attorneys listed on the Web Site. *Copy attached.* It is peculiar that the address provide by defense counsel is a Post Office Box in Bountiful Utah (where Jayson Orvis, the layperson believed to control Lexington, resides). It is peculiar that the address is not the address Mr. Lawrence lists with the State Bar. *Copy attached.* It is peculiar that the Utah Bar does not have Mr. Lawrence

listed as being with the Law Offices of Victor Lawrence. It is peculiar that counsel provides no street address for Mr. Lawrence, which effectively conceals his whereabouts.

It is peculiar that an attorney would not want to be represented by counsel to whom he has paid $30,000 for defense only recently – unless he were arranging his affairs to be immune from liability, and disappear. Or, arranging his affairs to be able to disclaim the ability to respond to discovery about Lexington due to his apparent sale of the operation. These troubling facts raise very serious questions about the propriety of permitting a withdrawal of counsel which will be so undoubtedly prejudicial at this late juncture. Plaintiff and the Court deserve a full explanation of this tactical maneuver, including whether, how, on what terms, and why defendant has dissociated himself from his Lexington Law business, before any motion for withdrawal should be considered.

The Federal Rules of Civil Procedure state in pertinent part:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, **an attorney** or unrepresented party **is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances**, --
>
> > (1) **it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation**;

Fed. R. Civ. P. 11(b). It seems wholly inconsistent to allow defense counsel to withdraw without a showing of good cause and a full explanation of the recent and unusual rearrangement of defendant's assets and law practice, most especially in light of defendant's pending Utah ethics case.

## CONCLUSION

Plaintiff respectfully asserts that she will be severely prejudiced by the withdrawal of defense counsel at this juncture.

For these and all of the foregoing reasons, Plaintiff respectfully asks that the Motion to Withdraw be DENIED.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
    JOANNE S. FAULKNER ct04137
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395
    j.faulkner@snet.net

This is to certify that the foregoing was mailed on September 23, 2004, postage prepaid, to:

Richard H.G. Cunningham
12 Kenilworth Drive East
Stamford CT 06902

Blake Atkin
136 S Main St 6th fl
Salt Lake City UT 84101

_____/s/ Joanne S. Faulkner___
Joanne S. Faulkner

Credit Repair - Lexington Law Firm          http://www.lexingtonlaw.com/OurFirm.php?sid=148a753813ddd64e...



Company History
**Company Profile**
Attorney Profiles
FAQ

Search: [   ] Ok

CLIENT TESTIMONIALS

"I have to admit I was a little skeptical at first, but after seeing what you were able to do with my credit after only a few months, it is very reassuring. Thank you for everything that you are doing for me and please pass on to your staff my appreciation for all of the hard work."

— T.B., Lexington client

... READ MORE

### Company Profile

address — Lexington Law Firm
PO Box 510290
Salt Lake City, UT 84151
Tel: 800.214.0922
quickanswers@lexingtonlaw.com

attorneys — **John Heath**
Directing Attorney

**Paul Johnson**
Attorney

**Lane Waters**
Attorney

**Don Glass**
Of Counsel

Sign Up     Next

Home | Contact | Privacy | Terms | Affiliates | Client Referral | Opt-Out | Feedback | Confirm
Copyright © 2004 Lexington Law Firm. All rights reserved.
397.0.1

Business Entity Search                                    https://secure.utah.gov/bes/bes

 **State Online Services** ) **Agency List** ) **Business.utah.gov** )    Search Utah.gov 

# Utah Department of Commerce — Business Entity Search

| Name | Type | City | Status |
|---|---|---|---|
| LEXINGTON LAW FIRM | DBA | Salt Lake City | Active |

**Business Name:** LEXINGTON LAW FIRM
**Entity Number:** 5086602-0151
**Registration Date:** 03/14/2002
**State of Origin:**

### Address

634 S 400 W PO BOX 1173
Salt Lake City, UT 84101

### Status

**Status:** Active
**Status Description:** Good Standing
**This Status Date:** 03/14/2002
**Last Renewed:**
**License Type:** DBA
**Delinquent Date:** 03/14/2005

### Registered Agent

**Registered Agent:** JOHN C HEATH
**Address Line 1:** 634 S 400 W
**Address Line 2:** PO BOX 1173
**City:** Salt Lake City
**State:** UT
**Zip:** 84101

### Additional Information

**NAICS Code:** 5411
**NAICS Title:** 5411-Legal Services

With this information, you can...

[Purchase Certificate of Existence]   If you would like to purchase a Certificate of Existence for this business entity, select the button to the left. You will be assessed a **$12.00 fee** for this service. You will need Adobe Reader to view this certificate. If you do not have Adobe Reader, click on the button below and download it.

[Get Adobe Reader]

[Access Principal Information]   If you would like to receive information on the principal individuals associated with this entity, click the button on the left. You will be assessed a **$1.00 fee** for this information.

[Cancel]   [Do Another Search]

Department of Commerce Home | Division of Corporations Home | Contact Us
Utah.gov Home | Utah.gov Terms of Use | Utah.gov Privacy Policy | Utah.gov Accessibility Policy
Copyright © 2004 State of Utah - All rights reserved.

Utah State Bar Member Locator                                   http://www.utahbar.org/cgi-bin/index.cgi?idsearch=04492



## Utah State Bar Membership Public Address Locator

### VICTOR LAWRENCE

**LEXINGTON LAW FIRM**
634 S 400 W STE 200
SALT LAKE CITY, UT, 84101

Voice Telephone: (801) 297-2480
FAX: (801) 297-2511
Email: vcl@creditrights.org

### Membership Information

| | | | |
|---|---|---|---|
| Bar ID | 04492 | | |
| Status | Active | | |
| Law School | BY | Year Graduated | 1984 |
| Date Admitted to Utah State Bar | 5/3/1985 | | |
| Regular CLE | 5 | Ethics CLE | 1 |

Submit Query — This is a gateway to the Utah State Bar Membership Address System, to locate a current or past member of the Utah State Bar, enter a keyword into the search window of your browser to search the membership records. Multiple keywords narrow the search, all keyword s match full record. Matching is case-insensitive



1 of 1                                                                                    9/21/2004 3:55 PM