IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHELLE GOKTEPE, ) | |
| ) | |
| Plaintiff, ) | **MOTION** |
| ) | **FOR PROTECTIVE ORDER** |
| vs. ) | |
| ) | |
| VICTOR LAWRENCE, doing business as, ) | Case No. 3:03CV0089-MRK |
| LEXINGTON LAW FIRM, ) | |
| ) | September 28, 2004 |
| Defendant. ) | |

## MOTION FOR PROTECTIVE ORDER

Pursuant to the Court's guidance to expedite discovery in this matter, Plaintiff Michelle Goktepe moves the Court for entry of this Protective Order. Defense counsel prepared the initial draft and plaintiff has revised it to accord with the Court's guidance.

## PROTECTIVE ORDER

IT IS HEREBY ORDERED that the disclosure and use of Confidential Information in this litigation and the return of such Confidential Information shall be governed by the following conditions:

1.      "Confidential Information," as used in this Protective Order (hereafter "Order"), shall mean all information produced by a party in the course of this case that is designated by that party as confidential either by marking the same as confidential or by submitting a writing designating certain specific identifiable items or categories of information or documents as confidential.  To the extent documents or other tangible things are marked or designated as confidential, the terms of this Order will cover both the document and tangible thing, and the information contained therein, subject to the

foregoing.

2.     Counsel shall designate as confidential only information that he or she in good faith believes constitutes confidential trade secret, commercial or personal information that was not available or known to third parties or used in a court proceeding. The party making the designation shall serve with the information a log of all information designated as confidential and identify the each basis upon which the designation is made pursuant to FRCP 26(c).

3.     If a party receiving information designated as Confidential Information disagrees that the information constitutes confidential trade secret, commercial or personal information, that party shall notify all other parties in writing of its determination.  The notification shall identify the document and/or information produced, in general terms that are specific enough only to identify the document and/or information produced, and shall state in detail why the receiving party disagrees with the designation of Confidential Information.  Within such time period as the parties agree or the Court orders, the objecting party shall file a motion to object to the designation of the particular Confidential Information at issue, and shall have the burden of proving that it is not confidential in nature.   The motion and all memoranda filed shall comply with the applicable Rules of Civil Procedure and the provisions of this Order.  All asserted Confidential Information shall be treated as Confidential Information until such time as the parties otherwise agree in writing or the Court rules on whether the information constitutes confidential trade secret, commercial or personal information.

4.     All Confidential Information shall be subject to the terms of this Order and except as otherwise provided in this Order, shall be used solely for the purposes of this

litigation.

    5.    The use of Confidential Information in briefs, pleadings, or other papers submitted to the Court, including a motion to object to the designation of Confidential Information as set forth in paragraph 3, and the use of discovery information in depositions, hearing, or trials shall be governed by the terms of this Order, and no other use shall be permitted except upon consent of all the parties or by Order of the Court. Any Confidential Information shall be protected as confidential under the terms of this Order until such time as 1) the Court rules on the designation pursuant to a motion by designating party, 2) the designating party waives its assertion of confidentiality expressly in writing, or by failure to file a timely motion for a protective order, 3) the documents are submitted to the Court in connection with a dispositive motion, or 4) the documents are submitted at trial of this matter. At that time, the materials cease to be subject to the protections of this order and the information may be used in any fashion consistent with other materials obtained through discovery.

    6.    Confidential Information may be disclosed only to the following persons upon the written agreement of the party with whom they are affiliated, either through such persons' counsel or otherwise, that such persons will abide by the terms of this Order:

    a.    The attorneys working on this action on behalf of a party, who have agreed to abide by the terms of this Order (hereafter "attorneys"), and the attorneys' employees, agents, experts and consultants who are also working on this action at the request of the attorneys;

    b.    Any person expressly retained by the attorneys to assist in preparation of this action for trial;

    c.    A director, officer, or employee of any party described in paragraph b, who is required by such person to work directly on this litigation, with such disclosure being only to the extent necessary to perform such work;

    d.    Any other person of whom testimony is taken or to be taken in this action, except that such person may only be shown copies of discovery information during his or her testimony or in preparation for that testimony, and that person is to be instructed that he or she may not retain or disclose any Confidential Information;

    e.    Deposition and trial court reporters;

    f.    The Court.

7.    All persons who receive Confidential Information are hereby permanently enjoined from making any use of or disclosing Confidential Information except in conformance with this Order.

8.    The restrictions set forth in this Order shall not apply to information that was known or disclosed to persons not subject to a confidentiality duty or agreement prior to the date of this Order or to information that becomes public knowledge other than through an act or omission of the party to whom the Confidential Information was produced.

9.    Any party may apply to the Court for a modification of this Order, and nothing herein shall be deemed to prejudice any party's right to seek such modification.

10.    Upon the final determination of this action, and any related actions, all Confidential Information shall be destroyed or returned to the party who produced the information upon reimbursement of the receiving party's time and costs of acquiring the

information and payment of the costs of return.

11.     This Order shall survive the termination of this litigation and shall continue in full force and effect. This Court shall retain jurisdiction over the parties for the purpose of enforcing this Order.

IT IS SO ORDERED this _____ day of _____, 2004.

BY THE COURT:


_____
HONORABLE MARK R. KRAVITZ
United States District Court Judge

THE PLAINTIFF

ct04137

BY____/s/ Joanne S. Faulkner___
    JOANNE   S.   FAULKNER

123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing

STIPULATION AND MOTION FOR PROTECTIVE ORDER was mailed by First Class

U.S. mail, postage prepaid, on this ___27_____ day of September, 2004, to the

following:

Richard H.G. Cunningham
12 Kenilworth Drive East
Stamford CT 06902

Blake Atkin
136 S Main St 6th fl
Salt Lake City UT 84101

       /s/ Joanne S. Faulkner
       Joanne S. Faulkner