UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.  CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/
    LEXINGTON LAW FIRM  October 1, 2004

### PLAINTIFF'S OBJECTION TO MOTION TO COMPEL

Plaintiff objects to the defendant's Motion to Compel (Doc. No. 83) as improperly filed.

First, it was filed by defendant as an individual, even though he is represented by counsel. Defendant has not appeared pro se (D. Conn. Local Rule 83.1(b)2). There is serious doubt whether defendant, as part of an entity that includes many other individuals, can appear pro se. Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997).[1]

Second, it was filed in direct contravention of this Court's Order not to file a discovery motion without permission of the Court.

---

[1] "Nevertheless, appearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity. Thus it is well established that a layperson may not represent a corporation, see Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam), may not assert pro se a claim that has been assigned to the litigant by a corporation, see Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983), and may not appear pro se to pursue a shareholder's derivative suit, see Phillips v. Tobin, 548 F.2d 408, 411-12 (2d Cir. 1976). We have also held that a layperson may not represent a partnership, see Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991), or appear pro se on behalf of his or her minor child, see Cheung, 906 F.2d at 61. These limits on pro se representation serve the interests of the represented party as well as the interests of adversaries and the court. See Jones, 722 F.2d at 22." Defendant, a Utah lawyer, is no doubt aware of Utah standards found at ttp://www.utcourts.gov/courts/appell/prose.htm" "Keep in mind that as a pro se litigant, you are representing only yourself. The law prohibits you from speaking for another person, company, or entity such as a club or association that includes other individuals."

Third, it was filed despite noncompliance with Local Rule 37, which specifies that no such motion shall be filed absent conference and an affidavit certifying a good faith effort to resolve the matter. No such conference was held. No affidavit was filed.

Fourth, had such a conference been held, the undersigned would have pointed out that the questions about post-suit settlement circumstances are improper. Discovery is not allowed as to settlement efforts, since it cannot lead to admissible evidence. Fed. R. Evid. 408. Public policy favors non-discoverability of settlement agreements and negotiations leading to settlement agreements.  Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 980-81 (6th Cir. 2003) (communications in furtherance of settlement are privileged and not discoverable), and cases cited therein; Thornton v. Syracuse Savings Bank, 961 F.2d 1042, 1046 (2d Cir. 1992) (settlement agreements are not discoverable); Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co. of Chicago, 834 F.2d 677, 684 (7th Cir. 1987) (settlement negotiations are not discoverable, because such discovery would give a party information about an opponent's strategy); Centillion Date Systems, Inc., v. Ameritech Corp., 193 F.R.D. 550, 552, n.1 (S.D.Ind. 1999) (in the settlement context, courts require a "particularized and/or heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence"); Bottaro v. Hatton Associates, 96 F.R.D. 158, 160 (E.D.N.Y. 1982) (even under the broader pre-amendment discovery standard, strong public policy favoring settlements precludes discovery of settlement agreements absent showing a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement).

Fifth, the claim in this case is that defendant is operating an unlawful Credit Repair Organization. Post-litigation settlement efforts do not shed light on that claim, nor could unsuccessful settlement efforts possibly raise a defense. In Fonseca v. Regan, 734 F.2d 944 (2d

Cir. 1984), plaintiff sued to recover a suitcase full of money. He properly identified himself, and had the claim check. But the U.S. Government refused to give him the suitcase unless he revealed where he got the money. Plaintiff had to sue, and the government of Colombia intervened in case it could assert a claim to the money. Both governments then sought discovery, which the Second Circuit Court of Appeals viewed as irrelevant and an abuse of the judicial process.

> Finally, we find that the information requested by the appellees is not sufficiently relevant to the subject matter of the action to fall within the parameters of Fed.R.Civ.P. 26(b). A determination of "ownership" of the currency is not necessary to a proper resolution of the dispute. Further, the sought after discovery would not shed new light on the question of Fonseca's right to possession. The proposed interrogatories, for example, inquired into Fonseca's past and present addresses, his identification documents, the nature of his employment and the circumstances surrounding his acquisition of the money. As the Fifth Circuit commented in Dunbar, supra, 502 F.2d at 510, appellees' interrogatories "might have interesting answers, [but] they are not so germane to the conduct of the instant lawsuit that the plaintiff must answer them or face the sanctions of Rule 37."

Sixth, if defendant's intense interest is indicative of renewed interest in settlement, plaintiff has no objection to a settlement conference. She has, in fact, already signed a settlement agreement.

Seventh, defense counsel's conduct at defendant's deposition violated all the rules which he now admits knowing (intense coaching, speeches, and other disruptions). Presumably, Mr. Lawrence's anticipated Oct. 25 deposition will cure those defects and render plaintiff's potential discovery motion moot.

CONCLUSION

Since the motion was filed in violation of Local Rules and an Order of the Court, and since it concerns settlement matters which have no bearing on the claims or defenses in this matter, the motion should be denied.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on September 30, 2004, postage prepaid, to:

Richard H.G. Cunningham
12 Kenilworth Drive East
Stamford CT 06902

Blake Atkin
136 S Main St 6th fl
Salt Lake City UT 84101

_____/s/ Joanne S. Faulkner___
Joanne S. Faulkner