UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>    Plaintiff,<br><br>v.<br><br>VICTOR LAWRENCE, d/b/a LEXINGTON LAW FIRM,<br><br>    Defendant. | Civil No. 3:03cv89 (MRK) |

## RULING AND ORDER

Presently pending before the Court are a number of motions. Having considered the motions and the parties' briefs, the Court enters the following rulings and orders:

    1.    Motion by Blake S. Atkin and Lonn Litchfield to Withdraw as Attorney for Defendant [ doc. # 80] is GRANTED. Under the District's Local Rules, good cause is not required unless the party has failed to obtain other counsel or file a *pro se* motion. In this case, the Defendant has filed a *pro se* appearance. While Plaintiff speculates about the reasons for counsel decision to withdraw, such speculation is not sufficient reason to deny counsel's motion to withdraw.

    2.    Plaintiff's Motion to Compel and for Sanctions [doc. # 83] is DENIED. The information sought by the motion is not likely to lead to the discovery of admissible evidence, and appears to be completely irrelevant to the issues before the Court on the current pleadings. Counsel and *pro se* parties are reminded of this Court's requirement that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing

Order on telephonic discovery conferences, a copy of which can be obtained from Chambers. Failure to comply with the Court's Standing Order is grounds for denial of a discovery motion.

3.  Absent objection, Plaintiff's Motion for a Protective Order [doc. # 85] is GRANTED.

4.  Defendant's Motion to Dismiss the Second Amended Complaint [doc. # 60] is DENIED. Defendant makes three arguments in support of this motion: lack of standing; lack of injury in fact; and failure to plead fraud with particularity. The Court notes that each of these arguments could have been made when Defendants filed their motion to dismiss the original Complaint [doc. # 7], which this Court denied after argument [doc. ## 41, 49]. The Court looks with particular disfavor upon successive motions to dismiss raising arguments that could have and should have been raised earlier.

In any event, the motion is without merit. Based upon the four corners of the Second Amended Complaint and giving Plaintiff the benefit of all inferences, the Court cannot say with reasonable certainty that Plaintiff can prove no set of facts that would entitle her to relief. *See, e.g., Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511-14 (2002); *Conley v. Gibson*, 355 U.S. 41, 44-45 (1957). On a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996) (internal quotation marks omitted). Defendant may renew its arguments in a motion for summary judgment once the facts are developed. As to the assertion that Plaintiff has not pleaded fraud with particularity in violation of Rule 9(b), Plaintiff has represented that she is not suing Defendant for fraud. If Defendant requires further information about the specifics of Plaintiff's claims, Defendant should obtain that information

through discovery, either via written contention interrogatories or deposition.

IT IS SO ORDERED,

/s/ <u>      Mark R. Kravitz      </u>
United States District Judge

Dated at New Haven, Connecticut: <u>October 14, 2004</u>