IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

FILED
OCT 19  2:23 PM '04
U.S. DISTRICT
NEW HAVEN COURT

| | | |
|---|---|---|
| MICHELLE GOKTEPE, | ) | |
| | ) | **OBJECTION TO PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION FOR PROTECTIVE** |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| VICTOR LAWRENCE, d/b/a | ) | Case No. 3:03CV0089-MRK |
| LEXINGTON LAW FIRM, | ) | |
| | ) | Honorable Judge Mark R. Kravitz |
| Defendant. | ) | |

Victor Lawrence d/b/a Lexington Law Firm, Defendant Pro Se, hereby objects to Plaintiff's Motion for Protective Order, as follows:

## SPECIFIC OBJECTIONS

1. Defendant objects to the language of paragraph 5 of the proposed Protective Order that states that "Any Confidential Information shall be protected as confidential under the terms of this Order until such time as . . . 3) *the documents are submitted to the Court in connection with a dispositive motion, or 4) the documents are submitted at trial of this matter.*"

2. Defendant objects to paragraph 10 of the proposed Protective Order in that it states that "all Confidential Information shall be destroyed or returned to the party who produced the information upon reimbursement of the *receiving party's time and costs of acquiring the information and payment of costs of return.*"

3. During negotiations concerning the language of the proposed Protective Order, even though Plaintiff suggested that an Affidavit of Compliance should be

executed in conjunction with the disclosure to the parties listed in paragraph 6, and although Defendant proposed the form of an Affidavit of Compliance, Plaintiff has not incorporated such an Affidavit of Compliance in the proposed Protective Order.

## ARGUMENT

### I. DEFENDANT IS THE ONLY PARTY THAT MAY BE REQUIRED TO PRODUCE CONFIDENTIAL DOCUMENTS IN THIS CASE; PLAINTIFF'S PROPOSED PROTECTIVE IS DEFICIENT IN THREE RESPECTS IN PROTECTING DEFENDANT'S INTERESTS IN CONFIDENTIAL INFORMATION.

There is no question that it is only Defendant, not Plaintiff, who has Confidential Information that requires protection in this case. Accordingly, it is Defendant's interests, not Plaintiff's interests, which need the protection of the Court. It is clear that Plaintiff did not have this objective in mind when she fashioned her proposed Protective Order.

### Objection to Paragraph 5

Paragraph 5 of the proposed Protective Order totally eviscerates any benefit of requesting a Protective Order in this case. If all Plaintiff has to do in order to change the nature of information from Confidential Information to non-confidential information is to submit such documents to the Court in connection with an alleged "dispositive motion" or to submit such documents at the trial of this matter, then the alleged Protective Order is nothing but a sham, as far as protecting the interests of Defendant in its Confidential Information. Defendant has proposed that Confidential Information that is required to be submitted to the Court in connection with motions or at trial should be submitted only *in camera*, in compliance with reasonable and standard practices in the legal industry for giving the Court access to such

information, so that the nature of such information as Confidential Information can be preserved. Accordingly, Defendant would propose that the language of paragraph 5 of the Protective Order should read as follows:

> "5.   The use of Confidential Information in briefs, pleadings, or other papers submitted to the Court, including a motion to object to the designation of Confidential Information as set forth in paragraph 3, and the use of discovery information in depositions, hearings, or trials shall be governed by the terms of this Order, and no other use shall be permitted except upon consent of all the parties or by Order of the Court. The parties shall not publish Confidential Information in conjunction with a motion, or at a hearing or trial, but shall only make a general reference to such Confidential Information, which shall be disclosed to the Court and other parties only *in camera* in order to preserve its confidential nature. Any Confidential Information shall be protected as confidential under the terms of this Order until such time as the Court rules on the designation pursuant to a motion by the objecting party, or the designating party waives its assertion of confidentiality expressly in writing. At that time, the materials shall cease to be subject to the protections of this Order and the information may be used in any fashion consistent with other materials obtained through discovery."

This language gives the Court necessary access to the Confidential Information in a manner that does not give Plaintiff carte blanche to convert any of Defendant's Confidential Information into non-confidential information at the whim of Plaintiff.

**Objection to paragraph 10**

Defendant objects to paragraph 10 of the proposed Protective Order, because it requires Plaintiff to return Defendant's Confidential Information only if Defendant reimburses Plaintiff for Plaintiff's "time and costs of acquiring the information and payment of the costs of return." This language improperly attempts to shift the cost of Plaintiff's discovery from Plaintiff to Defendant. Defendant would not object to language that would require that Defendant would reimburse Plaintiff only for the "reasonable

3

costs of [destruction or] return." Accordingly, Defendant would propose that the language of paragraph 10 should read as follows:

> "10. Upon the final determination of this action, and any related actions, all Confidential Information shall be destroyed or returned to the party who produced the information upon payment of the reasonable costs of destroying or returning such information."

**Request for paragraph 12**

Finally, in order to mandate compliance with the Protective Order by those persons set forth in paragraph 6 who may have the Confidential Information disclosed to them, it is common legal practice to require that such persons execute or attest in open court to an "Affidavit of Compliance With Stipulated Protective Order." Accordingly, Defendant proposes that an additional paragraph be added to the proposed Protective Order, as follows:

> "12. An affidavit of compliance in substantially the following form set forth below shall be executed or attested to in open court by all persons described in paragraph 6 above prior to receiving Confidential Information:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE, ) | |
| ) | |
| Plaintiff, | **AFFIDAVIT OF COMPLIANCE** |
| ) | **WITH STIPULATED** |
| vs. | **CONFIDENTIALITY ORDER** |
| ) | |
| VICTOR LAWRENCE, dba, | Case No. 3:03CV0089-MRK |
| LEXINGTON LAW FIRM, ) | |
| | Honorable Judge Mark R. Kravitz |
| Defendant. ) | |

4

State of _____ )
                                )ss.
County of _____ )

_____ [Name of Affiant], being first duly sworn upon his/her oath, deposes and says:

1.  I am a member of that class of persons set forth in paragraph 6 of the Stipulation and Order of Confidentiality entered in the above-entitled lawsuit on or about _____, 2004 (hereafter "Stipulated Confidentiality Order"), and accordingly, have a need to receive or review Confidential Information concerning the above-entitled lawsuit.

2.  I have read and had explained to me the Stipulated Confidentiality Order. I understand that the Confidential Information that will be disclosed to me, in whatever form, may be used by me solely for the purposes for which I was allowed to receive or review such information, such as to act as the Court or as counsel in the above-entitled matter, to advise or assist counsel or the Court, or to testify as a witness in this matter. I understand that I may not use, disclose, or otherwise divulge the Confidential Information except as specifically authorized in the Stipulated Confidentiality Order.

3.  I further understand that the Stipulated Confidentiality Order expressly forbids reproduction by me of any part of the Confidential Information and that I must return the Confidential Information that was received by me within thirty (30) days after entry of the final judgment in the above-entitled case, at the very latest. I understand that I must also return all copies, notes, abstracts, summaries, excerpts, or extracts written by or given to me within thirty (30) days of the final judgment in the above-entitled case, at the very latest.

4.  I also understand that I may not discuss the contents of the Confidential Information or any portion of such Confidential Information with anyone other than the attorneys or the Court in the above-entitled action.

DATED this _____ day of _____, 20_____.

                                              _____
                                              Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on this _____ day of _____, 20_____.

[Notary Seal]

_____
Notary Public for [State]"

**Conclusion**

Defendant objects only to the language of the proposed Protective Order that has bee specifically set forth above, and respectfully requests the Court to make the changes proposed by Defendant in order to create a Protective Order that, in actual practice, will protect the Confidential Information of the Defendant.

DATED this \_\_\_\_\_ day of October, 2004.

_____
Victor Lawrence
Defendant Pro Se
P.O. Box 1413
Bountiful, Utah 84011-1413
Tel.: (801) 296-0252
Fax: (801) 292-7575

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Objection to Plaintiff's Motion for Protective Order was served by First Class U.S. mail, postage prepaid, and by Federal Express on this ___18th___ day of October, 2004, to the following:

Joanne S. Faulker, Esq.
123 Avon Street
New Haven, CT 06511-2422