IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE, )<br><br>Plaintiff, )<br><br>vs. )<br><br>VICTOR LAWRENCE, d/b/a )<br>LEXINGTON LAW FIRM, )<br><br>Defendant. ) | **ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

COMES NOW the Defendant Pro Se, Victor Lawrence, and hereby answers Plaintiff's Second Amended Complaint, as follows:

1. Defendant denies the allegations of paragraphs 2, 4, 5, 11, 12, 14, 15, 18, 20, 21, 22, 23, 25, 28, 29, 30, 31 and 32 of Plaintiff's Second Amended Complaint.

2. Defendant has insufficient knowledge or information with which to form an informed response to the allegations of paragraphs 1, 3, 13, 26 and 27 of Plaintiff's Second Amended Complaint, and therefore, denies the allegations contained in paragraphs 1, 3, 13, 26 and 27 of Plaintiff's Second Amended Complaint.

3. In response to paragraph 6 of Plaintiff's Second Amended Complaint, Defendant affirmatively alleges that he has accepted legal fees from Connecticut residents, as payment for legal services rendered in the State of Utah on behalf of such Connecticut residents, but only after such legal services were fully performed. Defendant denies the remaining allegations of paragraph 6 of Plaintiff's Second Amended Complaint.

4. In response to paragraph 7 of Plaintiff's Second Amended Complaint,

Defendant affirmatively alleges that he has done business under a trade name in the State of Utah, with a business address at 634 South 400 West, Salt Lake City, Utah 84101. Defendant denies the remaining allegations of paragraph 7 of Plaintiff's Second Amended Complaint.

     5.     In response to paragraph 8 of Plaintiff's Second Amended Complaint, Defendant affirmatively alleges that he is not a member of the Connecticut State Bar Association. Defendant denies the remaining allegations of paragraph 8 of Plaintiff's Second Amended Complaint.

     6.     In response to paragraph 9 of Plaintiff's Second Amended Complaint, Defendant affirmatively alleges that he does not accept "retainer fees" from Connecticut residents; rather, Defendant accepts legal fees from Connecticut residents, as payment for legal services rendered in the State of Utah on behalf of such Connecticut residents, but only after such legal services have been fully performed. Defendant denies the remaining allegations of paragraph 9 of Plaintiff's Second Amended Complaint.

     7.     In response to paragraph 10 of Plaintiff's Amended Complaint, Defendant affirmatively alleges that he received legal fees from Plaintiff, as payment for legal services rendered in the State of Utah on behalf of Plaintiff, but only after such legal services were fully performed. Furthermore, Defendant affirmatively alleges that all legal fees received by Defendant from Plaintiff were returned to Plaintiff in response to Plaintiff's request to Defendant for a refund of such legal fees, as a gesture of good client service. Defendant denies the remaining allegations of paragraph 10 of Plaintiff's Second Amended Complaint.

     8.     In response to paragraphs 16 and 17 of Plaintiff's Amended Complaint,

Defendant alleges that the web site documents referenced by Plaintiff speak for themselves, and accordingly, Defendant denies the allegations contained in paragraphs 16 and 17 of Plaintiff's Second Amended Complaint.

9. In responding to paragraph 19 of Plaintiff's Second Amended Complaint, Defendant affirmatively alleges that he has communicated with legal clients through internet e-mail. Defendant denies the remaining allegations of paragraph 19 of Plaintiff's Second Amended Complaint.

10. In responding to paragraph 24 of Plaintiff's Second Amended Complaint, Defendant affirmatively alleges that on or about September 20, 2002, Defendant agreed to work to improve plaintiff's credit in accordance with federal law. Defendant denies the remaining allegations of paragraph 24 of Plaintiff's Second Amended Complaint.

11. Defendant denies each and every allegation of Plaintiff's Second Amended Complaint that Defendant has not otherwise admitted or denied herein.

12. Defendant reserves the right to amend this Answer, including the right to assert additional affirmative defenses and/or a counterclaim, in the manner allowed by law.

AFFIRMATIVE DEFENSES NUMBERS ONE through FOURTEEN

As and for Defendant's Affirmative Defenses Numbers One through Fourteen, Defendant incorporates by reference, as if fully set forth herein, Defendant's Affirmative Defenses Numbers One through Fourteen as set forth in Defendant's Answer to Plaintiff's First Amended Complaint.

FIFTEENTH AFFIRMATIVE DEFENSE

Whereas all of Defendant's actions in regard to Plaintiff were permitted by law

under other statutory authority of the State of Connecticut or of the United States, such actions are excepted from the provisions of the Connecticut Credit Clinics Act and/or the Connecticut Unfair Trade Practices Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join all indispensable parties to the above-entitled action, and accordingly, Plaintiff's lawsuit should be dismissed by the Court.

WHEREFORE, Defendant Victor Lawrence d/b/a Lexington Law Firm prays for the Court to dismiss Plaintiff's Second Amended Complaint with prejudice, no cause of action, and to award Defendant his costs and reasonable attorney's fees in defending against such action, and to award him such other and further relief as the Court deems just, equitable and appropriate.

DATED this _____ day of October, 2004.


_____
Victor Lawrence
Defendant Pro Se
P.O. Box 1413
Bountiful, Utah  84011-1413
Tel.:  (801) 296-0252
Fax: (801) 292-7575

4

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing Answer to Second Amended Complaint was served by hand-delivery and by First Class U.S. mail, postage prepaid on this _____ day of October, 2004, to the following:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT  06511-2422

_____