UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                                            CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/
    LEXINGTON LAW FIRM                        November 1, 2004

**PLAINTIFF'S OPPOSITION TO MOTION
FOR RECONSIDERATION**

Defendant's Motion for Reconsideration (Doc. No. 90) should be denied because it does not meet the standards for reconsideration. "A motion for reconsideration cannot be employed as a vehicle for asserting new arguments . . . that could have been adduced [previously]." LoSacco v. City of Middletown, 822 F. Supp. 870, 877 (D. Conn. 1993), aff'd, 33 F.3d 50 (2d Cir. 1994). Its function is to correct manifest errors of law or fact, not merely to "plug[] the gaps of a lost motion." Id. Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995).

    **1. DISCOVERY OF SETTLEMENT NEGOTIATIONS.** Defendant cites no law contrary to the case law and evidence rules that settlement negotiations are not discoverable. He merely makes the same argument originally proffered.

    **2. PROTECTIVE ORDER.** Defendant's objections to the protective order contravene the parameters set by the Court at the telephonic conference of August 20, 2004. The objection to ¶ 5 is directly contrary to the Court's confidentiality standards and to Second Circuit authority. See Joy v. North, 692 F. 2d 880, 893 (2d Cir. 1982) (summary judgment documents "should not

remain under seal absent the most compelling reasons"). Other objections were worked out between counsel, per the Court's August 20, 2004 stated preference. Plaintiff used defendant's draft as provided by his counsel on September 13, 2004, which did not include an Affidavit of Compliance, now desired by defendant, and made only unobjected-to minor changes conveyed to defendant's counsel immediately upon receipt of the September 13 draft. Counsel did not object or respond before the Motion for Protective Order was filed on September 28 so as to have it in place by the time of the continued deposition of defendant noticed for Monday October 25 to inquire about "confidential" matters that he had refused to respond to at his July deposition.[1]

Defendant's counsel represented him until October 15, 2004. He is bound by that representation and cannot take advantage of his new pro se status to second-guess his counsel's decisions. The rights of self-representation and representation by counsel "cannot be both exercised at the same time." United States v. Mitchell, 137 F.2d 1006, 1010 (2d Cir. 1943); O'Reilly v. New York Times Co. 692 F.2d 863, 869 (2d Cir. 1982).

## CONCLUSION

Defendant's motion should be denied.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
          JOANNE S. FAULKNER ct04137
          123 Avon Street
          New Haven, CT 06511-2422
          (203) 772-0395
          j.faulkner@snet.net

---

[1] Although his counsel did not object to the October 25 continued deposition, even upon specific inquiry as to whether there was an objection -- thus satisfying the Court's mandate to work discovery matters out between counsel -- defendant himself objected on Friday October 22 shortly after becoming pro se.

- 3 -

This is to certify that the foregoing was mailed on October 29, 2004, postage prepaid, to:

Victor Lawrence d/b/a Lexington Law
PO Box 1413
Bountiful UT 84011-1413

　　　　　　　　　　　　　　　　　　　　　_____/s/ Joanne S. Faulkner___
　　　　　　　　　　　　　　　　　　　　　Joanne S. Faulkner

- 3 -