IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE, ) | |
| ) | **REPLY BRIEF IN SUPPORT** |
| Plaintiff, ) | **OF MOTION FOR** |
| ) | **RECONSIDERATION** |
| vs. ) | |
| ) | Case No. 3:03CV0089-MRK |
| VICTOR LAWRENCE, d/b/a ) | |
| LEXINGTON LAW FIRM, ) | Honorable Judge Mark R. Kravitz |
| ) | November 10, 2004 |
| Defendant. ) | |

Victor Lawrence d/b/a Lexington Law Firm, Defendant Pro Se, pursuant to D. Conn. L. Civ. Rule 7(d), files his Reply Brief in Support of Motion for Reconsideration of its Ruling and Order entered on October 15, 2004, as follows:

### ARGUMENT

**1. PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS.**

On page 1 of Plaintiff's Opposition to Motion for Reconsideration, Plaintiff states the following argument: "Defendant cites no law contrary to the case law and evidence rules that settlement negotiations are not discoverable. He merely makes the same argument originally proffered."

Plaintiff has overlooked that the basis for the Court's denial of Defendant's Motion to Compel was that "[t]he information sought by the motion is not likely to lead to the discovery of admissible evidence, and appears to be completely irrelevant to the issues before the Court on the current pleadings." The Court did not address the issue of whether the information sought was "settlement negotiations that are not discoverable," as Plaintiff seems to imply. Accordingly, in his Motion for Reconsideration, Defendant

merely pointed out to the Court that it may have overlooked the fact that a potential award of attorney's fees is an issue in this case, and the information sought in the Motion to Compel is relevant to the award of attorney's fees. In addition, in his Motion to Compel, Defendant did submit case law authority to the court stating that the underlying information, if known by the deponent, is discoverable, regardless of where the deponent obtained the information. Rather than repeat those arguments and restate the case law authority, Defendant would respectfully refer the Court to his original Memorandum in Support of Motion to Compel and for Sanctions previously filed with the Court.

**2. PROTECTIVE ORDER.**

On page 1 of Plaintiff's Opposition to Motion for Reconsideration, Plaintiff has alleged that Defendant's objections to the proposed protective order contravene the parameters set by the Court at the telephonic conference of August 20, 2004. However, Defendant's former attorneys have no recollection of any parameters set orally by the Court that would be contravened by Defendant's objections to the proposed protective order, and the Order of the Court dated August 26, 2004, also does not appear to address that issue. The Court should not consider this argument, whereas it is nothing more than a unsupported, nonspecific, conclusory allegation. Also, on page 1 of Plaintiff's Opposition to Motion for Reconsideration, Plaintiff has alleged that such objection is also directly contrary to the Court's confidentiality standards and to Second Circuit authority. However, in the case cited by Plaintiff as support for such proposition, namely, <u>Joy v. North</u>, the Second Circuit Court stated the following:

> "We do not say that every piece of evidence, no matter how tangentially related to the issue or how damaging to a party disclosure might be, must invariably be subject to public scrutiny. An exercise of judgment is in order. The importance of the material to the adjudication, the damage

disclosure might cause, and the public interest in such materials should be taken into account before a seal is imposed." Joy v. North, 692 F.2d 880, 893 (2nd Cir. 1982).

All that the Defendant seeks to prevent by his objection to the proposed protective order is the disclosure of confidential, valuable proprietary information to the general public without the "exercise of judgment" and the process of weighing all the recommended considerations by the trial judge, as dictated by the court in Joy v. North, before such information is disclosed.

3.   SELF-REPRESENTATION.

On page 2 of Plaintiff's Opposition to Motion for Reconsideration, Plaintiff has argued that Defendant was taking advantage of a situation in which he was representing himself and also being represented by counsel at the same time. That was not the case. As the Court can observe from reviewing the court record, once Defendant filed his appearance pro se, counsel did not attempt to represent Defendant, but rather, Defendant immediately assumed responsibility for all representation exclusively, even though the Court did not grant the Motion of Withdrawal for several more weeks.

DATED this _____ day of November, 2004.

_____
Victor Lawrence
Defendant Pro Se
P.O. Box 1413
Bountiful, Utah  84011-1413
Tel.: (801) 296-0252
Fax: (801) 292-7575

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing Reply Brief in Support of Motion for Reconsideration was served by First Class U.S. mail, postage prepaid, and by Federal Express on this _____ day of November, 2004, to the following:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511-2422

                                                                                                                 _____