**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MICHELLE GOKTEPE,                                    :
                                                     :
              Plaintiff,                             :
                                                     :
v.                                                   :          Civil No.  3:03cv89 (MRK)
                                                     :
VICTOR LAWRENCE, d/b/a LEXINGTON                     :
LAW FIRM,                                            :
                                                     :
              Defendant.                             :

**RULING AND ORDER**

The Court hereby ORDERS the following:

(1).    Defendant's Motion for Reconsideration [**doc. # 90**] is GRANTED in part and DENIED
        in part.  It is DENIED as to the Court's ruling on Defendant's Motion to Compel and for
        Sanctions on the ground that the Defendant has failed to assert proper grounds for
        reconsideration.  Defendant's motion is GRANTED with respect to Plaintiff's Motion for
        Protective Order [doc. # 85] and the Protective Order is modified as ordered below.

(2).    Defendant's Objection to Plaintiff's Motion for Protective Order [**doc. # 89**] is
        SUSTAINED as follows:

        a.     Paragraph five of the Protective Order is modified such that if either party would
               like to file any confidential document under seal, that party must first obtain  the
               Court's permission and indicate why the document must be filed under seal in
               accordance with the Court's standard order on sealing documents, attached.

        b.     Paragraph ten of the Protective Order is modified so that the words "upon
               reimbursement of the receiving party's time and costs of acquiring the information
               and payment of costs of return" are deleted.  If the party in possession of the
               documents does not wish to incur the costs of returning the documents and the
               requesting party does not wish to reimburse the party in possession for the costs of
               returning the documents, then the documents will be destroyed.

        c.     Finally, the Court directs any party to whom the Confidential Information is
               disclosed to provide an Affidavit of Compliance as described in Defendant's brief
               [doc. #89].

IT IS SO ORDERED


/s/     Mark R. Kravitz
United States District Judge


Dated at New Haven, Connecticut on November 15, 2004.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| , | : |
| | : |
| Plaintiff, | :     NO. _____ |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| , | : |
| | : |
| Defendant. | : |

**ORDER**

The Parties' Stipulated Protective Order [doc. # ___] is GRANTED with the exception of

Paragraph #4, regarding Court Proceedings. If either party wants to designate anything filed with

the Court as confidential and place it under seal, that party will have to make a separate motion in

accordance with District of Connecticut Local Rule 5(d), specifying precisely what the parties

wish to be kept under seal and making a particularized showing of good cause as to why the

Court should depart from the strong presumption against sealing any court records to public

inspection. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-99 (1978); *United States v.*

*Graham*, 257 F.3d 143, 150 (2d Cir. 2001); *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir.

1995); *Video Software Dealers Assoc. v. Orion Pictures, Corp. (In re Orion Pictures Corp.)*, 21

F.3d 24, 26 (2d Cir. 1994). As the Second Circuit recently made clear, the public and the press

have a "qualified First Amendment right of access" to inspect and make copies of judicial

documents and docket sheets. *Hartford Courant Co. v. Pellegrino*, 371 F.3d 49, 59 (2d Cir.

2004). Furthermore, the Court is not likely to exclude the public from any Court proceeding

without an extraordinary demonstration of good cause. *See, e.g., Hartford Courant Co.*, 371

F.3d at 57 ("The Supreme Court [has] recognized that the First Amendment grants both the

public and the press a qualified right of access" to judicial proceedings); *Westmoreland v. Columbia Braodcasting Sys., Inc.*, 752 F.2d 16, 22 (2d Cir. 1984) ("There is, to be sure, an abundance of support in the cases for a constitutionally grounded public right of access to the courtroom").

In limited circumstances and upon a showing of compelling circumstances, this Court may order certain records to be sealed. *See Hartford Courant Co.*, 371 F.3d at 62-63 ( judicial records enjoy a "presumption of openness," a presumption that is rebuttable only "upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest") (internal quotations omitted). However, "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.* 21 F.3d at 27 (citation omitted); *see Securities & Exchange Comm'n v. The Street.com,* 273 F.3d 222, 232 (2d Cir. 2001). Moreover, ordinarily, a court must make that determination on the basis of a careful document-by-document review of the particular portions of the document that a party wishes to be kept under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection. *See Amodeo*, 71 F.3d at 1050-51. A blanket sealing order would rarely, if ever, be appropriate. Furthermore, the parties' agreement to seal or limit disclosure of documents on file is not a sufficient basis for granting such an order. *Id.* Until either party demonstrates the existence of extraordinary circumstances or a compelling need to seal from public view any particular portion of any specific document filed in this case, this Court will not depart from the governing strong presumption of open access.

IT IS SO ORDERED.


_____
Mark R. Kravitz
United States District Judge


**Dated at New Haven, Connecticut: August 24, 2004**.