UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.  CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/
    LEXINGTON LAW FIRM  December 22, 2004

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ELECTION TO APPEAR PRO SE

Plaintiff received defendant's Opposition after her Supplemental Information. She now has additional reasons to support the Motion (Doc. No. 99). First, Mr. Lawrence has been spending much time abroad. He told Chambers that he had spent most of November in Turkey and was to be in Turkey from early December until his return on December 21, 2004. It is difficult to conduct litigation from Turkey. Second, the undersigned received, *from Utah,* several documents during December even though Mr. Lawrence was abroad:

1. Defendants first Production Request dated December 2, 2004, unsigned
2. Defendant's First Requests for Admissions dated December 2, 2002 (sic)*
3. Defendant's First Set of Interrogatories dated December 3, 2004*
4. Defendant's Second Request for Production dated December 7, 2004*
5. Defendant's Initial Disclosures dated December 7, 2004*
6. Document dated December 9, 2004*
7. Defendant's Second Requests for Admissions dated December 10, 2004*
8. Originals of all prior discovery responses dated December 17, 2004; sole change is adding verification dated December 17, 2004 before Notary Nicole Stones, an employee of Atkin & Shields (sample verification attached)
9. Blanket Objections to plaintiff's September 17, 2004, Fourth Document Requests and Third Request for Admissions (page 47 attached)
10. Blanket objections to plaintiff's Nov. 19 request for Admission of Documents relating to Lexington, including those signed by defendant appended to plaintiff's Motion to Strike Pro Se Appearance (Doc. No. 99)
11. Reply to Motion to Strike dated Dec. 17, 2004

*These documents were evidently presigned; attached is a sample of the identical signature pages with the signature at the top irrespective of where the prior page ended, and without regard to the normal signature block per D. Conn. Local Civ. Rule 10.

The documents were prepared by a lawyer but not by Mr. Lawrence, who favors open disclosure,[1] even though his prior counsel asserted numerous confidentiality objections. The lawyer who prepared them was not familiar with this Court's discovery procedures. The documents (and two emails sent under a pseudonym) are likely to have been prepared by Joann Shields, partner in Atkin & Shields, and lead counsel in the Iosello v. Lexington Law Firm case pending in Chicago. They bear the same hallmarks of discovery obstruction she appears to have conducted in Iosello. Indeed, at the last discovery conference, just before he returned to Turkey, Mr. Lawrence reported that he had just had a conversation with Ms. Shields.

If indeed Mr. Lawrence's December material was ghost-written, his "pro se" posture is deceptive. The ghost-writing lawyer avoids appearing or being subject to Rule 11 or Rule 26(g) obligations. Courts look askance at ghostwriting. *See, e.g.,* Duran v. Carris, 238 F.3d 1268, 1271 (10th Cir. 2001); Ricotta v. California, 4 F. Supp. 2d 961, 985-87 (1988), *aff'd,* 173 F.3d 861 (9th Cir. 1999); Ellis v. Maine, 448 F.2d 1325, 1328 (1st Cir. 1971); Ellingson v. Monroe (In re Ellingson), 230 B.R. 426, 435 (Bankr. D. Mont. 1999) ("[g]host writing" violates court rules and ABA ethics); Wesley v. Don Stein Buick, Inc., 987 F. Supp. 884, 885-86 (D. Kan. 1997) (expressing legal and ethical concerns regarding ghost writing of pleadings by attorneys); Laremont_Lopez v. Southeastern Tidewater Opportunity Ctr., 968 F. Supp. 1075, 1077 (E.D. Va. 1997) ("improper for lawyers to draft or assist in drafting complaints or other documents submitted to the Court on behalf of litigants designated as pro se"); United States v. Eleven Vehicles, 966 F. Supp. 361, 367 (E.D. Pa. 1997) (ghost writing by attorney for pro se litigant

---

[1] "We believe an honest approach of full disclosure is the most effective way to earn that confidence, which is why we're so open about who we are, what we do, how we do it, how well we're doing, and where we're headed. Ultimately, it is this kind of direct and open communication that allows us to build trusting and lasting relationships with our clients," said Mr. Lawrence. Document from Lexington Web Site attached.

implicates attorney's duty of candor to the court, interferes with the court's ability to supervise the litigation, and misrepresents the litigant's right to more liberal construction as a pro se litigant).

If, indeed, defendant still has the benefit of representation (under the table) by his long-standing attorneys, Atkin & Shields, his pro se appearance should be stricken.

                              THE PLAINTIFF

                              BY____/s/ Joanne S. Faulkner___
                              JOANNE S. FAULKNER ct04137
                              123 Avon Street
                              New Haven, CT 06511-2422
                              (203) 772-0395
                              j.faulkner@snet.net

This is to certify that the foregoing and attached was mailed on December 21, 2004, postage prepaid, to:

Victor Lawrence pro se
PO Box 1413
Bountiful UT 84011-1413

                              _/s/ Joanne S. Faulkner_____
                                Joanne S. Faulkner

Dated this 7th day of December 2004.

                                                                                Victor Lawrence, Defendant
                                                                                Pro Se

5

Dated this 17th day of December 2004.

Victor Lawrence
PO Box 1413
Bountiful, Utah
8011-1413
Tel. (801) 296-0252

### Verification

Victor Lawrence, being first duly sworn deposes and says: That he is the Defendant in the above entitled action; that he has read the foregoing document; understands the contents thereof; and that the facts set forth in this pleading are true and correct to his own personal knowledge, except as to those matters stated on information and belief and as to those matters, he believes them to be true.

Dated this 17th day of December 2004.

Victor Lawrence

### NOTARY'S CERTIFICATE

On this 17th day of December 2004, before me, the undersigned notary, personally appeared Victor Lawrence, who is personally known to me or: "who proved to me his/her identity through documentary evidence in the form of a personally known to me " to be the person who signed the preceding document in my presence and who swore or affirmed to me that the signature is voluntary and the document truthful.



NICOLE STONES
NOTARY PUBLIC - STATE OF UTAH
3362 HECTOR DRIVE
WEST VALLEY CITY, UT 84119
My Comm. Exp. 08/06/2007

NOTARY PUBLIC

Lexington Updates Identity, Launches New Web Site

**SALT LAKE CITY, Utah — June 1, 2002 —** Lexington Law Firm, a leading provider of credit report repair services, today unveiled its new web site and brand identity aimed at reinforcing its continued commitment to providing innovative credit solutions for consumers.

Press contacts

**Public Relations**
Lexington Law Firm
+1 888.596.4997
relations@lexingtonlaw.com

**Marketing**
Lexington Law Firm
+1 888.596.4997
marketing@lexingtonlaw.com

"We felt that our previous identity no longer adequately reflected the depth of our commitment nor the quality of our service," said said Victor Lawrence, Lexington's Founder and Directing Attorney. "With an increasing number of companies imitating our style and content, a fresh identity to help set us apart from the competition seemed all the more appropriate."

"We didn't materialize overnight like some competitors," Mr. Lawrence added. "We've been around for over a decade, we've got more experience than most of the competition combined, and we will continue to provide best-of-class service to consumers long after those competitors have left the credit report repair arena. We're in this for the long term."

"When we introduced our eClient service in 1997 we were the first to offer consumers an e-based credit solution. We've been refining our process ever since, incorporating new ideas and testing repair strategies at every opportunity. In fact, we are the ones pushing the proverbial envelope in our industry, and we wanted an identity that captured our progressive spirit."

The proliferation of predatory companies in the sub-prime markets has created a wide-spread atmosphere of distrust among consumers. Lexington hopes to recapture waning consumer confidence in the wake of fraudulent activity precipitated by these companies.

"We believe an honest approach of full disclosure is the most effective way to earn that confidence, which is why we're so open about who we are, what we do, how we do it, how well we're doing, and where we're headed. Ultimately, it is this kind of direct and open communication that allows us to build trusting and lasting relationships with our clients," said Mr. Lawrence.

Lexington Law Firm ignited the credit report repair revolution in 1991 with its offline services, and reinvented the repair process in 1997 with its eClient service. Lexington is committed to providing the best and most effective credit report repair solutions to consumers through its innovative repair and Internet offerings.

Lexington Law Firm, the Lexington logo, eClient, Direct Demand, and Dispute Valet are trademarks of Lexington. Other company and product names may be trademarks of their respective owners.

 

Defendant declines to answer this Request for Admission and will file a motion with the court seeking a protective order from the court that releases Defendant from any obligation to answer this Admission. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently scheduled for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for admission. However, Defendant admits that Utah Ethics Opinion Op 97-10 requires that attorneys must keep copies of their advertising materials for two (2) years after it is published pursuant to Rule 7.2 of the Utah Rules of Professional Conduct.

**REQUEST NO. 38**: Defendant did not keep a copy of each of Lexington Law's web pages for September or October 2002.

**RESPONSE**: Deny.

DATED this _____ day of December, 2004.

Victor C. Lawrence
Defendant Pro Se
P.O. Box 1413
Bountiful, Utah 84011-1413
Tel.: (801) 296-0252
Fax: (801) 292-7575