UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.   CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/
    LEXINGTON LAW FIRM   December 20, 2004

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE ELECTION TO APPEAR PRO SE**

Defendant has not opposed the Motion (Doc. No. 99), which is sufficient grounds to grant it. Plaintiff represented that she would supplement the Motion with a copy of defendant's November 19, 2004, attempted deposition, which is attached. Plaintiff also supplements the motion with a Nov. 26, 2004 Martindale-Hubbell description of the Lexington Law Firm, and a transcript of a Public Reprimand relating to Mr. Lawrence.

                THE PLAINTIFF

                BY____/s/ Joanne S. Faulkner___
                JOANNE S. FAULKNER ct04137
                123 Avon Street
                New Haven, CT 06511-2422
                (203) 772-0395
                j.faulkner@snet.net

PUBLIC REPRIMAND
On September 23, 2004, the Chair of the Ethics and Discipline Committee of the Utah Supreme Court entered an Order of Discipline: Public Reprimand reprimanding Victor Lawrence for violation of Rules 1.1 (Competence), 1.3 (Diligence), 1.4(a) (Communication), 3.3 (Candor Toward the Tribunal), and 8.4(a) (Misconduct) of the Rules of Professional Conduct.

In summary:
Mr. Lawrence represented debtors in a bankruptcy matter. In a ruling, the bankruptcy court stated that the debtors did not give the notice required to the creditors. Mr. Lawrence failed to list all creditors on the court's mailing matrix of interested parties, even after receiving the trustee's objection. Mr. Lawrence's lack of competence denied the debtors their day in court. Mr. Lawrence also failed to pursue with the bankruptcy court issues of allowances and reimbursements due to the debtors and a creditor, and failed to communicate with the debtors regarding management of the cash collateral necessary to continue the debtors' business. The court stated that Mr. Lawrence admitted to filing a false certificate of mailing with the court regarding the creditors.

      This is to certify that the foregoing and attached was mailed on December 18, 2004, postage prepaid, to:

Victor Lawrence pro se
PO Box 1413
Bountiful UT 84011-1413

                                              _/s/ Joanne S. Faulkner_____
                                                 Joanne S. Faulkner


LexisNexis Martindale-Hubbell

**Lexington Law Firm**
P.O. Box 1173
Salt Lake City, Utah 84110
(Salt Lake Co.)

**Telephone:** 801-297-2480
Toll Free: 800 341-8441
Fax: 801-297-2511
Email: Contact Us
**Web Site:**
http://www.lexingtonlaw.com

Request Info    Send Email

(Main Office)

**Statement of Practice:**
Consumer Advocacy, Consumer Credit Rights, Consumer Litigation, Fair Credit Reporting Act, Fair Debt Collection Practices, Consumer Credit Services, Unfair and Deceptive Acts and Practice Violations, Automobile Fraud, Consumer Class Actions, Products Liability, Criminal Defense, Civil Rights, Constitutional Torts, Business Law, Municipal Law.

**Firm Profile:**
Lexington Law Firm is a full-service, consumer advocacy law firm, with additional emphasis in personal injury, estate planning, criminal defense and constitution law. With 5 attorneys, the firm leverages state-of-the-art technology to deliver high quality legal services to a national client base at an affordable cost. Clients of the firm rely on the expertise, pass on and professional integrity of the firm's attorneys. It's members are currently licensed or are eligible to be licensed in several Western States. In addition, the firm actively

Lexington Law Firm, law firm in Salt Lake City, Salt Lake Co., Utah,...     http://www.lawyers.com/find_a_lawyer/search/print_firm_listing.php?...

co-counsels and affiliates with attorneys throughout the United States. Lexington's attorneys share over 3/4's of a century of legal experience between them.

**Firm Size:** 5

**MEMBERS**

**Victor C. Lawrence** (Member) born Salt Lake City, Utah, October 8, 1956; admitted to bar, 1985, Utah. **Education:** Brigham Young University (B.A., 1983); J. Reuben Clark School of Law (J.D., 1984). Adjunct Professor, J. Reuben Clark Law School, Brigham Young University, 1985-1986. Judge Pro Tempore, Small Claims Court, 1986-1988. Founding Member, Governors Polynesian Advisory Council. **Member:** Utah State Bar. **Practice Areas:** Complex Civil Litigation; Business Law; Criminal Defense; Consumer Law; Consumer Credit Rights; Consumer Litigation; Fair Credit Reporting Act; Fair Debt Collection Practices Act; Consumer Credit Services; Unfair and Deceptive Acts and Practices; Automobile Fraud; Consumer Class Actions; Estate Planning; Wills; Trusts; Elder Law. Send an Email

**John C. Heath** (Member) born Salt Lake City, Utah; admitted to bar, 2001, Utah; 2004, District of Columbia. **Education:** University of Utah (B.A.); Ohio Northern University (J.D., 2000). **Member:** Utah State Bar; American Bar Association. **Practice Areas:** Consumer Law; Consumer Rights; Business Law; Municipal Law; Family Law. Send an Email

**Paul H. Johnson** (Member) born Idaho Falls, Idaho, May 21, 1956; admitted to bar, 1985, Idaho; 1986, Utah. **Education:** Ricks College; Brigham Young University (B.S., 1982); University of Idaho (J.D., 1985). Judicial Law Clerk to Hon. Ray M. Harding, Utah Fourth District Court, 1986-1987. Deputy Prosecutor, Bonneville County, Idaho, 1988-1989. Attorney: Law Firm of J.D. Williams, 1985-1986; Bruce L. Richards & Associates, 1987-1988; Douglas M. Durbano & Associates, 1989-1993; A. Paul Schwenke & Associates; Johnson & Lawrence, 1993-1995; Paul H. Johnson, Attorney at Law, 1995-1996; Utah Legal Services, Inc., 1999-2002. Administrative Hearing Officer, Department of Human Services, 1998-1999. In-house Counsel, Pacific Rim Financial Group, 1996-1998. **Member:** Idaho State Bar; Utah State Bar. **Languages:** Japanese. **Practice Areas:** Personal Injury; Consumer Credit Services; Consumer Law; Real Estate; Criminal Defense. Send an Email

**Lane Ryan Pas Waters** (Member) born Murray, Utah, 1952; admitted to bar, 1989, Utah; 1996, Tennessee. **Education:** University of Utah (B.A., 1977); University of Arkansas (J.D., 1989). **Practice Areas:** Consumer Law; Consumer Rights.

**OF COUNSEL**

**Donald E. Glass** (Of Counsel) born Downey, California, April 27, 1950; admitted to bar, 1990, California. (Not admitted in Utah). **Education:** Whittier College (B.A., 1972); Southern California College of Law (J.D., 1989). **Member:** American Bar Association; The Barristers Orange County California. **Practice Areas:** General Practice; Real Estate; Business Law; Credit Law. Send an Email

11/26/2004 7:27 AM

Page 273

```
 1    IN THE UNITED STATES DISTRICT COURT
 2    FOR THE DISTRICT OF CONNECTICUT
 3    ---------------------------------x
 4    MICHELLE GOKTEPE,
 5                Plaintiff,
 6        -versus-                       : Case No. 3:03CV 0089
                                                    (MRK)
 7
      VICTOR LAWRENCE,
 8    d/b/a LEXINGTON LAW FIRM,            Volume II
 9                Defendant.
10    ---------------------------------x
11
12
13                Continued Deposition of VICTOR LAWRENCE,
14    taken pursuant to The Federal Rules of Civil Procedure,
15    at the offices of Sanders, Gale & Russell, 437 Orange
16    Street, New Haven, Connecticut, before Patricia Saya,
17    LSR No. 37, a Registered Professional Reporter and
18    Notary Public in and for the State of Connecticut, on
19    November 19, 2004, at 11:05 a.m.
20
21
22
23
24
25
```

Page 274

```
 1   A P P E A R A N C E S:
 2              For the Plaintiff:
 3              JOANNE S. FAULKNER, ESQ.
                123 Avon Street
 4              New Haven, Connecticut 06511-2422
 5
                Pro Se Defendant:
 6
                VICTOR LAWRENCE, ESQ.
 7              634 South 400 West
                Salt Lake City, Utah  84111
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 275

```
 1                    I N D E X
 2   WITNESS              DIRECT   CROSS
     VICTOR LAWRENCE       275      --
 3
 4
 5              PLAINTIFF'S EXHIBIT
 6   NO.     DESCRIPTION                            PAGE
     N    Notice of Continued Deposition             276
 7
 8   (Exhibit was retained by counsel.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 276

1  V I C T O R   L A W R E N C E,

2  of P.O. Box 1413, Bountiful, Utah 84111, called as a

3  witness, having been first duly sworn by Patricia Saya,

4  a Notary Public in and for the State of Connecticut, was

5  examined and testified as follows:

6  DIRECT EXAMINATION

7  CONTINUED BY MS. FAULKNER:

8      Q.   Would you state your name and street address

9  for the record, please?

10     A.   Victor Lawrence, P.O. Box 1413, Bountiful,

11 Utah, 84111.  The street address, local street address

12 here, I don't have it with me.

13     Q.   I don't want your local street address here.

14 Local street address in Utah?

15     A.   No, I won't state that.

16     Q.   You are not going to give me your street

17 address in Utah?

18     A.   No.

19          MS. FAULKNER:  Would you mark that notice

20 of continued deposition, please?

21          (Plaintiff's Exhibit N:  Marked for

22 Identification - described in Index.)

23          MS. FAULKNER:  And Mr. Lawrence was late

24 for the deposition.  He has been here for half an hour,

25 and we are getting started at 5 minutes of 11:00, after

Page 277

1  he made several phone calls.
2             THE WITNESS: Just for the record, I made
3  several phone calls before 10 o'clock to verify if there
4  was in fact a deposition here.
5             MS. FAULKNER: This is a continued
6  deposition because of several items that you wouldn't
7  answer on the record before, but we are not going to get
8  into the confidential items at first.
9             THE WITNESS: Miss Faulkner, I am not
10 answering any questions until you demonstrate something
11 to me that demonstrates that I have to be here.  I did
12 not come to Connecticut for your deposition.  I have not
13 received notice of the deposition for today.
14            MS. FAULKNER: You have been away.  That
15 is the problem.
16            THE WITNESS: No, I have been away in
17 Utah.  That is where I live, in Utah, yes, ma'am.
18            MS. FAULKNER: Then you should have
19 received it.
20            THE WITNESS: Ma'am, I received a copy
21 of -- no, I have not received a copy of this deposition,
22 ma'am.  This notice, Exhibit N, I have never seen this
23 notice whatsoever.
24            MS. FAULKNER: You are here now, so shall
25 we go forward?

Page 278

```
 1                 THE WITNESS:  No, ma'am, we shall not.
 2   If you can demonstrate to me anything demonstrating that
 3   you can take my deposition today, I would let you go
 4   forward.  If you can't, then I am walking out of here.
 5   I have already spend the expense to conduct my
 6   deposition, which you said you knew about, you had
 7   notice of, and you failed to appear at the deposition of
 8   Jim Goktepe at 9 o'clock over at Carmody.
 9            At this point, if you can demonstrate why I
10   should be here, I will stay.  If you can't, then I am
11   not answering any questions.
12                 MS. FAULKNER:  I think Judge Kravitz
13   likes us to work these things out.  As long as you are
14   here now --
15                 THE WITNESS:  I have a plane to catch.
16   If you will pay for my plane fare, I would consider
17   giving you another day to take my deposition.
18                 MS. FAULKNER:  When is your plane?
19                 THE WITNESS:  My plane leaves this
20   afternoon.  I have several points with attorneys here in
21   the State of Connecticut that I want to try to talk to.
22   I have to be at the airport, at Bradley, before 3:30.
23                 MS. FAULKNER:  If you would stop talking
24   and start answering questions --
25                 THE WITNESS:  I told you, I will answer a
```

1   question the moment you can demonstrate to me why I have
2   to be here.
3              MS. FAULKNER:  Because you were served
4   with a notice of deposition.
5              THE WITNESS:  I was not served with this
6   notice of deposition, ma'am, Exhibit N, and I was
7   never -- you had my deposition.  At my deposition, you
8   did not continue it.  You did not ask to continue it.
9   You did not ask to have more than one day, 7 hours of my
10  deposition.
11             MS. FAULKNER:  Sir, in fact, I did ask to
12  continue it because of the confidentiality objections.
13  I did ask your attorneys if they had any objection to
14  the continued deposition.  They said no.
15             THE WITNESS:  No, that is not correct.
16  Unless you can show me anything where you have
17  permission from the court to go beyond one day of
18  deposition with me, I have no intention of answering any
19  questions with you.
20             MS. FAULKNER:  You do not want to work
21  this out, even though you are --
22             THE WITNESS:  Absolutely, I want to work
23  this out, as far as resolving this.  You are trying to
24  have a deposition where you are not giving me notice of
25  it, where you are not asking the court for permission to

Page 280

1  ask for additional time.  So absolutely, I am not
2  willing to work it out, meaning Victor, just do what
3  Miss Faulkner wants done.
4           I expect Miss Faulkner to act in a
5  professional manner.  I demand the same of you that you
6  would demand of any other attorney, nothing more,
7  nothing less.
8                MS. FAULKNER:  So you are refusing to be
9  deposed?
10               THE WITNESS:  I am not refusing to be
11 deposed by anybody.  I am refusing to talk to you right
12 now unless you can legitimately depose me.  If you want
13 to talk with me, I am more than happy to, because for
14 the record, you refuse to answer the phone and you
15 refuse to give me a time when I could call such that you
16 would answer the phone.  You refuse to have a fax
17 capability.  You do have an e-mail capability.
18          You know my office has been changed, in
19 transition, so I don't have my e-mail yet.  I cannot
20 wait for the day when I get my e-mail so that we can at
21 least communicate, because I am at least in the hope
22 mode that you will respond in that case.
23          You want to work things out.  I will work out
24 anything.  I am always leaning toward let's resolve
25 these things amicably and professionally and

Page 281

1  efficiently, but right now I am not in any way, shape,
2  or form willing to let you depose me without proper
3  deposition notice and without proper authority to do so.
4  Are you clear?
5              MS. FAULKNER:  I am clear that we should
6  be resolving this, and the best way to resolve is --
7  right now I only have a few more questions.
8              THE WITNESS:  We have a disagreement on
9  that.  Do you have any other questions for me?
10             MS. FAULKNER:  Yes, I have several
11 questions.  Would you like to identify some documents
12 for me?
13             THE WITNESS:  No, ma'am.
14             MS. FAULKNER:  You are refusing to be
15 deposed?
16             THE WITNESS:  No, absolutely not.  I am
17 not refusing to be deposed.  Make sure the record is
18 clear on that.  I am more than willing to be deposed
19 under proper circumstances.  You are not allowed to
20 depose me because you already did.
21             MS. FAULKNER:  So you want me to make a
22 motion to the court to get permission to depose you?
23             THE WITNESS:  I don't care what you do.
24 I want you to conduct yourself like an attorney.  If you
25 have the right to depose me, go ahead and depose me.  If

Page 282

1   you have the right to ask me any questions, go ahead.  I
2   would welcome the opportunity to discuss this matter
3   with you and try to settle matters with you, but I will
4   not let you do a deposition that you are not entitled
5   to.
6                MS. FAULKNER:  Mr. Lawrence, I guess, is
7   refusing to resolve this in a --
8                THE WITNESS:  You can make all kinds of
9   guesses that you want.  I want the record clear.  I make
10  no guesses.  I am willing to be deposed under proper
11  circumstances.  I am not willing to pay my money to come
12  out here when she knew and she was representing a party
13  that was properly served for a deposition and willfully
14  failed to appear at the deposition.
15               MS. FAULKNER:  That is a
16  mischaracterization.  I'm sorry that you will not --
17               THE WITNESS:  We have a misunderstanding
18  as to characterizations.  I am clear about that.
19               MS. FAULKNER:  Okay, thank you.
20               (Deposition adjourned:  11:10 a.m.)
21
22
23
24
25