IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHELLE GOKTEPE<br><br>Plaintiffs,<br><br>vs.<br><br>VICTOR LAWRENCE d/b/a<br>LEXINGTON LAW FIRM<br><br>Defendant. | LAWRENCE'S REPLY TO PLAINTIFF'S MOTION TO STRIKE LAWRENCE'S ELECTION TO APPEAR PRO SE<br><br>Case No. 3:03CV 0089(CFD)<br><br>Judge: Mark R. Kravitz<br><br>December 17, 2004 |

I.  Introduction

On November 24, 2004, Plaintiff Goktepe ("Goktepe") filed a Motion to Strike Lawrence's Election to Appear Pro Se ("Motion") and an accompanying supporting Memorandum ("Memorandum"). The Memorandum goes to great lengths to contaminate the record with conclusory and speculative statements about numerous individuals and includes hearsay exhibits to support them. The statements, the documents, and the individuals are irrelevant to the claims and defenses in this case. They are wholly gratuitous and merely an attempt by Goktepe to throw dust into the air in the hope that the Court's vision will be obscured and that the Court will thereby be blinded to the groundless basis for the Motion. In the interest of judidical economy, in this Response to the Motion, Goktepe's groundless conclusions and statements are not rebutted in detail

1

here but are instead denied categorically and because they are irrelevant to the Motion the exhibits are ignored.

II. <u>Lawrence is a Sole Proprietor and Not a Corporation, Partnership or Association and Lawrence is Legally Entitled to Represent Himself Pro Se</u>

The rambling and disjointed discussion in the Memorandum can be boiled down to the claim that Lawrence is not a sole proprietor of his former law practice, Lexington Law Firm, but is instead a "part of an entity that includes many other individuals, [and therefore] cannot appear pro se. Again, while not clear on its face, the Memorandum appears to argue that because Lawrence had employees and vendors, he is not, or cannot be, a sole proprietor and therefore cannot appear Pro Se. A secondary argument seems to be that, because Lawrence cannot be a sole proprietor, he is a corporation, partnership or association and therefore subject to discovery demands by Goktepe under FRCP 30(b)(6).

The Memorandum claims that, in this case, "it appears that the personal interests of several others – employees, clients, owners of the firm's assets, and management consultants – will be affected by the outcome of this proceeding. From this claim, the Memorandum bootstraps up to the argument that Lawrence is not, cannot be, and cannot appear in this case, Pro Se.

The Memorandum distorts the meaning of the word "affected." Is it true that any litigation against Lawrence, as a sole proprietor businessman, may impact the business he

2

owns and operates and thereby indirectly *economically* impact the business' employees, client and vendors? Yes. But that does not mean that Lawrence is representing the *legal interests* of the business' employees, clients and vendors. No. He is representing the interests of the sole proprietorship business, which, as a matter of law, are his personal and individual interests only.

If Goktepe's argument that a businessman cannot be a sole proprietor because they have employees, clients and/or vendors, there would be no sole proprietorships in the world because all sole proprietorships have at least one of these elements: employees, clients and/or vendors. The fact that Lawrence has employees and vendors does not preclude him from being a sole proprietor. A sole proprietor by definition is running a business. A sole proprietor can have employees and vendors and nothing requires a sole proprietor to be a corporation, a partnership or an association in order to run a business using employees and vendors.

It is black letter law that, as a sole proprietor, Lawrence is legally entitled to represent himself *pro se* in this case. *See United Parcel Service of America, Inc. v The NET*, Inc., 185 F.Supp.2d 274, 280 (E.D.N.Y. 2002)( sole owner of the business can represent the business pro se in federal court)(citing *Kraebel v. New York City Dep't of Housing Preservation and Development*, 2002 WL 14364 *4, n. 5 (S.D.N.Y. Jan.3, 2002) (holding that the plaintiff's *pro se* status was acceptable because a sole proprietorship may be represented by its owner); *Pension Benefit Guaranty Corp. v. Viking Food Service, Inc.*,

1994 WL 702042 *1 (S.D.N.Y. Dec.14, 1994) (stating that sole proprietors are entitled to represent themselves *pro se* ).

III.  Conclusion – The Motion to Strike Should be Denied

Goktepe does not directly argue that Lawrence is a corporation, partnership or association. She merely argues that because Lawrence has employees, clients and vendors, he cannot be a sole proprietor and therefore cannot appear Pro Se. Goktepe's argument would eliminate the legal business model of sole proprietorship altogether, an outcome that defies law, logic and common sense. Goktepe provides no case law to support her argument. This is because the case law clearly says the opposite.

Accordingly, the Motion should be denied.

DATED this 17th day of DECEMBER, 2004.

Victor Lawrence
Defendant Pro Se
P.O. Box 1413
Bountiful, Utah 84011-1413
Tel.: (801) 296-0252
Fax: (801) 292-7575

4


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by First Class U.S. mail, postage prepaid, and by Federal Express on this __17th__ day of __December__, 20__04__, to the following:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511-2422