UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE                    JURY TRIAL DEMANDED

v.                                  CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM

[ANNOTATED] SECOND AMENDED COMPLAINT

1. Plaintiff seeks relief pursuant to the federal Credit Repair Organizations Act (CROA), 15 U.S.C. § 1679, which regulates the conduct of credit repair organizations, the Connecticut Credit Clinics Act, Conn. Gen. Stat. §36a-700, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a. DENIED, INSUFF KNOWLEDGE

2. The Court's jurisdiction is conferred by 28 U.S.C. §133l, §1337, and § 1367. DENIED

3. Plaintiff is a natural person who resides in CT.    DENIED, INSUFF KNOWLEDGE

4. Defendant uses instrumentalities of interstate commerce, including electronic transmission and the United States Postal Services, in a business which purports to perform the service of improving, correcting, changing, or deleting adverse entries on a consumer's credit record. DENIED

5. Defendant is a credit repair organization within the CROA and a credit clinic within the Connecticut Credit Clinics Act. DENIED

6. Defendant has accepted retainer and service fees from Connecticut residents. DENIED. [AFFIRMATIVELY ALLEGES ACCEPTING LEGAL FEES AFTER SERVICES FULLY PERFORMED]

FIRST COUNT

7. Defendant has a place of business registered to his trade name (d/b/a) at 634 South 400 West, # 200, Salt Lake City, UT 84101. DENIED [AFFIRMATIVELY ALLEGES THAT HE HAS DONE BUSINESS UNDER A TRADE NAME AT THE ADDRESS]

8. Defendant is not licensed as an attorney in Connecticut. DENIED [AFFIRMATIVELY ALLEGES THAT HE IS NOT A MEMBER OF THE CT STATE BAR]

9. Defendant does not refuse to accept retainer fees from Connecticut residents. DENIED [AFFIRMATIVELY ALLEGES THAT HE ACCEPTS LEGAL FEES, NOT RETAINER FEES]

10. Defendant accepted a retainer and service fees from plaintiff. DENIED [AFFIRMATIVELY ALLEGES THAT HE ACCEPTS LEGAL FEES, NOT RETAINER FEES; OTHER UNRESPONSIVE SELF-SERVING MATERIAL]

11. Upon information and belief, what is now Lexington Law Firm was originated by one Jason Orvis in cooperation with Jamis Johson, a since disbarred Utah lawyer. DENIED

[PLAINTIFF'S NOTE: True spelling is Jayson Orvis]

12. Upon information and belief, Lexington outsources or contracts for, or licenses much of its credit repair work and advertising from one or more entities owned or operated by Jason Orvis, including Far Cliffs Multimedia, L.L.C. Upon information and belief one Deon Steckling also has an interest in or shares the proceeds from Lexington and or the Orvis entities. DENIED

13. Neither Jason Orvis nor Deon Steckling are lawyers. DENIED, INSUFF

KNOWLEDGE

14. Upon information and belief, Jason Orvis and /or Deon Steckling receive money from or have authority to sign checks or transfer funds from Lexington accounts.  DENIED

15. At and before November 22, 2003, Defendant, either directly or through an authorized agent, has advertised Lexington's "nationwide" credit repair clinic extensively on the internet, and directly or indirectly pays "affiliates" to link to his web site. DENIED

16. At and before November 22, 2003, Defendant's interactive web site (lexingtonlaw.com) explained the "advantages of using a law firm." It says, "We enforce your rights under the various federal laws." DENIED [DOCUMENTS SPEAK FOR THEM SELVES]

> [PLAINTIFF'S COMMENT: Courts have been waiting for years to hear a document speak for itself. <u>State Farm Mutual Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001).]

17. At and before November 22, 2003, Defendant's interactive web site promised to "impose legal opinions when and if necessary." DENIED [DOCUMENTS SPEAK FOR THEM SELVES]

18. At and before the date of this action, Defendant signed up his credit repair clients (including plaintiff) through his interactive web site on the internet. DENIED

19. At and before the date of this action, Defendant communicated with his credit repair clients (including plaintiff) through internet e-mail. DENIED [AFFIRMATIVELY ALLEGES THAT HE COMMUNICATES WITH LEGAL CLIENTS THROUGH INTERNET EMAIL]

20. At the time when plaintiff signed up with Lexington Law Firm over the internet, there were four lawyers at Lexington Law Firm. DENIED

21. Lexington Law Firm statistics published on its web site represented that over 260,000 negative items were deleted from credit reports in a recent one year period. DENIED

22. Lexington Law Firm statistics published on its web site represented that it removed some 28,000 negative items per month, on average, from credit reports. DENIED

23. From 7/1/02 to 9/30/02 Lexington Law Firm records represented that it removed multiple negative entries from credit reports relating to entities including SNET, Webster Bank, People's Bank, United Illuminating, Credit Bureau of Connecticut, US Bankruptcy Court of New Haven CT, Connecticut State, EFGTECH /Connecticut, and Ansonia collections. DENIED

24. In or about September 20, 2002, Defendant agreed to work to improve plaintiff's credit by challenging credit items and represented that 'We will use federal law to pursue your right to have all such credit listings deleted from your credit report."DENIED [AFFIRMATIVELY ALLEGES THAT AGREED TO WORK TO IMPROVE PLAINTIFF'S CREDIT IN ACCORDANCE WITH FEDERAL LAW]

25. Defendant's policies, practices, and procedures include challenging only some of the credit items a consumer disputes in a single dispute letter to a credit bureau, rather than challenging all the items at once. DENIED

26. Trans Union, a consumer reporting agency, has no record of receiving any dispute from Lexington Law Firm on behalf of plaintiff during the period when Lexington was supposed to be acting on plaintiff's behalf. DENIED, INSUFF KNOWLEDGE

27. Experian, a consumer reporting agency, has no record of receiving any dispute from Lexington Law Firm on behalf of plaintiff during the period when Lexington was supposed to be acting on plaintiff's behalf. DENIED, INSUFF KNOWLEDGE

28. In accordance with its policies, practices, and procedures, Defendant affirmatively concealed its participation, if any, in challenging credit items on plaintiff's report. DENIED

29. In accordance with its policies, practices, and procedures, Defendant charged for the performance of credit repair services before fully performing the services. DENIED

30. Defendant refused to refund amounts paid by plaintiff until after this lawsuit. DENIED

31. In connection with the defendant's agreement to provide credit repair services, defendant violated the CROA, *inter alia*, § 1679b(a)(1) by making untrue or misleading statements to a consumer reporting agency; §1679b(a)(3) by misrepresenting its services; and §1679b(a)(4) by engaging in acts, practices or courses of business which constitute or result in the commission of a deception on its customers, plaintiff or the consumer reporting agencies; §1679b(b) by charging and receiving money for the performance of its agreement before the service was fully performed; and §1679d(b) by failure to include the information required by that subsection.  DENIED

SECOND COUNT

32. Within three years prior to the date of this action Defendant engaged in acts and practices as to plaintiff in violation of the Connecticut Credit Clinics Act, Conn. Gen. Stat. §36a-700, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a. DENIED

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive.

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award declaratory and injunctive relief, and such other and further relief as law or equity may provide.

                 THE PLAINTIFF


                 BY_____
                 JOANNE S. FAULKNER ct04137
                 123 AVON STREET
                 NEW HAVEN, CT 06511-2422
                 (203) 772-0395
                 j.faulkner@snet.net


AFFIRMATIVE DEFENSES [SUMMARY]

1. Subject matter jurisdiction

2. accord and satisfaction

3. waiver (void, 15 U.S.C. § 1679f)

4. estoppel

5. settlement and release

6. payment

7. failure to mitigate

8. mootness

9. contract rescinded

10. failure of consideration

11. any damages were caused by plaintiff

12 any damages were caused by third parties

13. injunctive relief inappropriate

14. barred from discovery by quantum meruit and unjust enrichment.

15. actions permitted by law or other statutory authority and are exempt from ct law

16. failure to join indispensable party.

Request for defense fees and costs