IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,<br><br>Defendant. | **DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**<br><br>Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

1.      Identify Jennifer Chacon.

Response to Interrogatory No. 1: Defendant objects to Interrogatory 1 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary. Without waiving this objection, Jennifer Chacon is a paralegal working for Lexington.

2.      Identify all staff of Lexington Law Firm ("Lexington") as of November 2002.

Response to Interrogatory No. 2: Defendant objects to Interrogatory 2 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary. Without waiving this objection, as of November 2002 Lexington employed 6 lawyers, 2 law clerks, 11 paralegals, 20 paralegal assistants, 7 support staff, 3 clerks, 3 accounting clerks, 18 mail room clerks, and 21 data entry clerks.

3.      Identify all staff of Lexington involved in credit restoration as of November 2002.

Response to Interrogatory No. 3: Defendant objects to Interrogatory 3 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence

and on the further ground that the information sought is confidential and proprietary.  Without waiving this objection, see answer to Interrogatory 2.

4.    Set forth the number of individuals who entered into retainer arrangements with Lexington during 2002 for credit restoration.

Response to Interrogatory No.4:  Defendant objects to Interrogatory 4 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary.  Without waiving this objection, defendant stipulates that he derives substantial income from interstate commerce.

5.    Set forth the number of individuals with a Connecticut address who entered into retainer arrangements with Lexington during 2002 for credit restoration.

Response to Interrogatory No. 5: Defendant objects to Interrogatory 5 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary.

6.    Set forth the number of individuals with a Connecticut address who have been Lexington's customers for credit restoration and paid Lexington for services in connection with credit restoration during and after January 2000.

Response to Interrogatory No. 6:  Defendant objects to Interrogatory 6 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary.

7.    Identify all Affiliates who agreed to participate in Lexington's affiliate network.

Response to Interrogatory No. 7: Defendant objects to Interrogatory 7 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence

2

and on the further ground that the information sought is confidential and proprietary. Without waiving this objection, this information is nor with in the custody and control of Lexington.

8.    Identify Lexington's affiliate network manager during 2002.

<u>Response to Interrogatory No. 8</u>:  Defendant objects to Interrogatory 8 on the ground that it requests information that is neither relevant nor likely to lead to discovery of admissible evidence and on the further ground that the information sought is confidential and proprietary. Without waiving this objection, there is none.

9.    Identify all lawsuits against Lexington alleging violations of law in connection with credit repair or credit reporting services.

<u>Response to Interrogatory No. 9</u>:  This action, <u>Iosello v. Lawerence</u>, N.D. Ill., Eastern Div., Case No. 03 C 0987.

10.    Identify all street addresses at which credit repair staff work.

<u>Response to Interrogatory No. 10</u>:  634 South 400 West, # 200, Salt Lake City, Utah 84101.


DATED this 9th day of _____, 2004.

ATKIN & HAWKINS, P.C.


Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039


3

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing DEFENDANT'S

SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES was

mailed first class, postage prepaid on this the _____ day of January, 2004 to the following:

Joanne S. Faulkner
123 Avon St.
New Haven, CT 06511-2422

_____

Dated this _17th_ day of _December_ 2004.

> Victor Lawrence
> PO Box 1413
> Bountiful, Utah
> 8011-1413
> Tel. (801) 296-0252

## Verification

Victor Lawrence, being first duly sworn deposes and says: That he is the Defendant in the above entitled action; that he has read the foregoing document; understands the contents thereof; and that the facts set forth in this pleading are true and correct to his own personal knowledge, except as to those matters stated on information and belief and as to those matters, he believes them to be true.

Dated this _17th_ day of _December_ 2004.

> Victor Lawrence

## NOTARY'S CERTIFICATE

On this _17th_ day of _December_ 2004, before me, the undersigned notary, personally appeared Victor Lawrence, who is personally known to me or: "who proved to me his/her identity through documentary evidence in the form of a _personally known to me_ " to be the person who signed the preceding document in my presence and who swore or affirmed to me that the signature is voluntary and the document truthful.



NICOLE STONES
NOTARY PUBLIC - STATE OF UTAH
3322 HECTOR DRIVE
WEST VALLEY CITY, UT 84119
My Comm. Exp. 08/06/2007

NOTARY PUBLIC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,<br><br>Defendant. | **DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

Defendant Victor Lawrence supplements his responses to Plaintiff's First Request for Production as follows:

1.    All documents transmitted to consumer reporting agencies ("credit bureaus") on behalf of plaintiff.

Supplemental Response to Request No. 1:  Defendant mailed a letter to Experian on October 14, 2002 disputing as inaccurate entries from Citibank, MasterCard and Filenes; to TransUnion on October 14, 2002 disputing as inaccurate entries from Macys, GECCCC and Filines; and to TransUnion on November 8, 2002 disputing as inaccurate entries from Filines, Macys/GECCCC and American Express.  Defendant runs a paper-less office and actual copies of the letters are not available.  A printout of the notes of actions taken on behalf of Ms. Goktepe, attached as exhibit A, shows these transmittals.

2.    All documents received from credit bureaus relating to plaintiff.

Supplemental Response to Request No. 2: Defendant runs a paper-less office and no such

documents are available; however, the notes, <u>see</u> exhibit A, show that reports were received from Expierian on October 7, 2002 and from TransUnion on October 7, 2002. *None*

3.    All documents relating to communications with the Connecticut Banking Department beginning in January 2001.

<u>Supplemental Response to Request No. 3</u>: There are no such documents.

4.    All manuals, procedures, and protocols used by defendant to comply with the Credit Repair Organization Act.

<u>Supplemental Response to Request No. 4</u>: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Without waiving this objection, Defendant will produce, upon entry of an appropriate protective order, those portions of its manuals, procedures, and protocol, relating to Defendant's policy to not collect money until after services are fully performed and relating to Defendant's policy of not promising specific results.

5.    All documents identified in response to the first set of interrogatories.

<u>Supplemental Response to Request No. 5</u>: Such documents in the custody or control of Defendant will be produced.

6.    All documents consulted in responding to the first set of interrogatories.

<u>Supplemental Response to Request No. 6</u>: Defendant objects to this request on the ground and to the extent it calls for production of documents protected by the attorney client and/or work product privilege and on the further ground that it fails to identify the documents requested by category or otherwise as required by rule 34(b), Fed. Rules of Civil Procedure.

2

7.    Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payment made to satisfy the judgment.

Supplemental Response to Request No. 7: There is none.

8.    All documents showing incorporation, licensing or trade name status for each business in which the defendant engages.

Supplemental Response to Request No. 8: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Without waiving objections, Defendant will produce his business license and dba registration.

9.    All balance sheets, income, and expense statements, 1099s and corporate tax returns relating to credit restoration income and expenses for the past three years.

Supplemental Response to Request No. 9: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

10.    All agreements with affiliates who have signed up for the Affiliate program ("exciting opportunities to earn income through your web site").

Supplemental Response to Request No. 10: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant

3

further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

11.     All form letters and manuals used by credit repair staff for entry of data and information from consumer clients.

<u>Supplemental Response to Request No. 11</u>: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

12.     All form letters and manuals used by credit repair staff for communication with credit bureaus.

<u>Supplemental Response to Request No. 12</u>: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

13.     All forms and manuals used by credit repair staff for entering and maintaining the statistical information as to success rates which appear on your web site.

<u>Supplemental Response to Request No. 13</u>: Defendant objects to this request on the ground that it seeks information that is confidential commercial property belonging to Lexington. Defendant further objects on the ground that this request seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence.

4

DATED this 9th day of January, 2004.

ATKIN & HAWKINS, P.C.

_____

Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039

5

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing DEFENDANT'S

SUPPLEMENTARY RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

OF DOCUMENTS were mailed first class, postage prepaid on this the _9th_ day of

_January_ 2004 to the following:

Joanne S. Faulkner
123 Avon St.
New Haven, CT 06511-2422

Dated this _17th_ day of _December_ 2004.

_Victor Lawrence_
PO Box 1413
Bountiful, Utah
8011-1413
Tel. (801) 296-0252

## Verification

Victor Lawrence, being first duly sworn deposes and says: That he is the Defendant in the above entitled action; that he has read the foregoing document; understands the contents thereof; and that the facts set forth in this pleading are true and correct to his own personal knowledge, except as to those matters stated on information and belief and as to those matters, he believes them to be true.

Dated this _17th_ day of _December_ 2004.

_Victor Lawrence_

## NOTARY'S CERTIFICATE

On this _17th_ day of _December_ 2004, before me, the undersigned notary, personally appeared Victor Lawrence, who is personally known to me or: "who proved to me his/her identity through documentary evidence in the form of a _personally known to me_ " to be the person who signed the preceding document in my presence and who swore or affirmed to me that the signature is voluntary and the document truthful.

NICOLE STONES
NOTARY PUBLIC - STATE OF UTAH
3362 HECTOR DRIVE
WEST VALLEY CITY, UT 84119
My Comm. Exp. 08/06/2007

NOTARY PUBLIC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE,<br><br>Plaintiff,<br>v.<br>VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM,<br>Defendant. | Case No. 3:03CV0089-MRK<br><br>Honorable Judge Mark R. Kravitz |

## RESPONSES TO THIRD DISCOVERY REQUEST

## ANSWERS TO INTERROGATORIES

INTERROGATORY NO. 1: Provide the name and address of all your Connecticut clients during the last quarter of 2002.

RESPONSE TO INTERROGATORY NO. 1:  Defendant objects to the interrogatory on the grounds that it seeks confidential commercial information, is overly broad and unduly burdensome, is not calculated to lead to admissible evidence and instead is designed to harass defendant.

INTERROGATORY NO. 2: Provide the number of disputes which did not result in removal of a disputed item from a credit report during 2003.

RESPONSE TO INTERROGATORY NO. 2:  Defendant objects to the interrogatory on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and not calculated to lead to admissible evidence.

INTERROGATORY NO. 3: Identify any person or entity (affiliate program described at LLF 0236 ff) to whom payment was made due to plaintiff's entry into a retainer after visiting a referring website.

RESPONSE TO INTERROGATORY NO. 3:

INTERROGATORY NO. 4: What is the meaning of E2 (D&M) listed at LLF 0050?

RESPONSE TO INTERROGATORY NO. 4:

INTERROGATORY NO. 5: Set forth the average number of letters to credit bureaus sent by Lexington weekly during the last quarter of 2002, or any recent quarter.

RESPONSE TO INTERROGATORY NO. 5: Defendant objects to the interrogatory on the grounds that it seeks confidential commercial information, is overly broad and unduly burdensome, is not calculated to lead to admissible evidence and instead is designed to harass defendant.

INTERROGATORY NO. 6: List the states in which defendant is licensed to do business as a debt adjuster or credit repair entity.

RESPONSE TO INTERROGATORY NO. 6: None, defendant is a licensed attorney.

## RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST NO.1: All portion of any videotape and/or audio recording of the FCRA conference attended by defendant in Orlando, FL.

RESPONSE TO REQUEST NO. 1:

REQUEST NO. 2: Copies of any 2002 or 2003 quarterly statistical report as to numbers of credit bureau disputes processed by defendant.

RESPONSE TO REQUEST NO. 2: Defendant objects to the request on the grounds that it seeks confidential commercial information, is overly broad and unduly burdensome, is not calculated to lead to admissible evidence and instead is designed to harass defendant.

DATED this 3th day of August, 2004.

2

ATKIN & SHIELDS, P.C.

Blake S. Atkin CT24726
Lonn Litchfield CT24727
Attorneys for Victor Lawrence
136 South Main Street, 6th Floor
Salt Lake City, UT 84101
Tel. (801) 533-0300
Fax (801) 533-0380

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039

3

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing  RESPONSES TO THIRD

DISCOVERY REQUEST was mailed first class, postage prepaid on this the ___23___ th day of

August, 2004 to the following:


Joanne S. Faulkner
123 Avon St.
New Haven, CT 06511-2422

Dated this _17th_ day of _December_ 2004.

Victor Lawrence
PO Box 1413
Bountiful, Utah
8011-1413
Tel. (801) 296-0252

## Verification

Victor Lawrence, being first duly sworn deposes and says: That he is the Defendant in the above entitled action; that he has read the foregoing document; understands the contents thereof; and that the facts set forth in this pleading are true and correct to his own personal knowledge, except as to those matters stated on information and belief and as to those matters, he believes them to be true.

Dated this _17th_ day of _December_ 2004.

Victor Lawrence

## NOTARY'S CERTIFICATE

On this _17th_ day of _December_ 2004, before me, the undersigned notary, personally appeared Victor Lawrence, who is personally known to me or: "who proved to me his/her identity through documentary evidence in the form of a _personally known to me_ " to be the person who signed the preceding document in my presence and who swore or affirmed to me that the signature is voluntary and the document truthful.



NICOLE STONES
NOTARY PUBLIC · STATE OF UTAH
3362 HECTOR DRIVE
WEST VALLEY CITY, UT 84119
My Comm. Exp. 08/06/2007

NOTARY PUBLIC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHELLE GOKTEPE | : | LAWRENCE'S REPLY TO PLAINTIFF'S |
| | : | MOTION TO STRIKE LAWRENCE'S |
| Plaintiffs, | : | ELECTION TO APPEAR PRO SE |
| | : | |
| vs. | : | |
| | : | |
| | : | Case No.  3:03CV 0089(CFD) |
| VICTOR LAWRENCE d/b/a | : | |
| LEXINGTON LAW FIRM | : | Judge: Mark R. Kravitz |
| | : | December 17, 2004 |
| Defendant. | : | |
| | : | |

I.    Introduction

On November 24, 2004, Plaintiff Goktepe ("Goktepe") filed a Motion to Strike

Lawrence's Election to Appear Pro Se ("Motion") and an accompanying supporting

Memorandum ("Memorandum").  The Memorandum goes to great lengths to contaminate

the record with conclusory and speculative statements about numerous individuals and

includes hearsay exhibits to support them.  The statements, the documents, and the

individuals are irrelevant to the claims and defenses in this case.  They are wholly

gratuitous and merely an attempt by Goktepe to throw dust into the air in the hope that the

Court's vision will be obscured and that the Court will thereby be blinded to the

groundless basis for the Motion.  In the interest of judidical economy, in this Response to

the Motion, Goktepe's groundless conclusions and statements are not rebutted in detail

1

here but are instead denied categorically and because they are irrelevant to the Motion the

exhibits are ignored.

II.   <u>Lawrence is a Sole Proprietor and Not a Corporation, Partnership or Association</u>
      <u>and Lawrence is Legally Entitled to Represent Himself Pro Se</u>

      The rambling and disjointed discussion in the Memorandum can be boiled down

to the claim that Lawrence is not a sole proprietor of his former law practice, Lexington

Law Firm, but is instead a "part of an entity that includes many other individuals, [and

therefore] cannot appear pro se. Again, while not clear on its face, the Memorandum

appears to argue that because Lawrence had employees and vendors, he is not, or cannot

be, a sole proprietor and therefore cannot appear Pro Se. A secondary argument seems to

be that, because Lawrence cannot be a sole proprietor, he is a corporation, partnership or

association and therefore subject to discovery demands by Goktepe under FRCP 30(b)(6).

The Memorandum claims that, in this case, "it appears that the personal interests of

several others – employees, clients, owners of the firm's assets, and management

consultants – will be affected by the outcome of this proceeding. From this claim, the

Memorandum bootstraps up to the argument that Lawrence is not, cannot be, and cannot

appear in this case, Pro Se.

The Memorandum distorts the meaning of the word "affected." Is it true that any

litigation against Lawrence, as a sole proprietor businessman, may impact the business he

owns and operates and thereby indirectly *economically* impact the business' employees,

client and vendors?  Yes.  But that does not mean that Lawrence is representing the *legal*

*interests* of the business' employees, clients and vendors.  No.   He is representing the

interests of the sole proprietorship business, which, as a matter of law, are his personal

and individual interests only.

If Goktepe's argument that a businessman cannot be a sole proprietor because they have

employees, clients and/or vendors, there would be no sole proprietorships in the world

because all sole proprietorships have at least one of these elements:  employees, clients

and/or vendors.  The fact that Lawrence has employees and vendors does not preclude

him from being a sole proprietor.  A sole proprietor by definition is running a business.  A

sole proprietor can have employees and vendors and nothing requires a sole proprietor to

be a corporation, a partnership or an association in order to run a business using

employees and vendors.

It is black letter law that, as a sole proprietor, Lawrence is legally entitled to represent

himself pro se in this case.  *See United Parcel Service of America, Inc. v The NET*, Inc.,

185 F.Supp.2d 274, 280 (E.D.N.Y. 2002)( sole owner of the business can represent the

business pro se in federal court)(citing *Kraebel v. New York City Dep't of Housing*

*Preservation and Development*, 2002 WL 14364 *4, n. 5 (S.D.N.Y. Jan.3, 2002) (holding

that the plaintiff's *pro se* status was acceptable because a sole proprietorship may be

represented by its owner); *Pension Benefit Guaranty Corp. v. Viking Food Service, Inc.,*

1994 WL 702042 *1 (S.D.N.Y. Dec.14, 1994) (stating that sole proprietors are entitled to represent themselves *pro se* ).

III.    Conclusion – The Motion to Strike Should be Denied

Goktepe does not directly argue that Lawrence is a corporation, partnership or association. She merely argues that because Lawrence has employees, clients and vendors, he cannot be a sole proprietor and therefore cannot appear Pro Se. Goktepe's argument would eliminate the legal business model of sole proprietorship altogether, an outcome that defies law, logic and common sense. Goktepe provides no case law to support her argument. This is because the case law clearly says the opposite.

Accordingly, the Motion should be denied.

DATED this _17th_ day of _December_, 20_04_.

Victor Lawrence
Defendant Pro Se
P.O. Box 1413
Bountiful, Utah 84011-1413
Tel.: (801) 296-0252
Fax: (801) 292-7575

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by

First Class U.S. mail, postage prepaid, and by Federal Express on this _17th_ day of

_December_, 20_04_, to the following:


Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511-2422

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| MICHELLE GOKTEPE, <br><br> Plaintiff, <br><br><br> v. <br><br> VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM, <br><br> Defendant. | <br><br><br><br> Case No. 3:03CV0089-MRK <br><br> Honorable Judge Mark R. Kravitz |

## RESPONSES TO SECOND DISCOVERY REQUESTS

### ANSWERS TO INTERROGATORIES

Interrogatory 1: Identify Michael Toa.

Response to Interrogatory 1: Michael Toa is a former employee of Lexington Law Firm; he can be contacted through Lexington Law Firm's attorneys, Atkin & Shields, 136 South Main Street, Sixth Floor, Salt Lake City, Utah 84101 (801) 533 0300.

Interrogatory 2: Identify Preston Coleman.

Response to Interrogatory 2: Preston Coleman is a former employee of Lexington Law Firm; he can be contacted through Lexington Law Firm's attorneys, Atkin & Shields, 136 South Main Street, Sixth Floor, Salt Lake City, Utah 84101 (801) 533 0300.

Interrogatory 3: Identify each licensor of intellectual property and technology to defendant/Lexington Law concerning its credit repair operations, and describe what products, personnel or services each provides.

Response to Interrogatory 3: Defendant objects to the interrogatory on the ground that it asks for information that is confidential, proprietary and a trade secret and is not calculated to

lead to the discovery of admissible evidence and on the further ground that a protective order has not been entered in this case.

Interrogatory 4: Identify all lawsuits filed by any Lexington lawyer on behalf of a client seeking to enforce rights under the Fair Credit Reporting Act.

Response to Interrogatory 4: Cespedes v. Dell Financial Services, United States District Court, District of Utah, Civil No. 2:30CV00936 DB; Mary Carole Downing v.Experian, United States District Court, District of Utah, Civil No. 2:03cv1005 TS, Smith v. TransUnion, United States District Court, Central District of California, Civil No. SACV 04-100 GLT (PJWx).

Interrogatory 5: Identify the caption and location of all litigation you are pursuing against the credit bureaus.

Response to Interrogatory 5: Cespedes v. Dell Financial Services, United States District Court, District of Utah, Civil No. 2:30CV00936 DB; Mary Carole Downing v.Experian, United States District Court, District of Utah, Civil No. 2:03cv1005 TS; Smith v. TransUnion, United States District Court, Central District of California, Civil No. SACV 04-100 GLT (PJWx).

Interrogatory 6: Describe all circumstances in which your firm has sent a letter to a credit bureau on a lawyer's letterhead.

Response to Interrogatory 6: When in the lawyer's discretion a letter on firm letterhead would be most effective.

Interrogatory 7: Identify the person who is hired to perform internet services for Lexington Law.

Response to Interrogatory 7: Defendant objects to the interrogatory on the ground that it asks for information that is confidential, proprietary and a trade secret and is not calculated to lead to the discovery of admissible evidence and on the further ground that a protective order has

not been entered in this case.

## RESPONSES TO REQUEST FOR PRODUCTION

Request 1.  All agreements pursuant to which defendant contends that he is bound to the confidentiality of any product or services he licenses concerning the credit repair business.

Response to Request 1:  Defendant objects to the request on the ground that it asks for information that is confidential, proprietary and a trade secret and is not calculated to lead to the discovery of admissible evidence and on the further ground that a protective order has not been entered in this case.

Request 2.  Provide an authenticated copy of the pages of the Lexington Law web site (as Mr. Atkin represented he would do on November 18, 2003), preferably as it existed when plaintiff entered into her retainer agreement or as close thereto as possible.

Response to Request 2:  Defendant will permit inspection and related activities of all documents in his possession, custody or control responsive to the request at the offices of Atkin & Shields, 136 S. Main Street, Sixth Floor, Salt Lake City, Utah 84101 at a mutually agreeable time.

## RESPONSES TO REQUESTS FOR ADMISSIONS

Request 1.  Defendant kept copies of all communications with plaintiff.

Response to Request 1:  Denied.  Defendant kept support notes regarding communications with plaintiff.

Request 2.  Defendant generally keeps copies of all communications with clients of the credit repair service.

Response to Request 2:  Denied.  Defendant generally keeps support notes regarding communications with his clients.

3

Request 3. Defendant did not keep a copy of any letter he claims to have sent to a credit bureau about plaintiff's credit report.

Response to Request 3: Defendant objects to this request on the ground that the word "claims" makes the request ambiguous. Defendant admits that he kept records that letters were sent to the credit bureaus and the items disputed by the letters.

Request 4. Defendant generally does not keep copies of any letters he sends to credit bureaus for clients of the credit repair service.

Response to Request 4: Admitted. The defendant keeps records that letters are sent to the credit bureaus and the items disputed by the letters.

Request 5. Defendant did not use its name or letterhead on any letter he claims to have sent to credit bureaus about plaintiff's credit report.

Response to Request 5: Admitted.

Request 6. Defendant generally does not use his name or letterhead on any letters he sends to credit bureaus for clients of the credit repair services.

Response to Request 6: Denied. Defendant uses Lexington Law Firm letterhead and his or other Lexington lawyer's names when it would be appropriate and effective to do so.

Request 7. Defendant did not use an envelope with his return address on any letter he claims to have sent to credit bureaus about plaintiff's credit report.

Response to Request 7: Defendant objects to this request on the ground that the word "claims" makes the request ambiguous. Admitted.

Request 8. Defendant generally does not use an envelope with his return address on any letter he sends to credit bureaus for clients of the credit repair service.

Response to Request 8: Denied. Defendant uses an envelope with his return address on

4

letters he sends to credit bureaus on Lexington Law letterhead.

    Request 9.  Defendant used stamps instead of postage meters on all letters transmitted to credit bureaus.

    Response to Request 9: Denied.

    Request 10.  Defendant addresses the letters sent to credit bureaus in handwriting instead of typing or printing the address.

    Response to Request 10: Denied.

    Request 11.  Defendant sends stamped letters to credit bureaus in bulk for mailing to various places around the country so that they are not postmarked from Utah.

    Response to Request 11: Denied.

    Request 12.  Defendant pays his licensor(s) a percentage of its income from credit repair operations.

    Response to Request 12: Denied.  Defendant pays each licensor based on the services provided by the licensor.

    DATED this 24 day of May, 2004.

                        ATKIN & SHIELDS, P.C.

                        Blake S. Atkin CT24726
                        Lonn Litchfield CT24727

Local counsel:
Richard H.G. Cunningham # CT15195
12 Kenilworth Drive East
Stamford, CT 06902
Tel. (203) 348-9958
Fax (203)324-6039

                        Attorneys for Victor Lawrence
                        136 South Main Street, 6th Floor
                        Salt Lake City, UT 84101
                        Tel. (801) 533-0300
                        Fax (801) 533-0380

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing RESPONSES TO SECOND

DISCOVERY REQUESTS was mailed first class, postage prepaid on this the 24th day of May,

2004 to the following:

       Joanne S. Faulkner
       123 Avon St.
       New Haven, CT 06511-2422

Dated this _17_ day of _December_ 2004.

Victor Lawrence
PO Box 1413
Bountiful, Utah
8011-1413
Tel. (801) 296-0252

## Verification

Victor Lawrence, being first duly sworn deposes and says: That he is the Defendant in the above entitled action; that he has read the foregoing document; understands the contents thereof; and that the facts set forth in this pleading are true and correct to his own personal knowledge, except as to those matters stated on information and belief and as to those matters, he believes them to be true.

Dated this _17_ day of _December_ 2004.

Victor Lawrence

## NOTARY'S CERTIFICATE

On this _17th_ day of _December_ 2004, before me, the undersigned notary, personally appeared Victor Lawrence, who is personally known to me or: "who proved to me his/her identity through documentary evidence in the form of a _Personally known to me_" to be the person who signed the preceding document in my presence and who swore or affirmed to me that the signature is voluntary and the document truthful.

NICOLE STONES
NOTARY PUBLIC - STATE OF UTAH
3362 HECTOR DRIVE
WEST VALLEY CITY, UT 84119
My Comm. Exp. 08/06/2007

NOTARY PUBLIC