IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHELLE GOTEPKE, | DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS |
| Plaintiff, | |
| vs. | |
| VICTOR LAWRENCE, dba LEXINGTON LAW FIRM, | CASE NO. 3:03cv0089 (MRK) |
| | December 17, 2004 |
| Defendant. | |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant, Victor Lawrence hereby answers Plaintiff's Request for Admissions, dated November 19, 2004, as follows:

1. The attached document entitled Agreement was entered into and signed by Jamis M. Johnson and Victor Lawrence on or about May 21, 1999.

ANSWER: Plaintiff contracted for services from Victor Lawrence, d/b/a Lexington Law Firm between September 25, 2002 and November 18, 2002. Plaintiff filed her complaint in this case on January 13, 2003. This document was purportedly signed on May 21, 1999. This document was purportedly executed almost three and one-half years before Plaintiff became a client of Lexington Law. And, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different

1

context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, this document goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b)(1). Accordingly Defendant declines to answer this Request for Admission and will file a motion with the court seeking a protective order from the court that releases Defendant from any obligation to answer this Admission. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently schedule for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for admission. Until the Court considers this request, Defendant denies Plaintiff's Request for Admissions number one (1) as well as any inference thereof.

2. The attached document entitled Operational Services Agreement was entered into and signed by Jayson Orvis and Victor Lawrence on behalf of Vendor and Customer on or about May 1, 2001.

ANSWER: Plaintiff contracted for services from Victor Lawrence, d/b/a Lexington Law Firm between September 25, 2002 and November 18, 2002. Plaintiff filed her complaint in this case on January 13, 2003. This document was purportedly signed on May 1, 2001. This document was purportedly executed almost one and one-half years before Plaintiff became a client of Lexington Law. And, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between

2

September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, it goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b(1). Accordingly Defendant declines to answer this Request for Admission and will file a motion with the court seeking a protective order from the court that releases Defendant from any obligation to answer this Admission. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently schedule for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for admission. Until the Court considers this request, Defendant denies Plaintiff's Request for Admissions number two (2) as well as any inference thereof.

3. Said Operational Services Agreement thereafter remained in effect at all times prior to February 1, 2003.

ANSWER: Plaintiff contracted for services from Victor Lawrence, d/b/a Lexington Law Firm between September 25, 2002 and November 18, 2002. Plaintiff filed her complaint in this case on January 13, 2003. This document was purportedly signed on May 1, 2001. This document was purportedly executed almost one and one-half years before Plaintiff became a client of Lexington Law. And, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between

3

September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to t he issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, it goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b(1). Accordingly Defendant declines to answer this Request for Admission and will file a motion with the court seeking a protective order from the court that releases Defendant from any obligation to answer this Admission. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently schedule for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for admission. Until the Court considers this request, Defendant denies Plaintiff's Request for Admissions number three (3) as well as any inference thereof.

4. The attached document entitled Resolutions by Unanimous Consent was adopted by Johnson & Associates as of May 1, 1999.

ANSWER: Plaintiff contracted for services from Victor Lawrence, d/b/a Lexington Law Firm between September 25, 2002 and November 18, 2002. Plaintiff filed her complaint in this case on January 13, 2003. This document was purportedly adopted on May 1, 1999. This document was purportedly executed almost three and one-half years before Plaintiff became a client of Lexington Law. And, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between

4

September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, it goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b(1). Accordingly Defendant declines to answer this Request for Admission and will file a motion with the court seeking a protective order from the court that releases Defendant from any obligation to answer this Admission. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently schedule for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for admission. Until the Court considers this request, Defendant denies Plaintiff's Request for Admissions number four (4) as well as any inference thereof.

DATED this 17th day of _December_ 2004.

Victor Lawrence
PO Box 1413
Bountiful, Utah 84011-1413
Tel. (801) 296-0252

### Verification

Victor Lawrence, being first duly sworn deposes and says: That he is the Defendant in the above entitled action; that he has read the foregoing document; understands the contents thereof; and that the facts set forth in this pleading are true and correct to his own personal knowledge, except as to those matters stated on information and belief and as to those matters, he believes them to be true.

Dated this 17 day of December 2004.

_____
Victor Lawrence

### NOTARY'S CERTIFICATE

On this 17th day of December 2004, before me, the undersigned notary, personally appeared Victor Lawrence, who is personally known to me or: "who proved to me his/her identity through documentary evidence in the form of a __personally known__ " to be the person who signed the preceding document in my presence and who swore or affirmed to me that the signature is voluntary and the document truthful.

NICOLE STONES
NOTARY PUBLIC - STATE OF UTAH
3362 HECTOR DRIVE
WEST VALLEY CITY, UT 84119
My Comm. Exp. 08/06/2007

_____
NOTARY PUBLIC

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| MICHELLE GOKTEPE, | ) | **RESPONSES TO PLAINTIFF'S** |
| | ) | **FOURTH SET OF REQUESTS** |
| Plaintiff, | ) | **FOR DOCUMENTS AND THIRD** |
| | ) | **SET OF REQUESTS FOR** |
| vs. | ) | **ADMISSIONS** |
| | ) | |
| VICTOR LAWRENCE, d/b/a | ) | Case No. 3:03CV0089-MRK |
| LEXINGTON LAW FIRM, | ) | |
| | ) | Honorable Judge Mark R. Kravitz |
| Defendant. | ) | December 17, 2004 |

COMES NOW the Defendant Pro Se, Victor Lawrence, and hereby responds to Plaintiff's fourth set of Requests for Production of Documents and Requests for Admissions, as follows:

## RESPONSES TO FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1**: All 1099-MISC or similar tax forms issued to any outside service provider for the calendar year 2002.

**RESPONSE**: This request, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, this request goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b)(1). Accordingly Defendant objects to this Request for Production of Documents and will file a motion with the court

seeking a protective order from the court that releases Defendant from any obligation to answer this Request for Production. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently scheduled for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for production. Until the Court considers this request, Defendant objects to this Request for Production of Documents on the basis that the information sought is irrelevant to the issues before the Court on the current pleadings and is not likely to lead to the discovery of admissible evidence. Defendant also objects to this Request for Production of Documents on the basis that it seeks confidential and proprietary information of the Defendant, and seeks private personal information of Defendant's vendors, which Defendant is not authorized to release.

**REQUEST NO. 2**: All invoices received from any outside service provider for the calendar year 2002.

**RESPONSE**: This request, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, this request goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b)(1). Accordingly Defendant objects to this Request for Production of Documents and will file a motion with the court

2

seeking a protective order from the court that releases Defendant from any obligation to answer this Request for Production. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently scheduled for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for production. Until the Court considers this request, Defendant objects to this Request for Production of Documents on the basis that the information sought is irrelevant to the issues before the Court on the current pleadings and is not likely to lead to the discovery of admissible evidence. Defendant also objects to this Request for Production of Documents on the basis that it seeks confidential and proprietary information of the Defendant, and seeks private personal information of Defendant's vendors, which Defendant is not authorized to release.

**REQUEST NO. 3**: All records showing income received from any outside service provider for the calendar year 2002.

**RESPONSE**: This request, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, this request goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b)(1). Accordingly Defendant objects to this Request for Production of Documents and will file a motion with the court

3

seeking a protective order from the court that releases Defendant from any obligation to answer this Request for Production. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently scheduled for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for production. Until the Court considers this request, Defendant objects to this Request for Production of Documents on the basis that the information sought is irrelevant to the issues before the Court on the current pleadings and is not likely to lead to the discovery of admissible evidence. Defendant also objects to this Request for Production of Documents on the basis that it seeks confidential and proprietary information of the Defendant, and seeks private personal information of Defendant's vendors, which Defendant is not authorized to release.

**REQUEST NO. 4**: All records showing payments made to any outside service provider for the calendar year 2002.

**RESPONSE**: This request, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, this request goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b)(1). Accordingly Defendant objects to this Request for Production of Documents and will file a motion with the court

4

seeking a protective order from the court that releases Defendant from any obligation to answer this Request for Production. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently scheduled for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for production. Until the Court considers this request, Defendant objects to this Request for Production of Documents on the basis that the information sought is irrelevant to the issues before the Court on the current pleadings and is not likely to lead to the discovery of admissible evidence. Defendant also objects to this Request for Production of Documents on the basis that it seeks confidential and proprietary information of the Defendant, and seeks private personal information of Defendant's vendors, which Defendant is not authorized to release.

**REQUEST NO. 5**: All records showing Lexington's income and expenses for the months of September and October 2002.

**RESPONSE**: This request, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, this request goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. See FRCP Rule 26(b)(1). Accordingly Defendant objects to this Request for Production of Documents and will file a motion with the court

seeking a protective order from the court that releases Defendant from any obligation to answer this Request for Production. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently scheduled for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for production. Until the Court considers this request, Defendant objects to this Request for Production of Documents on the basis that the information sought is irrelevant to the issues before the Court on the current pleadings and is not likely to lead to the discovery of admissible evidence. Defendant also objects to this Request for Production of Documents on the basis that it seeks confidential and proprietary information of the Defendant.

**REQUEST NO. 6**: All documents dated 1996 or thereafter showing any agreements or assignments involving defendant, Jayson Orvis, Lexington Law, Jamis Johnson.

**RESPONSE**: Plaintiff contracted for services from Victor Lawrence, d/b/a Lexington Law Firm between September 25, 2002 and November 18, 2002. Plaintiff filed her complaint in this case on January 13, 2003. A portion of the documents requested would have been in existence up to six years before Plaintiff became a client of Lexington Law. Furthermore, on its face, the document request has nothing to do with the services that Plaintiff received from Lexington Law between September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15,

2004 at Paragraph 2. Clearly, this request goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b)(1). Accordingly Defendant objects to this Request for Production of Documents and will file a motion with the court seeking a protective order from the court that releases Defendant from any obligation to answer this Request for Production. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently scheduled for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for production. Until the Court considers this request, Defendant objects to this Request for Production of Documents on the basis that the information sought appears to be irrelevant to the issues before the Court on the current pleadings and is not likely to lead to the discovery of admissible evidence. Defendant also objects to this Request for Production of Documents on the basis that it is overbroad, as well as on the basis that it seeks confidential and proprietary information of the Defendant, and seeks private personal information of Defendant's vendors, which Defendant is not authorized to release.

**REQUEST NO. 7**: All defendant's agreements with Consumer Credit Solutions in effect in 2002.

**RESPONSE**: This request, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues

before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, this request goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b)(1). Accordingly Defendant objects to this Request for Production of Documents and will file a motion with the court seeking a protective order from the court that releases Defendant from any obligation to answer this Request for Production. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently scheduled for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for production. Until the Court considers this request, Defendant objects to this Request for Production of Documents on the basis that the information sought is irrelevant to the issues before the Court on the current pleadings and is not likely to lead to the discovery of admissible evidence. Defendant also objects to this Request for Production of Documents on the basis that it is overbroad, as well as on the basis that it seeks confidential and proprietary information of the Defendant, and seeks private personal information of Defendant's vendors, which Defendant is not authorized to release.

**REQUEST NO. 8**: All defendant's agreements with any entity managed or owned by Jayson Orvis or Deon Steckling.

**RESPONSE**: This request, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to

lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, this request goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b)(1). Accordingly Defendant objects to this Request for Production of Documents and will file a motion with the court seeking a protective order from the court that releases Defendant from any obligation to answer this Request for Production. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently scheduled for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for production. Until the Court considers this request, Defendant objects to this Request for Production of Documents on the basis that the information sought is irrelevant to the issues before the Court on the current pleadings and is not likely to lead to the discovery of admissible evidence. Defendant also objects to this Request for Production of Documents on the basis that it is overbroad, as well as on the basis that it seeks confidential and proprietary information of the Defendant, and seeks private personal information of Defendant's vendors, which Defendant is not authorized to release.

**REQUEST NO. 9**: All defendant's agreements with any outside service provider in existence during 2002.

**RESPONSE**: This request, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between September 25, 2002 and November 18, 2002. As

9

Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, this request goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b)(1). Accordingly Defendant objects to this Request for Production of Documents and will file a motion with the court seeking a protective order from the court that releases Defendant from any obligation to answer this Request for Production. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently scheduled for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for production. Until the Court considers this request, Defendant objects to this Request for Production of Documents on the basis that the information sought is irrelevant to the issues before the Court on the current pleadings and is not likely to lead to the discovery of admissible evidence. Defendant also objects to this Request for Production of Documents on the basis that it is overbroad, as well as on the basis that it seeks confidential and proprietary information of the Defendant, and seeks private personal information of Defendant's vendors, which Defendant is not authorized to release.

**REQUEST NO. 10**: All documents reflecting defendant's sources of income other than from clients of Lexington Law, and other than karate and fly fishing enterprises.

**RESPONSE**: This request, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, this request goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b)(1). Accordingly Defendant objects to this Request for Production of Documents and will file a motion with the court seeking a protective order from the court that releases Defendant from any obligation to answer this Request for Production. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently scheduled for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for production. Until the Court considers this request, Defendant objects to this Request for Production of Documents on the basis that the information sought is irrelevant to the issues before the Court on the current pleadings and is not likely to lead to the discovery of admissible evidence. Defendant also objects to this Request for Production of Documents on the basis that it seeks confidential and proprietary information of the Defendant.

**REQUEST NO. 11**: All documents reflecting agreements to do data entry for other companies.

**RESPONSE**: This request, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, this request goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b)(1). Accordingly Defendant objects to this Request for Production of Documents and will file a motion with the court seeking a protective order from the court that releases Defendant from any obligation to answer this Request for Production. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently scheduled for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for production. Until the Court considers this request, Defendant objects to this Request for Production of Documents on the basis that the information sought is irrelevant to the issues before the Court on the current pleadings and is not likely to lead to the discovery of admissible evidence. Defendant also objects to this Request for Production of Documents on the basis that it is overbroad, as well as on the basis that it seeks confidential and proprietary information of the Defendant, and seeks private personal information of such other companies, if any exist, which Defendant is not authorized to release.

12

**REQUEST NO. 12**: All documents reflecting agreements to sell entered data to other companies.

**RESPONSE**: This request, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, this request goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b)(1). Accordingly Defendant objects to this Request for Production of Documents and will file a motion with the court seeking a protective order from the court that releases Defendant from any obligation to answer this Request for Production. The Court requires that before a discovery motion is filed, the parties must confer with the Court in accordance with the Court's Standing Order on telephonic discovery conferences. See Ruling and Order, filed October 15, 2004 at Paragraph 2. Therefore, at the judicial telephonic conference currently scheduled for December 22, 2004, Defendant will request the court's permission to file a motion for a protective order regarding this request for production. Until the Court considers this request, Defendant objects to this Request for Production of Documents on the basis that the information sought is irrelevant to the issues before the Court on the current pleadings and is not likely to lead to the discovery of admissible evidence. Defendant also objects to this Request for Production of Documents on the basis that it is overbroad, as well as on the basis that it seeks confidential and proprietary information of the Defendant, and

seeks private personal information of such other companies, if any exist, which Defendant is not authorized to release.

### RESPONSES TO THIRD REQUEST FOR ADMISSIONS

**REQUEST NO. 1**: The attached page is an excerpt from defendant's Web Site as it existed during the fourth quarter of 2002.

**RESPONSE**: Defendant admits that on its face the attached page appears to be an excerpt from the Lexington Law Firm Web Site. Discovery in this matter is continuing, and Defendant is in the process of confirming the dates on which this excerpt appeared on the Lexington Law Firm Web Site, and the context in which it appeared on such Web Site. Therefore, Defendant denies the remaining allegations of such request for admission and reserves the right to supplement this response at the earliest time at which such information is able to be confirmed.

**REQUEST NO. 2**: Defendant had at least 30,000 active clients during the last quarter of 2002 who had signed up for his services through the Lexington Law internet site (hereafter "e-mail clients").

**RESPONSE**: This request for admission, on its face, has nothing to do with the services that Plaintiff received from Lexington Law between September 25, 2002 and November 18, 2002. As Judge Kravitz has stated in a different context, "the information sought . . . is not likely to lead to the discovery of admissible evidence and appears to be irrelevant to the issues before the Court on the current pleadings." Ruling and Order, filed October 15, 2004 at Paragraph 2. Clearly, this request goes beyond the bounds of discovery of matters "relevant to the *claim*" of Plaintiff. *See* FRCP Rule 26(b)(1). Accordingly Defendant declines to answer this Request for Admission and will file a motion with the