IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| MICHELLE GOKTEPE, | ) | MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL MICHELLE GOKTEPE'S AND GEM GOKTEPE'S APPEARANCE AT THEIR RESPECTIVE DEPOSITIONS AND TO COMPEL GEM GOKTEPE TO PAY THE COSTS OF HIS NOVEMBER 19, 2004 DEPOSITION |
| Plaintiff, | ) | |
| VICTOR LAWRENCE, doing business as, LEXINGTON LAW FIRM, | ) | Case No. 3:03CV0089-MRK Honorable Judge: Mark R. Kravitz January 7, 2005 |
| Defendant. | ) | |

Defendant Victor Lawrence d/b/a Lexington Law Firm, Pro Se, hereby respectfully submits this memorandum in support of his motion to compel Michelle Goktepe's and Gem Goktepe's appearance at the their respective depositions and to compel Gem Goktepe to pay the costs of his November 19, 2004 deposition. This memorandum is submitted as follows:

### STATUS OF THE CASE

1. Plaintiff filed her original complaint with the Court on January 13, 2003.

2. The parties filed divergent Rule 26(f) planning meeting reports with the Court.

3. Defendant by and though his attorney, Blake Atkin ("Atkin"), scheduled and began Michelle Goktepe's deposition in New Haven, Connecticut on July 9, 2004.

1

4. Michelle Goktepe's first installment of her deposition took place between the hours of 9:35 a.m. and 1:30 p.m. on July 9, 2004. (See page 1 lines 20 and page 160 line 7 of the July 9, 2004 deposition of Michelle Goktepe attached hereto as Exhibit "A" and by this reference made a part hereof.)

5. At approximately 1:30 p.m. on July 9, Atkin continued Michelle Goktepe's deposition without then identifying a future date for the continued deposition. (See page 157 lines 8 through 11 of the July 9, 2004 deposition of Michelle Goktepe attached hereto as Exhibit "B" and by this reference made a part hereof.)

6. Defendant subpoenaed Gem Goktepe's deposition on October 25, 2004. Without prior notice Gem Goktepe failed to appear at the October 25, 2004 deposition. Following Gem Goktepe's failure to appear, Michelle Goktepe's attorney, Joann Faulkner ("Faulkner") told Lawrence that she had advised Gem not to appear because service of Defendant's subpoena of Gem Goktepe was allegedly improper.

7. After Gem Goktepe failed to appear under the subpoena for his deposition on October 25, 2004,Defendant subpoened Gem Goktepe's deposition on November 19, 2004. This time Gem was properly served and without excuse, failed to appear at the November 19 deposition.

8. The parties' motions to compel discovery are due to the Court on January 10, 2005, pursuant to paragraph 4, subparagraph "a" of the Court's December 23, 2004 Order.

9. Fact discovery for this case is currently scheduled to end on February 28, 2005 pursuant to paragraph 6 of the Court's December 23, 2004 Order.

2

## STATEMENT OF FACTS

1. Gem Goktepe is Plaintiff, Michelle Goktepe's husband.

2. Gem Goktepe is represented by attorney Faulkner, Michelle Goktepe's attorney and opposing counsel in this case.

3. Gem Goktepe hired Faulkner to prosecute this case for the Plaintiff, Michelle Goktepe. (See page 115 lines 14 and 15 of the July 9, 2004 deposition of Michelle Goktepe attached hereto as Exhibit "C" and by this reference made a part hereof.)

4. Gem Goktepe interacted with Defendant and his law firm on behalf of Plaintiff, Michelle Goktepe. (See page 118 line 24 and page 119 lines 1 through 6 of the July 9, 2004 deposition of Michelle Goktepe attached hereto as Exhibit "D" and by this reference made a part hereof.)

5. Gem Goktepe "took care" of all correspondence between Defendant and his law firm and the Plaintiff, Michelle Goktepe. (See page 119 lines 12, 13, 14 and 15 of the July 9, 2004 deposition of Michelle Goktepe attached hereto as Exhibit "E" and by this reference made a part hereof.)

6. Gem Goktepe was served with a subpoena to be deposed by Defendant on October 13, 2004. (See Subpoena referencing October 25, 2004 deposition attached hereto as Exhibit "F" and by this reference made a part hereof.) (See Affidavit of Service dated October 14, 2004 referencing the October 25, 2004 deposition and payment of the witness fee attached hereto as Exhibit "G" and by this reference made a part hereof.)

7. On October 13, 2004, Gem Goktepe received and has never returned his witness fee served on him by Defendant prior to his October 25, 2004 deposition. (See Exhibit "G.")

8. Defendant, in order to depose Gem Goktepe on October 25, 2004, purchased airplane tickets, made hotel accommodations, rented a car, and made accommodations for the deposition and hired a Court reporter in New Haven, Connecticut.

9. Defendant was not able to depose Gem Goktepe on October 25, 2004 because Gem Goktepe was allegedly not served with a properly executed subpoena and did not appear at the deposition.

10. Defendant has paid the costs of the October 25, 2004 deposition.

11. Gem Goktepe was served by Defendant with a subpeona on November 8, 2004. (See Subpoena referencing November 19, 2004 deposition attached hereto as Exhibit "H" and by this reference made a part hereof.) (See Affidavit of Service dated November 9, 2004 referencing the November 19, 2004 deposition attached hereto as Exhibit "I" and by this reference made a part hereof.)

12. Defendant, in order to depose Gem Goktepe on November 19, 2004, purchased airplane tickets, made hotel accommodations, rented a car and made accommodations for the deposition and hired a Court reporter in New Haven, Connecticut.

13. Defendant was not able to depose Gem Goktepe on November 19, 2004 because Gem Goktepe, without excuse, failed to appear at the deposition.

14. Gem Goktepe's attorney, Faulkner, told Defendant that she knew about, had notice of and failed to appear at Gem Goktepe's deposition on November 19, 2004. (See page 278 lines 5 through 8 of the November 19, 2004 deposition of Victor Lawrence attached hereto as Exhibit "J" and by this reference made a part hereof.) (See November 13, 2004 letter from Faulkner to Defendant attached hereto as Exhibit "K" and by this

reference made a part hereof.) (See November 19, 2004 letter from Faulkner to Defendant attached hereto as Exhibit "L" and by this reference made a part hereof.) (See October 16, 2004 letter from Faulkner to Defendant attached hereto as Exhibit "M" and by this reference made a part hereof.)

15. Gem Goktepe has not offered any excuse for why he failed to appear at the November 19, 2004 deposition.

16. Defendant has paid the costs of the November 19, 2004 deposition.

## ARGUMENT AND ANALYSIS

### Point I.

**Michelle Goktepe's continued deposition should be compelled because it is proper pursuant to Rules 26(b)(2) and 30 of the Federal Rules of Civil Procedure.**

In light of the Court's December 23, 2004 Order ending fact discovery on February 28, 2005, and Gem Goktepe's failure to appear at the November 19, 2004 deposition, Defendant seeks an order to compel Michelle Goktepe to appear at her continued deposition.

Defendant's previous attorney, Blake Atkin, conducted the first installment of the deposition of Michelle Goktepe. Ms. Goktepe's deposition began at 9:35 a.m., July 9, 2004 and went until 1:31 pm July 9, 2004. Defendant used two (2) hours and fifty six (56) minutes time to ask deposition questions of Ms. Goktepe on the above date. Additionally, Defendant's attorney, Blake Atkin clearly continued the deposition without date on July 9, 2004.

Rule 30(d)(2) of the Federal Rules of Civil Procedure is clear that "a deposition is

### Point III

**Gem Goktepe's Deposition should be conducted because he was properly served with a subpoena to appear at the November 19, 2004 deposition.**

Defendant was served with his witness fee on October 13, 2004. As of the date of this memorandum, Gem Goktepe has not returned Defendant's witness fee to Defendant. Accordingly, Mr. Goktepe's witness fee applies to the subpoena for his deposition on November 19, 2004.

Additionally, Gem Goktepe was served with a properly executed subpoena on November 8, 2004. Mr. Goktepe had eleven (11) days to clear his schedule and prepare for his deposition. However, Mr. Goktepe elected instead to not appear at the deposition. He further gave no notice of his intent to subvert the subpoena and to fail to appear as required thereby.

Remedies have been provided in cases where the deponent has failed to appear at a deposition. Rule 37(4)(A) of the Federal Rules of Civil Procedure states that if a motion to compel discovery is:

> granted . . . the court shall, after affording and opportunity to be heard, require the . . . deponent whose conduct necessitated the motion . . . or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . . .

Also, The Court has found that Rule 37 provides for an award of expenses to the deposing party in connection with a deposition where the deponent fails to attend a deposition. Morales v. Zondo, Inc., 204 F.R.D. 50, 53 (S.D.N.Y. 2001).

In this particular case, Defendant, in anticipation of the November 19, 2004 deposition, purchased airplane tickets, made hotel accommodations, rented a car, and

7

made accommodations for the deposition and hired a Court reporter in New Haven, Connecticut in order to depose Gem Goktepe on November 19, 2004. Defendant has not had the benefit of conducting Mr. Goktepe's deposition. Rather, the Defendant has been saddled with additional expenses because of Mr. Goktepe's failure to appear at the deposition.

## CONCLUSION

For the reasons listed above and in the interest of justice and fair play, the Defendant respectfully requests that his motion to compel Michelle Goktepe's and Gem Goktepe's depositions be granted and that Defendant be awarded his costs for Gem Goktepe's failure to appear at the November 19, 2004 deposition.

DATED this ____ day of January 6, 2005.

Victor Lawrence
P.O. Box 1413
Bountiful, Utah 84011-1413
Tel.: (801) 296-0252
Fax: (801) 363-0976

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum in Support of Defendant's Motion Compel Michelle Goktepe and Gem Goktepe at their Respective Depositions and to Compel Gem Goktepe to Pay the Costs of his November 19, 2004 Deposition was served by Federal Express and by First Class U.S. mail, postage prepaid, on this ___7th___ day of January, 2005, to the following:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511-2422

9