UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.  CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM      January 24, 2005

### PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL

Defendant's Motion to Compel (Doc. No. 117) should be denied. He makes three requests: to compel plaintiff to appear at a second deposition; to compel her nonparty husband to appear at a deposition; and to order the nonparty husband pay the unspecified costs of his attempted Nov. 19, 2004 deposition.

Plaintiff's deposition. Defendant took plaintiff's deposition on July 9, 2004. His only excuse for another deposition is to "use up" an additional four hours that he did not use on the day of the deposition and did not need. Def. Mem. at 2, 5.  Mr. Atkin continued the deposition pending only his future (unsuccessful) motion to compel (Def. Ex. B); See Doc. No. 88, denying Doc. No. 83. No good cause has been shown for a second deposition.

Plaintiff's husband's deposition. We have not objected to any properly served deposition notice, as set forth in Doc. No. 116 at p. 14. However, as shown by the defendant's own exhibits, the first subpoena was unsigned and the second deposition was admittedly served without payment of witness fees.[1] Neither was served on counsel as mandated by Fed. R. Civ. P. 5(a).  Failure to tender an appropriate witness fee invalidates the subpoena. Saper

---

[1] No witness fees were paid with the unsigned first subpoena either. Defendant submitted no bill or cancelled check documenting payment. Michael Harrison's Affidvit is inadmissible, since the process was actually served by a Waterbury entity, Professional Process Service, LLC, located in Waterbury CT. http://www.professionalprocess.com/main/connecticut_court_research.htm.     Michael Harrison was, coincidentally, the subject of a cover story in the Connecticut Law Tribune for the week of Jan. 3, 2005.

v. Hague, 186 F.2d 592, 593, 596 (2d Cir. 1951) (inadequate payment of witness fee is valid excuse for not obeying subpoena); CF & I Steel Corp. v. Mitsui & Co (U.S.A.), Inc., 713 F.2d 494, 496 (9th Cir. 1983). Since no valid subpoena was served, there is no basis for an order compelling Mr. Goktepe's deposition. Moreover, Rule 37 does not apply to a nonparty witness. Cruz v. Meachum, 159 F.R.D. 366, 368 (D. Conn. 1994).

Costs of November deposition. The motion should not be granted because the Court ruled, at the telephone conference of Dec. 23, 2004, that costs and cost-shifting would be postponed to the end of the case. Moreover, defendant submits no documentation of the costs, even though it is some two months after the costs were incurred. He may not seek such an open ended order. In addition, defendant admits he was notified in advance that the notice had not been properly served. Def. Ex. K, M. Despite such advance notice, he forged ahead. Any costs were voluntarily incurred and should not be reimbursed. Finally, the remedy is not available as to a nonparty. Cruz v. Meachum, 159 F.R.D. 366, 368 (D. Conn. 1994).

## CONCLUSION

Since there is no legal or factual basis for the orders requested, defendant's motion should be denied.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on January 21, 2005, postage prepaid, to:

Victor Lawrence pro se
PO Box 1413
Bountiful UT 84011-1413

                ___/s/ Joanne S. Faulkner___
                Joanne S. Faulkner