UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHELLE GOKTEPE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No.  3:03cv89 (MRK) |
| : | |
| VICTOR LAWRENCE, d/b/a LEXINGTON : | |
| LAW FIRM, : | |
| : | |
| Defendant. : | |

## RULING AND ORDER

The Court hereby DENIES Plaintiff's Motion to Strike Election to Appear Pro Se [**doc. #99**]. As Plaintiff rightly points out, the general rule is that an entity cannot appear *pro se*. "Pro se denotes (in law latin) appearance for one's self, so that a person ordinarily may not appear pro se in the cause of another person or entity." *Pridgen v. Anderson*, 113 F.3d 391, 393 (2d Cir. 1997). Thus "it is settled law that a corporation cannot generally appear in federal court except through its lawyer." *Jacobs v. Patent Enforcement Fund, Inc.* 230 F.3d 565, 568 (2d Cir. 2000). *Cf. United States v. Priority Prods. Inc.*, 615 F. Supp. 593, 596 (Ct. Int'l Trade 1985) ("[o]ccasionally, the courts have held that a corporation may appear through an agent other than an attorney where the agent is party to the action along with the corporation.").

However, a sensible exception exists when an entity is a sole proprietorship, because "a sole proprietorship has no legal existence apart from its owner." *United States v. Fox*, 721 F.2d 32, 36 (2d Cir. 1983). Accordingly, many courts have held that "sole proprietorships may proceed *pro se* in federal court." *Kraebel v. N.Y. City Dep't of Hous. Pres. and Dev*, No.

1

90CIV4391 (CSH), 2002 WL 14364, at * 4 n. 5 (S.D.N.Y. Jan. 3, 2002*); United Parcel Serv. v. The Net, Inc.*, 185 F. Supp. 2d 274, 280 (E.D.N.Y. 2002) ("[T]he sole owner of [a sole-proprietorship] can represent [his company] in federal court."). Defendant represents, and Plaintiff does not dispute, that the Lexington Law Firm is a sole proprietorship owned by the Defendant, Victor Lawrence. Therefore, Mr. Lawrence may proceed *pro se* and the Court denies Plaintiff's motion [**doc. #99**].

Plaintiff also raised the issue of possible ghost writing of a number of Defendant's discovery requests. Courts condemn the practice of ghost writing *pro se* pleadings. *See Durran v. Carris*, 238 F.3d 1268, 1272 (2d Cir. 2001). This is because ghost writing not only "affords [the *pro se* litigant] the benefit of [a] court's liberal construction of pro se pleadings" but it "also inappropriately shields [the ghost writing attorney] from responsibility and accountability for his actions as counsel." *Id*. In this case, these concerns are somewhat mitigated. Mr. Lawrence, while appearing *pro se*, is a licensed attorney and the Court has not construed his pleadings using the liberal standard typically afforded to *pro se* litigants in the past; nor is the Court inclined to do so in the future. Nevertheless, an attorney who authors a pleading owes a duty of candor to the Court that requires the attorney to acknowledge his contribution to the submission by signing his name. The Court reminds Mr. Lawrence that if he wishes to continue to appear *pro se*, he is obligated to comply with the rules governing *pro se* pleading.

Finally, the parties have requested clarification of the Court's oral ruling on December 23, 2004, regarding deadlines for completing discovery. It was the Court's intent to allow all discovery commenced by **December 31, 2004**. Thus, Plaintiff shall respond to Defendant's requests that were served on or before December 31, 2004, no later than **February 15, 2005.**

                                            IT IS SO ORDERED.

                                    /s/ _____Mark R. Kravitz_____
                                        United States District Court

Dated at New Haven, Connecticut: **January 26, 2005**.