UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                                                          CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM             January 28, 2005

PLAINTIFF'S REPLY TO RESPONSE

Plaintiff believes her original motion to compel adequately addressed the issues raised by defendant in his Response (Doc. No. 121). However, at pages 11-14, and without explanation or cause, defendant newly objects to matters in discovery dated July 19, 2004 and Nov. 23, 2004, to which he had not previously objected, formally or informally. Fed. R. Civ. P. 33(b)(4) provides that he has waived those objections. See also Rule 34(b).

Def. Mem. at 11-12 refers to questions 3 and 4. Those relate to information on plaintiff's own account records produced in discovery. Defendant could not answer them at his deposition.

```
    Q    What is it a copy of?
24   A    I believe it's referencing to the account on
25  her client ID number, the retainer payment, the set-up
0203
 1  fee of $75.
 2    Q    At the bottom there's a box with some
 3  numbers and letters.  And what are those numbers and
 4  letters?
 5    A    It's just some accounting number referencing
 6  that -- whether it's an ACH or a credit card account.  I
 7  can't tell from just this amount here.
 8         It looks like it's from a credit card.
 9         You know what I think this is -- well I don't
10  know.  Because it said charge off it.  I don't know.
11    Q    Well your lawyer filed it, so I presume
12  whatever your lawyer said it was in his filing is
13  correct?
14    A    I would assume so.  But again, I don't like
```

```
15  to assume.  But sometimes you have to.  At least I assume
16  this -- sometimes you have to.
17     Q    The firm is D&M.  Does that firm D&M have
18  any meaning?
19     A    No.  The firm -- It may be from the
20  marketing source, it may be reference to which account
21  it's put in.  I don't know.
22          MR. ATKIN:  I don't want you to
23  speculate.
24  BY THE WITNESS:
25     A    I don't know.  I'm only speculating.
0204
 1     Q    Well you'll have a chance to look that up if
 2  you care to do so and answer it when you read and sign.
```

Accordingly, plaintiff posed the questions, to which defendant did not object.

\*\*\*\*

Def. Mem. at 11-12 discusses Production 4, which relates to defendant's FCRA training compliance materials that he identified at his deposition:

```
   A    I use that on video for my training.
19     Q    What video do you use for training?
20     A    My train -- when I like to film things, what
21  attorneys say.  Good attorneys, less than good attorneys.
22     Q    And you have a video of the conference?
23     A    Which conference are you talking about?
24     Q    The one you heard me speak at?
25     A    Not the whole conference, no, ma'am.  Just
0151
 1  selective parts.
 2     Q    Okay.  And where do you use this video
 3  training again?
 4     A    I'm educating myself, and as I talk with my
 5  attorneys, I like to show this is good, this is not good.
 6  This is what we need to do, this is what we don't do.
….

   Q    So what did you say that you had on video
 4  that said -- set up --
 5     A    I have portions of the NACA conference.
 6     Q    The one in Orlando?
 7     A    Yes, ma'am.
```

2

```
 8   Q   And where did you get that?
 9   A   In Orlando.
10   Q   Where did you get the video?
11   A   In Orlando at the conference.
12   Q   You made the video?
13   A   Yes, ma'am.
14   Q   And I am on that?
15   A   Yes, I believe you are.
16   Q   Okay.
17           MS. FAULKNER:  Will you produce
18  that in discovery, please.
19           THE WITNESS:  If I have it, I will
20  produce it.
21           MR. ATKIN:  No.  I will consider the
22  request, if you make a request.  I don't see how it
23  has any relevance.
```

Defendant agreed to produce the training materials; his attorney said he would consider it if plaintiff made the request. Plaintiff made the request. Defendant did not object.

\*\*\*

Def. Mem. at 12-14 interposes new objections to November 23, 2004, discovery requests, without responding to the purpose set forth in plaintiff's initial memorandum:

> According to a recent deposition in another matter, Mr. Lawrence ceased being part of Lexington Law on <u>June 23</u>, 2004 and retired from the practice of law; according to Mr. Lawrence's <u>July 8</u>, 2004 deposition, he owned Lexington Law. When Jamis Johnson was ousted from Lexington, and Mr. Lawrence took his place, there were documents confirming one Jayson Orvis's ownership and profit sharing. See Documents Appended to Mem. in Support of Motion to Strike Appearance, Doc. No. 100. If this defendant has been ousted, there are no doubt similar documents showing the continuation of the operation on the same profit sharing, licensing, and ownership terms as existed well before Ms. Goktepe signed up.

**CONTROVERSY RE 85 ADMISSION REQUESTS DEFENDANT SERVED ON DECEMBER 30, 2004**

The Court is in receipt of letters from the parties regarding defendant's belated service of 85 admission requests. For the Court's information, attached is plaintiff's response to those requests.

## CONCLUSION

For the reasons stated herein and in her original motion to compel, plaintiff's motion should be granted in all respects.

                THE PLAINTIFF

                BY____/s/ Joanne S. Faulkner___
                JOANNE S. FAULKNER ct04137
                123 Avon Street
                New Haven, CT 06511-2422
                (203) 772-0395
                j.faulkner@snet.net

This is to certify that the foregoing and attached was mailed on January 27, 2005, postage prepaid, to:

Victor Lawrence pro se
PO Box 1413
Bountiful UT 84011-1413

                ___/s/ Joanne S. Faulkner___
                Joanne S. Faulkner

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                                              CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM             January 14, 2005

PLAINTIFF'S OBJECTIONS TO DECEMBER 30 ADMISSION REQUESTS

Defendant served 85 Admission Requests on December 30, 2004. Pursuant to the extensions granted by the Court, all discovery was to be completed by December 31, 2004, so that the discovery request is belated. Edberg v. CPI, Inc., 2000 WL 1844651 (D. Conn. 2000) (discovery must be concluded, not begun, by the scheduled date). Discovery served outside the confines of the scheduling order is void as a matter of law. Odie v. General Motors Corp., 133 F.R.D. 1 (D. Mass. 1990), enforcing 131 F.R.D. 365 (D. Mass. 1990) (imposing sanctions for serving untimely discovery). Parties have an unflagging duty to comply with case management orders. Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998). A party who flouts the scheduling order ignores the court's inherent interest in administering its docket and "robs [scheduling orders] of their utility." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002). See also Julian v. Equifax Check Services, Inc., 178 F.R.D. 10 (D. Conn. 1998). A party's attorney may not "arrogate[] control of discovery to himself . . . and change the date of compliance to suit his own convenience and that of his client." Damiani v. R.I. Hosp., 704 F.2d 12, 16 (1st Cir. 1983).

      Request 1-85: Absent guidance from the Court, plaintiff denies each of the Requests. A cursory review shows that most are outside the scope of discovery and have nothing to do with the claims or defenses.

                                                 THE PLAINTIFF

                                                 BY____/s/ Joanne S. Faulkner___
                                                 JOANNE S. FAULKNER ct04137
                                                 123 Avon Street
                                                 New Haven, CT 06511-2422
                                                 (203) 772-0395
                                                 j.faulkner@snet.net

January 15, 2005