IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| MICHELLE GOKTEPE, | ) | DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM |
| | ) | IN OPPOSITION TO |
| Plaintiff, | ) | DEFENDANT'S |
| | ) | MOTION TO COMPEL MICHELLE GOKTEPE'S AND |
| | ) | GEM GOKTEPE'S APPEARANCE AT THEIR |
| vs. | ) | RESPECTIVE DEPOSITIONS AND TO COMPEL GEM |
| | ) | GOKTEPE TO PAY THE COSTS OF HIS NOVEMBER 19, 2004 |
| | ) | DEPOSITION |
| VICTOR LAWRENCE, doing business as, LEXINGTON LAW FIRM, | ) | |
| | ) | Case No. 3:03CV0089-MRK |
| | ) | Honorable Judge Mark R. Kravitz |
| Defendant. | ) | January 25, 2005 |

Defendant, Victor Lawrence d/b/a Lexington Law Firm, Pro Se, hereby respectfully replies, pursuant to Rule 7 FRCP and L.Civ.R. 7(d), to Plaintiff's January 24, 2005 Memorandum in Opposition ("Opposition") to Defendant's January 7, 2005, Motion to Compel Michelle Goktepe's and Gem Goktepe's Appearance at their Respective Depositions and to Compel Gem Goktepe to pay the costs of his November 19, 2004 Deposition ("Motion"). Said reply is made as follows:

## STATUS OF THE CASE

1. Defendant filed his Motion and Memorandum in Support to Compel Discovery and for Sanctions on September 27, 2004. (See docket entries 83 and 84.)

2. Plaintiff filed her Memorandum in Opposition to Defendant's Motion and Memorandum in Support to Compel Discovery and for Sanctions on October 1, 2004.

1

(See docket entry 86). Plaintiff based her memorandum in opposition on the argument that Defendant's discovery motion was not filed with the permission of the Court, that the motion was submitted without a requisite conference and certificate of a good faith effort to settle the dispute and that the questions submitted were improper. (See docket entry 86 at 1 and 2.)

3. Defendant's September 27, 2004 Motion to Compel sought an order to compel Plaintiff to answer questions, regarding Defendant's settlement offer that she refused to answer at her July 9, 2004 deposition. The substance of the questions Plaintiff refused to answer was whether she had received the settlement offers Defendant's counsel had presented to her counsel. (See docket entry 84 at 2, 3 and 4 and docket entry 71 at Exhibit "H")

4. The Court entered its Ruling and Order regarding Defendant's Motion to Compel Discovery and for Sanctions on October 14, 2004. (See docket entry 88.) The Court ruled that the "information sought was not likely to lead to discovery of admissible evidence . . . ," and reminded the parties of "this Court's requirement that *before* a discovery motion is filed, the parties must confer with the Court. (See docket entry 88 at 1)

5. Defendant filed his Motion and Memorandum in Support to Reconsider his September 27, 2004 Motion to Compel on October 25, 2004. (See docket entries 90 and 91.) The Defendant argued that Defendant's deposition questions were relevant because of Defendant's settlement offer concerning and whether Plaintiff should be awarded attorney's fees if she prevailed. (See docket entry 91 at 2.)

5. The Court entered its Order on Motion for Consideration on November 15,

2

2004. (See docket entry 96.) In its November 15, 2004 Order, the Court denied Defendant's Motion for Reconsideration on the "ground that the Defendant has failed to assert proper grounds for reconsideration." (See docket entry 96 at 1.)

## REPLY

### I. Michelle Goktepe's Deposition

The Motion asked the court to order Plaintiff to sit for the remaining 4 hours of her deposition to which Defendant is entitled under FRCP 30(d)(2). Opposition claimed Defendant based his Motion on the "excuse . . . to 'use up' an additional four hours that he did not use on the day of deposition and did not need." Opposition did not substantiate or explain the claim that the additional 4 hours to which Defendant is entitled are hours that he does "not need." Nor did Opposition provide any case law citation to support the argument that the remaining four hours should be denied. As demonstrated in the Motion and this Reply, the claim that Defendant "does not need" the remaining four hours to which he is entitled is patently false.

Additionally, Opposition improperly linked the Motion to a prior motion to compel filed in October 2004. (See docket entry 122 at 1.) Plaintiff has not objected to her further deposition on grounds of privilege, irrelevancy or improper motive. Rather, Plaintiff re-argues issues already decided by the Court's October 14, 2004 Order and *not* raised by Defendant here. Plaintiff's objections to her deposition and her assertions that her continued deposition is barred by a previous court order are nothing more than another attempt by Plaintiff to mischaracterize and obfuscate the issues raised by Defendant in his pleadings.

Defendant requests that Plaintiff be compelled to sit for the remainder of the four

3

hours of her deposition for which Defendant is entitled to under the rules to answer questions regarding, among other things: (1) Whether Plaintiff contracted with Defendant for Defendant's services; (2) Whether Plaintiff had personal knowledge of what Defendant did to service Plaintiff's case with Defendant; (3) Whether Plaintiff used an agent to communicate with and instruct Defendant what to do regarding Plaintiff's case with Defendant. (See docket entry 116 at 6.)

The Court should compel Plaintiff to attend her deposition. Plaintiff has displayed an obstructive and non-responsive behavior, primarily evidenced by Plaintiff's unsupported and self-serving claim that Defendant "did not need" the additional time and "[n]o good cause has been shown for a *second* deposition." *Emphasis added.* (See docket entry 122 at 1.) Defendant is not asking for a second deposition. Plaintiff misstates the situation. This is Plaintiff's first deposition that Defendant, by right, has 7 hours in which to depose Plaintiff and under which Defendant is asking the Court for assistance to complete. Defendant does not have to show "good cause" for using the remaining 4 hours of time, granted to him under FRCP 30(d)(2) for Plaintiff's deposition. Plaintiff did not cite any case law or any rule that supports Plaintiff's assertion that Defendant cannot finish his deposition of Plaintiff. Defendant sat for his deposition with Goktepe for the full 7 hours granted under FRCP 30(d)(2), Plaintiff simply should do the same.

## II. GEM GOKTEPE'S DEPOSITION.

Opposition argues that Gem Goktepe ("Goktepe") was not properly served with his witness fee, for his November 19, 2004 deposition. Defendant has submitted an

4

unrebutted and unrefuted Affidavit of Service that states that Goktepe was served with his witness fee on October 25, 2004. (See docket entry 118 at Exhibit "G.")  Goktepe's unsupported denial that he was not properly served with his subpoena and his witness fee is not a new and novel issue.  Connecticut courts have reviewed this issue of proper service before. Goktepe has not made a sworn statement that he was not served with the witness fee.  However, the process server has made a sworn statement that he was.  Presumptively, "[t]he . . . return . . . is prima facie evidence of the facts stated therein." Genung's, Inc., v. Edna M. Rice, 362 A.2d 540, 542 (Super. Ct. 1976) citing Jenkins v. Bishop Apartments, Inc., 132 A.2d 573 (Conn. 1957).  In addition, "even assuming that proof of service by affidavit creates only a rebuttable presumption that service was proper, a [party] cannot successfully challenge a non-sheriff's service of process with bare assertions."  Noske v. Dicaterino Contracting, Inc., 1994 WL 386850 (D.N.J.) citing FROF, Inc., v. Harris, 695 F.Supp. 827, 829 (E.D. Pa. 1988).

      Opposition makes only a conclusory and "bare assertion" that Goktepe was not served with his witness fee. This is prima facie evidence of Plaintiff's "failure to support [her] conclusory assertion that service was improper or to refute the [affidavit of service] lead[ing] to the conclusion that service was . . . proper.  Arthur Williams, Inc., v. Helbig, et al., 208 F.R.D. 41, 44 (E.D.N.Y. 2002) citing Remington Invs., Inc., v. Seiden, 240 A.D.2d 67, 647, 658(2d Dept. 1997).

      In an abundance of caution and in an effort to move this case forward, Defendant is proceeding to subpoena Goktepe for a deposition in mid February 2005.  Once a date is designated, Defendant will provide this information to the court

### III.   COSTS OF NOVEMBER 19, 2004 DEPOSITION.

Plaintiff cites <u>Cruz v. Meachum</u>, 159 F.R.D. 366, 368 (D. Conn. 1994) to support her argument that Defendant cannot recover his costs for Goktepe's failure to appear at his November 19, 2004 deposition. Plaintiff argues that Defendant cannot recover his costs of deposition because Gem Goktepe is a non-party. *Cruz* fails to support Plaintiff's argument.

*Cruz* does indeed prohibit the award of costs for a non party's failure to appear *"absent bad faith." Id at 368. Emphasis added.* In this case bad faith clearly exists. Goktepe, who was represented by Joanne Faulkner on November 19, 2004, failed to appear at the deposition. Goktepe <u>and his attorney</u> had notice of the deposition before November 19, 2004 and knew that Goktepe wasn't going to appear. (See docket entry 118 at 4.) Yet, they intentionally allowed Defendant to travel to Connecticut, get a hotel, rent a car and arrange a space for the deposition for the wholly improper purpose of tricking Defendant into waste his time and resources. Goktepe and his attorney went so far as to serve Defendant's notice of deposition one day before Goktepe's noticed deposition. (See November 18, 2004 faxed Notice of Continued Deposition from Joanne Faulkner to Victor Lawrence attached hereto as Exhibit "A" and by this reference made a part hereof.)

Goktepe's and his attorney's use of Goktepe's deposition to lure Defendant on a false trip to Connecticut is an act of bad faith. Goktepe's and his attorney's act demonstrates "more than poor judgment or negligence, it imports a conscious wrong doing, a breach of a duty through some ulterior motive." <u>Hernandez v. Employees Mutual Liability Insurance Co.</u>, 346 F.2d 154, 155 (C.A. LA. 1965) Goktepe's and his

attorney's intentional wrong doing is sufficient to award Defendant his costs.

As Opposition argues, Defendant has not provided the Court with an affidavit of his costs incurred for Goktepe's deposition. Defendant has made only a claim that costs should be awarded to him. He has not yet made a claim for a specific amount of costs. He will do so if his motion for costs is granted. Plaintiff can then review and challenge them if she so desires

### IV. COSTS AND COST SHIFTING.

Plaintiff's assertion that costs and cost shifting should be postponed until the end of the case, is simply not supported by the Court's December 23, 2004 order. Plaintiff's argument is yet another misstatement. The order is silent on costs and cost shifting other than a reference in paragraph 8 thereof to the appointment of a Special Master or how costs thereof shall be allocated.

### CONCLUSION

For the reasons listed above, Defendant respectfully requests that his Motion to Compel be granted.

DATED this 28th day of January, 2005.

Victor Lawrence
P.O. Box 1413
Bountiful, Utah  84011-1413
Tel.: (801) 296-0252
Fax: (801) 363-0976

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by Federal Express and by First Class U.S. mail, postage prepaid, on this ___28th___ day of January, 2005, to the following:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT  06511-2422

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                              CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM

NOTICE OF CONTINUED DEPOSITION

PLEASE TAKE NOTICE that the plaintiff will take the deposition of defendant Lawrence on the 19th day of November, 2004, at 10:00 a.m. (Eastern) to be held at the offices of Sanders, Gale & Russell, 437 Orange Street, New Haven CT, before a competent authority. Thereafter, examination will continue from day to day until completed.

You are invited to attend and cross-examine.

THE PLAINTIFF

BY_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395

UNITED STATES DI[STRICT COURT]
DISTRICT OF C[ONNECTICUT]

MICHELLE GOKTEPE

v.                                        CAS[E NO.]

VICTOR LAWRENCE d/b/a/ LEXINGTON L[...]

NOTICE OF CONTIN[UED...]