IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| MICHELLE GOKTEPE,<br><br>Plaintiff,<br><br>vs.<br><br>VICTOR LAWRENCE, doing business as, LEXINGTON LAW FIRM,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **DEFENDANT'S RESPONSE TO PLAINTIFF'S POSITION ON SPECIAL MASTER**<br><br>Case No. 3:03CV0089-MRK<br>Honorable Judge Mark R. Kravitz<br>January 26, 2005 |

Defendant, Victor Lawrence d/b/a Lexington Law Firm, Pro Se, hereby respectfully submits his Response, pursuant to Rule 7 FRCP and L.Civ.R. 7 to Plaintiff's *one paragraph* Position on Special Master, dated January 24, 2005 ("Position"). This Response is submitted as follows:

**RESPONSE**

Plaintiff's requests that the Court appoint a Special Master in this case. This position agrees with Defendant's Motion for a Special Master ("Motion"). The Position and the Motion disagree only in their recommendations as to how the costs of the Special Master should be paid. Motion proposed that the costs be split equally between the parties and paid on a monthly basis. Plaintiff's proposed that all such costs be taxed solely to Defendant.

Position bases its recommendation on the unsubstantiated, unsupported, conclusory claim that Plaintiff "anticipates multiple objections and *significant coaching,* based on her initial deposition of [D]efendant, and based on his persistent and continuing objections to written discovery." (*See* Position at 1.). Position cites not one single example of what she claims to fear in this case and not one single legal case supporting her unsubstantiated claims.

Motion's position is that this is an extremely contentious case in which both sides have historically objected extensively to the discovery requests of the other. Indeed, Plaintiff is the evasive party here. For example, in Plaintiff's January 14, 2005 Response to Defendant's Discovery Requests ("Plaintiff's Response"), she gave the following bizarre, non-sequitur answers to requests for admissions:

REQUEST FOR ADMISSION NO.1: Admit that you personally and individually hired, engaged or retained (collectively "retained") Defendant to perform or render any of the services that Defendant performed that are at issue in this case.

Denied. Defendant did not perform or render the services for which he was retained. Admitted that Plaintiff did not personally or individually meet with defendant or his staff in connection with the transaction.

REQUEST FOR ADMISSION NO.2: Admit that you personally and individually hired, engaged or retained (collectively "retained") Defendant to perform or render all of the services that Defendant performed that are at issue in this case.

Denied. Defendant did not perform or render the services for which he was retained. Admitted that Plaintiff did not personally or individually meet with defendant or his staff in connection with the transaction.

Plaintiff gave similarly bizarre and non-sequitur answers to an additional *fourteen* similar requests for admission numbers 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 25, 26, 27, and 28. Many of Plaintiff's other answers were similarly bizarre, evasive and obstructive. See Plaintiff's Response attached hereto as Exhibit A.

Clearly, if obstruction of discovery was the test for who pays for a Special Master, Plaintiff would be liable for all of such costs. On the other hand, Defendant has proposed an equitable solution in relation to the reference to a Special Master. Defendant proposes "that in light of the Court's December 23, 2004 order, this Motion and in the spirit of procedural efficiency, that the parties each pay for fifty percent of the fees and costs of the Special Master." (See docket entry 120 at 6.) This would provide a natural caveat to **both** parties to only burden the Special Master with relevant and non-frivolous matters.

## CONCLUSION

Both parties agree that a Special Master is warranted in relation to the complex and burdensome discovery disagreements that have evolved in this case. Accordingly, as the parties agree, reference to a Special Master should be made in this case. Because both sides are contentiously fighting every inch of the case, the costs of the Special Master should be equally paid by both parties. These payments should be made on a monthly basis to avoid letting either party fall in arrears on this obligation.

DATED this 28th day of January, 2005.

Victor Lawrence
P.O. Box 1413
Bountiful, Utah 84011-1413
Tel.: (801) 296-0252
Fax: (801) 363-0976

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by Federal Express and by First Class U.S. mail, postage prepaid, on this 28th day of January, 2005, to the following:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511-2422