just evasively refer Defendant generally to a set of documents. In addition, discovery is continuing in nature. Therefore, Plaintiff must not only produce all such documents (if any) of which she has knowledge, custody and control at this time, but she must also supplement her answer to this request on a continuing basis. Finally, there is no exception that precludes Plaintiff from producing *rebuttal* documents *intended* to be produced by Plaintiff at trial.

Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Requests for Production of Documents Nos. 1 and 2.

2.    **Request for Production of Documents Nos. 5-15, 17, 19**.  Plaintiff objected to Defendant's Requests for Production of Documents Nos. 5-15, 17 and 19 on the bare basis that such Requests for Production were overbroad. Such objections are invalid. Defendant moves the Court to compel Plaintiff to fully respond to Defendant's Requests for Production of Documents Nos. 5-15, 17 and 19.

**Summary of Interrogatories and Responses**

Requests No. 5-15, 17, 19:

Defendant's Request for Production No. 5 stated the following: "Produce all documents and media documents you believe are related to any refinance or attempted refinance by anyone, including Plaintiff and her husband, of the mortgage on your home located at 57 Ridge Lane, Shelton, Connecticut, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each refinance or attempt to refinance."

Defendant's Request for Production No. 6 stated the following: "Produce all documents and media documents you believe are related to any loans secured by real property or used to purchase real property, which were obtained or attempted to be obtained by Plaintiff or her

husband, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained."

Defendant's Request for Production No. 7 stated the following: "Produce all documents and media documents you believe are related to any unsecured loans of any type, which were obtained or attempted to be obtained by Plaintiff or her husband, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained."

Defendant's Request for Production No. 8 stated the following: "Produce all documents and media documents you believe are related to any educational loans, which were obtained or attempted to be obtained by Plaintiff or her husband, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained."

Defendant's Request for Production No. 9 stated the following: "Produce all documents and media documents you believe are related to any commercial loans, which were obtained or attempted to be obtained by Plaintiff or her husband, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained.

Defendant's Request for Production No. 10 stated the following: "To the extent not covered by prior Requests in this document, produce all documents and media documents you believe are related to any loans of any type, which were obtained or attempted to be obtained by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained."

Defendant's Request for Production No. 11 stated the following: "Produce all documents and media documents you believe are related to any applications or purchases of insurance of any type, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application or purchase made or attempted to be made."

Defendant's Request for Production No. 12 stated the following: "Produce all documents and media documents you believe are related to any applications for employment, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made."

Defendant's Request for Production No. 13 stated the following: "Produce all documents and media documents you believe are related to any applications for business licenses, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made."

Defendant's Request for Production No. 14 stated the following: "Produce all documents and media documents you believe are related to any applications for professional licenses, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made."

Defendant's Request for Production No. 15 stated the following: "Produce all documents and media documents you believe are related to any applications for security clearances, which were made or attempted to be made by Plaintiff or her husband for the time period of between

26

January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made."

Defendant's Request for Production No. 17 stated the following: "Produce all documents and media documents you believe are related to any applications for admission or appointment to civic or community organizations or positions, trade organizations or positions, social organizations or positions, governmental organizations or positions, charitable organizations or positions or religious organizations or positions, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application for admission or appointment made or attempted to be made.

Defendant's Request for Production No. 19 stated the following: "To the extent not covered by prior Requests in this document, produce all documents and media documents you believe are related to any applications for any position of employment, educational program, insurance, security clearance, professional or business license, personal loan (secured or unsecured), commercial or business loan (secured or unsecured) or any other benefit, status, position or event of any kind involving a review of credit worthiness, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made."

Responses to Nos. 5-15, 17, 19:

Plaintiff made a blanket, general objection to Defendant's Requests for Production of Documents Nos. 5-15, 17 and 19 as follows: "As to plaintiff, None in my possession or control [1]Overbroad; only plaintiff's credit standing was disputed in this matter."

---

[1] Plaintiff did provide one document in response to Request for Production of Documents No. 7, along with the blanket objection set forth herein.

## Argument

Plaintiff's objection, that the above-stated requests for production of documents were overbroad is not a valid objection and should be overruled by the Court. Plaintiff cannot merely assert the conclusory statement that a request is "overbroad" without saying why and how it is overbroad. She must explain in a meaningful way how and why the request is overbroad. See, Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that [a discovery request] was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection"). The above-described requests are not overbroad as to Plaintiff, the party bringing the claims in this case. The Requests are narrowly drawn as to the categories of documents requested in each request. They are also narrowly drawn as to the time frame covered: between January 1, 2002 and June 1, 2003. This time period provides a narrow period for examining Plaintiff's information before and after she used defendant's services in late 2002 in terms of the negative or positive impact of defendant's services.

Nor are the above-described requests overbroad as to Plaintiff's husband. Certainly, if any of the activities of Plaintiff's husband, as described in Requests for Production of Documents Nos. 5-15, 17 and 19, were adversely affected by the status of Plaintiff's credit report as the result of alleged actions by the Defendant, Plaintiff could potentially suffer some type of damages, indirectly, because of adverse consequences to her husband. Accordingly, such documents, if any exist, are relevant to the issue of potential damages in this case. Unless, Plaintiff is willing to stipulate and concede that she is not seeking any type of damages whatsoever for any adverse effect whatsoever that Defendant's alleged actions may have had on her husband's activities as described in Requests for Production of Documents Nos. 5-15, 17 and 19, such requests for production of documents seek discoverable information.

28

Nor can Plaintiff claim that the requested documents are not in her "possession or control." "Documents need not be in a party's possession to be discoverable; they need only be in the party's custody or control . . . Control includes the legal right of the producing party to obtain documents from another source upon demand. A party may be ordered to produce documents where that party has the legal right to obtain the documents, even though that party retains no copy, and regardless of whether the documents are beyond the jurisdiction of the court. The term 'control' is broadly construed." <u>M.C. Inc. v. North American Phillips Corp.</u>, 109 F.R.D. 134, 136 (S.D.N.Y. 1986) (citations deleted). Accordingly, if Plaintiff has a legal right to obtain the requested documents from a bank or other third-party upon demand, she has a duty to produce such documents.

Plaintiff has not met her burden of persuasion in demonstrating that the above-described discovery requests are overbroad. <u>See</u>, <u>Elgin</u>, <u>supra,</u> 91 F.R.D. at 419. Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Requests for Production of Documents Nos. 5-15, 17 and 19.

3.    **<u>Request for Production of Documents No. 16</u>**. Plaintiff objected to Defendant's Request for Production of Documents No. 16 on the basis that such Request for Production was overbroad and on the basis that any documents relating to any application for admission to educational institutions or programs are unrelated to any claim or defense. Such objections are invalid. Defendant moves the Court to compel Plaintiff to fully respond to Defendant's Request for Production of Documents No. 16.

**Summary of Interrogatories and Responses**

Defendant's Request for Production No. 16 stated the following: "Produce all documents and media documents you believe are related to any applications for admission to educational institutions or programs, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made."

Plaintiff stated the following objection to Defendant's Request for Production of Documents No. 16: "Overbroad; only plaintiff's credit standing was disputed in this matter. Documents relating to any application for admission to educational institutions or programs is unrelated to any claim or defense."

**Argument**

Plaintiff's objection, that the above-stated request for production of documents was overbroad, because it requested documents concerning activities of Plaintiff's husband is not a valid objection and should be overruled by the Court. Certainly, if the activities of Plaintiff's husband, as described in Request for Production of Documents No. 16, were adversely affected by the status of Plaintiff's credit report as the result of alleged actions by the Defendant, Plaintiff could potentially suffer some type of damages, indirectly, because of adverse consequences to her husband. Accordingly, such documents, if any exist, are relevant to the issue of potential damages in this case. Furthermore, if Plaintiff's activities as described in Request for Production of Documents No. 16 were adversely affected by the status of Plaintiff's credit report as the result of the alleged actions of the Defendant, such damages may potentially be covered by Plaintiff's non-specific claim for damages in this case. Therefore, unless Plaintiff is willing to stipulate and concede that she is not seeking any type of damages whatsoever for any adverse

30

effect whatsoever that Defendant's alleged actions may have had on her or her husband's activities as described in Request for Production of Documents No. 16, such document request seeks discoverable information.

Plaintiff has not met her burden of persuasion in demonstrating that the above-described discovery request is overbroad or not relevant to the case. See, Elgin, supra, 91 F.R.D. at 419. Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Request for Production of Documents No. 16.

4.    **Requests for Production of Documents Nos. 21-26**.  Plaintiff's responses to Defendant's Requests for Production of Documents Nos. 21-26 are either non-responsive or inadequate.  Defendant moves the Court to compel Plaintiff to properly respond to Defendant's Requests for Production of Documents Nos. 21-26.

**Summary of Interrogatory and Response**

Requests Nos. 21-26:

Defendant's Request for Production of Documents No. 21 stated the following:  "Produce all documents and media documents that you believe support your claims in Count I of your Second Amended Complaint that Defendant violated 15 USC § 1679b(a)(3) by misrepresenting Defendant's services."

Defendant's Request for Production of Documents No. 22 stated the following:  "Produce all documents and media documents that you believe support your claims in Count I of your Second Amended Complaint that Defendant violated 15 USC § 1679b(a)(4) by engaging in acts, practices or courses of business which constitute or result in the commission of deception on its customers, you or the consumer reporting agencies."

Defendant's Request for Production of Documents No. 23 stated the following: "Produce all documents and media documents that you believe support your claims in Count I of your Second Amended Complaint that Defendant violated 15 USC § 1679b(b) by charging and receiving money for the performance of its agreement before the service was fully performed."

Defendant's Request for Production of Documents No. 24 stated the following: "Produce all documents and media documents that you believe support your claims in Count I of your Second Amended Complaint that Defendant violated 15 USC § 1679d(b) by failure to include or disclose information required by the Credit Repair Organizations Act, 15 USC §1679 et seq. (hereafter "CROA")."

Defendant's Request for Production of Documents No. 25 stated the following: "Produce all documents and media documents that you believe support your claims in Count II of your Second Amended Complaint that Defendant violated Conn. Gen. Stat. § 36a-700."

Defendant's Request for Production of Documents No. 26 stated the following: "Produce all documents and media documents that you believe support your claims in Count II of your Second Amended Complaint that Defendant violated Conn. Gen. Stat. § 42-110a."

Responses Nos. 21-26:

Plaintiff's identical responses to Defendant's Requests for Production of Documents Nos. 21-23 and 26 stated the following: "Defendant's web site and the letters defendant sent to credit bureaus, previously provided, as well as defendant's discovery responses."

Plaintiff's response to such Request for Production of Documents No. 24 stated the following: "Defendant's web site as well as defendant's discovery responses."

Plaintiff's response to such Request for Production of Documents No. 25 stated the following: "Defendant's discovery responses."

32

## Argument

Plaintiff's responses to Defendant's Requests for Production of Documents Nos. 21-26 are inadequate, because Plaintiff has done nothing more than refer Defendant to a general set of records in order to respond to such discovery request, but did not specify the records with sufficient detail to enable Defendant to locate and identify, as readily as could the Plaintiff, the records from which the answer could be ascertained. See, FRCP 33(d). As has been set forth previously, directing the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate discovery request. T.N. Taube Corp., supra, 136 F.R.D. at 455; American Rockwool, supra, 109 F.R.D. at 266. In response to Defendant's requests for production of documents, Plaintiff must specify and produce all requested documents in her possession or control that support her claims, rather than just evasively refer Defendant generally to his own documents.

Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Requests for Production of Documents Nos. 21-26

5.     **Request for Production of Documents No. 31**. Plaintiff objected to Defendant's Request for Production of Documents No. 31 on the basis that such Request for Production was overbroad. Such objection is invalid. Defendant moves the Court to compel Plaintiff to fully respond to Defendant's Request for Production of Documents No. 31 to the extent that any such documents exist.

### Summary of Interrogatories and Responses

Defendant's Request for Production No. 31 stated the following: "Produce all documents and media documents that comprise or show your credit reports or your FICO scores, or that

comprise correspondence received by Plaintiff or her husband to Trans Union, Experian or Equifax, or their subsidiaries or affiliates, for the time period of June 1, 2002, through and including June 1, 2003."

Plaintiff stated the following objection to Defendant's Request for Production of Documents No. 31: "Overbroad; overbroad in that plaintiff did not complain about the Equifax report, and in that documents received more than 30 days after defendant's letters were sent to credit bureaus have no relation to defendant's services."

### Argument

Plaintiff's objection, that the above-stated request for production of documents was overbroad, because it requested documents received or sent to Equifax and because it requested documents sent or received more than 30 days after defendant's letters were sent to the credit bureaus is not a valid objections and should be overruled by the Court. Plaintiff has made the claim that the mailing of a dispute letter to a credit bureau in a consumer's name is an ineffective method of attempting to correct a consumer's credit report. The requested documents are relevant in that they could prove or disprove such claim. Apparently, Equifax was not reporting the same items as Trans Union and Experian at the time Plaintiff contacted the Defendant about alleged inaccuracies on her credit report. Certainly, if Plaintiff at a previous date was able to correct her Equifax credit report by the procedure of drafting and sending in her own name a dispute letter to Equifax, such information would be relevant to the claims of this case, especially on the issues of liability and damages.

In addition, because of Plaintiff's claims that part of the wrongdoing on the part of Defendant was to sign her name to a "goofy letter" and send it to the credit bureaus, rather than send a letter on Lexington Law Firm letterhead signed by an attorney, it would be relevant to the

34

issue of liability and damages in the case to see what other activities Plaintiff engaged in before and after using Defendant's services, and the effectiveness of such services in obtaining deletions of inaccurate items from Plaintiff's credit reports. Finally, information concerning Plaintiff's credit reports and FICO scores before and after the date in which she received the services of Defendant is relevant to the issue of damages. Clearly, a comparison of Plaintiff's creditworthiness for an approximate 6 month time period both prior to and after she received Defendant's services would be relevant to determine whether she suffered any damages or received any benefit as the result of Defendant's actions. Plaintiff has placed the requested information at issue by her claims in this case, and her attempt to somehow limit relevant information to an arbitrary 30 day time period has no merit. Accordingly, the requested documents, if any exist, are relevant to the issue of potential liability and damages in this case.

Plaintiff has not met her burden of persuasion in demonstrating that the above-described discovery request is overbroad or irrelevant to the case. See, Elgin, supra, 91 F.R.D. at 419. Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Requests for Production of Documents No. 31.

6.     **Request for Production of Documents No. 32**. Plaintiff objected to Defendant's Request for Production of Documents No. 32 on the basis that such Request for Production requested irrelevant information, is an invasion of privacy, seeks information about nonparties, and is not legally calculated to lead to the discovery of admissible evidence. In addition, Plaintiff objected on the basis that tax returns are confidential and privileged as a matter of law. Such objections are invalid. Defendant moves the Court to compel Plaintiff to fully respond to Defendant's Request for Production of Documents No. 32 to the extent that any such documents

35

exist.

### Summary of Interrogatories and Responses

Defendant's Request for Production No. 32 stated the following: "Produce the federal and state tax returns for both the Plaintiff and her husband, whether personal, partnership, corporate, business or commercial, for the calendar or fiscal year in which you filed the above-entitled lawsuit, and for the two (2) calendar or fiscal years before that year."

Plaintiff stated the following objection to Defendant's Request for Production of Documents No. 32:  "The request has nothing to do with any claims or defenses in this actions, is not relevant to the subject matter of this action (defendant's violations of the Credit Repair Organizations Act), is an invasion of privacy, seeks information about nonparties, and is not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, tax returns are confidential and privileged by law, 28 U.S.C. §1603, and defendant has not shown any extraordinary need for same."

### Argument

Defendant's Request for Production of Documents for the tax returns of Plaintiff and her husband for the calendar or fiscal year in which Plaintiff filed her lawsuit and in the two years preceding the filing of such lawsuit is relevant to the lawsuit or is reasonably calculated to lead to the discovery of admissible evidence, concerning the issue of potential damages.  Net income of the Plaintiff would certainly be an indicator of her ability to use her credit, and therefore, is relevant to potential damages, concerning the effect of Defendant's alleged actions on Plaintiff's ability or inability to make credit purchases, and any damages caused thereby.  Furthermore, since spouses often pool their joint resources and buying capacity to make credit purchases, Plaintiff's husband's income is also relevant to the issue of Plaintiff's potential damages in this

36

case.  Finally, "[t]ax returns are discoverable provided the party seeking the information

demonstrates (1) the tax returns are relevant and (2) there is a compelling need for disclosure of

the returns, because the information is not otherwise readily obtainable."  Land Ocean Logistics,

Inc. v. Aqua Gulf Corporation, 181 F.R.D. 229, 238-239 (W.D.N.Y. 1998).  In this case, since

Plaintiff's husband was self-employed (according to Plaintiff's deposition testimony of July 9,

2004, p. 9, lines 20-22, and p. 113, lines 10-16), there would be no other reliable method to

obtain his net income information, either because it does not exist or because it could be easily

manipulated.  Conversely, tax records are signed under penalty of perjury, and therefore, are

deemed to be reliable.  Unless Plaintiff is willing to stipulate and concede that she is not seeking

any type of damages whatsoever for any effect whatsoever that Defendant's alleged actions may

have had on the ability of Plaintiff or her husband to use Plaintiff's credit rating to make credit

purchases—either by Plaintiff independently or by Plaintiff and her husband jointly—or

damaged the income or potential income of either Plaintiff or her husband, the documents sought

in Request for Production of Documents No. 32 constitute relevant information.

      Plaintiff has not met her burden of persuasion in demonstrating that this discovery

request is irrelevant or that the tax returns requested are privileged as a matter of public policy.

See, Elgin, supra, 91 F.R.D. at 419.  Based on the foregoing, Defendant respectfully requests the

Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to

Defendant's Requests for Production of Documents No. 32.

**IV. SECOND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED 12/10/04**

      1.    **Request for Production of Documents No. 1**.  Plaintiff objected to Defendant's

Request for Production of Documents No. 1 on the basis that the documents requested by such

37

discovery request were irrelevant to the claims and defenses in the case, and on the basis that the

request was overbroad, burdensome and a fishing expedition.

### Summary of Interrogatories and Responses

Defendant's Request for Production No. 1 stated the following: "Produce all documents

and media documents that you believe are related to the litigation prosecuted on Plaintiff's behalf

by attorney Joanne Faulkner, or otherwise, against Trans Union LLC et al. in the United States

District Court for the District of Connecticut, Civil Case No. 3:03-cv-00255 PCD, which are not

protected by the attorney-client privilege or work product doctrines. This includes, but is not

limited to, (a) full copies of all correspondence, including all attachments or exhibits, sent to

Trans Union or any other person or entity by you and/or attorney for that case and (b) full copies

of all correspondence, including all attachments or exhibits, received from Trans Union or any

other person or entity by you and/or your attorney for that case. This also includes, but is not

limited to, all exhibits prepared by you or your attorney for the litigation and/or trial of this case,

whether or not filed with any court or provided to the opposing party or to any third party. This

also includes, but is not limited to, all copies of all credit reports examined by you and/or your

attorney in connection with that case. This also includes, but is not limited to, any transcripts of

any depositions taken in the case."

Plaintiff stated the following objection to Defendant's Request for Production of

Documents No. 1: "Objection: Plaintiff's litigation of a matter against Trans Union

contemporaneous with this matter, as part of her continuing effort to correct her credit report, has

nothing to do with the claims and defenses of this case. The request is overbroad, burdensome,

and a fishing expedition. There is no express or implied right to indemnity or contribution.

McMillan v. Equifax Credit Information Services, Inc., 153 F.Supp.2d 129, 132 (D. Conn.

38

2001); Irwin v. Mascott, 94 F.Supp.2d 1052, 1058 (N.D. Cal. 2000); Kay v. First Continental

Trading, Inc., 966 F.Supp. 753, 754-55 (N.D. Ill. 1997)."

### Argument

Defendant's Request for Production of Documents for the non-privileged, non-work

product documents related to the lawsuit filed by Plaintiff against Trans Union and Filenes, as

described above, is clearly relevant to the damages and liability issues of the present case.  That

case was filed after Plaintiff terminated Defendant's services and was based, in part, specifically

on a letter that Defendant wrote on Plaintiff's behalf during the period she had retained his

services.  Defendant has every right to see how Plaintiff used the work he did on her behalf to

evaluate whether and how Plaintiff benefited from, or was damaged by, his services in this case.

Furthermore, it is relevant to the issues of damages and liability in this case to see if Plaintiff's

attorney in the Trans Union case used similar methods as those used by Plaintiff with similar

results, or if she was required to use entirely different methods, such as litigation, to obtain the

ultimately desired results.

Plaintiff has not met her burden of persuasion in demonstrating that this discovery

request is irrelevant or otherwise improper.  See, Elgin, supra, 91 F.R.D. at 419.  Based on the

foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant

any and all documents that are responsive to Defendant's Requests for Production of Documents

No. 1.

2.     **Requests for Production of Documents Nos. 6-8**.  Plaintiff objected to

Defendant's Requests for Production of Documents No. 6-8 on the basis that the documents

requested by such discovery request were overbroad and presumably, therefore, irrelevant to the

claims and defenses in the case. Plaintiff's objections should be overruled and Plaintiff should be required to produce the requested documents, if any exist.

### Summary of Interrogatories and Responses

Requests Nos. 6-8:

Defendant's Request for Production No. 6 stated the following: "Produce all documents and media documents, for the time period of between October 14, 2002, and January 14, 2003, that you believe demonstrate that one or more negative items reported on Plaintiff's Experian credit report prior to October 14, 2002, for the trade lines of "Filene's" and/or "Citibank Mastercharge" were deleted from Plaintiff's Experian credit report, as a result of the dispute letter sent to Experian by Lexington Law Firm on Plaintiff's behalf in October of 2002."

Defendant's Request for Production No. 7 stated the following: "Produce all documents and media documents, for the time period of between October 14, 2002, and January 14, 2003, that you believe demonstrate that no negative items reported on Plaintiff's Experian credit report prior to October 14, 2002, for the trade lines of "Filene's" and/or "Citibank Mastercharge" were deleted from Plaintiff's Experian credit report, as a result of the dispute letter sent to Experian by Lexington Law Firm on Plaintiff's behalf in October of 2002."

Defendant's Request for Production No. 8 stated the following: "Produce all documents and media documents that you, your agents or your attorneys, or your husband, his agents or his attorneys received from Experian, its agents or affiliates during the time period from August 1, 2002, through and including February 1, 2003."

Responses Nos. 6-8:

Plaintiff stated the following identical objection to Defendant's Requests for Production

40

of Documents Nos. 6-8: "Objection: overbroad since Experian was required to respond within thirty days to the October dispute."

**Argument**

Plaintiff's objection, that the above-stated requests for production of documents were overbroad, because Experian was required to respond within thirty days to the October dispute, are not valid objections and should be overruled by the Court. Any documents received by Plaintiff from credit reporting agencies in relation to her attempts to correct her her credit report information in the general time frame of the services conducted by Defendant are clearly relevant to the issue of liability and damages in this case. In addition, the documents requested are extremely limited in number and scope—only a very small, finite number of such documents exist, regardless of when they were received. Finally, Defendant has narrowed the scope of such requests to an extremely limited time period. Accordingly, the subject document requests are not overbroad, and the documents requested, if any exist, are relevant to the issue of potential liability and damages in this case.

Plaintiff has not met her burden of persuasion in demonstrating that the above-described discovery requests are overbroad or irrelevant to the case. See, Elgin, supra, 91 F.R.D. at 419. Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Requests for Production of Documents Nos. 6-8.

3.      **Request for Production of Documents No. 9**. Plaintiff has objected to Defendant's Request for Production of Documents No. 9 on the basis that it is irrelevant, not reasonably calculated to lead to discovery of discoverable evidence and is outside the scope of discovery, and on the basis that it is overbroad. Plaintiff's objections should be overruled by the

Court, and Plaintiff should be compelled to produce the requested documents, if any exist.

**Summary of Interrogatory and Response**

Defendant's Request for Production of Documents No. 9 stated the following: "Produce all documents and media documents that you believe are related to any lawsuits in which Plaintiff or Plaintiff's husband, Gem Goktepe have been a party during the past seven (7) years."

Plaintiff responded as follows: "Objection: The request has nothing to do with any claims or defenses in this action, is not relevant to the subject matter of this action (defendant's violations of the Credit Repair Organizations Act), and is not reasonably calculated to lead to the discovery of admissible evidence. Overbroad because "you" is defined to include not only the plaintiff but also her spouse and any employee, officer, agent, attorney, or other individual under the control of plaintiff; overbroad as to time period; being a party to a lawsuit is not part of any claim or defense in the case, and is thus outside the scope of discovery. Defendant might be able to inquire only about unsuccessful lawsuits, if at all. See Outley v. City of New York, 837 F.2d 587 (2d Cir. 1988); McCormick on Evidence §196 at 578-81 (3d ed. 1984)."

**Argument**

According to Plaintiff's Initial Disclosures served on Defendant on January 7, 2005, both Plaintiff and her spouse, Gem Goktepe, are likely to have discoverable evidence which may be used to support Plaintiff's claims, and are most likely to be Plaintiff's primary fact witnesses at trial. Defendant's request for production of documents requesting Plaintiff to produce documents related to any lawsuits to which Plaintiff and her husband have been parties during the past seven (7) years is relevant to the lawsuit or is reasonably calculated to lead to the discovery of admissible evidence, concerning the issue of witness credibility. If Plaintiff and her husband have been involved in other lawsuits, an examination of the manner and extent of their

42

participation in such other lawsuits could assist Defendant in obtaining evidence concerning opinion or reputation evidence concerning their character for truthfulness or untruthfulness, which is clearly relevant to this lawsuit. Defendant's request for all such documents for a time period of the past seven years is not overbroad, because a person's reputation for truthfulness covers a broad spectrum of behavior in a community over a long period of time; therefore, what happened seven years ago would be relevant to that issue.

Plaintiff has not met her burden of persuasion in demonstrating that this discovery request is overbroad, or is not reasonably calculated to lead to the discovery of admissible evidence. See, Elgin, supra, 91 F.R.D. at 419. Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Request for Production of Documents No. 9.

4. **Request for Production of Documents No. 10**. Plaintiff objected to Defendant's Request for Production of Documents No. 10 on the basis that such Request for Production requested irrelevant information, is an invasion of privacy, seeks information about nonparties, is overbroad and is not legally calculated to lead to the discovery of admissible evidence. In addition, Plaintiff objected on the basis that tax returns are confidential and privileged as a matter of law. Such objections are invalid. Defendant moves the Court to compel Plaintiff to fully respond to Defendant's Request for Production of Documents No. 10 to the extent that any such documents exist.

### Summary of Interrogatories and Responses

Defendant's Request for Production No. 10 stated the following: "Produce all documents and media documents that you believe show the income of Plaintiff and her husband form any

and all sources, whether taxable or non-taxable, if any for the calendar years of 2001, 2002, and
2003."

Plaintiff stated the following objection to Defendant's Request for Production of
Documents No. 10: "Objection: The request has nothing to do with any claims or defenses in
this action, is not relevant to the subject matter of this action (defendant's violations of the Credit
Repair Organizations Act), is an invasion of privacy, seeks information about nonparties, and is
not reasonably calculated to lead to the discovery of admissible evidence; Overbroad, because
"you" is defined to include not only plaintiff but also her spouse and any employee, officer,
agent, attorney, or other individual under the control of plaintiff; Moreover, tax returns are
confidential and privileged by law, 28 U.S.C. §1603, and defendant has not shown any
extraordinary need for same."

**Argument**

Defendant's Request for Production of Documents for the documents showing the
income of Plaintiff and her husband for the years of 2001, 2002, and 2003, is seeking
information relevant to the lawsuit or is reasonably calculated to lead to the discovery of
admissible evidence, concerning the issue of potential damages. Net income of the Plaintiff
would certainly be an indicator of her ability to use her credit, and therefore, is relevant to
potential damages, concerning the effect of Defendant's alleged actions on Plaintiff's ability or
inability to make credit purchases, and any damages caused thereby. Furthermore, since spouses
often pool their joint resources and buying capacity to make credit purchases, Plaintiff's
husband's income is also relevant to the issue of Plaintiff's potential damages in this case.
Finally, as has been set forth previously, "[t]ax returns are discoverable provided the party
seeking the information demonstrates (1) the tax returns are relevant and (2) there is a

44

compelling need for disclosure of the returns because the information is not otherwise readily obtainable." <u>Land Ocean Logistics, Inc.</u>, <u>supra</u>, 181 F.R.D. at 238-239.  In this case, since Plaintiff's husband was self-employed (according to Plaintiff's deposition testimony of July 9, 2004, p. 9, lines 20-22, and p. 113, lines 10-16), there would be no other reliable method to obtain his net income information.  Unless Plaintiff is willing to stipulate and concede that she is not seeking any type of damages whatsoever for any effect whatsoever that Defendant's alleged actions may have had on the ability of Plaintiff or her husband to use Plaintiff's credit rating to make credit purchases—either by Plaintiff independently or by Plaintiff and her husband jointly--the documents sought in Request for Production of Documents No. 10 are relevant information.

Plaintiff has not met her burden of persuasion in demonstrating that this discovery request is irrelevant or that the tax returns requested are privileged as a matter of public policy. <u>See</u>, <u>Elgin</u>, <u>supra</u>, 91 F.R.D. at 419.  Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Request for Production of Documents Nos. 10.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests the Court to grant his Motion to Compel Discovery, and to grant Defendant appropriate sanctions, including costs incurred in bringing such motion, as the Court may deem appropriate and just.

DATED this _18TH_ day of _February_, 2005.

Victor Lawrence
P.O. Box 1413
Bountiful, UT 84011-1413
Telephone  801-296-0252
Telefax 801-363-0976

45

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by ~~Federal Express and by~~ First Class U.S. mail, postage prepaid, on this _____ day of _____ 2005, to the following:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT  06511-2422

46