UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHELLE GOKTEPE | Memorandum in Support of Motion to Compel Production of Documents Held by Relevant Third-parties Pursuant to F.R.C.P. 34(c) |
| v. | |
| VICTOR LAWRENCE d/b/a LEXINGTON LAW FIRM | CASE NO. 3:03CV 0089 (MRK) |
| | Judge Mark Kravitz |
| | March 2, 2005 |

**FILED** 2005 MAR -4 A 9:38 U.S. DISTRICT COURT NEW HAVEN, CT

### Memorandum in Support

Defendant served a subpoena duces tecum on Equifax on February 2, 2005 to produce any and all correspondence, papers, transcripts, documents, electronic documents and information, whether in paper or electronic form ("documents"), regarding Michelle Goktepe, as these documents relate to her consumer credit file and cases, Michelle Goktepe v. Victor Lawrence d/b/a Lexington Law Firm, Case No. 3:03CV 0089 (MRK) and Michelle Goktepe v. Trans Union L.L.C., et al., Case No. 3:03CV 00255 (PCD). Defendant has since contacted Equifax by telephone, on February 10, 2005 to check on the status of Equifax's production of the documents. During Defendant's telephone conversation, Equifax advised Defendant that it would not release the documents without a court order pursuant to the Fair Credit Reporting Act ("FCRA"). In an attempt to expedite this matter and to move the case forward, Defendant respectfully requests that the Court order Equifax to produce the documents.

Plaintiff has alleged Defendant's violation of 15 USC § 1681 et seq., (Fair Credit Reporting Act or "FCRA"), Conn. Gen. Stat. §36a-700, (Connecticut Credit Clinics Act or "CCCA") and Conn. Gen. Stat. §42-110a, (Connecticut Unfair Trade Practices Act or

"CUTPA"). Plaintiff has alleged that "Trans Union has no record of receiving any dispute from Lexington Law Firm during the period when Lexington was supposed to be acting on plaintiff's behalf." (See Docket entry 57 at 3). Plaintiff has made similar claims regarding Defendant sending dispute letters to Experian. (See Docket entry 57 at 4). Whether Defendant provided services to Plaintiff by sending dispute letters on her behalf to the national credit bureaus is at issue in this case. The information contained in Plaintiff's consumer credit file with Trans Union is relevant to the subject matter of this case.

In accordance with the Federal Rules of Civil Procedure 34(c), "a person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." Pursuant to Rule 34(c), the Court may compel Equifax to produce and release the documents requested above. Defendant can only assume that Equifax is reluctant to produce these documents because of 15 U.S.C. §1681b, which allows disclosure of consumer information only in the case of a court order or a subpoena from a Federal Grand Jury.

Accordingly, the Defendant moves the Court to compel Equifax to produce any and all documents regarding Michelle Goktepe, as these documents relate to her consumer credit file and cases, Michelle Goktepe v. Victor Lawrence d/b/a Lexington Law Firm, Case No. 3:03CV 0089 (MRK) and Michelle Goktepe v. Trans Union L.L.C., et al., Case No. 3:03CV 00255 (PCD).

DATED this _____ day of _____, 2005.

Victor Lawrence
P.O. Box 1413
Bountiful, UT 84011-1413
Telephone 801-296-0252
Telefax 801-363-0976

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by Federal Express and by First Class U.S. mail, postage prepaid, on this _____ day of _____ 2005, to the following:

Equifax, Inc.
c/o CT Corporation
One Commercial Plaza
Hartford, CT 06103

And

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511-2422

3