UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                                   CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM          March 15, 2005

PLAINTIFF'S OPPOSITION TO MOTIONS TO COMPEL

Defendant's Motions to Compel nonparties to respond to subpoenas should be denied. Doc. No. 133 (Equifax); Doc. No. 135 (Experian), Doc. No. 137 (Filene's); Doc No. 139 (Trans Union). The subpoenas do not compy with Fed. R. Civ. P. 45 in any respect and are void on their face.

First, Defendant did not file proof of service. Rule 45(b)(3). Had he done so, the Court would have noted that the subpoenas were purportedly issued and served in **Connecticut** on defendants located in **Georgia, Texas, and Pennsylvania**, but required production of documents at a post office box far away in **Utah**. Rule 45(a)(2).

Second, defendant did not serve a copy on the plaintiff prior to service on the recipients, and did not serve plaintiff with any copy of the purported Filene's subpoena ( see letter attached). Rule 5(a).

Third, Defendant's motion recites that he sought material related to plaintiff's consumer credit file, even though the subpoenas did not so state. [The current credit file would not be applicable to any issue in this CROA case, in any event, and would be an undue invasion of plaintiff's privacy rights under the Fair Credit Reporting Act.]

Finally, defendant attended depositions of Trans Union and Experian at which they already produced responsive documents. Equifax reports are not at issue in this matter.

Since no valid subpoena was served, there is no basis for an order compelling production. Moreover, Rule 37  does not apply to a nonparty witness. <u>Cruz v. Meachum</u>, 159 F.R.D. 366, 368 (D. Conn. 1994).


### CONCLUSION

Had defendant complied with Rule 45, his remedy would be pursuant to Rule 45. Since he did not, defendant's motions should be denied. Even a lay pro se must become familiar with and comply with procedural rules. <u>LoSacco v. City of Middletown</u>, 71 F.3d 88, 92 (2d Cir. 1995); <u>Edwards v. I.N.S.,</u> 59 F.3d 5, 8 (2d Cir. 1995).

THE PLAINTIFF


BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net


This is to certify that the foregoing was mailed on March 14, 2005, postage prepaid, to:


Victor Lawrence pro se
PO Box 1413
Bountiful UT 84011-1413


___/s/ Joanne S. Faulkner___
Joanne S. Faulkner

# Law Offices of Victor Lawrence

P.O. Box 1413 • Bountiful, Utah 84011-1413 • Telephone • 801.296.0252 • Telefax • 801.363.0976

Joanne S. Faulkner
Attorney at Law
123 Avon Street
New Haven, CT 06511-2422
Telephone: (203) 772-0395

February 8, 2005

Dear Ms. Faulkner:

Pursuant to the Federal Rules of Civil Procedure 45, I have requested a subpoena duces tecum for the following entities: Trans Union, L.L.C., Experian Information Solutions, Inc., and Equifax, Inc. Attached is a copy of the return service of process.

Very truly yours,

Victor Lawrence