UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHELLE GOKTEPE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil No.  3:03cv89 (MRK) |
| : | |
| VICTOR LAWRENCE, d/b/a LEXINGTON : | |
| LAW FIRM, : | |
| : | |
| Defendant. : | |

## ORDER OF REFERENCE TO SPECIAL MASTER

The Court hereby appoints Hon. F. Owen Eagan as a Special Master for the purposes of overseeing discovery in this case.  The Court directs former U.S. Magistrate Judge Eagan to proceed with all reasonable dilligence in resolving the parties' discovery disputes.  Judge Eagan has filed an affidavit pursuant to Rule 53(b)(3) of the *Federal Rules of Civil Procedure* indicating that there are no grounds for disqualification under 28 U.S.C. § 455.  *See* Affidavit of F. Owen Eagan [doc. # 141].

The Court finds that appointment of a special master is appropriate in this case because discovery can no longer be addressed in an effective and timely manner by this Court.  *See* Fed. R. Civ. P. 53(a)(1)(C) ("a court may appoint a special master only to: . . . (c) address pre-trial and post-trial matters that cannot be addressed effectively and timely by an available district judge.").  Both the volume and the nature of the discovery disputes in this case militate in favor of the appointment of a special master.  This case is strikingly similar to *Mercer v. Gerry Baby Prods.*

1

*Co.*, 160 F.R.D. 576 (S.D. Iowa. 1995) (appointing special master to oversee discovery). In the Court's view, a personality conflict between the plaintiff's counsel and the *pro se* defendant have resulted in countless time-consuming discovery disputes. Both parties have repeatedly accused the other of dishonesty and professional misconduct. As a result, the process required by Local Rule 37(a)(2) and by the Court's standard scheduling order has broken down to the point that the Court has had to order the parties to communicate with each other only in writing. In addition, the Court has with little success held four lengthy on-the-record phone conferences within the past three months in an attempt to mediate between the parties. *See* Minute Entries [docs. ## 101, 114, 131, 132]. Despite these efforts, currently pending are three motions to compel [docs. ## 115, 117, 130] in which, all told, the parties have objected to between sixty and seventy percent of each others' discovery requests and responses. In light of these circumstances, the Court has reached the conclusion that appointment of a special master is necessary. Both parties have also agreed that appointment of a special master to oversee certain aspects of discovery would be appropriate. *See* Def.'s Mem. in Supp. of Mot. for Special Master [doc. #120] at 6; Pl.'s Position on Special Master [doc. #123] at 1.

In compliance with Rule 53(b)(1), the Court gave the parties "notice and an opportunity to be heard" on the necessity of appointing a special master as well as on the terms and conditions of such a reference. *See* Notice of E-Filed Calendar [doc. #129]. The parties were given the opportunity to comment on the reference both in writing and during an on-the-record telephonic conference with the parties on February 25, 2005. During that conference, both parties indicated that former Magistrate Judge Eagan would be an acceptable Special Master.

Accordingly, in addition to the mandatory terms, conditions and procedures set forth in

Rule 53, the following terms and conditions shall apply:

1. The Special Master shall oversee all aspects of discovery in this case and shall resolve all pending and future discovery disputes, including three pending motions to compel [docs ## 115, 117, 130].

2. The Special Master shall not communicate *ex parte* with either party or their counsel and shall not from and after the date hereof communicate *ex parte* with the Court. The Special Master is authorized to conduct sessions with the parties by telephone so as to minimize expense.

3. The parties shall continue to file all discovery motions and all discovery pleadings with the Court as required by the Local Rules of this District and shall provide the Special Master with a copy of any such filings, mailing them to the Special Master at the following address: Hon. F. Owen Eagan, Canterbury Resolution Center, 1013 Farmington Avenue, West Hartford, CT 06107-2106. The Special Master shall file with the Court all orders, reports or rulings that he shall make. The parties have 20 days to file any objections to, or a motion to adopt or modify, any order, report or ruling issued by the Special Master.

4. The Court shall review de novo all legal conclusions of the Special Master. The Court shall review the Special Master's findings of fact for clear error and shall review the Special Master's rulings on procedural matters only for abuse of discretion.

5. The Special Master will be compensated at an hourly rate of $350.00 per hour. In addition, the parties shall be responsible for an administrative fee of $300. All of

these fees shall be borne equally by each party, though the Special Master is expressly directed by the Court to make recommendations, if any, regarding any reallocation of the Special Master's fees should the Special Master believe that a reallocation is appropriate. On or before March 21, 2005 (and in any event, before the Special Master begins his duties), each party will deposit, with Mediation Consultants, LLC, 50 Washington Street., Norwalk, CT., one half of the administrative fee of $300, and a retainer of $500, which retainer will be applied to the Special Master's hourly fees. The Special Master shall keep hourly time records and shall from time to time bill the parties for any additional fees or retainer, if any, which the parties shall pay within 20 days of receiving the Special Master's invoice.

                IT IS SO ORDERED.

        /s/     Mark R. Kravitz
           United States District Court

**Dated at New Haven, Connecticut: March 11, 2005**.