UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 MAY 10  A 9: 54

U.S. DISTRICT COURT
            CT

| | |
|---|---|
| MICHELLE GOKTEPE | |
| v. | CASE NO. 3:03CV 0089 (MRK) |
| VICTOR LAWRENCE d/b/a LEXINGTON LAW FIRM | Judge Mark Kravitz |
| | May 9, 2005 |

## MOTION TO COMPEL INITIAL DISCLOSURES

Defendant Pro Se, Victor Lawrence, d/b/a Lexington Law Firm, moves the Court pursuant to FRCP Rule 37(a) for an order compelling Plaintiff to fully provide the initial disclosures required pursuant to FRCP Rule 26(a)(1)(B) and (C). Plaintiff served her initial disclosures on Defendant on January 7, 2005, but such initial disclosures were inadequate in the manner set forth below.

### FRCP Rule 26(a)(1)(B) Initial Disclosures of Documents and Data Compilations.

Plaintiff's initial disclosures concerning FRCP Rule 26(a)(1)(B) are wholly inadequate on their face. Defendant moves the Court to compel Plaintiff to fully provide the information and/or documents required to be disclosed pursuant to FRCP Rule 26(a)(1)(B).

FRCP Rule 26(a)(1)(B) requires a party to provide the following to the other parties: "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment."

Plaintiff's response was as follows: "Documents presently in possession of plaintiff's attorney: None other than those received from defendant in the course of discovery, already in

1

possession or control of defendants (such as depositions) or provided to defendant as Exhibits to Depositions, Motions, discovery responses or Requests for Admission."

Plaintiff's response was inadequate, because Plaintiff answered by merely stating that the information to be disclosed was to be found in records in Defendant's possession, but did not specify the records with sufficient detail to enable Defendant to locate and identify, as readily as could the Plaintiff, the records or portions of records that Plaintiff may use to support her claims or defenses. Directing the opposing party to an undifferentiated mass of records is not a suitable discovery response. T.N. Taube Corp. v. Marine Midland Mortgage Corp., 136 F.R.D. 449, 455 (W.D.N.C. 1991); American Rockwool v. Owens-Corning Fiberglass Corp., 109 F.R.D. 263, 266 (E.D.N.C. 1985). Even though Defendant may have in his possession all of the same documents that Plaintiff has in her custody or control, he is still entitled to discover through such initial disclosures which of such documents, if any, the Plaintiff "may use to support [her] claims or defenses." In addition, discovery is continuing in nature. Therefore, Plaintiff must not only disclose the required information or documents in her original initial disclosures, but she must also supplement such disclosures on a continuing basis.

Based on the foregoing, Plaintiff respectfully requests the Court to compel Plaintiff to fully comply with her duties under FRCP Rule 26(a)(1)(B), by actually providing a copy of or describing by category and location "all documents, data compilations, and tangible things that are in the possession, custody or control" of Plaintiff, which Plaintiff "may use to support [her] claims or defenses."

**FRCP Rule 26(a)(1)(C) Initial Disclosures of Computation of Damages.**

Plaintiff's initial disclosures concerning FRCP Rule 26(a)(1)(C) are wholly inadequate on

their face. Defendant moves the Court to compel Plaintiff to fully provide the information and/or documents required to be disclosed pursuant to FRCP Rule 26(a)(1)(C).

FRCP Rule 26(a)(1)(C) requires a party to provide the following to the other parties: "a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered."

Plaintiff's response was as follows: "Compilation of damages (estimated): mail, telephone, postage, copies, est. $25; loss of use of retainer until refunded after this lawsuit, emotional distress at being humiliated by finding out she had been fooled, and at the false and immature nature of the letters attributed to her by her supposed attorney; anxiety and distress caused by delay in accomplishing corrections to her credit report; all to be valued by jury; punitive damages to be valued by jury. A. Case Law Supporting Actual Damages Such damages will likely be in keeping with the following decisions and settlements involving consumer credit report issues and damages for Emotional Distress, Embarrassment and Humiliation and similar elements." Plaintiff then set forth the list of case law references attached hereto and incorporated herein as Exhibit "A."

FRCP Rule 26(a)(1)(C) required Plaintiff to submit a "computation of any category of damages claimed" and to provide to Defendant "the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based." Accordingly, this rule required Plaintiff to articulate the specific amount of damages she is claiming and a computation of how she derived such amount, concerning any category of damages she is

3

claiming, as well as to provide any documents on which the computation was based. For example, Plaintiff should have calculated the specific amount of damages claimed for loss of use of the $110.00 retainer paid to Defendant and retained for a 5-month period before it was refunded to Plaintiff (i.e., $110.00 x .18 [interest rate] x 5÷12 [number of months] = $8.25).

In addition, if Plaintiff arrived at her computation of damages for "emotional distress at being humiliated" or for "anxiety and distress caused by delay in accomplishing corrections to her credit report" by a comparison to other litigation awards and settlements, she should be required to specifically state the amount of damages she is claiming for "emotional distress at being humiliated" and for "anxiety and distress caused by delay in accomplishing corrections to her credit report." And, she should be required to show how she derived the specific amount of damages for such claims by explaining the similarities and differences between her case and the comparable cases reflecting litigation awards and settlements. A general reference to litigation awards and settlements without articulating an amount of damages claimed and without articulating how the amount claimed was derived or computed does not comply with the requirements of FRCP Rule 26(a)(1)(C). Furthermore, FRCP Rule 26(a)(1)(C) required Plaintiff to submit "materials bearing on the nature and extent of injuries suffered." Accordingly, if any such documents exist, Plaintiff was required by FRCP Rule 26(a)(1)(C) to submit to Defendant any medical records that would demonstrate that Plaintiff suffered actual physical or emotional injuries as a result of Defendant's actions (as opposed to Plaintiff merely experiencing an unreasonable emotional overreaction as a result of irrational hypersensitivity to Defendant's actions).

Furthermore, pursuant to FRCP Rule 26(a)(1)(B), Plaintiff should be required to articulate the specific amount of punitive damages she is claiming and the manner in which such

4

punitive damages were computed. If the amount of claimed punitive damages was derived by taking a multiple of actual damages, Plaintiff should be required to explain why the particular multiple of actual damages was chosen. If the amount of claimed punitive damages was derived by a comparison to other awards or settlements, Plaintiff should be required to articulate how she derived he specific amount by explaining the similarities and differences between her case and the comparable cases reflecting punitive damages awards and settlements. Finally, FRCP Rule 26(a)(1)(C) required Plaintiff to submit to Defendant any materials bearing on the nature and extent of the injuries suffered, in relation to punitive damages. Accordingly, Plaintiff should be required to submit any materials or documents that may demonstrate reckless indifference by Defendant to the rights of Plaintiff, or malice or evil motive on the part of Defendant in causing harm or damages to Plaintiff.

Finally, Plaintiff should have been required to disclose the amount of Plaintiff's claim for "costs of suit and a reasonable attorney's fee" as of the date of submitting the initial disclosures, whereas Plaintiff has requested an award of "costs of suit and a reasonable attorney's fee" in her Second Amended Complaint. Based on recent correspondence with Plaintiff's attorney, it would appear that Plaintiff's claim for attorney's fees to date may be a substantial amount. Defendant is entitled to a disclosure of the specific amount claimed by Plaintiff for attorney's fees and costs to date and a computation of how such amount was derived.

Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to comply with her duties under FRCP Rule 26(a)(1)(C), by actually stating the specific amount of damages she believes she is entitled to receive for each category of damages claimed, by specifically articulating how such damages amounts were computed, and by producing copies or

making available for copying any documents that support such computations or that bear on the nature and extent of the injuries suffered by Plaintiff.

DATED this _9th_ day of May, 2005.

                                                    Victor Lawrence
                                                  P.O. Box 1413
                                                  Bountiful, UT 84011-1413
                                                  Telephone  801-296-0252
                                                  Telefax 801-363-0976

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by Federal Express overnight delivery, prepaid, on this ___9TH___ day of May, 2005, to the following:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511-2422

7