UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 MAY 10  A 9: 54

U.S. DISTRICT COURT

| | |
|---|---|
| MICHELLE GOKTEPE | |
| v. | CASE NO. 3:03CV 0089 (MRK) |
| VICTOR LAWRENCE d/b/a LEXINGTON LAW FIRM | Judge Mark Kravitz |
| | May 9, 2005 |

## MOTION TO COMPEL DISCOVERY

Defendant Pro Se, Victor Lawrence, d/b/a Lexington Law Firm, moves the Court pursuant to FRCP Rule 37(a) for an order compelling discovery concerning *Defendant's First Set of Interrogatories served on Plaintiff on December 2, 2004*, as follows:

## I. GENERAL OBJECTIONS

Plaintiff made the following general objections to Defendant's discovery requests: "Plaintiff objects to the discovery requests dated December 2, 3, 7, 10, 2004, insofar as the instructions and definitions are oppressive, burdensome, outside the scope of discovery, unrelated to the discovery requests, and unreasonable. Diversified Prods. Corp. v. Sports Center Co., 42 F.R.D. 3 (D.Md. 1967). In addition, the discrete subparts and instructions and definitions cause the number of interrogatories to exceed the number permitted by Fed. R. Civ. P. 33(a) and Case Management Plan. McCarthy v. Paine Webber Group Inc., 168 F.R.D. 448 (D. Conn. 1996)."

**Argument**

Plaintiff's objection to Defendant's discovery requests "insofar as the instructions and definitions are oppressive, burdensome, outside the scope of discovery, unrelated to discovery requests, and unreasonable" is an invalid objection. Plaintiff cannot merely make the conclusory

1

statement that such definitions are "oppressive, burdensome, outside the scope of discovery, unrelated to discovery, and unreasonable" without explaining why and how that is so. See, Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that [a discovery request] is overly broad, burdensome, oppressive or irrelevant is not adequate to voice a successful objection"). If Plaintiff has specific objections to the instructions and definitions portion of Defendant's discovery requests, she should make such specific objections. The blanket objection she has made as set forth above is not a valid objection, and should not be considered by the Court.

In addition, Plaintiff's objection that the discrete subparts and instructions and definitions cause the number of interrogatories to exceed the number permitted by Fed. R. Civ. P. 33(a) and the Case Management Plan (which number s 25) is also invalid. "Courts have held that interrogatory subparts are to be counted as discrete subparts if they are not logically or factually subsumed within and necessarily related to the primary question. Thus, if the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not factually subsumed within and necessarily related to the primary question. On the other hand, multiple interrelated questions may constitute a single interrogatory even though it requests that the time, place persons present, and contents be stated separately." Cramer v. Fedco Automotive Components Co., Inc., 2004 WL 1574691 (W.D.N.Y.). In this case, the only Defendant's Interrogatories No. 3 and 4 contain discrete subparts, that are "not logically or factually subsumed within and necessarily related to the primary question." Id. Interrogatory No. 3 clearly contains five (5) discrete subparts and Interrogatory No. 4 clearly contains two (2) discrete subparts. Accordingly, even if you add an additional five (5) interrogatories to the number allegedly propounded by Defendant (14),

2

Defendant has still propounded only nineteen interrogatories, and is well within the limit set by the Federal Rules of Civil Procedure.

Based on the foregoing, Plaintiff's general objections to Defendant's discovery requests are not valid, and do not provide justification for failure to respond properly to any of such discovery requests.

## II. FIRST SET OF INTERROGATORIES PROPOUNDED 12/2/04

1. **Interrogatory No. 3**. Plaintiff's objections to Defendant's Interrogatory No. 3 are invalid. In addition, Plaintiff's response to Defendant's Interrogatory No. 3 is either non-responsive or inadequate. Defendant moves the Court to compel Plaintiff to fully respond to Defendant's Interrogatory No. 3.

### Summary of Interrogatory and Response

Defendant's Interrogatory No. 3 stated the following: "State with specificity all facts that you claim provide support for your claims in Count I of your Second Amended Complaint that Defendant violated 15 USC §1679b(a)(1) by making untrue or misleading statements to a consumer reporting agency; 15 USC §1679b(a)(3) by misrepresenting Defendant's services; 15 USC §1679(b)(4) by engaging in acts, practices or courses of business which constitute or result in the commission of deception on its customers, you or the consumer reporting agencies; 15 USC §1679b(b) by charging and receiving money for the performance of its agreement before the service was fully performed; and 15 USC §1679d(b) for failure to include the information required by this subsection."

Plaintiff's response to such Interrogatory No. 3 stated the following: "Objection: compound, calls for a narrative response; Unknown at this time due to incomplete discovery. Some of the facts are shown by documents such as defendant's records; defendant's web site; the

3

letters sent to the credit bureaus; defendant's present or anticipated responses to discovery. They include the facts and documents referred to in the Initial Disclosures recently served."

**Argument**

Plaintiff's objection, that the interrogatory is compound and calls for a narrative response, is not a valid objection and should be overruled by the Court. The Federal Rules of Civil Procedure do not prohibit compound interrogatories or subparts to interrogatories. See Zapata v. IBP, Inc., 1997 WL 50474 (D. Kan. 1997) ("Neither the Federal Rules of Civil Procedure nor the Rules of Practice of the United States Court for the District of Kansas prohibit compound interrogatories or subparts to interrogatories"). Furthermore, a careful review of the local rules of practice for the United States Court in the District of Connecticut did not disclose any prohibition by this Court of compound interrogatories or subparts to interrogatories. In addition, "[n]othing in the Federal Rules of Civil Procedure prescribes any form for interrogatories so long as the interrogatory gives the other party a reasonably clear indication of the information to be included in the answer . . . There is no need to insist rigidly *a priori* that interrogatories cannot be commands or seek narrative or other expansive detail." Babcock Swine, Inc. v. Shelbco, Inc., 126 F.R.D. 43, 45 (S.D. Ohio, Western Division 1989) (quotation marks and citations deleted). Therefore, there exists no valid objection to Interrogatory No. 3 on the basis that it is compound and/or that it calls for a "narrative response," especially whereas Plaintiff has not cited any case law or other argument to demonstrate otherwise.

Plaintiff's response was also inadequate, because Plaintiff answered by merely stating that the factual information requested was to be found in records in defendant's possession, but did not specify the records with sufficient detail to enable Defendant to locate and identify, as readily as could the Plaintiff, the records or portions of the records from which the answer could

be ascertained. See, FRCP 33(d). Directing the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate discovery request. T.N. Taube Corp. v. Marine Midland Mortgage Corp., 136 F.R.D. 449, 455 (W.D.N.C. 1991); American Rockwool v. Owens-Corning Fiberglass Corp., 109 F.R.D. 263, 266 (E.D.N.C. 1985).

Additionally, one of the purposes of asking Plaintiff to identify the specific facts that support her specific claims is because "notice pleading" does not require all such information to be specifically pleaded in the complaint. Rather, the details of the facts supporting the Complaint are supposed to be provided during discovery. Plaintiff cannot rely on the circular argument that she does not have to provide the specific factual basis of her claims because defendant should already know what they are. In discovery, Plaintiff must articulate this information if, as here, she has been requested to do so.

Finally, Plaintiff answered that the she could not answer the question as to what specific facts underlie her claims because that information was "unknown at this time." This answer suggests that plaintiff, at the time of filing her complaint (and for over two years thereafter) had no factual basis whatsoever for filing her claims in this case. **If Plaintiff still can identify no specific factual basis for her claims at this point in the lawsuit, her complaint should not only be dismissed, but there may also be a basis for imposing FRCP Rule 11 sanctions.** In addition, discovery is continuing in nature. Therefore, Plaintiff must not only identify all such facts (if any) of which she has knowledge at this time, but she must also supplement her answer on a continuing basis.

Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to provide a full and adequate response to Defendant's Interrogatory No. 3 by answering the interrogatory in a responsive, non-evasive manner.

2. **Interrogatory No. 4**. Plaintiff's response to Defendant's Interrogatory No. 4 is only partially responsive, and Defendant moves the Court to compel Plaintiff to fully answer Defendant's Interrogatory No. 4.

**Summary of Interrogatory and Response**

Defendant's Interrogatory No. 4 stated the following: "State with specificity all facts that you claim provide support for your claims in Count II of your Second Amended Complaint that Defendant violated Conn. Gen. Stat. §36a-700; and Conn. Gen. Stat. §42-110a."

Plaintiff responded as follows: "Same as facts showing violation of CROA; failure to have a Connecticut license."

**Argument**

Whereas Plaintiff's response to Interrogatory No. 4 incorporates Plaintiff's inadequate response to Interrogatory No. 3, it is insufficient for the same reasons that Plaintiff's response to Interrogatory No. 3 was insufficient, as set forth above.

Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to provide a full and adequate response to Defendant's Interrogatory No. 4 by answering the interrogatory in a responsive, non-evasive manner.

3. **Interrogatory No. 10(b)**. Plaintiff's response to Defendant's Interrogatory No. 10(b) is only partially responsive, and Defendant moves the Court to compel Plaintiff to fully answer Defendant's Interrogatory No. 10(b).

**Summary of Interrogatory and Response**

Defendant's Interrogatory No. 10(b) stated the following: "[P]lease state the following: . . . b. The name of the person who wrote or spoke each communication made with Defendant and his agents during each communication."

Plaintiff responded as follows: "Never communicated with defendant. Please see defendant's computerized records."

**Argument**

The reason for propounding this interrogatory to Plaintiff was that defendant's computerized records do not indicate who actually authored emails sent from Plaintiff to Defendant—whether it was Plaintiff or someone else acting on behalf of Plaintiff, such as Plaintiff's husband. Furthermore, in her deposition, Defendant indicated that it was her husband, not her, who communicated with Defendant. Accordingly, the purpose of the interrogatory was to have Plaintiff indicate which, if any, of the email communications sent by her to Defendant were personally authored by her and which email communications were authored by someone else, such as her husband, either acting on his or her own behalf or on behalf of Plaintiff, such as her husband. Plaintiff's answer is completely non-responsive on this issue, because Defendant's computerized records do not identify who actually authored the emails.

Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to provide a full and adequate response to Defendant's Interrogatory No. 10(b) by answering the interrogatory in a responsive, non-evasive manner. Plaintiff must state her answer to the question, she cannot merely refer Defendant generally to his own records.

4. **Interrogatory No. 11**. Plaintiff has objected to and failed to answer Defendant's Interrogatory No. 11 on the basis that it is irrelevant, not reasonably calculated to lead to discovery of discoverable evidence and is outside the scope of discovery, and overbroad. Plaintiff's objections should be overruled by the Court, and Plaintiff should be compelled to answer such interrogatory in a responsive, non-evasive manner.

**Summary of Interrogatory and Response**

Defendant's Interrogatory No. 11 stated the following: "Describe all lawsuits in which you have been a party during the past ten years. For each such action, include in your answer the case number, venue, causes of action, your role in the suit, the outcome of the suit and current status of the suit."

Plaintiff responded as follows: "Objection: The request has nothing to do with any claims or defenses in this action, is not relevant to the subject matter of this action (defendant's violations of the Credit Repair Organizations Act), and is not reasonably calculated to lead to the discovery of admissible evidence. Overbroad because "you" is defined to include not only the plaintiff but also her spouse and other persons acting or purporting to act on her behalf; overbroad as to time period; being a party to a lawsuit is not part of any claim or defense in the case, and is thus outside the scope of discovery. Defendant might be able to inquire only about unsuccessful lawsuits, if at all. See Outley v. City of New York, 837 F.2d 587 (2d Cir. 1988); McCormick on Evidence §196 at 578-81 (3d ed. 1984)."

**Argument**

Plaintiff has represented to the Court that evidence of a litigant's involvement with previous lawsuits is inadmissible, except maybe to inquire only about unsuccessful lawsuits. Plaintiff cited the case of Outley v. City of New York, 837 F.2d 587 (2d Cir. 1988) and the legal treatise of McCormick on Evidence §196 at 578-81 (3d ed. 1984), as legal support for this alleged legal principle. However, both the Outley case and the McCormick treatise on Evidence stand primarily for the principle that evidence of a pattern of litigiousness of a litigant in previous lawsuits is generally inadmissible to show that the current lawsuit has been filed without basis. Furthermore, the McCormick treatise cited by Plaintiff actually points out that

8

evidence about a party's reputation or character for untruthfulness that is revealed in prior litigation—even specific instances of fraudulent claims filed or false statements made in the context of a previous litigation—is usually admissible in a subsequent lawsuit to show a general reputation or character for untruthfulness, especially if used solely for impeachment of witnesses.

Defendant made this discovery request for the purpose of discovering admissible evidence concerning opinion or reputation evidence of both Plaintiff and her husband, Plaintiff's two primary fact witnesses in support of her claims against Defendant, for truthfulness or untruthfulness. According to Plaintiff's Initial Disclosures served on Defendant on January 7, 2005, both Plaintiff and her spouse, Gem Goktepe, are likely to have discoverable evidence which may be used to support Plaintiff's claims. In fact, based on Plaintiff's testimony at her deposition conducted on July 9, 2004, such individuals are the persons most likely to be Plaintiff's primary fact witnesses at trial. Defendant's interrogatory requesting Plaintiff to describe lawsuits concerning which Plaintiff and her husband have been parties during the past ten (10) years is relevant to the lawsuit or is reasonably calculated to lead to the discovery of admissible evidence, concerning the issue of witness credibility. If Plaintiff and her husband have been involved in other lawsuits, an examination of the manner and extent of their participation in such other lawsuits could assist Defendant in obtaining evidence concerning opinion or reputation evidence concerning their character for truthfulness or untruthfulness, which is clearly relevant to this lawsuit. Defendant's request for all such information for the past ten years is not overbroad, because a person's reputation for truthfulness covers a broad spectrum of behavior in a community over a long period of time; therefore, what happened 10 years ago would be relevant to that issue.

"Relevancy at the discovery level of litigation is not the same as relevancy at trial. The

9

standard to be followed is whether this material appears reasonably calculated to lead to the discovery of relevant evidence . . . discovery should be relevant where there is Any possibility that the information sought may be relevant to the subject matter of the action." Westhemeco Ltd. V. New Hampshire Ins. Co., 82 F.R.D. 702, 709 (S.D.N.Y. 1979) (citations and quotations deleted). It is also Plaintiff's burden of persuasion, as the person opposing the discovery request, to demonstrate to the Court that such information is outside the broad scope of allowable discovery. See Elgin FCU v. Carter, Fitzgerald Securities, 91 F.R.D. 414, 419 (N.D. Ga. 1981) ("The burden of persuasion rests on the party opposing discovery"). Plaintiff has not met her burden of persuasion in demonstrating that this discovery request is overbroad, or that there is not *any possibility* that the information sought may be relevant to the subject matter of the action or lead to the discovery of relevant evidence.

Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to provide a full, adequate, non-evasive response to Defendant's Interrogatory No. 11.

    5.    **Interrogatory No. 12**. Plaintiff has objected to and has failed to answer Defendant's Interrogatory No. 12 on the following basis: 1) it is irrelevant, not reasonably calculated to lead to discovery of discoverable evidence and is outside the scope of discovery; 2) it is an invasion of privacy; 3) it seeks information about non-parties; and 4) it is overbroad. Plaintiff's objections should be overruled by the Court, and Plaintiff should be compelled to answer such interrogatory in a responsive, non-evasive manner.

**Summary of Interrogatory and Response**

Defendant's Interrogatory No. 12 stated the following: "Identify each piece of real property owned by you and/or your husband in the calendar year you filed this lawsuit and for the two (2) calendar years before that. In relation to this interrogatory, please also state the

10

following: a. What was the purchase price of each piece of real property? b. What names were placed on the title of each piece of real property? c. Identify each piece or real property currently owned by you and/or your husband in the year you filed your lawsuit. d. What was the purchase price of each piece of real property owned by you or your husband in the year you filed your lawsuit? e. What names, including lienholders, are currently on the title of each piece of real property owned by you or your husband in the year you filed this lawsuit?"

Plaintiff responded as follows: "Objection: The request has nothing to do with any claims or defenses in this action, is not relevant to the subject matter of this action (defendant's violations of the Credit Repair Organizations Act), is an invasion of privacy, seeks information about nonparties, and is not reasonably calculated to lead to the discovery of admissible evidence. Overbroad because "you" is defined to include not only the plaintiff but also her spouse and other persons acting or purporting to act on her behalf"

**Argument**

Defendant's interrogatory requesting Plaintiff to describe any real property purchased by her or her husband (or by agents acting on their behalf) in the year in which Plaintiff filed her lawsuit and in the two years preceding the filing of such lawsuit is relevant to the lawsuit or is reasonably calculated to lead to the discovery of admissible evidence, concerning the issue of potential damages. Any real property purchased by Plaintiff's husband during the marriage could potentially be property of the marital estate, and therefore, Plaintiff could have an interest in real property purchased by her husband. The effect of Defendant's alleged actions on Plaintiff's ability to purchase or refinance real property is a potential issue concerning damages. Unless, Plaintiff is willing to stipulate and concede that she is not seeking any type of damages whatsoever for any effect whatsoever that Defendant's alleged actions may have had on the

11

ability of Plaintiff or Plaintiff's husband to purchase real property, the information sought in Interrogatory No. 12 is discoverable information. Furthermore, this request is reasonably calculated to lead to the discovery of admissible evidence in that the disclosure of any real estate purchases by Plaintiff in the relevant time period could also lead to the discovery of records of Plaintiff's past credit reports in a mortgage loan file or in a title company closing file, if any real estate transactions have actually occurred. Such records of past credit reports would be admissible evidence, if discovered.

Plaintiff has not met her burden of persuasion in demonstrating that this discovery request is overbroad, is not reasonably calculated to lead to the discovery of admissible evidence or is otherwise improper. See Elgin, supra,, 91 F.R.D. at 419. Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to provide a full, adequate, non-evasive response to Defendant's Interrogatory No. 12.

6.    **Interrogatory No. 14**. Plaintiff has objected to Defendant's Interrogatory No. 14 on the basis that it is irrelevant, not reasonably calculated to lead to discovery of discoverable evidence and is overbroad. Plaintiff's objections should be overruled by the Court, and Plaintiff should be compelled to answer such interrogatory in a responsive, non-evasive manner.

**Summary of Interrogatory and Response**

Defendant's Interrogatory No. 14 stated the following: "What was the gross and net income for you and for your husband in the calendar year you filed this lawsuit and for the two (2) calendar years before that?"

Plaintiff responded as follows: "Objection: The request has nothing to do with any claims or defenses in this action, is not relevant to the subject matter of this action (defendant's violations of the Credit Repair Organizations Act), and is not reasonably calculated to lead to the

12

discovery of admissible evidence. Overbroad because "you" is defined to include not only the plaintiff but also her spouse and other persons acting or purporting to act on her behalf"

**Argument**

Defendant's interrogatory requesting Plaintiff to disclose the gross and net income for her and her husband in the calendar year in which Plaintiff filed her lawsuit and in the two years preceding the filing of such lawsuit is relevant to the lawsuit or is reasonably calculated to lead to the discovery of admissible evidence, concerning the issue of potential damages. Net income of the Plaintiff would certainly be an indicator of her ability to use her credit, and therefore, is relevant to potential damages, concerning the effect of Defendant's alleged actions on Plaintiff's ability or inability to make credit purchases, and any damages caused thereby. Furthermore, since spouses often pool their joint resources and buying capacity to make credit purchases, Plaintiff's husband's income is also relevant to the issue of Plaintiff's potential damages in this case. Unless, Plaintiff is willing to stipulate and concede that she is not seeking any type of damages whatsoever for any effect whatsoever that Defendant's alleged actions may have had on the ability of Plaintiff and her husband to use Plaintiff's credit rating to make credit purchases—either by Plaintiff independently or by Plaintiff and her husband jointly--the information sought in Interrogatory No. 14 is discoverable information.

Plaintiff has not met her burden of persuasion in demonstrating that this discovery request is overbroad, or that it does not request the disclosure of relevant evidence or is not reasonably calculated to lead to the discovery of admissible evidence. See, Elgin, supra,, 91 F.R.D. at 419. Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to provide a full, adequate, non-evasive response to Defendant's Interrogatory No. 14.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests the Court to grant his Motion to Compel Discovery, and to grant Defendant appropriate sanctions, including costs incurred in bringing such motion, as the Court may deem appropriate and just.

DATED this ___9th___ day of May, 2005.

Victor Lawrence
P.O. Box 1413
Bountiful, UT 84011-1413
Telephone 801-296-0252
Telefax 801-363-0976

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by Federal Express overnight delivery, prepaid, on this ___9th___ day of May, 2005, to the following:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT  06511-2422