UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 MAY 10  A 9: 54

U.S. DISTRICT COURT
NEW HAVEN CT

MICHELLE GOKTEPE

v.

VICTOR LAWRENCE d/b/a
        LEXINGTON LAW FIRM

CASE NO. 3:03CV 0089 (MRK)

Judge Mark Kravitz

May 9, 2005

## MOTION TO COMPEL DISCOVERY

Defendant Pro Se, Victor Lawrence, d/b/a Lexington Law Firm, moves the Court pursuant to FRCP Rule 37(a) for an order compelling discovery concerning *Defendant's First Set of Requests for Admissions served on Plaintiff on December 3, 2004*, as follows:

### I. GENERAL OBJECTION

Plaintiff made the following general objection to Defendant's First Set of Requests for Admissions dated December 3, 2004: "Plaintiff objects to the discovery requests dated December 2, 3, 7, 10, 2004, insofar as the instructions and definitions are oppressive, burdensome, outside the scope of discovery, unrelated to the discovery requests, and unreasonable. Diversified Prods. Corp. v. Sports Center Co., 42 F.R.D. 3 (D.Md. 1967)."

**Argument**

Plaintiff's objection to Defendant's discovery requests "insofar as the instructions and definitions are oppressive, burdensome, outside the scope of discovery, unrelated to discovery requests, and unreasonable" is an invalid objection. Plaintiff cannot merely make the conclusory statement that such definitions are "oppressive, burdensome, outside the scope of discovery, unrelated to discovery, and unreasonable" without explaining why and how that is so. See, Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that [a

1

discovery request] is overly broad, burdensome, oppressive or irrelevant is not adequate to voice a successful objection").

If Plaintiff has specific objections to the instructions and definitions portion of Defendant's discovery requests, she should make such specific objections. The blanket objection she has made as set forth above is not a valid objection, and should not be considered by the Court. Furthermore, such general objection does not provide justification for failure to respond properly to any of such discovery requests.

## II. FIRST SET OF REQUESTS FOR ADMISSIONS PROPOUNDED 12/3/04

1. **Requests for Admissions Nos. 1-12, 25-28**. Plaintiff's responses to Defendant's Requests for Admissions Nos. 1-12, and 25-28, are, on their face, wholly non-responsive, and do not "fairly meet the substance of the requested admission." FRCP 36(a). Defendant moves the Court to compel Plaintiff to amend her answer to fully respond to Defendant's Requests for Admissions No. 1-12, and 25-28.

### Summary of Requests for Admissions and Responses

### Requests 1-4:

Defendant's Request for Admission No. 1 stated the following: "Admit that you personally and individually hired, engaged or retained (collectively 'retained') Defendant to perform or render any of the services that Defendant performed that are at issue in this case."

Defendant's Request for Admission No. 2 stated the following: "Admit that you personally and individually hired, engaged or retained (collectively 'retained') Defendant to perform or render all of the services that Defendant performed that are at issue in this case."

Defendant's Request for Admission No. 3 stated the following: "Admit that you personally and individually did not retain Defendant to perform or render any of the services that

2

Defendant performed that are at issue in this case."

Defendant's Request for Admission No. 4 stated the following: "Admit that you personally and individually did not retain Defendant to perform or render all of the services that Defendant performed that are at issue in this case."

**Responses 1-4**:

Plaintiff's identical response to Defendant's Requests for Admissions Nos. 1-4 stated the following: "Denied. Defendant did not perform or render the services for which he was retained. Admitted that Plaintiff did not personally or individually meet with defendant or his staff in connection with the transaction."

**Requests 5-8**:

Defendant's Request for Admission No. 5 stated the following: "Admit that you personally and individually retained Defendant on September 5, 2002."

Defendant's Request for Admission No. 6 stated the following: "Admit that you personally and individually did not retain Defendant on September 5, 2002."

Defendant's Request for Admission No. 7 stated the following: "Admit that you personally and individually terminated your case with Defendant on November 18, 2002."

Defendant's Request for Admission No. 8 stated the following: "Admit that you personally and individually did not terminate your case with Defendant on November 18, 2002."

**Responses 5-8**:

Plaintiff's identical responses to Defendant's Requests for Admissions Nos. 5-8 stated the following: "Denied. Admitted that Plaintiff did not personally or individually meet with defendant or his staff in connection with the transaction."

**Requests 9-10:**

Defendant's Request for Admission No. 9 stated the following: "Admit that you personally and individually conducted all communications with Defendant or its agents regarding services that Defendant rendered for you."

Defendant's Request for Admission No. 10 stated the following: "Admit that you personally and individually did not conduct all communications with Defendant or its agents regarding services that Defendant rendered for you."

**Responses 9-10:**

Plaintiff's identical responses to Defendant's Requests for Admissions No. 9-10 stated the following: "Denied. Defendant did not perform or render services for which he was retained. Admitted that Plaintiff did not personally or individually meet with defendant or his staff in connection with the transaction."

**Requests 11-12:**

Defendant's Request for Admission No. 11 stated the following: "Admit that you personally and individually told Defendant all of the items you wanted to be disputed on your behalf."

Defendant's Request for Admission No. 12 stated the following: "Admit that you personally and individually did not tell Defendant all of the items you wanted to be disputed in your behalf."

**Responses 11-12:**

Plaintiff's identical responses to Requests for Admissions No. 11-12 stated the following: "Denied. Admitted that Plaintiff did not personally or individually meet with defendant or his staff in connection with the transaction."

**Requests 25-28**:

Defendant's Request for Admission No. 25 stated the following: "Admit that you personally and individually terminated Defendant's services."

Defendant's Request for Admission No. 26 stated the following: "Admit that you personally and individually did not terminate Defendant's services."

Plaintiff's identical responses to Defendant's Requests for Admissions Nos. 25-26 stated the following: "Denied. Admitted that Plaintiff did not personally or individually meet with defendant or his staff in connection with the transaction."

Defendant's Request for Admission No. 27 stated the following: "Admit that your husband personally and individually terminated Defendant's services."

Defendant's Request for Admission No. 28 stated the following: "Admit that your husband personally and individually did not terminate Defendant's services."

**Responses 25-28**:

Plaintiff's identical responses to Defendant's Requests for Admissions Nos. 27-28 stated the following: "Denied. Admitted that my husband did not personally or individually meet with defendant or his staff in connection with the transaction."

**Argument**

FRCP Rule 36(a) states the following in relevant part: "A denial shall *fairly meet the substance of the requested admission*, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." Emphasis added. Furthermore, FRCP Rule 36(a) states the following: "The party who has requested the admissions may move to determine the *sufficiency* of the answers or objections . . . If the court

5

determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served." Emphasis added. In responding to Requests for Admissions Nos. 1-12 and 25-28, Plaintiff has not fairly responded to the substance of the requested admissions. Indeed, it should be pointed out that Plaintiff did not object to any portion of the above-described requests for admissions on the basis of being vague, ambiguous and/or not being understood; rather, Plaintiff's answers were simply non-responsive.

In Requests for Admissions Nos. 1-4, Defendant did not specifically request Plaintiff to comment on whether Plaintiff *"personally or individually met with Defendant or his staff in connection with the transaction,"* or whether Defendant *"perform[ed] or render[ed] the services for which he was retained."* Rather, the substance of Defendant's Requests for Admissions Nos. 1-4 was a request for Plaintiff to admit whether or not *she* personally retained Defendant (as opposed to someone else retaining Defendant on her behalf) to perform *any* or *all* of the services that Defendant actually performed that are at issue in this case. After reading Plaintiff's responses to Requests for Admissions Nos. 1-4, Defendant cannot reasonably conclude whether Plaintiff has admitted or denied that *she* personally retained Defendant (as opposed to someone else retaining Defendant on her behalf) to perform *any* or *all* of the services that Defendant actually performed for Plaintiff that are at issue in this case.

In Requests for Admissions Nos. 5-8, Defendant did not request Plaintiff to comment on whether Plaintiff *"personally or individually met with Defendant or his staff in connection with the transaction."* Rather, the substance of Defendant's Requests for Admissions Nos. 5-6 was a request for Plaintiff to admit whether or not *she* personally retained Defendant in whatever capacity (as opposed to someone else retaining Defendant on her behalf in whatever capacity) on September 5, 2002. And, the substance of Defendant's Requests for Admissions Nos. 7-8 was a

6

request for Plaintiff to admit whether *she* personally (as opposed to someone else acting on her behalf) terminated her alleged retainer with Defendant on November 18, 2002. After reading Plaintiff's responses to Requests for Admissions Nos. 5-6, Defendant cannot reasonably conclude whether Plaintiff has admitted or denied that *she* personally *retained* Defendant in any capacity (as opposed to someone else retaining Defendant on her behalf in whatever capacity) on September 5, 2002. And, after reading Plaintiff's responses to Requests for Admissions Nos. 7-8, Defendant cannot reasonably conclude whether Plaintiff has admitted or denied that *she* personally (as opposed to someone else acting on her behalf) *terminated* her alleged retainer with Defendant on November 18, 2002.

In Requests for Admissions Nos. 9-10, Defendant did not specifically request Plaintiff to comment on whether Plaintiff "*personally or individually met with Defendant or his staff in connection with the transaction,*" or whether Defendant "*perform[ed] or render[ed] the services for which he was retained.*" Rather, the substance of Defendant's Requests for Admissions Nos. 9-10 was a request for Plaintiff to admit whether *she* personally conducted *all* communications between her and Defendant or his agents concerning the alleged legal services retainer between Defendant and Plaintiff (as opposed to someone else conducting some or all of such communications on her behalf). After reading Plaintiff's responses to Requests for Admissions Nos. 9-10, Defendant cannot reasonably conclude whether Plaintiff has admitted or denied that *she* personally conducted *all* communications between her and Defendant or his agents concerning the alleged legal services retainer between Defendant and Plaintiff (or whether someone else conducted some or all of such communications on her behalf).

In Requests for Admissions Nos. 11-12, Defendant did not specifically request Plaintiff to comment on whether Plaintiff "*personally or individually met with Defendant or his staff in*

7

*connection with the transaction.*" Rather, the substance of Defendant's Requests for Admissions Nos. 11-12 was a request for Plaintiff to admit whether *she* personally told Defendant *all* of the items she wanted Defendant to dispute on her behalf (or whether someone else, acting on her behalf, told Defendant some or all of the items she wanted Defendant to dispute on her behalf). After reading Plaintiff's responses to Requests for Admissions Nos. 11-12, Defendant cannot reasonably conclude whether Plaintiff has admitted or denied whether *she* personally told Defendant all of the items she wanted Defendant to dispute on her behalf (or whether someone else, acting on her behalf, told Defendant some or all of the items she wanted Defendant to dispute on her behalf).

In Requests for Admissions Nos. 25-28, Defendant did not specifically request Plaintiff to comment on whether Plaintiff "*personally or individually met with Defendant or his staff in connection with the transaction.*" Rather, the substance of Defendant's Requests for Admissions Nos. 25-28 was a request for Plaintiff to admit whether *she* (as opposed to someone else) terminated Defendant's services on Plaintiff's behalf, or whether *Plaintiff's husband* (as opposed to someone else) terminated Defendant's services on Plaintiff's behalf. After reading Plaintiff's responses to Requests for Admissions Nos. 25-28, Defendant cannot reasonably conclude whether Plaintiff has admitted or denied whether *she* (as opposed to someone else) or whether *Plaintiff's husband* terminated Defendant's services on Plaintiff's behalf (as opposed to someone else).

Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to amend her answer to provide full and adequate responses to Defendant's Requests for Admissions Nos. 1-12 and 25-28, which fairly meet the substance of such requested admissions.

2.  **Requests for Admissions Nos. 17-24.** Plaintiff has not submitted any responses

8

whatsoever to Defendant's Requests for Admissions Nos. 17-24. Defendant herein requests the Court to acknowledge that Defendant's Requests for Admissions No. 17-24 are deemed to have been admitted by Plaintiff as a result of her failure to serve a timely response thereto.

**Summary of Requests for Admissions and Responses**

**Requests 17-24:**

Defendant's Request for Admission No. 17 stated the following: "Admit that you personally and individually sent emails concerning your case with Defendant on your home computer."

Defendant's Request for Admission No. 18 stated the following: "Admit that you personally and individually received emails concerning your case with Defendant on your home computer."

Defendant's Request for Admission No. 19 stated the following: "Admit that your husband personally and individually sent emails concerning your case with Defendant on your home computer."

Defendant's Request for Admission No. 20 stated the following: "Admit that your husband personally and individually received emails concerning your case with Defendant on your home computer."

Defendant's Request for Admission No. 21 stated the following: "Admit that the email address you personally and individually used to send emails to Defendant, concerning your case, from September 5, 2002 to November 18, 2002, was gemgoktepe@aol.com."

Defendant's Request for Admission No. 22 stated the following: "Admit that the email address you personally and individually used to receive emails from Defendant, concerning your case, from September 5, 2002 to November 18, 2002, was gemgoktepe@aol.com."

Defendant's Request for Admission No. 23 stated the following: "Admit that the email address your husband personally and individually used to send emails to Defendant, concerning your case, from September 5, 2002 to November 18, 2002, was gemgoktepe@aol.com."

Defendant's Request for Admission No. 24 stated the following: "Admit that the email address your husband personally and individually used to receive emails from Defendant, concerning your case, from September 5, 2002 to November 18, 2002, was gemgoktepe@aol.com."

**Responses 17-24**: No responses whatsoever have been submitted by Plaintiff to these discovery requests.

**Argument**

Defendant respectfully requests the Court to acknowledge that Defendant's Requests for Admissions Nos. 17-24 are deemed to have been admitted by Plaintiff, as a result of her failure to serve a timely response thereto.

### CONCLUSION

Based on the foregoing, Defendant respectfully requests the Court to grant his Motion to Compel Discovery, and to grant Defendant appropriate sanctions, including costs incurred in bringing such motion, as the Court may deem appropriate and just.

DATED this ___9th___ day of May, 2005.

Victor Lawrence
P.O. Box 1413
Bountiful, UT 84011-1413
Telephone 801-296-0252
Telefax 801-363-0976

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by Federal Express overnight delivery, prepaid, on this ___9th___ day of May, 2005, to the following:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT  06511-2422