UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 MAY 10 A 9: 54

U.S. DISTRICT COURT

| | |
|---|---|
| MICHELLE GOKTEPE | |
| v. | CASE NO. 3:03CV 0089 (MRK) |
| VICTOR LAWRENCE d/b/a<br>    LEXINGTON LAW FIRM | Judge Mark Kravitz |
| | May 9, 2005 |

## MOTION TO COMPEL DISCOVERY

Defendant Pro Se, Victor Lawrence, d/b/a Lexington Law Firm, moves the Court

pursuant to FRCP Rule 37(a) for an order compelling discovery concerning *Defendant's First*

*Set of Requests for Production of Documents served on Plaintiff on December 2, 2004* and

*Defendant's Second Request for Production of Documents served on Plaintiff on December*

*10, 2004.* The size of this motion arises from the extensive evasion that Plaintiff resorted to in

answering basic discovery questions about facts that Plaintiff herself put at issue by filing this

litigation. She does not get to put factual issues into contention by filing this suit and then

obstruct Defendant's efforts to obtain the factual information she herself put at issue.

I. **GENERAL OBJECTION**

Plaintiff made the following general objection to Defendant's First Set of Requests for

Production of Documents propounded December 2, 2004, and to Defendant's Second Set of

Requests for Production of Documents propounded December 10, 2004: "Plaintiff objects to the

discovery requests dated December 2, 3, 7, 10, 2004, insofar as the instructions and definitions

are oppressive, burdensome, outside the scope of discovery, unrelated to the discovery requests,

and unreasonable.  Diversified Prods. Corp. v. Sports Center Co., 42 F.R.D. 3 (D.Md. 1967)."

1

**Argument**

Plaintiff's objection to Defendant's discovery requests "insofar as the instructions and definitions are oppressive, burdensome, outside the scope of discovery, unrelated to discovery requests, and unreasonable" is an invalid objection. Plaintiff cannot merely make the conclusory statement that such definitions are "oppressive, burdensome, outside the scope of discovery, unrelated to discovery, and unreasonable" without explaining why and how that is so. See, Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that [a discovery request] is overly broad, burdensome, oppressive or irrelevant is not adequate to voice a successful objection").

If Plaintiff has specific objections to the instructions and definitions portion of Defendant's discovery requests, she should make such specific objections. The blanket objection she has made as set forth above is not a valid objection , and should not be considered by the Court. Furthermore, such general does not provide justification for failure to respond properly to any of such discovery requests.

II. **FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED 12/2/04**

1.    **Request for Production of Documents Nos. 1-2.** Plaintiff's answers to Defendant's Requests for Production of Documents Nos. 1 and 2 are inadequate. Defendant moves the Court to compel Plaintiff to produce to Defendant all documents currently within her knowledge and/or her custody and control that are responsive to Defendant's Requests for Production of Documents Nos. 1 and 2.

**Summary of Interrogatories and Responses**

**Requests No. 1-2**:

Defendant's Request for Production No. 1 stated the following: "Produce all documents

2

and media documents intended to be produced by Plaintiff as evidence at trial."

Defendant's Request for Production No. 2 stated the following: "Produce all documents and media documents that you believe support Plaintiff's claims concerning the above-entitiled lawsuit."

**Responses to Nos. 1-2**:

Plaintiff responded to Request for Production of Documents No. 1 as follows: "Unknown at present due to incomplete discovery. Documents introduced at defendant's deposition may be included and plaintiff accepts defendant's kind offer to make payment for copies and mailing. Upon receipt of $30 plaintiff will transmit the deposition documents to defendant which she had copied for him. Documents may include those appended motions and requests to admit, previously provided. Documents may included defendant's documents provided in discovery and initial discovery. Documents may include those produced herewith. Rebuttal documents are not included."

Plaintiff responded to Request for Production of Documents No. 2 as follows: "See response to Request No. 1."

**Argument**

Other than Plaintiff's offer to produce the documents introduced at Defendant's deposition upon payment by Defendant of the copying and mailing costs, Plaintiff's responses to Defendant's Requests for Production of Documents Nos. 1-2 are inadequate. Plaintiff has done nothing more than refer Defendant to a general set of records in order to respond to such discovery request, but did not specify the records with sufficient detail to enable Defendant to locate and identify, as readily as could the Plaintiff, the records from which the answer could be

ascertained. See, FRCP 33(d). As has been set forth previously, directing the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate discovery request. T.N. Taube Corp., supra, 136 F.R.D. at 455; American Rockwool, supra, 109 F.R.D. at 266. In response to Defendant's requests for production of documents, Plaintiff must specify and produce all requested documents in her possession or control that support her claims, rather than just evasively refer Defendant generally to a set of documents. In addition, discovery is continuing in nature. Therefore, Plaintiff must not only produce all such documents (if any) of which she has knowledge, custody and control at this time, but she must also supplement her answer to this request on a continuing basis. Finally, there is no exception that precludes Plaintiff from producing *rebuttal* documents *intended* to be produced by Plaintiff at trial.

Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Requests for Production of Documents Nos. 1 and 2.

2.    **Request for Production of Documents Nos. 5-15, 17, 19**. Plaintiff objected to Defendant's Requests for Production of Documents Nos. 5-15, 17 and 19 on the bare basis that such Requests for Production were overbroad. Such objections are invalid. Defendant moves the Court to compel Plaintiff to fully respond to Defendant's Requests for Production of Documents Nos. 5-15, 17 and 19.

**Summary of Interrogatories and Responses**

**Requests No. 5-15, 17, 19**:

Defendant's Request for Production No. 5 stated the following: "Produce all documents and media documents you believe are related to any refinance or attempted refinance by anyone,

4

including Plaintiff and her husband, of the mortgage on your home located at 57 Ridge Lane, Shelton, Connecticut, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each refinance or attempt to refinance."

Defendant's Request for Production No. 6 stated the following: "Produce all documents and media documents you believe are related to any loans secured by real property or used to purchase real property, which were obtained or attempted to be obtained by Plaintiff or her husband, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained."

Defendant's Request for Production No. 7 stated the following: "Produce all documents and media documents you believe are related to any unsecured loans of any type, which were obtained or attempted to be obtained by Plaintiff or her husband, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained."

Defendant's Request for Production No. 8 stated the following: "Produce all documents and media documents you believe are related to any educational loans, which were obtained or attempted to be obtained by Plaintiff or her husband, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained."

Defendant's Request for Production No. 9 stated the following: "Produce all documents and media documents you believe are related to any commercial loans, which were obtained or attempted to be obtained by Plaintiff or her husband, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained.

Defendant's Request for Production No. 10 stated the following: "To the extent not covered by prior Requests in this document, produce all documents and media documents you believe are related to any loans of any type, which were obtained or attempted to be obtained by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained."

Defendant's Request for Production No. 11 stated the following: "Produce all documents and media documents you believe are related to any applications or purchases of insurance of any type, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application or purchase made or attempted to be made."

Defendant's Request for Production No. 12 stated the following: "Produce all documents and media documents you believe are related to any applications for employment, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made."

Defendant's Request for Production No. 13 stated the following: "Produce all documents and media documents you believe are related to any applications for business licenses, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made."

Defendant's Request for Production No. 14 stated the following: "Produce all documents and media documents you believe are related to any applications for professional licenses, which

were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made."

Defendant's Request for Production No. 15 stated the following: "Produce all documents and media documents you believe are related to any applications for security clearances, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made."

Defendant's Request for Production No. 17 stated the following: "Produce all documents and media documents you believe are related to any applications for admission or appointment to civic or community organizations or positions, trade organizations or positions, social organizations or positions, governmental organizations or positions, charitable organizations or positions or religious organizations or positions, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application for admission or appointment made or attempted to be made.

Defendant's Request for Production No. 19 stated the following: "To the extent not covered by prior Requests in this document, produce all documents and media documents you believe are related to any applications for any position of employment, educational program, insurance, security clearance, professional or business license, personal loan (secured or unsecured), commercial or business loan (secured or unsecured) or any other benefit, status,

position or event of any kind involving a review of credit worthiness, which were made or

attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002

and June 1, 2003, if any, and the result of each such application made or attempted to be made."

    **Responses to Nos. 5-15, 17, 19:**

    Plaintiff made a blanket, general objection to Defendant's Requests for Production of

Documents Nos. 5-15, 17 and 19 as follows: "As to plaintiff, None in my possession or control

[1]Overbroad; only plaintiff's credit standing was disputed in this matter."

**Argument**

    Plaintiff's objection, that the above-stated requests for production of documents were

overbroad is not a valid objection and should be overruled by the Court. Plaintiff cannot merely

assert the conclusory statement that a request is "overbroad" without saying why and how it is

overbroad. She must explain in a meaningful way how and why the request is overbroad. See,

Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that [a

discovery request] was overly broad, burdensome, oppressive and irrelevant is not adequate to

voice a successful objection"). The above-described requests are not overbroad as to Plaintiff,

the party bringing the claims in this case. The Requests are narrowly drawn as to the categories

of documents requested in each request. They are also narrowly drawn as to the time frame

covered: between January 1, 2002 and June 1, 2003. This time period provides a narrow period

for examining Plaintiff's information before and after she used defendant's services in late 2002

in terms of the negative or positive impact of defendant's services.

    Nor were the above-described requests overbroad as to Plaintiff's husband. Certainly, if

any of the activities of Plaintiff's husband, as described in Requests for Production of

---

[1] Plaintiff did provide one document in response to Request for Production of Documents No. 7, along with the blanket objection set forth herein.

Documents Nos. 5-15, 17 and 19, were adversely affected by the status of Plaintiff's credit report as the result of alleged actions by the Defendant, Plaintiff could potentially suffer some type of damages, indirectly, because of adverse consequences to her husband. Accordingly, such documents, if any exist, are relevant to the issue of potential damages in this case. Unless, Plaintiff is willing to stipulate and concede that she is not seeking any type of damages whatsoever for any adverse effect whatsoever that Defendant's alleged actions may have had on her husband's activities as described in Requests for Production of Documents Nos. 5-15, 17 and 19, such requests for production of documents seek discoverable information.

Nor can Plaintiff claim that the requested documents are not in her "possession or control." "Documents need not be in a party's possession to be discoverable; they need only be in the party's custody or control . . . Control includes the legal right of the producing party to obtain documents from another source upon demand. A party may be ordered to produce documents where that party has the legal right to obtain the documents, even though that party retains no copy, and regardless of whether the documents are beyond the jurisdiction of the court. The term 'control' is broadly construed." <u>M.C. Inc. v. North American Phillips Corp.</u>, 109 F.R.D. 134, 136 (S.D.N.Y. 1986) (citations deleted). Accordingly, if Plaintiff has a legal right to obtain the requested documents from a bank or other third-party upon demand, she has a duty to produce such documents.

Plaintiff has not met her burden of persuasion in demonstrating that the above-described discovery requests are overbroad. <u>See</u>, <u>Elgin</u>, <u>supra</u>, 91 F.R.D. at 419. Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Requests for Production of Documents Nos. 5-15, 17 and 19.

3.    **Request for Production of Documents No. 16**. Plaintiff objected to Defendant's Request for Production of Documents No. 16 on the basis that such Request for Production was overbroad and on the basis that any documents relating to any application for admission to educational institutions or programs are unrelated to any claim or defense. Such objections are invalid. Defendant moves the Court to compel Plaintiff to fully respond to Defendant's Request for Production of Documents No. 16.

**Summary of Interrogatories and Responses**

Defendant's Request for Production No. 16 stated the following: "Produce all documents and media documents you believe are related to any applications for admission to educational institutions or programs, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made."

Plaintiff stated the following objection to Defendant's Request for Production of Documents No. 16: "Overbroad; only plaintiff's credit standing was disputed in this matter. Documents relating to any application for admission to educational institutions or programs is unrelated to any claim or defense."

**Argument**

Plaintiff's objection, that the above-stated request for production of documents was overbroad, because it requested documents concerning activities of Plaintiff's husband is not a valid objection and should be overruled by the Court. Certainly, if the activities of Plaintiff's husband, as described in Request for Production of Documents No. 16, were adversely affected by the status of Plaintiff's credit report as the result of alleged actions by the Defendant, Plaintiff

10

could potentially suffer some type of damages, indirectly, because of adverse consequences to her husband. Accordingly, such documents, if any exist, are relevant to the issue of potential damages in this case. Furthermore, if Plaintiff's activities as described in Request for Production of Documents No. 16 were adversely affected by the status of Plaintiff's credit report as the result of the alleged actions of the Defendant, such damages may potentially be covered by Plaintiff's non-specific claim for damages in this case. Therefore, unless Plaintiff is willing to stipulate and concede that she is not seeking any type of damages whatsoever for any adverse effect whatsoever that Defendant's alleged actions may have had on her or her husband's activities as described in Request for Production of Documents No. 16, such document request seeks discoverable information.

Plaintiff has not met her burden of persuasion in demonstrating that the above-described discovery request is overbroad or not relevant to the case. See, Elgin, supra, 91 F.R.D. at 419. Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Request for Production of Documents No. 16.

4. **Requests for Production of Documents Nos. 21-26**. Plaintiff's responses to Defendant's Requests for Production of Documents Nos. 21-26 are either non-responsive or inadequate. Defendant moves the Court to compel Plaintiff to properly respond to Defendant's Requests for Production of Documents Nos. 21-26.

**Summary of Interrogatory and Response**

**Requests Nos. 21-26**:

Defendant's Request for Production of Documents No. 21 stated the following: "Produce all documents and media documents that you believe support your claims in Count I of your

Second Amended Complaint that Defendant violated 15 USC § 1679b(a)(3) by misrepresenting Defendant's services."

Defendant's Request for Production of Documents No. 22 stated the following: "Produce all documents and media documents that you believe support your claims in Count I of your Second Amended Complaint that Defendant violated 15 USC § 1679b(a)(4) by engaging in acts, practices or courses of business which constitute or result in the commission of deception on its customers, you or the consumer reporting agencies."

Defendant's Request for Production of Documents No. 23 stated the following: "Produce all documents and media documents that you believe support your claims in Count I of your Second Amended Complaint that Defendant violated 15 USC § 1679b(b) by charging and receiving money for the performance of its agreement before the service was fully performed."

Defendant's Request for Production of Documents No. 24 stated the following: "Produce all documents and media documents that you believe support your claims in Count I of your Second Amended Complaint that Defendant violated 15 USC § 1679d(b) by failure to include or disclose information required by the Credit Repair Organizations Act, 15 USC §1679 et seq. (hereafter "CROA")."

Defendant's Request for Production of Documents No. 25 stated the following: "Produce all documents and media documents that you believe support your claims in Count II of your Second Amended Complaint that Defendant violated Conn. Gen. Stat. § 36a-700."

Defendant's Request for Production of Documents No. 26 stated the following: "Produce all documents and media documents that you believe support your claims in Count II of your Second Amended Complaint that Defendant violated Conn. Gen. Stat. § 42-110a."

**Responses Nos. 21-26**:

Plaintiff's identical responses to Defendant's Requests for Production of Documents Nos. 21-23 and 26 stated the following: "Defendant's web site and the letters defendant sent to credit bureaus, previously provided, as well as defendant's discovery responses."

Plaintiff's response to such Request for Production of Documents No. 24 stated the following: "Defendant's web site as well as defendant's discovery responses."

Plaintiff's response to such Request for Production of Documents No. 25 stated the following: "Defendant's discovery responses."

**Argument**

Plaintiff's responses to Defendant's Requests for Production of Documents Nos. 21-26 are inadequate, because Plaintiff has done nothing more than refer Defendant to a general set of records in order to respond to such discovery request, but did not specify the records with sufficient detail to enable Defendant to locate and identify, as readily as could the Plaintiff, the records from which the answer could be ascertained. See, FRCP 33(d). As has been set forth previously, directing the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate discovery request. T.N. Taube Corp., supra, 136 F.R.D. at 455; American Rockwool, supra, 109 F.R.D. at 266. In response to Defendant's requests for production of documents, Plaintiff must specify and produce all requested documents in her possession or control that support her claims, rather than just evasively refer Defendant generally to his own documents.

Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Requests for Production of Documents Nos. 21-26

13

5.     **Request for Production of Documents No. 31**.  Plaintiff objected to Defendant's
Request for Production of Documents No. 31 on the basis that such Request for Production was
overbroad.  Such objection is invalid.  Defendant moves the Court to compel Plaintiff to fully
respond to Defendant's Request for Production of Documents No. 31 to the extent that any such
documents exist.

## Summary of Interrogatories and Responses

Defendant's Request for Production No. 31 stated the following: "Produce all documents
and media documents that comprise or show your credit reports or your FICO scores, or that
comprise correspondence received by Plaintiff or her husband to Trans Union, Experian or
Equifax, or their subsidiaries or affiliates, for the time period of June 1, 2002, through and
including June 1, 2003."

Plaintiff stated the following objection to Defendant's Request for Production of
Documents No. 31:  "Overbroad; overbroad in that plaintiff did not complain about the Equifax
report, and in that documents received more than 30 days after defendant's letters were sent to
credit bureaus have no relation to defendant's services."

## Argument

Plaintiff's objection, that the above-stated request for production of documents was
overbroad, because it requested documents received or sent to Equifax and because it requested
documents sent or received more than 30 days after defendant's letters were sent to the credit
bureaus is not a valid objections and should be overruled by the Court.  Plaintiff has made the
claim that the mailing of a dispute letter to a credit bureau in a consumer's name is an ineffective
method of attempting to correct a consumer's credit report.  The requested documents are

14