relevant in that they could prove or disprove such claim. Apparently, Equifax was not reporting the same items as Trans Union and Experian at the time Plaintiff contacted the Defendant about alleged inaccuracies on her credit report. Certainly, if Plaintiff at a previous date was able to correct her Equifax credit report by the procedure of drafting and sending in her own name a dispute letter to Equifax, such information would be relevant to the claims of this case, especially on the issues of liability and damages.

In addition, because of Plaintiff's claims that part of the wrongdoing on the part of Defendant was to sign her name to a "goofy letter" and send it to the credit bureaus, rather than send a letter on Lexington Law Firm letterhead signed by an attorney, it would be relevant to the issue of liability and damages in the case to see what other activities Plaintiff engaged in before and after using Defendant's services, and the effectiveness of such services in obtaining deletions of inaccurate items from Plaintiff's credit reports. Finally, information concerning Plaintiff's credit reports and FICO scores before and after the date in which she received the services of Defendant is relevant to the issue of damages. Clearly, a comparison of Plaintiff's creditworthiness for an approximate 6 month time period both prior to and after she received Defendant's services would be relevant to determine whether she suffered any damages or received any benefit as the result of Defendant's actions. Plaintiff has placed the requested information at issue by her claims in this case, and her attempt to somehow limit relevant information to an arbitrary 30 day time period has no merit. Accordingly, the requested documents, if any exist, are relevant to the issue of potential liability and damages in this case.

Plaintiff has not met her burden of persuasion in demonstrating that the above-described discovery request is overbroad or irrelevant to the case. See, Elgin, supra, 91 F.R.D. at 419.

15

Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Requests for Production of Documents No. 31.

6.   **Request for Production of Documents No. 32**.  Plaintiff objected to Defendant's Request for Production of Documents No. 32 on the basis that such Request for Production requested irrelevant information, is an invasion of privacy, seeks information about nonparties, and is not legally calculated to lead to the discovery of admissible evidence.  In addition, Plaintiff objected on the basis that tax returns are confidential and privileged as a matter of law.  Such objections are invalid.  Defendant moves the Court to compel Plaintiff to fully respond to Defendant's Request for Production of Documents No. 32 to the extent that any such documents exist.

**Summary of Interrogatories and Responses**

Defendant's Request for Production No. 32 stated the following: "Produce the federal and state tax returns for both the Plaintiff and her husband, whether personal, partnership, corporate, business or commercial, for the calendar or fiscal year in which you filed the above-entitled lawsuit, and for the two (2) calendar or fiscal years before that year."

Plaintiff stated the following objection to Defendant's Request for Production of Documents No. 32: "The request has nothing to do with any claims or defenses in this actions, is not relevant to the subject matter of this action (defendant's violations of the Credit Repair Organizations Act), is an invasion of privacy, seeks information about nonparties, and is not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, tax returns are confidential and privileged by law, 28 U.S.C. §1603, and defendant has not shown any extraordinary need for same."

16

**Argument**

Defendant's Request for Production of Documents for the tax returns of Plaintiff and her husband for the calendar or fiscal year in which Plaintiff filed her lawsuit and in the two years preceding the filing of such lawsuit is relevant to the lawsuit or is reasonably calculated to lead to the discovery of admissible evidence, concerning the issue of potential damages. Net income of the Plaintiff would certainly be an indicator of her ability to use her credit, and therefore, is relevant to potential damages, concerning the effect of Defendant's alleged actions on Plaintiff's ability or inability to make credit purchases, and any damages caused thereby. Furthermore, since spouses often pool their joint resources and buying capacity to make credit purchases, Plaintiff's husband's income is also relevant to the issue of Plaintiff's potential damages in this case. Finally, "[t]ax returns are discoverable provided the party seeking the information demonstrates (1) the tax returns are relevant and (2) there is a compelling need for disclosure of the returns, because the information is not otherwise readily obtainable." Land Ocean Logistics, Inc. v. Aqua Gulf Corporation, 181 F.R.D. 229, 238-239 (W.D.N.Y. 1998). In this case, since Plaintiff's husband was self-employed (according to Plaintiff's deposition testimony of July 9, 2004, p. 9, lines 20-22, and p. 113, lines 10-16), there would be no other reliable method to obtain his net income information, either because it does not exist or because it could be easily manipulated. Conversely, tax records are signed under penalty of perjury, and therefore, are deemed to be reliable. Unless Plaintiff is willing to stipulate and concede that she is not seeking any type of damages whatsoever for any effect whatsoever that Defendant's alleged actions may have had on the ability of Plaintiff or her husband to use Plaintiff's credit rating to make credit purchases—either by Plaintiff independently or by Plaintiff and her husband jointly—or

17

damaged the income or potential income of either Plaintiff or her husband, the documents sought in Request for Production of Documents No. 32 constitute relevant information.

Plaintiff has not met her burden of persuasion in demonstrating that this discovery request is irrelevant or that the tax returns requested are privileged as a matter of public policy. See, Elgin, supra, 91 F.R.D. at 419. Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Requests for Production of Documents No. 32.

III. **SECOND REQUEST FOR PRODUCTION OF DOCUMENTS SERVED 12/10/04**

1.  **Request for Production of Documents No. 1**. Plaintiff objected to Defendant's Request for Production of Documents No. 1 on the basis that the documents requested by such discovery request were irrelevant to the claims and defenses in the case, and on the basis that the request was overbroad, burdensome and a fishing expedition.

**Summary of Interrogatories and Responses**

Defendant's Request for Production No. 1 stated the following: "Produce all documents and media documents that you believe are related to the litigation prosecuted on Plaintiff's behalf by attorney Joanne Faulkner, or otherwise, against Trans Union LLC et al. in the United States District Court for the District of Connecticut, Civil Case No. 3:03-cv-00255 PCD, which are not protected by the attorney-client privilege or work product doctrines. This includes, but is not limited to, (a) full copies of all correspondence, including all attachments or exhibits, sent to Trans Union or any other person or entity by you and/or attorney for that case and (b) full copies of all correspondence, including all attachments or exhibits, received from Trans Union or any other person or entity by you and/or your attorney for that case. This also includes, but is not limited to, all exhibits prepared by you or your attorney for the litigation and/or trial of this case,

18

whether or not filed with any court or provided to the opposing party or to any third party. This also includes, but is not limited to, all copies of all credit reports examined by you and/or your attorney in connection with that case. This also includes, but is not limited to, any transcripts of any depositions taken in the case."

Plaintiff stated the following objection to Defendant's Request for Production of Documents No. 1: "Objection: Plaintiff's litigation of a matter against Trans Union contemporaneous with this matter, as part of her continuing effort to correct her credit report, has nothing to do with the claims and defenses of this case. The request is overbroad, burdensome, and a fishing expedition. There is no express or implied right to indemnity or contribution. McMillan v. Equifax Credit Information Services, Inc., 153 F.Supp.2d 129, 132 (D. Conn. 2001); Irwin v. Mascott, 94 F.Supp.2d 1052, 1058 (N.D. Cal. 2000); Kay v. First Continental Trading, Inc., 966 F.Supp. 753, 754-55 (N.D. Ill. 1997)."

**Argument**

Defendant's Request for Production of Documents for the non-privileged, non-work product documents related to the lawsuit filed by Plaintiff against Trans Union and Filenes, as described above, is clearly relevant to the damages and liability issues of the present case. That case was filed after Plaintiff terminated Defendant's services and was based, in part, specifically on a letter that Defendant wrote on Plaintiff's behalf during the period she had retained his services. Defendant has every right to see how Plaintiff used the work he did on her behalf to evaluate whether and how Plaintiff benefited from, or was damaged by, his services in this case. Furthermore, it is relevant to the issues of damages and liability in this case to see if Plaintiff's attorney in the Trans Union case used similar methods as those used by Plaintiff with similar results, or if she was required to use entirely different methods, such as litigation, to obtain the

19

ultimately desired results.

Plaintiff has not met her burden of persuasion in demonstrating that this discovery request is irrelevant or otherwise improper. See, Elgin, supra, 91 F.R.D. at 419. Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Requests for Production of Documents No. 1.

2.      **Requests for Production of Documents Nos. 6-8**. Plaintiff objected to Defendant's Requests for Production of Documents No. 6-8 on the basis that the documents requested by such discovery request were overbroad and presumably, therefore, irrelevant to the claims and defenses in the case. Plaintiff's objections should be overruled and Plaintiff should be required to produce the requested documents, if any exist.

**Summary of Interrogatories and Responses**

**Requests Nos. 6-8**:

Defendant's Request for Production No. 6 stated the following: "Produce all documents and media documents, for the time period of between October 14, 2002, and January 14, 2003, that you believe demonstrate that one or more negative items reported on Plaintiff's Experian credit report prior to October 14, 2002, for the trade lines of "Filene's" and/or "Citibank Mastercharge" were deleted from Plaintiff's Experian credit report, as a result of the dispute letter sent to Experian by Lexington Law Firm on Plaintiff's behalf in October of 2002."

Defendant's Request for Production No. 7 stated the following: "Produce all documents and media documents, for the time period of between October 14, 2002, and January 14, 2003, that you believe demonstrate that no negative items reported on Plaintiff's Experian credit report

20

prior to October 14, 2002, for the trade lines of "Filene's" and/or "Citibank Mastercharge" were deleted from Plaintiff's Experian credit report, as a result of the dispute letter sent to Experian by Lexington Law Firm on Plaintiff's behalf in October of 2002."

Defendant's Request for Production No. 8 stated the following: "Produce all documents and media documents that you, your agents or your attorneys, or your husband, his agents or his attorneys received from Experian, its agents or affiliates during the time period from August 1, 2002, through and including February 1, 2003."

### Responses Nos. 6-8:

Plaintiff stated the following identical objection to Defendant's Requests for Production of Documents Nos. 6-8: "Objection: overbroad since Experian was required to respond within thirty days to the October dispute."

### Argument

Plaintiff's objection, that the above-stated requests for production of documents were overbroad, because Experian was required to respond within thirty days to the October dispute, are not valid objections and should be overruled by the Court. Any documents received by Plaintiff from credit reporting agencies in relation to her attempts to correct her her credit report information in the general time frame of the services conducted by Defendant are clearly relevant to the issue of liability and damages in this case. In addition, the documents requested are extremely limited in number and scope—only a very small, finite number of such documents exist, regardless of when they were received. Finally, Defendant has narrowed the scope of such requests to an extremely limited time period. Accordingly, the subject document requests are not overbroad, and the documents requested, if any exist, are relevant to the issue of potential liability and damages in this case.

21

Plaintiff has not met her burden of persuasion in demonstrating that the above-described discovery requests are overbroad or irrelevant to the case. See, Elgin, supra, 91 F.R.D. at 419. Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Requests for Production of Documents Nos. 6-8.

3.  **Request for Production of Documents No. 9**. Plaintiff has objected to Defendant's Request for Production of Documents No. 9 on the basis that it is irrelevant, not reasonably calculated to lead to discovery of discoverable evidence and is outside the scope of discovery, and on the basis that it is overbroad. Plaintiff's objections should be overruled by the Court, and Plaintiff should be compelled to produce the requested documents, if any exist.

**Summary of Interrogatory and Response**

Defendant's Request for Production of Documents No. 9 stated the following: "Produce all documents and media documents that you believe are related to any lawsuits in which Plaintiff or Plaintiff's husband, Gem Goktepe have been a party during the past seven (7) years."

Plaintiff responded as follows: "Objection: The request has nothing to do with any claims or defenses in this action, is not relevant to the subject matter of this action (defendant's violations of the Credit Repair Organizations Act), and is not reasonably calculated to lead to the discovery of admissible evidence. Overbroad because "you" is defined to include not only the plaintiff but also her spouse and any employee, officer, agent, attorney, or other individual under the control of plaintiff; overbroad as to time period; being a party to a lawsuit is not part of any claim or defense in the case, and is thus outside the scope of discovery. Defendant might be able to inquire only about unsuccessful lawsuits, if at all. See Outley v. City of New York, 837 F.2d 587 (2d Cir. 1988); McCormick on Evidence §196 at 578-81 (3d ed. 1984)."

22

**Argument**

According to Plaintiff's Initial Disclosures served on Defendant on January 7, 2005, both Plaintiff and her spouse, Gem Goktepe, are likely to have discoverable evidence which may be used to support Plaintiff's claims, and are most likely to be Plaintiff's primary fact witnesses at trial. Defendant's request for production of documents requesting Plaintiff to produce documents related to any lawsuits to which Plaintiff and her husband have been parties during the past seven (7) years is relevant to the lawsuit or is reasonably calculated to lead to the discovery of admissible evidence, concerning the issue of witness credibility. If Plaintiff and her husband have been involved in other lawsuits, an examination of the manner and extent of their participation in such other lawsuits could assist Defendant in obtaining evidence concerning opinion or reputation evidence concerning their character for truthfulness or untruthfulness, which is clearly relevant to this lawsuit. Defendant's request for all such documents for a time period of the past seven years is not overbroad, because a person's reputation for truthfulness covers a broad spectrum of behavior in a community over a long period of time; therefore, what happened seven years ago would be relevant to that issue.

Plaintiff has not met her burden of persuasion in demonstrating that this discovery request is overbroad, or is not reasonably calculated to lead to the discovery of admissible evidence. See, Elgin, supra, 91 F.R.D. at 419. Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Request for Production of Documents No. 9.

4.  **Request for Production of Documents No. 10**. Plaintiff objected to Defendant's Request for Production of Documents No. 10 on the basis that such Request for Production requested irrelevant information, is an invasion of privacy, seeks information about nonparties, is

23

overbroad and is not legally calculated to lead to the discovery of admissible evidence. In addition, Plaintiff objected on the basis that tax returns are confidential and privileged as a matter of law. Such objections are invalid. Defendant moves the Court to compel Plaintiff to fully respond to Defendant's Request for Production of Documents No. 10 to the extent that any such documents exist.

### Summary of Interrogatories and Responses

Defendant's Request for Production No. 10 stated the following: "Produce all documents and media documents that you believe show the income of Plaintiff and her husband form any and all sources, whether taxable or non-taxable, if any for the calendar years of 2001, 2002, and 2003."

Plaintiff stated the following objection to Defendant's Request for Production of Documents No. 10: "Objection: The request has nothing to do with any claims or defenses in this action, is not relevant to the subject matter of this action (defendant's violations of the Credit Repair Organizations Act), is an invasion of privacy, seeks information about nonparties, and is not reasonably calculated to lead to the discovery of admissible evidence; Overbroad, because "you" is defined to include not only plaintiff but also her spouse and any employee, officer, agent, attorney, or other individual under the control of plaintiff; Moreover, tax returns are confidential and privileged by law, 28 U.S.C. §1603, and defendant has not shown any extraordinary need for same."

### Argument

Defendant's Request for Production of Documents for the documents showing the income of Plaintiff and her husband for the years of 2001, 2002, and 2003, is seeking information relevant to the lawsuit or is reasonably calculated to lead to the discovery of

24

admissible evidence, concerning the issue of potential damages. Net income of the Plaintiff would certainly be an indicator of her ability to use her credit, and therefore, is relevant to potential damages, concerning the effect of Defendant's alleged actions on Plaintiff's ability or inability to make credit purchases, and any damages caused thereby. Furthermore, since spouses often pool their joint resources and buying capacity to make credit purchases, Plaintiff's husband's income is also relevant to the issue of Plaintiff's potential damages in this case. Finally, as has been set forth previously, "[t]ax returns are discoverable provided the party seeking the information demonstrates (1) the tax returns are relevant and (2) there is a compelling need for disclosure of the returns because the information is not otherwise readily obtainable." Land Ocean Logistics, Inc., supra, 181 F.R.D. at 238-239. In this case, since Plaintiff's husband was self-employed (according to Plaintiff's deposition testimony of July 9, 2004, p. 9, lines 20-22, and p. 113, lines 10-16), there would be no other reliable method to obtain his net income information. Unless Plaintiff is willing to stipulate and concede that she is not seeking any type of damages whatsoever for any effect whatsoever that Defendant's alleged actions may have had on the ability of Plaintiff or her husband to use Plaintiff's credit rating to make credit purchases—either by Plaintiff independently or by Plaintiff and her husband jointly—the documents sought in Request for Production of Documents No. 10 are relevant information.

Plaintiff has not met her burden of persuasion in demonstrating that this discovery request is irrelevant or that the tax returns requested are privileged as a matter of public policy. See, Elgin, supra, 91 F.R.D. at 419. Based on the foregoing, Defendant respectfully requests the Court to compel Plaintiff to produce to Defendant any and all documents that are responsive to Defendant's Request for Production of Documents Nos. 10.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests the Court to grant his Motion to Compel Discovery, and to grant Defendant appropriate sanctions, including costs incurred in bringing such motion, as the Court may deem appropriate and just.

DATED this ___9TH___ day of May, 2005.

Victor Lawrence
P.O. Box 1413
Bountiful, UT 84011-1413
Telephone 801-296-0252
Telefax 801-363-0976

26

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by Federal Express overnight delivery, prepaid, on this ___9 7th___ day of May, 2005, to the following:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT  06511-2422