UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                           CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM           May 21, 2005

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL RE PRODUCTION

Defendant's Motion to Compel responses to his two December sets of Production (Doc. No. 156) should be denied. Defendant waived any motion to compel as to Nos. 32, 9, and 10 (Def. Mem. at 16-18 and 22-25)[1] by not filing his motion in January, as ordered by the Court.  In addition, several requests are directed at information about plaintiff's spouse, who is not a party to this action. Finally, the requests have nothing to do with the issues in this case: Did defendant violate the Credit Repair Organizations Act or commit unfair and deceptive practices?

Waiver of Nos. 32, 9, 10.  On December 10, plaintiff served her objections to Production Requests 32, 9, 10.  On December 23, 2004, the Court Ordered:

> The parties are authorized to file any motions to compel regarding outstanding discovery or relating to requested depositions according to the following schedule: a. Any party wishing to compel discovery must file their motion and supporting brief no later than **January 10, 2005**;

Thus, the discovery responses were outstanding before December 23, 2004, yet defendant did not timely seek to compel responses. He waived any motion to compel as to outstanding discovery, including Production Requests 32, 9, and 10.

---

[1] Defendant has conflated his motion and memorandum instead of filing separate documents per D. Conn L. Civ. Rule 7(a)1.

Plaintiff made a futile effort to resolve the dispute as to these requests. On Feb. 17, plaintiff wrote, "I have glanced at the motion to compel and note that it does not comply with the Dec. 23 Order ¶ 4.  The objections to Int. 11-14, Doc. 32 (first set) and Doc. 10 (2d set) were in place well before the December 23 conference, for the very purpose of allowing you to address them then. Since you have waived those objections by not moving to compel, we could reduce those issues."  Defendant ignored that letter in its entirety.[2]

Moreover, defendant's requests were self-evidently outside the scope of discovery.

**FIRST PRODUCTION, REQUEST NO.** 32: Produce the federal and state income tax returns for both the Plaintiff and her husband, whether personal, partnership, corporate, business or commercial, for the calendar or fiscal year in which you filed the above-entitled lawsuit, and for the two (2) calendar or fiscal years before that year.

Objection:  The request has nothing to do with any claims or defenses in this action, is not relevant to the subject matter of this action (defendant's violations of the Credit Repair Organizations Act), is an invasion of privacy, seeks information about nonparties, and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, tax returns are confidential and privileged by law, 28 U.S.C. §1603, and defendant has not shown any extraordinary need for same.

Defendant's Mem. at 16-18 parallels his discussion of the same gross and net income he requested in Interrogatory 14, also the subject of a motion to compel. Defendant claims his question is related to plaintiff's credit rating. Defendant himself said he could improve plaintiff's credit rating – and did not. Plaintiff's gross and net income, and her nonparty husband's gross and net income has nothing to do with whether defendant violated the Credit Repair Organizations Act or CUTPA. Of course plaintiff's credit rating is at issue, but it was because defendant was supposed to repair it and did not. But, as defendant should know, credit rating has nothing to with income, which is not collected or mentioned on a credit

---

[2] Defendant's Affidavit (Doc. No. 157) shows his persistent defiance of the Court's oral and written Orders that the parties were to communicate only in writing. His efforts to "resolve" the disputes were meaningless formalities. The motion could be denied for that reason alone. D. Conn. L. Civ. Rule 37(a)2.

report. As defendant should know, Plaintiff's credit rating is not improved or lessened by information about her income.

Significantly, defendant insisted that **his** discovery responses be limited to a five month period, but claims a longer discovery period is appropriate for **his victim**.

**SECOND PRODUCTION, REQUEST NO. 9:** Produce all documents and media documents that you believe are related to any lawsuits in which Plaintiff or Plaintiffs husband, Gem Goktepe have been a party during the past seven (7) years.

Objection: The request has nothing to do with any claims or defenses in this action, is not relevant to the subject matter of this action (defendant's violations of the Credit Repair Organizations Act), and is not reasonably calculated to lead to the discovery of admissible evidence. Overbroad because "you" is defined to include not only plaintiff but also her spouse and any employee, officer, agent, attorney, or other individual under the control of plaintiff;  overbroad as to time period; being a party to a lawsuit is not part of any claim or defense in the case, and is thus outside the scope of discovery. The request is not reasonably calculated to lead to the discovery of admissible evidence. Defendant might be able to inquire only about unsuccessful lawsuits, if at all. See Outley v. City of New York, 837 F.2d 587 (2d Cir. 1988); McCormick on Evidence §196 at 578-81 (3d ed. 1984).

Once again this parallels defendant's motion to compel a response to Interrogatory 11. Naturally, his discussion at p. 22-23 is the same. Defendant says he asked the question "for the purpose of discovering admissible evidence concerning opinion or reputation evidence of both plaintiff and her husband." Def. Mem. at 9.  It is elementary that character / reputation evidence is not ordinarily admissible. Fed. R. Evid. 404, 608, 609.   Discovery as to credibility is improper.  Burris v. Phillips, 50 F.R.D. 187, 188 (N.D. Ga. 1970). Participation in a lawsuit will not lead to admissible evidence.

**SECOND PRODUCTION,  REQUEST NO. 10:** Produce all documents and media documents that you believe show the income of Plaintiff and her husband from any and all sources, whether taxable or non-taxable, if any, for the calendar years of 2001, 2002 and 2003.

Objection: The request has nothing to do with any claims or defenses in this action, is not relevant to the subject matter of this action (defendant's violations of the Credit Repair

Organizations Act), is an invasion of privacy, seeks information about nonparties, and is not reasonably calculated to lead to the discovery of admissible evidence; Overbroad because "you" is defined to include not only plaintiff but also her spouse and any employee, officer, agent, attorney, or other individual under the control of plaintiff; Moreover, tax returns are confidential and privileged by law, 28 U.S.C. §1603, and defendant has not shown any extraordinary need for same.

This duplicates defendant's Production Request 32, discussed above. Plaintiff need not reduplicate the response she has already made above, despite the ease of doing so facilitated by computerized word processors.

OTHER PRODUCTION REQUESTS

Defendant did not attach copies of the requests as required by D. Conn. L. Civil Rule5(e). Had he done so, the Court could see the plaintiff's preliminary statement:

> Plaintiff also notes she is triply handicapped in responding due to missing discovery from defendant; an unanticipated bout with the flu; and defendant's December 30 interest in settlement which could be defeated by incurring fees in this fee shifting case.

Since this is a fee shifting case, plaintiff has tried to keep her fees down in view of defendant's sporadic interest in settlement discussions. Defendant's zealous pursuit of questionable discovery is self-defeating in that it makes settlement more difficult by driving the parties further apart. Once again, plaintiff requests that defendant reconsider and withdraw his counterproductive discovery motions.

Defendant's requests must be viewed in light of plaintiff's description of her damages in her initial disclosures (estimated): mail, telephone, postage, copies, est. $25; loss of use of retainer until refunded after this lawsuit, emotional distress at being humiliated by finding out she had been fooled, and at the false and immature nature of the letters attributed to her by her supposed attorney; anxiety and distress caused by the delay in accomplishing corrections to her credit report; all to be valued by jury; punitive damages to be valued by jury.

The requests must also be viewed in light of the fact that defendant's husband is not a party to this proceeding. Plaintiff answered all of the following requests as to herself, and objected only as to her nonparty husband.

**REQUEST NO. 5:** Produce all documents and media documents you believe are related to any refinance or attempted refinance by anyone, including Plaintiff and her husband, of the mortgage on your home located at 57 Ridge Lane, Shelton, Connecticut, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each such refinance or attempt to refinance.
As to plaintiff, None in my possession or control. Overbroad; only plaintiff's credit standing was disputed in this matter.

**REQUEST NO.** 6: Produce all documents and media documents you believe are related to any loans secured by real property or used to purchase real property, which were obtained or attempted to be obtained by Plaintiff or her husband, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained.
As to plaintiff, None in my possession or control. Overbroad; only plaintiff's credit standing was disputed in this matter.

**REQUEST NO.** 7: Produce all documents and media documents you believe are related to any unsecured loans of any type, which were obtained or attempted to be obtained by Plaintiff or her husband, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained.
As to plaintiff, None in my possession or control. If the request includes credit cards, see attached. Overbroad; only plaintiff's credit standing was disputed in this matter.

**REQUEST NO. 8:** Produce all documents and media documents you believe are related to any educational loans, which were obtained or attempted to be obtained by Plaintiff or her husband, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained.
As to plaintiff, None in my possession or control. Overbroad; only plaintiff's credit standing was disputed in this matter.

**REQUEST NO. 9**: Produce all documents and media documents you believe are related to any commercial loans, which were obtained or attempted to be obtained by Plaintiff or her husband, for the time period of between January 1, 2002, and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained.
As to plaintiff, None in my possession or control. Overbroad; only plaintiff's credit standing was disputed in this matter.

**REQUEST NO. 10:** To the extent not covered by prior Requests in this document, produce all documents and media documents you believe are related to any loans of any type, which were obtained or attempted to be obtained by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such loan obtained or attempted to be obtained.

As to plaintiff, None in my possession or control. Overbroad; only plaintiff's credit standing was disputed in this matter.

**REQUEST NO. 11:** Produce all documents and media documents you believe are related to any applications or purchases of insurance of any type, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application or purchase made or attempted to be made.

As to plaintiff, None in my possession or control. Overbroad; only plaintiff's credit standing was disputed in this matter.

**REQUEST NO.** 12: Produce all documents and media documents you believe are related to any applications for employment, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made.

As to plaintiff, None in my possession or control. Overbroad; only plaintiff's credit standing was disputed in this matter.

**REQUEST NO. 13:** Produce all documents and media documents you believe are related to any applications for business licenses, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made.

As to plaintiff, None in my possession or control. Overbroad; only plaintiff's credit standing was disputed in this matter.

**REQUEST NO.** 14: Produce all documents and media documents you believe are related to any applications for professional licenses, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made.

As to plaintiff, None in my possession or control. Overbroad; only plaintiff's credit standing was disputed in this matter.

**REQUEST NO.** 15: Produce all documents and media documents you believe are related to any applications for security clearances, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made.

As to plaintiff, None in my possession or control. Overbroad; only plaintiff's credit standing was disputed in this matter.

**REQUEST NO. 16:** Produce all documents and media documents you believe are related to any applications for admission to educational institutions or programs, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made.

Overbroad; only plaintiff's credit standing was disputed in this matter. Documents relating to any application for admission to educational institutions or programs is unrelated to any claim or defense.

**REQUEST NO. 17:** Produce all documents and media documents you believe are related to any applications for admission or appointment to civic or community organizations or positions, trade organizations or positions, social organizations or

6

positions, governmental organizations or positions, charitable organizations or positions or religious organizations or positions, which were made or attempted to be made by Plaintiff or her husband for the time period of between January 1, 2002 and June 1, 2003, if any, and the result of each such application for admission or appointment made or attempted to be made.
     None in my possession or control. Overbroad; only plaintiff's credit standing was disputed in this matter.
     **REQUEST NO. 19:** To the extent not covered by prior Requests in this document, produce all documents and media documents you believe are related to any applications for any position of employment, educational program, insurance, security clearance, professional or business license, personal loan (secured or unsecured), commercial or business loan (secured or unsecured) or any other benefit, status, position or event of any kind involving a review of credit worthiness, which were made or attempted to be made by Plaintiff or her husband for the time period of between January1, 2002 and June 1, 2003, if any, and the result of each such application made or attempted to be made.
     None in my possession or control. Overbroad; only plaintiff's credit standing was disputed in this matter.

Defendant complains that plaintiff did not say how and why the request was overbroad. His Mem. at 8, 10 shows that he understood that the objection relates to the nonparty husband. Since the requests were properly answered as to plaintiff, and properly objected to as to a nonparty, the motion to compel should be denied. By the terms of Rule 26(b), discovery requests are limited to parties. Defendant cannot compel a nonparty to respond.

****
     **REQUEST NO. 21:** Produce all documents and media documents that you believe support your claims in Count I of your Second Amended Complaint that Defendant violated 15 USC § 1679b(a)(3) by misrepresenting Defendant's services.
     Defendant's web site and the letters defendant sent to credit bureaus, previously provided, as well as defendant's discovery responses.
     **REQUEST NO. 22:** Produce all documents and media documents that you believe support your claims in Count I of your Second Amended Complaint that Defendant violated 15 USC § 1679b(a)(4) by engaging in acts, practices or courses of business which constitute or result in the commission of deception on its customers, you or the consumer reporting agencies.

7

Defendant's web site and the letters defendant sent to credit bureaus, previously provided, as well as defendant's discovery responses.

**REQUEST NO. 23**: Produce all documents and media documents that you believe support your claims in Count I of your Second Amended Complaint that Defendant violated 15 USC § 1679b(b) by charging and receiving money for the performance of its agreement before the service was fully performed.

Defendant's web site and the letters defendant sent to credit bureaus, previously provided, as well as defendant's discovery responses.

**REQUEST NO. 24**: Produce all documents and media documents that you believe support your claims in Count I of your Second Amended Complaint that Defendant violated 15 USC § 1679d(b) by failure to include or disclose information required by the Credit Repair Organizations Act, 15 USC § 1679 et seq. (hereafter "CROA").

Defendant's web site as well as defendant's discovery responses.

REQUEST NO.25: Produce all documents and media documents that you believe support your claims in Count II of your Second Amended Complaint that Defendant violated Conn. Gen. Stat. § 36a-700.

Defendant's discovery responses.

**REQUEST NO.26:** Produce all documents and media documents that you believe support your claims in Count II of your Second Amended Complaint that Defendant violated Conn. Gen. Stat. § 42-110a.

Defendant's web site and the letters defendant sent to credit bureaus, previously provided, as well as defendant's discovery responses.

Defendant shows a lack of concern for the trees to be decimated in producing back to him his own discovery, which he had even before he provided it to plaintiff. Not only does defendant already have the material, but plaintiff's response directed him to that location as mandated by Rule 33. Plaintiff did not have to do this much, since she was obliged to produce only documents in her possession, custody and control, and was not obligated to re-produce documents already in defendant's possession custody and control.

\*\*\*\*

**REQUEST NO. 31**: Produce all documents and media documents that comprise or show your credit reports or your FICO scores, or that comprise correspondence received by Plaintiff or her husband or sent by Plaintiff or her husband to Trans Union, Experian or Equifax, or their subsidiaries or affiliates, for the time period of June 1, 2002, through and including June 1, 2003.

Objection: overbroad in that plaintiff did not complain about the Equifax report, and in that documents received more than 30 days after defendant's letters were sent to credit

bureaus have no relation to defendant's services, and in that plaintiff sent her Trans Union and Experian documents to defendant who destroyed them contrary to Rules of Professional Practice 1.5

Def. Mem. at 14 claims conclusorily that the overbroad objection is invalid. He does not explain why or contradict plaintiff's explanation of why the request is overbroad. He does not even justify the one year period which includes several months before his services and several months after this case was filed – and after she had another lawyer attend to what defendant's computer failed to accomplish. Morover, he ignores his own possession – and destruction— of the very documents he seeks.

The motion to compel should be denied.

****

Second Production Request December 10, 2004

**REQUEST NO. 1:** Produce all documents and media documents that you believe are related to the litigation prosecuted on Plaintiffs behalf by attorney Joanne Faulkner, or otherwise, against Trans Union, LLC et al. in the United States District Court for the District of Connecticut, Civil Case No. 3:03-cv-00255 PCD, which are not protected by the attorney-client privilege or work product doctrines. This includes, but is not limited to, (a) full copies of all correspondence, including all attachments or exhibits,sent to Trans Union or any other person or entity by you and/or your attorney for that case and (b) full copies of all correspondence, including all attachments or exhibits, received from Trans Union or any other person or entity by you and/or your attorney for that case. This also includes, but is not limited to, all exhibits prepared by you or your attorney for the litigation and/or trial of this case, whether or not filed with any court or provided to the opposing party or to any third party. This also includes, but is not limited to, all copies of all credit reports examined by you and/or your attorney in connection with that case. This also includes, but is not limited to, any transcripts of any depositions taken in the case.

Objection: Plaintiff's litigation of a matter against Trans Union contemporaneous with this matter, as part of her continuing effort to correct her credit report, has nothing to do with the claims and defenses in this case. The request is overbroad, burdensome, and a fishing expedition. There is no express or implied right to indemnity or contribution. McMillan v. Equifax Credit Information Services, Inc., 153 F.Supp.2d 129, 132 (D.Conn.2001); Irwin v. Mascott, 94 F.Supp.2d 1052, 1058 (N.D.Cal.2000); Kay v. First Continental Trading, Inc., 966 F.Supp. 753, 754-55 (N.D.Ill.1997).

Despite her objection, plaintiff produced some documents from the litigation that she felt were pertinent to this suit. It was obvious from the documents produced that, indeed, litigation was the only way to remove the erroneous Filene's tradeline, and that defendant could not claim any credit for performing services. The lawsuit could not be based on the letter that defendant wrote to Trans Union, since that letter had been returned to plaintiff undelivered. [Defendant's requests 2-5 were also based on the Trans Union litigation, but he has not pursued a motion to compel as to those requests.]

****

Plaintiff provided material responsive to the following requests. Defendant did not recite the entire response. His motion should be denied.

**REQUEST NO.6:** Produce all documents and media documents, for the time period of between October 14, 2002, and January 14, 2003, that you believe demonstrate that one or more negative items reported on Plaintiff's Experian credit report prior to October 14, 2002, for the trade lines of "Filene's" and/or "Citibank Mastercharge" were deleted from Plaintiff's Experian credit report, as a result of the dispute letter sent to Experian by Lexington Law Firm on Plaintiff's behalf in October of 2002.

Objection: over broad since Experian was required to respond within thirty days to the October dispute. Attached are pages 3 and 4 of Experian's Nov. 13, 2002 report showing Citi was deleted and Filene's remained.

**REQUEST NO. 7**: Produce all documents and media documents, for the time period of between October 14, 2002, and January 14, 2003, that you believe demonstrate that no negative items reported on Plaintiff's Experian credit report prior to October 14, 2002, for the trade lines "Filene's" and/or "Citibank Mastercharge" were deleted from Plaintiff's Experian credit report, as a result of the dispute letter sent to Experian by Lexington Law Firm on Plaintiffs behalf in October of 2002.

Objection: over broad since Experian was required to respond within thirty days to the October dispute. Attached are pages 3 and 4 of Experian's Nov. 13, 2002 report showing Citi was deleted and Filene's remained.

**REQUEST NO. 8:** Produce all documents and media documents that you, your agents or your attorneys, or your husband, his agents or his attorneys received from Experian, its agents or

affiliates for the time period from August 1, 2002, through and including February 1, 2003.

Objection: over broad since Experian was required to respond within thirty days to the October dispute. Attached are pages 3 and 4 of Experian's Nov. 13, 2002 report showing Citi was deleted and Filene's remained. Also attached is page 4 of Experian Report dated Dec. 3, 2002, showing Filene's remained.

Evidently, defendant wants to claim credit for the undersigned's work after plaintiff terminated his services. He purports to be familiar with the Fair Credit Reporting Act, and knows that the bureaus must respond within thirty days of "his" letter. That is the relevant time frame, and plaintiff has produced what she has. the motion to compel should be denied.

## CONCLUSION

Once again, defendant is imposing unnecessarily on the parties and the judicial officers. We request him to withdraw the entire motion promptly.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on May 21, 2005, postage prepaid, to:

Victor Lawrence pro se
PO Box 1413
Bountiful UT 84011-1413

___/s/ Joanne S. Faulkner___
Joanne S. Faulkner