UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                                                  CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM          May 21, 2005

<u>PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL RE ADMISSIONS</u>

Defendant's Motion to Compel Admissions (Doc. No. 155) should be denied. On their face, plaintiff's responses to admission requests carefully complied with Fed. R. Civ. P. 36. Defendant's Motion is nothing but counterproductive make-work for the parties and the judicial officers in this fee-shifting case.

Rule 36 requires that responses must be "addressed to the matter" as to which admission is requested. "The denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder." That describes exactly what plaintiff did.

Defendant posed compound admission requests. Defendant unnecessarily posed contradictory (opposite) admission requests. Plaintiff responded by qualifying her answers as the Rule specifies, rather than provide an unexplained blanket admission or denial.

Defendant now claims he did not intend to entrap plaintiff into admitting that he rendered services by including in the compound requests such phrases as: "regarding services that defendant rendered" or "services that defendant performed." Instead, he meant something other than the plain English he used, and would have preferred different answers as though he had made different requests.

For instance, "personally and individually" means "in person" as an individual. The hallmark of defendant's services is that the only interaction of his customers is impersonal– they communicate with a computer. Contrast the situation of an attorney, who will meet with an individual personally and discuss or explain his retainer and his services. Defendant's wording mandated the responses he got. Even with his revised wording, he would get the same responses.

## CONCLUSION

Defendant's motion, based on his claim that the substance of the request was other than its wording, should be denied. Indeed, defendant's proper remedy is not a motion to compel (since there were no objections), but a motion to determine sufficiency. The motion to compel should be denied for that reason as well.

As to the admission responses not made, they are deemed admitted pursuant to the Rule, with no motion necessary. Once again, defendant is imposing unnecessarily on the parties and the judicial officers. We request him to withdraw the entire motion promptly.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on May 21, 2005, postage prepaid, to:

Victor Lawrence pro se
PO Box 1413
Bountiful UT 84011-1413

              ___/s/ Joanne S. Faulkner___
              Joanne S. Faulkner