UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                                          CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM          May 21, 2005

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL RE INITIAL DISCLOSURES

    Defendant's Motion to Compel (Doc. No. 151) should be denied.  Rule 26 Initial disclosures are made at the outset of the case, before discovery starts, to reduce the need for subsequent discovery and guide the parties' decisions on what other discovery efforts should be made during the discovery period.  Here, defendant sought the initial discovery, interrrogatories, production requests, and admissions at the **end** of the extended discovery period–in December, 2004. 'Initial' disclosures were moot by that time. Moreover, defendant's other December 2004 discovery requests duplicated each other as well as the initial disclosures.

    Defendant's Motion is nothing but counterproductive make-work for the parties and the judicial officers in this fee-shifting case. In the plaintiff's Initial Disclosures, she provided great detail. (Defendant's Ex. A is a cut and paste of *part* of the Initial Disclosures.)

    Documents.  If plaintiff were to provide only the documents in **her** "possession, custody and control," as the Rule specifies,  the document list would be very short. Out of an abundance of caution, she alerted defendant to her probable use of documents produced by him in discovery. As pointed out in the Initial Disclosures, she had already provided her own few documents. A final determination of which of defendant's documents are to be used will be made only in the Trial Memorandum.

<u>Computation of damages.</u>  In his memorandum, Defendant has kindly provided his calculation for the loss of use of the funds. Other than that, plaintiff is unable to "compute" how a jury will award damages that are inherently subjective. Plaintiff is not required to "write in stone" what she wants the jury to award; her guesstimate may be too high or too low.

Contrary to Def. Mem. at 4, emotional distress damages are not liquidated and do not lend themselves to a statement of calculation within Rule 26. <u>Williams v. Trader Pub. Co.</u>, 218 F.3d 481, 486-487 & n.2 (5th Cir. 2000); *See* <u>Burrell v. Crown Central Petroleum, Inc.</u>, 177 F.R.D. 376, 386 (E.D.Tex.1997). Likewise, punitive damages are strictly up to the jury, and are based, in part, on information which has not yet been disclosed by defendant. Plainly, plaintiff did the best she could, and the best she was required to do, in the category of computation of damages.

<u>Fees and costs.</u>  There are not elements of damages, but consitute a separate entitlement. Any discovery as to fees is premature before judgment, particularly in a fee-shifting case such as this, where the fees and costs continue to accrue.

### CONCLUSION

Since there is no legal or factual basis for an order compelling any more information than she provided in the Initial Disclosures, defendant's motion should be denied.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on May 21, 2005, postage prepaid, to:

Victor Lawrence pro se
PO Box 1413
Bountiful UT 84011-1413

                                                                        ___/s/ Joanne S. Faulkner___
                                                                        Joanne S. Faulkner