UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE

v.                                                    CASE NO. 3:03CV 0089 (MRK)

VICTOR LAWRENCE d/b/a/ LEXINGTON LAW FIRM          May 21, 2005

PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL RE INTERROGATORIES

Defendant's Motion to Compel answers to Interrogatories 3, 4, 10b, 11, 12, 14 (Doc. No. 154) should be denied. Defendant waived any motion to compel as to Nos. 11, 12, and 14 (Def. Mem. at 8-13)[1] by not filing his motion in January, as ordered by the Court.  In addition, the requests are directed at information about plaintiff's spouse, who is not a party to this action. Finally, to the extent request have not been answered, the requests have nothing to do with the issues in this case: Did defendant violate the Credit Repair Organizations Act or commit unfair and deceptive practices?

Waiver of Nos. 11, 12, 14.  On December 10, plaintiff served her objections to Interrogatories 11, 12, 14.  On December 23, 2004, the Court Ordered:

> The parties are authorized to file any motions to compel regarding outstanding discovery or relating to requested depositions according to the following schedule: a. Any party wishing to compel discovery must file their motion and supporting brief no later than **January 10, 2005**;

Thus, the discovery responses were outstanding before December 23, 2004, yet defendant did not timely seek to compel responses. He waived any motion to compel as to outstanding discovery, including Interrogatories 11, 12, 14.

---

[1] Defendant has conflated his motion and memorandum instead of filing separate documents per D. Conn L. Civ. Rule 7(a)1.

Plaintiff made a futile effort to resolve the dispute as to these requests. On Feb. 17, plaintiff wrote, "I have glanced at the motion to compel and note that it does not comply with the Dec. 23 Order ¶ 4. The objections to Int. 11-14, Doc. 32 (first set) and Doc. 10 (2d set) were in place well before the December 23 conference, for the very purpose of allowing you to address them then. Since you have waived those objections by not moving to compel, we could reduce those issues." Defendant ignored that letter in its entirety.[2]

Moreover, defendant's requests were self-evidently outside the scope of discovery.

**INTERROGATORY NO. 11:**

Describe all lawsuits in which you have been a party during the past ten years. For each such action, include in your answer the case number, venue, causes of action, your role in the suit, the outcome of the suit and current status of the suit.

Objection: The request has nothing to do with any claims or defenses in this action, is not relevant to the subject matter of this action (defendant's violations of the Credit Repair Organizations Act), and is not reasonably calculated to lead to the discovery of admissible evidence. Overbroad because "you" is defined to include not only plaintiff but also her spouse and other persons or entities acting or purporting to act on her behalf; overbroad as to time period; being a party to a lawsuit is not part of any claim or defense in the case, and is thus outside the scope of discovery. Defendant might be able to inquire only about unsuccessful lawsuits, if at all. See Outley v. City of New York, 837 F.2d 587 (2d Cir. 1988); McCormick on Evidence §196 at 578-81 (3d ed. 1984).

Defendant says he asked the question "for the purpose of discovering admissible evidence concerning opinion or reputation evidence of both plaintiff and her husband." Def. Mem. at 9. It is elementary that character / reputation evidence is not ordinarily admissible. Fed. R. Evid. 404, 608, 609. Discovery as to credibility is improper. Burris v. Phillips, 50 F.R.D. 187, 188 (N.D. Ga. 1970). Participation in a lawsuit will not lead to admissible evidence.

---

[2] Defendant's Affidavit (Doc. No. 157) shows his persistent defiance of the Court's oral and written Orders that the parties were to communicate only in writing. His efforts to "resolve" the disputes were meaningless formalities. The motion could be denied for that reason alone. D. Conn. L. Civ. Rule 37(a)2.

2

**INTERROGATORY NO.** 12:

Identify each piece of real property owned by you and/or your husband in the calendar year you filed this lawsuit and for the two (2) calendar years before that. In relation to this interrogatory, please also state the following:

   a.   What was the purchase price of each piece of real property?
   b.   What names were placed on the title of each piece of real property?
   c. Identify each piece of real property currently owned by you and/or your husband in the year you filed your lawsuit.
   d. What was the purchase price of each piece of real property owned by you or your husband in the year you filed your lawsuit?
   e. What names, including lienholders, are currently on the title of each piece of real property owned by you or your husband in the year you filed this lawsuit?

Objection to 12 a-e: Objection: The request has nothing to do with any claims or defenses in this action, is not relevant to the subject matter of this action (defendant's violations of the Credit Repair Organizations Act), is an invasion of privacy, seeks information about nonparties, and is not reasonably calculated to lead to the discovery of admissible evidence. Overbroad because "you" is defined to include not only plaintiff but also her spouse but also her spouse and other persons or entities acting or purporting to act on her behalf

Defendant's curiosity about plaintiff's real estate dealings is obviously well beyond any issues in this case. He does not explain how this invasive and detailed personal questioning could possibly lead to admissible evidence as to whether defendant violated the Credit Repair Organizations Act or CUTPA. Nor does he explain how it relates to damages, which plaintiff explained in her initial disclosures as (estimated): mail, telephone, postage, copies, est. $25; loss of use of retainer until refunded after this lawsuit, emotional distress at being humiliated by finding out she had been fooled, and at the false and immature nature of the letters attributed to her by her supposed attorney; anxiety and distress caused by the delay in accomplishing corrections to her credit report; all to be valued by jury; punitive damages to be valued by jury.

**INTERROGATORY NO.** 14:

What was the gross and net income for you and for your husband in the calendar year you filed this lawsuit and for the two (2) calendar years before that?

Objection: The request has nothing to do with any claims or defenses in this action, is not relevant to the subject matter of this action (defendant's violations of the Credit Repair Organizations Act), and is not reasonably calculated to lead to the discovery of admissible evidence. Overbroad because "you" is defined to include not only plaintiff but also her spouse and but also her spouse and other persons or entities acting or purporting to act on her behalf

Defendant claims his question is related to plaintiff's credit rating. Defendant himself said he could improve plaintiff's credit rating – and did not. Plaintiff's gross and net income, and her nonparty husband's gross and net income has nothing to do with whether defendant violated the Credit Repair Organizations Act or CUTPA. Of course plaintiff's credit rating is at issue, but it was because defendant was supposed to repair it and did not. But, as defendant should know, credit rating has nothing to with income, which is not collected or mentioned on a credit report. As defendant should know, Plaintiff's credit rating is not improved or lessened by information about her income.

OTHER INTERROGATORIES

Defendant's motion to compel responses to the other interrogatories is similarly insubstantial.

**INTERROGATORY NO.** 10: Defendant seeks to compel only (b)

State with specificity whether you were the exclusive person who communicated with Defendant or his agents regarding your case with Defendant. In relation to this interrogatory, please state the following:

   a. The date of each communication. If you cannot give specific dates in answer to this item only, please give approximate dates.

    No one communicated with defendant. Please see Defendant's computerized records.

    b. The name of the person who wrote or spoke each communication made with Defendant and his agents during each communication.

    No one communicated with defendant. Please see defendant's computerized records.

Def. Mem. at 10 says defendant wanted information as to who actually authored emails, and admits that he already elicited from the deposition that it was plaintiff's husband who operated their computer. Defendant also has produced a statement from plaintiff that her husband was authorized to communicate. Defendant does not indicate what possible value this duplicative information could have. Whether plaintiff or her husbnd sat at the computer and transmitted to defendant's computer has no relevance to any issue in this case, so far as plaintiff can discern. In any event, the request was answered.

**INTERROGATORY NO. 3:   (Actually 3-7)**

    State with specificity all facts that you claim provide support for your claims in Count I of your Second Amended Complaint that Defendant violated 15 USC § 1679b(a)(1) by making untrue or misleading statements to a consumer reporting agency; 15 USC § 1679b(a)(3) by misrepresenting Defendant's services; 15 USC § 1679b(a)(4) by engaging in acts, practices or courses of business which constitute or result in the commission of deception on its customers, you or the consumer reporting agencies; 15 USC § 1679b(b) by charging and receiving money for the performance of its agreement before the service was fully performed; and 15 USC § 1679d(b) for failure to include the information required by this subsection.

Objection: compound, calls for a narrative response; Unknown at this time due to incomplete discovery. Some of the facts are shown by documents such as defendant's records; defendant's web site; the letters sent to the credit bureaus; defendant's present or anticipated responses to discovery. They include the facts and documents referred to in the Initial Disclosures recently served.

**INTERROGATORY NO. 4:**

    State with specificity all facts that you claim provide support for your claims in Count II of your Second Amended Complaint that Defendant violated Conn. Gen. Stat.

5

§ 36a-700; and Conn. Gen. Stat. § 42-110a.

Same as facts showing violation of CROA; failure to have a Connecticut license. Despite her objection, plaintiff answered the requests. Moreoever, the requests were duplicated in the production requests and were answered there as well. (See defendant's motion to compel production and plaintiff's opposition.) The facts, as known to both defendant and plaintiff, are exactly the documents specified: his web site, which misrepresents his services; the childish letters sent to credit bureaus, which falsely claimed the accounts were "not mine" when they were plaintiff's; the records of plaintiff's account produced by defendant showing payment in advance of services; and other documents or information in defendant's possession or control. The undersigned does not understand what else defendant thinks could or should have been provided, particularly in view of his persistent resistance to discovery.

## CONCLUSION

Defendant's motion imposes unnecessarily on the parties and the judicial officers. We request him to withdraw the entire motion promptly. If not withdrawn, it should be denied.

                              THE PLAINTIFF

                              BY____/s/ Joanne S. Faulkner___
                              JOANNE S. FAULKNER ct04137
                              123 Avon Street
                              New Haven, CT 06511-2422
                              (203) 772-0395
                              j.faulkner@snet.net

   This is to certify that the foregoing was mailed on May 21, 2005, postage prepaid, to:

Victor Lawrence pro se
PO Box 1413
Bountiful UT 84011-1413

                  ___/s/ Joanne S. Faulkner___
                  Joanne S. Faulkner