UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHELLE GOKTEPE | : **DEFENDANT'S REPLY** |
| | : **MEMORANDUM RE: MOTION TO** |
| v. | : **COMPEL PLAINTIFF'S ADMISSIONS** |
| | : |
| VICTOR LAWRENCE d/b/a | : Case No. 3:03CV 0089 (MRK) |
|     LEXINGTON LAW FIRM | : Judge Mark Kravitz |
| | : June 9, 2005 |
| | : |

Defendant Victor Lawrence d/b/a Lexington Law Firm submits this Reply Memorandum in support of his Motion to Compel plaintiff to respond to defendant's requests for admission.

## ARGUMENT

Ignoring her obligation to admit or deny defendant's requests for admission, plaintiff instead chose to provide non-responsive answers to defendant's requests. Because non-responsive answers to admissions must be deemed admitted, the Court should rule that plaintiff has admitted requests for admission numbers 1-12 and 25-28.[1]

## PLAINTIFF'S RESPONSES CONTRADICT ONE ANOTHER

Other than providing the Court with a conclusory and self-serving statement, which alleged that "plaintiff's responses to admission requests carefully complied with Fed. R. Civ. P. 36,[2] plaintiff makes no effort to justify her failure to abide by Rule 36's requirements. Consequently, plaintiff's non-responsive answers to requests for admission numbers 1-12 and 25-28 should be treated as admissions.

---

[1] Plaintiff failed to admit or deny requests for admission numbers 17-24 and conceded in her opposition memorandum that her failure to respond means the admissions "are deemed admitted pursuant to the Rule." See plaintiff's memorandum in opposition to motion to compel re: admissions at p. 2.
[2] Id. at p. 1.

Moreover, as explained in defendant's initial motion to compel re: admissions, every one of plaintiff's admission responses directly contradict another admission response. For example, **request for admission 1** asks plaintiff to [a*dmit that [plaintiff] personally and individually hired, engaged or retained (collectively 'retained') Defendant to perform or render any of the services that Defendant performed that are at issue in this case.* Conversely, **request for admission 3** asks plaintiff to admit the opposite of request for admission 1, that *[plaintiff] personally and individually did not retain Defendant to perform or render any of the services that Defendant performed that are at issue in this case.* Rather than admit one of the requests and deny the other, plaintiff chose to deny both requests. In other words, plaintiff denied that she ever hired defendant and also denied not hiring defendant. Because plaintiff either hired defendant or did not hire defendant, plaintiff should have admitted one of the requests and denied the other. Instead, plaintiff chose to deny both admissions, thereby refusing to answer whether or not she hired defendant.

Other examples of plaintiff's non-responsive conduct include: 1) plaintiff denying that she retained defendant on September 5, 2002 and denying that she did not retain defendant on September 5, 2002; 2) denying that she terminated her case with defendant on November 18, 2002 and denying that she did not terminate her case with defendant on November 18, 2002; 3) denying that she personally and individually conducted all communications with defendant and denying that she did not personally and individually conduct all communications with defendant; 4) denying that she personally and individually told defendant of all the items she wanted to dispute on her credit report and denying that she did not personally and individually tell defendant of all

2

the items she wanted to dispute on her credit report; 5) denying that she terminated defendant's services and denying that she did not terminate defendant's services and; 6) denying that her husband terminated defendant's services while also denying that her husband did not terminate defendant's services.

Plaintiff's blanket denials of the above requests create a situation where plaintiff has neither admitted nor denied defendant's requests for admission. Plaintiff offers no explanation for her non-responsive conduct and none exists. Because Rule 36 entitles defendant to responsive answers to his requests for admission, the Court should order plaintiff to provide responsive answers to the above requests.

## CONCLUSION

Based on the foregoing, defendant requests the Court to order plaintiff to provide responsive answers to defendant's requests for admission. Plaintiff further requests that the Court award defendant costs and fees associated with bringing this motion to compel.

Victor Lawrence, Pro Se
P.O. Box 1413
Bountiful, Utah 84011
(telephone) 801-244-2515

## CERTIFICATE OF SERVICE

The undersigned herby certifies that a true and correct copy of the foregoing was mailed, postage prepaid, on the ___9th___ day of ___JuNE___, 20_05_, to the following:

Joanne S. Faulkner
123 Avon Street
New Haven, CT 06511

Victor Lawrence

4