UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHELLE GOKTEPE | : **DEFENDANT'S REPLY** |
| | : **MEMORANDUM RE: MOTION TO** |
| v. | : **COMPEL PLAINTIFF'S INITIAL** |
| | : **DISCLOSURES** |
| VICTOR LAWRENCE d/b/a | : |
|     LEXINGTON LAW FIRM | : Case No. 3:03CV 0089 (MRK) |
| | : Judge Mark Kravitz |
| | : June 9, 2005 |

Defendant Victor Lawrence d/b/a Lexington Law Firm submits this Reply Memorandum in support of his Motion to Compel Production of Plaintiff's Initial Disclosures.

## ARGUMENT

**POINT I:   PLAINTIFF VIOLATED RULE 26(a)(1)(B) BY REFUSING TO PROVIDE A COPY OR DESCRIPTION OF ANY DOCUMENTS SUPPORTING HER CLAIMS**

Plaintiff's refusal to either provide copies of documents that may support her claims or to provide specific descriptions of those documents violates Rule 26 and should be sanctioned.  Rather than comply with this simple requirement, plaintiff argues in her opposition memorandum that even though she refused to comply with Rule 26(a)(1)(B), she is nonetheless excused from its requirements because defendant did not move to compel production of plaintiff's initial disclosures until discovery had nearly ended. Amazingly, plaintiff is blaming defendant for plaintiff's failure to comply with Rule 26. Plaintiff has an affirmative duty, irrespective of defendant's motion to compel, to provide and timely supplement her initial disclosures.   Indeed, plaintiff admits that if she had

simply complied with Rule 26 by providing documents in her possession, custody and control, "the document list would be very short."[1]

Offering no reason for failing to provide this "short" document list, plaintiff next contradicts herself by claiming that even though she never provided a list of documents, she nonetheless "provided great detail" in her initial disclosures.[2] This statement is inaccurate. Plaintiff's "great detail" consisted of initial disclosures alleging that the documents supporting her claims included documents defendant provided to plaintiff, as well as exhibits to depositions, motions, discovery responses and requests for admission. Plaintiff's inadequate response fails to specifically identify or describe a single document supporting her claims.

This example of plaintiff's contorted logic and repeated refusals to provide the most basic of required information to support her claims highlights the numerous obstacles plaintiff continues to place in front of defendant to frustrate defendant's right to obtain basic required information in this lawsuit. The fact that this obfuscation has continued for more than six months seems to demonstrate plaintiff's inability to articulate any genuine factual support for her claims.

Because plaintiff's responses violate both the spirit and letter of Rule 26(a)(1)(B), and because they prevent defendant from being able to thoroughly prepare his defense, the Court should compel plaintiff to comply with Rule 26 by either providing copies of or specifically describing each document plaintiff may use to support her claims in this case. Alternatively, the court should rule that plaintiff may not submit any documents in this case that she has not produced according to Rule 26. *See Asia Strategic Inv., Alliances,*

---

[1] See plaintiff's opposition to motion to compel re: initial disclosures at p. 1.
[2] Id.

*Ltd. v. General Elec. Capital Serv., Inc.,* 173 F.R.D. 305 (D. Kan.1997) (Rule 26 requires parties to disclose all documents in their possession, custody, or control that are relevant to the disputed facts). As such, defendant's motion should be granted.

**POINT II: PLAINTIFF FAILED TO PROVIDE DEFENDANT WITH A DAMAGES COMPUTATION**

Plaintiff further violated the Federal Rules of Civil Procedure by failing to provide an adequate calculation of her damages, as required by Rule 26(a)(1)(C). Plaintiff excuses her failure to comply with Rule 26(a)(1)(C) by asserting that "[p]laintiff is not required to 'write in stone' what she wants the jury to award."[3] Again, plaintiff either evades or misunderstands her responsibilities under Rule 26. The Rule does not say that plaintiff's damage calculations are written "in stone." However, the Rule does require her to disclose evidence supporting her computation of damages. Plaintiff has failed to do this. In fact, plaintiff failed to provide any damages computation. If plaintiff lacks evidence supporting her damages claim, then the Rule obligates her to notify defendant of this fact. Similarly, if plaintiff cannot now articulate her damages claim, she will likely be unable to sustain her damages claim in front of a fact finder. Consequently, the Court should compel plaintiff to provide a damages computation supported by specific facts or compel plaintiff to admit that no facts exist supporting her damages claim.

## CONCLUSION

Based on plaintiff's repeated failures to comply with Rule 26, the Court should order plaintiff to provide defendant with a copy of all documents supporting her claims,

---

[3] Id. at p. 2.

order plaintiff to provide defendant with a computation of damages supported by specific facts, and award defendant costs and fees associated with bringing this motion to compel.

                                                                     Victor Lawrence, Pro Se
                                                                P.O. Box 1413
                                                                Bountiful, Utah 84011
                                                                (telephone) 801-244-2515

## CERTIFICATE OF SERVICE

The undersigned herby certifies that a true and correct copy of the foregoing was mailed, postage prepaid, on the ___9th___ day of ___JUNE___, 20_05_, to the following:

      Joanne S. Faulkner
      123 Avon Street
      New Haven, CT 06511

                                                                Victor Lawrence