UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 JUN 30 P 1: 46
U.S. DISTRICT COURT
NEW HAVEN, CT

| | | |
|---|---|---|
| MICHELLE GOKTEPE | : | CIVIL NO. 3:03cv89(MRK) |
| VS. | : | |
| VICTOR LAWRENCE, d/b/a/ LEXINGTON LAW FIRM | : | JUNE 29, 2005 |

SPECIAL MASTER'S RESPONSE TO DEFENDANT'S REQUEST FOR
MODIFICATION TO THE RECOMMENDED ORDER OF JUNE 10, 2005

On June 22, 2005, the defendant filed with this Special Master a pleading[1] entitled "Defendant's Objection to Special Master's Recommended Order".

The first paragraph of the defendant's request asks this Special Master to modify his June 13, 2005 Recommended Order.

After reviewing defendant's fifteen page argument, I find no basis in fact or law to modify my original Recommended Order and do, therefore, respectfully decline to so rule.

Dated at West Hartford, Connecticut, this 29th day of June 2005.

F. Owen Eagan, Special Master
U.S. Magistrate Judge - Retired

---

1/   A copy of Defendant's June 22, 2005 Objection is attached.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHELLE GOKTEPE<br>v.<br><br>VICTOR LAWRENCE d/b/a<br>    LEXINGTON LAW FIRM | DEFENDANT'S OBJECTION TO<br>SPECIAL MASTER'S RECOMMENDED<br>ORDER<br><br>CASE NO. 3:03CV 0089 (MRK)<br><br>Judge Mark Kravitz<br>June 22, 2005 |

Defendant Victor Lawrence d/b/a Lexington Law Firm respectfully requests that the Special Master modify his June 13, 2005 recommended order ("Order") and prevent plaintiff Michelle Goktepe from propounding irrelevant, burdensome, and remote discovery requests.

## SUMMARY OF ARGUMENT[1]

Goktepe's motion to compel ("motion") asked the court to compel Defendant to produce an extensive amount and wide variety of information that extended substantially beyond the claims asserted by Goktepe as harms committed solely against her on an individual basis in this case. For example, Goktepe seeks the names of all of Defendant's Connecticut clients, the amounts they paid to Defendant and all of Defendant's vendor agreements and the amounts Defendant paid to each of these vendors. Goktepe justified these extensive and expansive requests for information by arguing generally that she was

---

[1] Defendant will produce several items ordered to be produced in the June 13, 2005 Order but maintains and preserves his objections to those items. For example, as ordered by the Special Master, Defendant will be answering Plaintiff's Third Discovery Request No. 4 "with more specificity." Similarly, as requested in Plaintiff's second production request, Defendant will be providing a copy of the pages of the Lexington Law web site as they existed when Plaintiff entered into her retainer agreement. Defendant will also respond to Plaintiff's May 2003 Discovery Request No. 8, which asks Defendant to identify Lexington's affiliate network manager during 2002. Defendant is also answering Plaintiff's April 2004 interrogatory question No. 7, which asks for the identity of the person who is hired to perform internet services for Lexington Law. Lastly, Defendant will be responding to Plaintiff's Requests for Admission Nos. 1-4.

acting as a private attorney general and that additionally it was justified by her claim for punitive damages.

Defendant objected to the motion. He argued with specificity in rebuttal that (i) the private attorney generally concept applies not to claims for expansive discovery in a case involving the claims solely of an individual regarding private commercial damages but only to attorney's fee awards where a plaintiff has successfully asserted claims that served the public interest and would not otherwise have been brought and (ii) that the U.S. Supreme Court has clearly ruled that punitive damages apply only to harm done to an individual plaintiff and not to other alleged victims. Defendant also rebutted the individual discovery requests with specific and detailed objections tailored to each individual request.[2] Defendant's rebuttal of the attorney general and punitive damage arguments as well as his rebuttal of Goktepe's individual discovery requests were supported by citations to applicable case law.

In terms of Defendant's detailed rebuttal arguments against Goktepe's private attorney general and punitive damages arguments, and in terms of Defendant's specific and itemized objections to the overwhelming majority of the discovery requests, Goktepe's response *on the record* ignored, and declined to address or refute, each of them. Indeed, as of this writing, the record still shows that Goktepe has ignored, and has not addressed or refuted, the overwhelming majority of the detailed, request-specific objections as well as the general objections to Goktepe's attorney general and punitive damage arguments. Nor has Goktepe cited to any applicable case law supporting her failure to address or rebut Defendant's position or any response to Defendant's position.

---

[2] Defendant incorporates into this document by reference, in their entirety, his previously filed objections to Goktepe's motions to compel discovery.

2

Accordingly, the Special Master should reconsider the Order and deny Goktepe's motion for the following reasons: 1) Goktepe failed to articulate in her motion, or in her response to Defendant's objection to the motion how the disputed discovery requests were relevant to the claims asserted in her 2nd Amended Complaint (that defendant violated the Credit Repair Organizations Act ("CROA"), the Connecticut Credit Clinics Act ("CCCA"), and the Connecticut Unfair Trade Practices Act ("CUTPA") (collectively "Claims");[3] 2) many of Goktepe's discovery requests impermissibly ask for documents and other information that arose after Goktepe filed her lawsuit and because; 3) several of Goktepe's discovery requests are aimed at providing information to plaintiffs in other lawsuits against Defendant, not to discover information relevant to her Claims. .

## ARGUMENT[4]

### POINT I: GOKTEPE FAILED TO SHOW THAT HER DISCOVERY REQUESTS MET RULE 26's REQUIREMENT THAT THE REQUESTS BE "RELEVANT TO THE CLAIM OR DEFENSE OF ANY PARTY"

Federal Rule of Civil Procedure 26(b)(1), as amended in the year 2000, currently prohibits parties from discovering information not relevant to the *claims* or defenses of any party.[5] In addition, once a party objects to a discovery request based on relevancy, the proponent of the discovery request (in this case Goktepe) must demonstrate that the information sought is relevant to a *claim* or defense. *See Home Ins. Co. v. Ballenger Corp.*, 74 F.R.D. 93 (D. Ga. 1977) (holding that a discovery proponent's general

---

[3] Goktepe asserts her Claims on behalf of herself only and individually and not on behalf of any other person or entity.

[4] Pursuant to Judge Kravitz's order allowing the parties 20 days to object to the Special Master's orders, Defendant reserves the right to appeal the Special Master's Order to Judge Kravitz no later than 20 days form the date a final order, considering these objections and replacing the recommended order, is published.

[5] Before the 2000 Rules' amendments narrowed the scope of Rule 26(b)(1), parties were permitted to discover any matter relevant to the subject matter involved in the action.

3

allegation of relevancy is not sufficient to overcome an adverse party's specific objection that an item is not discoverable); *see also Black & White Cabs of St. Louis, Inc., v. Smith*, 370 S.W.2d 669 (Mo. App. 1963) (before a party may obtain sweeping discovery, it must first show in its motion to compel a reasonable ground to believe that records sought are relevant to the subject matter of the action); *Pioneer Hi-Bred Intern. Inc., v. Holden's Foundation Seeds, Inc.*, 105 F.R.D. 76 (N.D. Ind. 1985) (party moving for disclosure must make clear showing that documents are relevant to issues involved in litigation); *Chaves v. Daimler Chrysler Corp.*, 206 F.R.D. 615 (S.D. Ind. 2002) (applying 2000 amendment language in holding that plaintiff's self-serving, conclusory allegations of relevancy were not enough to support discovery requests); *Surles v. Air France*, 50 Fed. R. Serv. 3d 983, 988-89 (S.D.N.Y. 2001) (applying 2000 amendment and rejecting defendant's request for peripheral personal information about plaintiff and stating that discovery requests "could not be based on pure speculation or conjecture" and that the 2000 amendment was "intended to focus the attention of both the parties and the Court on the actual claims and defenses involved in a suit"); *Thomson v. Dep't of Hous. & Urban Dev.* 199 F.R.D. 168, 173 (D. Md. 2001) (applying 2000 amendment and denying discovery request because requesting party failed "to identify which claims...will be furthered by the requested information"); *McCann v. Bayship Mgmt. Inc.*, 2000 WL 1838714 (E.D. La. 2000) (applying 2000 amendment and denying discovery because plaintiff failed to describe how the requested information would be relevant to a claim or defense.)

Like the parties in the above cases, Goktepe makes no attempt to explain how her disputed discovery requests are relevant to her Claims. Equally important, several of the

above cited cases apply the prior, pre-2000 amendments, more relaxed "relevant to the subject matter" test, rather than the current, more narrow and stringent "relevant to any claim or defense" test, now mandated by the Rule 26(b)(1). Because Goktepe's memorandum in support of her motion to compel fails to explain the relevancy of any of her discovery requests she is pursuing, her motion to compel would have been denied under the more lenient "subject matter" test and must be denied under the "relevant to any claim or defense" test. *See Onwuka v. Fed. Express Corp.*, 178 F.R.D. 508 (D.Minn 1997) (using pre-2000 amendment rule and requiring at least some connection between party's requested discovery and the claims in the case); *see also DIRECTV v. Trone*, 209 F.R.D. 455 (C.D. Cal. 2002) (applying post-2000 amendment rule to deny party's request for technical data and noting the request was not supported by specific reasons as to why party must have access to design information in order to prove defenses); *Mosier v. Am. Home Patient Inc.*, 203 F.R.D. 645 (N.D. Fla. 2001) (applying post-2000 amendment rule to limit discovery to claims or defenses in case).

a. **Goktepe's Motion to Compel.**

In attempting to justify her third discovery request, Goktepe neglects to explain how the requested documents are relevant to the Claims, arguing instead and incorrectly that she was entitled to the information because "[d]efendant neither responded nor objected to parts of the third discovery request."[6] Likewise, Goktepe fails to explain how her May 2003 requests are relevant to the Claims, instead incorrectly claiming that "it is defendant's burden to substantiate the objections [to the discovery requests]."[7] Because

---

[6] See Goktepe's Memorandum in support of her Motion to Compel at p. 4. Defendant responds to Goktepe's claim that he failed to answer the requests at pp. 13-14 of this memorandum.
[7] Id. at p. 8.

5

Goktepe's argument ignores clear post-2000 amendment law to the contrary, it must be denied. *See DIRECTV*, 209 F.R.D. at 459.

The closest Goktepe comes to articulating how her discovery requests are relevant to the Claims occurs when she argues that her April 2004 interrogatories are relevant because they request "third party documents that show whether defendant engaged in acts, practices, or courses of business which constitute or result in the commission of a deception on its customers, plaintiff, or the consumer reporting agencies....."[8] However, as Defendant explained in his objection to Goktepe's motion to compel, CROA does not allow a plaintiff to seek relief based on "Defendant's engaging in acts, practices or courses of business which constitute or result in the commission of a deception on its customers."[9] Consequently, Goktepe's discovery requests fail to meet Rule 26(b)(1)'s post-2000 amendment strict and narrow relevancy requirement.

Lastly, Goketepe argues that her July 2004 discovery request, which asks for the "identity of Connecticut clients" should be answered because "[t]he best way to tell whether what happened to plaintiff is part of a business practice...is to present witnesses." Because under the 2nd Amended Complaint, Defendant can only be liable for general or punitive damages for his conduct against Goktepe alone, this request also fails the post-2000 amendment relevancy test. *Continental Trend Resources, Inc. v. OXY USA, Inc.*, 101 F.3d 634, 639 (10th Cir. 1996) (in measuring punitive damages it is harm to the Plaintiff that is evaluated, not to the public generally or others before the court).

**POINT II:   GOKTEPE'S DISCOVERY REQUESTS SHOULD BE LIMITED TO MATTERS ARISING BEFORE SHE FILED THE LAWSUIT**

---

[8] See Goktepe's Memorandum in support of her Motion to Compel at p. 9.
[9] See Defendant's memorandum in response to Plaintiff's motion to compel at p.3,

Goktepe's discovery requests are impermissible for another reason; many of the requests ask for information or documents that were created after Goktepe filed her lawsuit. Because discovery should be limited to information created before the lawsuit arose, Goktepe's requests must be restricted in time to before she filed the lawsuit.

For example, in *Devex Corp. v. General Motors Corp.*, 275 F.Supp. 310 (D. Del. 1967), the federal district court ruled that the scope of interrogatories directed to a defendant in a patent infringement case would be confined to the period before plaintiff filed the lawsuit. The Court based its decision on the fact that plaintiff failed to articulate how discovery of facts after the commencement of the lawsuit were relevant to the case. *See also Singer Mfg. Co. v. Brother Intern. Corp.*, 191 F.Supp. 322 (D.C.N.Y. 1960) (defendant not required to furnish information requested in interrogatories extending beyond the date the counterclaim was filed); *Massachusetts Bonding & Ins. Co. v. Harrisburg Trust Co.*, 2 F.R.D. 197 (D. Pa. 1941) (defendant bank not required to answer interrogatories requesting information covering period after plaintiff filed lawsuit).

As the parties in the cases cited above unsuccessfully attempted to do, Goktepe requests information and documents created after she filed her lawsuit against Defendant. Goktepe filed her suit on January 13, 2003. Nevertheless the requests in Goktepe's Fifth Document request, ask for:

1. All documents you signed during 2004 concerning or arising out of Lexington Law Firm, including any and all assignments, agreements with or signed by Jayson Orvis, John Heath, or Lexington Law.

2. All documents you received during 2004 concerning or arising out of Lexington Law Firm, including any and all checks, payment instruments, assignments, and agreements signed by Jayson Orvis, John Heath, or Lexington Law.

Besides the objection that these requests are not relevant to the Claims, these requests must also be denied because they concern matters which occurred a full year *after* the lawsuit was filed. For example, the requests ask for documents defendant signed in 2004 as well as documents which defendant received in 2004. Because these document requests ask for information and documents created over a year after Goktepe filed her January 13, 2003 lawsuit, the documents logically cannot possibly be related to the Claims and the requests must be denied. *Singer*, 191 F.Supp. at 322. Further, the above requests must be denied because Goktepe is not entitled to discover documents regarding the alleged sale of Defendant's business, which has no relation to this lawsuit. *See Katz v. Batavia Marine & Sporting Supplies Inc.*, 984 F.2d 422 (C.A. Fed.. 1993) (holding that plaintiff not entitled to documents relating to the sale of company assets and ownership or sale of patents in patent infringement case).

**POINT III: GOKTEPE CANNOT USE THE DISCOVERY PROCESS IN ORDER TO GATHER INFORMATION FOR AN UNRELATED LAWSUIT OR TO BOOTSTRAP GOKTEPE'S INDIVIDUAL CLAIMS UP TO A CLASS ACTION LAW SUIT**

As Defendant previously made the Court aware, plaintiff's attorney, Ms. Joanne Faulkner, appears to be working with Daniel Edelman, Esq., counsel for different plaintiffs in two other cases filed against Defendant, *Iosello v. Lawrence*, Case No. 03 C 0987, filed in the Federal District Court in Chicago, and *D'Agostino v. Lawrence*, Case No. 04 C 03660, also filed in the Federal District Court in Chicago. This allegation became more apparent when Defendant's opposition to Goktepe's motion to compel alleged that many of Ms. Faulkner's discovery requests were aimed at gathering information in the Chicago cases, and Ms. Faulkner did not, on the record, rebut these allegations. In fact, her reply memorandum remained pointedly silent regarding this issue.

8

Clearly, Ms. Faulkner is seeking discovery in Goktepe to further Mr. Edelman's lawsuits in Chicago.

The U.S. Supreme Court has unambiguously condemned the practice of gathering discovery information in one case for use in other proceedings., *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) (holding that "when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied"); *see also Mississippi Power Co. v. Peabody Coal Co.*, 69 F.R.D. 558 (S.D. Miss. 1976) (court must deny discovery requests aimed at getting information for use in another lawsuit); *Econo-Car Intern., Inc. v. Antilles Car Rentals, Inc.*, 61 F.R.D. 8 (V.I. 1973) *reversed on other grounds* (same).

In seeking the names and contact information of Defendant's Connecticut clients, Goktepe seeks information for use in transforming this case into a class action law suit, or generating another case to serve as a class action lawsuit. Accordingly, Ms. Faulkner's motion to compel should be denied.

If the Special Master does not deny the discovery requests as Defendant asks, he should insure that Goktepe's attorney does not use such information to continue her practice of providing information in this case to Mr. Edelman, the plaintiff's attorney in the Iosello and D'Agostino cases against Defendant in Chicago. That is, the Special Master should order Goktepe and her counsel not to disclose any of this information to Mr. Edelman or to discuss with any of the clients the idea of contacting Mr. Edelman or sharing any information with him.

**POINT IV: GOKTEPE DISCOVERY REQUESTS ASKING FOR AGREEMENTS WITH VENDORS, VENDOR PAYMENT INFORMATION AND CLIENT CONTACT INFORMATION ARE OVERBROAD AND IRRELEVANT**

Plaintiffs Fourth Discovery Request, dated September 17, 2004, requests documents ranging from 1099 tax forms issued to outside service providers, to invoices received from outside service providers, records showing income received from outside service providers, payments made to outside service providers, Lexington's income and expenses for September and October 2002, any agreements or assignments involving defendant, Jayson Orvis, Lexington Law, and Jamis Johnson, all agreements with Consumer Credit Solutions, agreements with any entities owned or managed by Jayson Orvis or Deon Steckling, agreements with outside service providers, defendant's sources of income, agreements to perform data entry for other companies, and agreements to sell entered data to other company.

It is important to keep in mind that Goktepe made no effort to explain how any of the above requests relates to the Claims. As a result of the irrelevant and overly broad nature of the requests, defendant objected on relevancy grounds. Defendant reiterated his objection in his response to Goktepe's motion to compel, explaining that "the requested documents have no conceivable bearing on Plaintiff's claims that the legal services Defendant provided to Plaintiff for less than two months in late 2002 violated CROA, CCCA or CUTPA."[10] Defendant went on to list several other objections to the requests including the excessive breadth of the requests, the fact that the requests sought irrelevant general business activities, and that Goktepe was seeking this information to help Edelman in the Chicago lawsuits against Defendant.

Despite these objections, the Order ruled that "[t]he original objection by the defendant was based on confidentiality: "Confidentiality has been resolved by the

---

[10] See Defendant's memorandum in response to Plaintiff's motion to compel at pp.26-27.

10

Court's Protective Order. "Consequently, the defendant is ordered to produce this material...."[11] Because the Order mistakenly stated that defendant's only objection to Goktepe's Fourth Production Request was based on confidentiality, defendant requests that the Special Master reconsider all of Defendant's objections and apply the strict and narrow post-2000 amended rule relevancy standards to Goktepe's requests.

**Plaintiff's May 2003 Production Request – Dated May 2003**
**Plaintiff's Interrogatories and Document Requests – Dated April 2004**
**Plaintiff's Discovery Request – Dated July 2004**

Defendant next requests that the Special Master revisit the Order regarding Plaintiff's May 2003 production request Nos. 10, 11, 12, 13, Plaintiff's April 2004 interrogatory No. 3 and production request No. 1, and Plaintiff's July 2004 discovery requests. In these requests, Goktepe asks for the following:

No. 10. All agreements with affiliates who have signed up for the Affiliate program.

No. 11. All form letters and manuals used by credit repair staff for entry of data and information from consumer clients.

No. 12. All form letters and manuals used by credit repair staff for communication with credit bureaus.

No. 13. All forms and manuals used by credit repair staff for entering and maintaining the statistical information as to success rates which appear on your website.

**April 2004 Interrogatory and Request**

No. 3. Identify each licensor of intellectual property and technology to defendant/Lexington Law concerning its credit repair operations, and describe what products, personnel or services each provides.

---

[11] See Special Master's Discovery Report and Recommended Order at p.2, ¶D.

11

No. 1. All agreements pursuant to which defendant contends that he is bound to the confidentiality of any product or service he licenses concerning the credit repair business.

**July 2004 Discovery Requests**

No. 1. Provide the name and address of all your Connecticut clients during the last quarter of 2002.

No. 2. Provide the number of disputes which did not result in removal of a disputed item from a credit report during 2003.

No. 5. Set forth the average number of letters to credit bureaus sent by Lexington weekly during the last quarter of 2002, or any recent quarter.

Production 2. Copies of any 2002 or 2003 quarterly statistical report as to numbers of credit bureaus disputes processed by defendant.

These requests also ask for information that, under the post-2000 amendments is irrelevant to the Claims. The documents' irrelevant nature is highlighted by Goktepe's silence on the record as to how these requests relate to the Claims, as well as her silence on the record in the face of Defendant's detailed objections, with case citations, to these requests. Because the above documents cannot possibly help Goktepe prove her Claims, the requests must be denied. *See McCoo v. Denny's Inc.*, 192 F.R.D. 675 (D. Kan 2000) (plaintiff claiming that restaurant chain discriminated against him would be prohibited from obtaining production of all policies, guidelines, training materials, employee hand books and supervisor handbooks. Discovery would be related to customer service and racial discrimination involving only the restaurant at which the incident in suit took place); *see also Detweiler Bros. Inc., v. John Graham & Co.*, 412 F.Supp. 416 (D. Wash. 1976) (defendant's request was overbroad where it extended to all plaintiff's work on a

construction project. Discovery would be limited to materials related to installation of piping at issue); *United Cigar - Whelan Stores Corp. v. Philip Morris, Inc.*, 21 F.R.D. 107 (D.C.N.Y. 1957); (information about the total amount of sales by defendant and the amounts expended by defendant in various forms was completely irrelevant in an action complaining of price discrimination).

Additionally, Goktepe's claims for the names and addresses of Defendant's Connecticut clients may invade those clients' privacy rights as well as their attorney-client confidentiality. Defendant asks the Special Master to carefully consider whether this invasion of those clients' rights is justified by Goktepe's status as an individual plaintiff seeking redress for her alleged private individual commercial harm. Further, to insure that Goktepe's attorney does not use such information to continue her practice of providing information in this case to Mr. Edelman, the plaintiff's attorney in the Iosello and D'Agostino cases against Defendant in Chicago, the Special Master should order Goktepe and her counsel not to disclose any of this information to Mr. Edelman or to discuss with any of the clients the idea of contacting Mr. Edelman or sharing any information with him.

**Plaintiff's Third Discovery Request – Dated July 19, 2004**

Lastly, request No. 3 asked defendant to answer the following: *Identify any person or entity (affiliate program described at LLF 0236 ff) to whom payment was made due to Plaintiff's entry into a retainer after visiting a referring website.*
The Special Master's recommended Order incorrectly stated that "[a]t the present time, there is no objection or answer on file to this request [No. 3]. "It is hereby ordered that the request be answered on or before June 30, 2005." In fact, defendant did object to

13

Request No. 3 in his Response to Plaintiff's Motion to Compel, which he filed with the Court on January 24, 2005. In his objection, defendant stated:

> a. <u>Response</u>: Objection IV: Irrelevant General Business Activity. Plaintiff knows what advertising she saw at a "referring website," if any, and does not need the requested information for that purpose. This request for the identity of anyone, involved in Lexington's advertising program that may have received a payment, if any, based on Plaintiff signing a retainer, if any, seeks irrelevant general business activity of Defendant and therefore has no conceivable bearing on Plaintiff's claims that the legal services Defendant provided to Plaintiff for less than two months, thirteen months before the time period for the documents requested, violated CROA, CCCA or CUTPA. Further, independent of seeking irrelevant general business activity, this request has *no conceivable bearing on Plaintiff's claims that the legal services Defendant provided to Plaintiff for less than two months, thirteen months before the time period for the documents requested, violated CROA, CCCA or CUTPA.*[12]

Emphasis added.

Because Defendant properly objected to Request No. 3, Defendant requests that the Special Master revisit his recommended order and rule that request No. 3 lacks relevancy to the lawsuit.

## POINT V: GOKTEPE IS NOT PERMITTED TO TAKE A 30(b)(6) DEPOSITION OF A SOLE PROPRIETORSHIP

Lastly, Defendant requests that the Special Master reconsider his ruling which grant Plaintiff the right to take a Rule 30(b)(6) deposition of Defendant. Rule 30(b)(6) only permits a party in a lawsuit to depose the corporate representative of "a public or private corporation or a partnership or association or governmental agency." Judge Kravitz held in his Order dated January 27, 2005, denying Goktepe's motion to strike Defendant's pro se status based on the argument that Defendant was a corporation, that

---

[12] See Defendant's Response to Plaintiff's Motion to Compel at p. 1.

"Lexington Law Firm is a sole proprietorship owned by Defendant, Victor Lawrence."[13] *See also United States v. Fox*, 721 F.2d 32, 36 (2nd Cir. 1983 ("a sole proprietorship has no legal existence apart from its owner.") Accordingly, the Court has already ruled that Defendant is a sole proprietorship and not a corporation and therefore Goktepe is not entitled to a Rule 30(b)(6) deposition of Defendant. Consequently, to allow Goktepe to take such a deposition of Defendant would be akin to allowing Goktepe to take a 30(b)(6) deposition of Victor Lawrence as an individual. Because Rule 30(b)(6) does not permit this type of deposition, Goktepe's 30(b)(6) deposition request must be denied.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Special Master reconsider his recommended order.

Victor Lawrence, Pro Se
P.O. Box 1413
Bountiful, Utah 84011
(telephone) 801-244-2515

---

[13] See Judge Kravitz's January 27, 2005 order at p.2.

## CERTIFICATE OF SERVICE

The undersigned herby certifies that a true and correct copy of the foregoing was mailed, postage prepaid, on the __22__ day of __June__, 20__05__, to the following: VIA FED EX

    Joanne S. Faulkner
    123 Avon Street
    New Haven, CT 06511

                                      Victor Lawrence