FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT 2005 JUL -7 A 9: 12

U.S. DISTRICT COURT

| MICHELLE GOKTEPE<br>v.<br><br>VICTOR LAWRENCE d/b/a<br>    LEXINGTON LAW FIRM | DEFENDANT'S OBJECTION TO THE<br>SPECIAL MASTER'S JUNE 24, 2005<br>MODIFIED RECOMMENDED ORDER<br><br>CASE NO. 3:03CV 0089 (MRK)<br><br>Judge Mark Kravitz<br>July 6, 2005 |
|---|---|

Defendant Victor Lawrence d/b/a Lexington Law Firm respectfully requests that the Special Master reconsider his June 24, 2005 modified recommended order (the "Order") and only permit plaintiff to depose defendant's former administrative staff in Salt Lake City, Utah, where the deponents reside, rather than West Haven, Connecticut.

**SUMMARY OF ARGUMENT**

The Special Master should reconsider the Order and schedule the depositions of defendant's former administrative staff in Salt Lake City, Utah, rather than West Haven, Connecticut, because 1) the non-party former employees no longer work for Lawrence ("former employees") have not been subpoenaed and because they are not parties to the litigation cannot be compelled to be deposed absent a proper subpoena, and therefore cannot be compelled to attend depositions in Connecticut; 2) Federal Rule of Civil Procedure 45(c)(3)(A) prohibits a Court from ordering a witness, such as defendant's former employees, who is neither a party nor an officer of a party to travel to a place more than 100 miles from the place where the witness resides; 3) depositions of a defendant business's employees should only take place at the business's principal place of business or the employee's place of employment and because; 4) requiring the non-

party witnesses to be deposed in Connecticut would create undue financial and other personal hardships on the witnesses.

## FACTS

1. On June 13, 2005, Special Master Eagan filed a discovery report and recommended order which, among other things, granted plaintiff the right "to take depositions of the defendant's staff of six members...on or before July 15, 2005."[1]

2. Defendant does not now have any employees and has not had any employees for almost a full calendar year. This includes the "six staff members" addressed in the Order.

3. Nor is Defendant currently, or ever been, a corporate entity such that his staff, or former staff, are subject to FRCP 30(b)(6) depositions. Judge Kravitz confirmed Defendant's sole proprietorship status, and lack of corporate status, in Judge Kravitz's January 27, 2005 order, denying Goktepe's Motion to Remove Defendant's Pro Se Status.[2] See January 27, 2005 Order at Page 2.

4. Also on June 13, 2005, plaintiff's counsel, Ms. Joann Faulkner, sent a letter to the Special Master asking that the Special Master re-schedule defendant's staff member depositions from July to September 2005.[3]

5. Based on the plain language of the June 13, 2005 letter, which simply requested that defendant's staff members' depositions be moved from July to

---

[1] See Special Master's Recommended Order at p. 4; attached as Exhibit A.
[2] For the convenience of the court and the Plaintiff, a copy of Judge Kravitz's January 27, 2005 ruling and order is attached hereto as Exhibit B.
[3] See Ms. Faulkner's June 13, 2005 letter to Special Master Eagan; attached as Exhibit C.

September and which did not ask that the depositions be moved from Salt Lake City, Utah to West Haven, Connecticut, defendant did not object.

6. Relying on Ms. Faulkner's June 13, 2005 letter requesting that defendant's staff depositions be moved from July to September, Special Master Eagan filed a recommended modification to his June 13, 2005 order on June 24, 2005, moving the location of the depositions from the Salt Lake City location consistent with the FRCP to West Haven, Connecticut by requiring "the six administrative staff's depositions [to] be taken together with the depositions scheduled for September 13, 2005, in West Hartford, Connecticut, to be supervised by this Special Master."[4]

7. Defendant Victor Lawrence d/b/a Lexington Law Firm is a sole proprietorship that is neither a corporation, partnership, nor a limited liability company.[5]

8. Defendant is a Utah resident, his principal place of business is in Utah and his offices are located in Utah.[6] He continues to practice law as a sole proprietor and solo practitioner.

9. Defendant no longer employees any administrative staff or other employees, including the former employees, and lacks any authority to compel any of his former employees to attend out of state depositions.[7]

10. Lastly, no member of defendant's former employees ever acted as an officer or director of defendant's for law practice, the law practice that is the subject of this suit, and never possessed any ownership interest in the law practice.[8]

---

[4] See Special Master's Recommended Modification to Recommended Order at p. 1; attached as Exhibit D.
[5] See affidavit of Victor Lawrence; attached as Exhibit E.
[6] Id.
[7] Id.

3

POINT I:   THE COURT LACKS SUBPOENA POWER TO COMPEL DEFENDANT'S NON-PARTY FORMER EMPLOYEES TO TRAVEL FROM UTAH TO CONNECTICUT FOR DEPOSITIONS[9]

Because this Court lacks authority to order non-party witnesses residing in Utah to be deposed in Connecticut under these circumstances, the Special Master should modify his Order and schedule defendant's former employees' depositions to take place in Salt Lake City, Utah, where defendant's former employees reside.[10] In fact, Federal Rule of Civil Procedure 45(c)(3)(A)(ii) *requires* a Court to quash any subpoena that requires someone who is a non-party and non-corporate officer to travel more than 100 miles for a deposition or trial, by stating that:

> [o]n timely motion, the court by which a subpoena was issued *shall* quash or modify the subpoena if it…requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person….

Emphasis added.

The purpose of the 100 mile rule is to protect non-parties, such as defendant's former employees, from unnecessary burdens and expenses related to lawsuits in which they have little or no interest. *See In re Edelman*, 295 F.3d 171 (2nd Cir. 2001) (explaining that Rule 45(c)(3)(A)(ii)'s 100 mile limit protects non-parties from being compelled to travel more than 100 miles from where they reside or work and that the

---

[8] Id.

[9] Pursuant to Judge Kravitz's order allowing the parties 20 days to object to the Special Master's orders, Defendant reserves the right to appeal the Special Master's Order to Judge Kravitz no later than 20 days from the date a final order from Special Master Eagan, considering these objections and replacing the recommended order, is published.

[10] If the Special Master finds it necessary to supervise defendant's staff depositions, a more efficient and less costly means to accomplish this oversight would be to either supervise the depositions over the telephone or via video conference, or to have the Special Master fly to Salt Lake City to oversee the depositions.

Rule was created to protect such witnesses from being subjected to excessive discovery burdens in litigation where they are not parties); *see also Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp.54, 57 (N.D.N.Y. 1990) (holding that a federal district court cannot require "a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides, is employed or regularly transacts business, to appear before it").

Connecticut district courts have reached similar conclusions. *See Sherman St. Associates, LLC v. JTH Tax, Inc.*, 2004 WL 2377227 (D.Conn. 2004) (emphasizing the rule that the convenience of a non-party witness is more important than the convenience of party witnesses, in scheduling the location of depositions); *Sykes Intern., Limited v. Pilch's Poultry*, 55 F.R.D. 138 (D.Conn. 1972) (former employees of a plaintiff or defendant in a lawsuit can be compelled to sit for a deposition only through a subpoena). In *Sykes*, a Connecticut Federal District Court quashed a subpoena served on plaintiff's former corporate officer, who was then residing in the Netherlands. The court explained that because the former officer no longer worked for the plaintiff, "his attendance [in Connecticut] could be compelled only by subpoena. "But [because] service of a subpoena is limited by territorial restrictions; a subpoena requiring attendance at Hartford served on [the former employee] in the Netherlands would be void and without force." *Id.* at 139.

Similarly, because defendant's former employees no longer work for defendant and is therefore not under his control, their attendance at a deposition must be compelled through a subpoena. But because a subpoena issued by a Connecticut court has no effect beyond its jurisdictional borders, and because no subpoena can require a non-party

witness to travel more than 100 miles from his or her residence, the Court cannot compel defendant's former staff to attend depositions in Connecticut. As such, because Rule 45(c)(3)(A)(ii) prohibits a Connecticut district court from compelling a non-party witness residing in Utah from being deposed in Connecticut, the Special Master should amend his Order.[11]

**POINT II: THE POLICY REQUIRING THE DEPOSING OF DEFENDANT'S FORMER EMPLOYEES ONLY IN UTAH IS CONSISENT WITH THE ADDITIONAL POLICY THAT EVEN IF DEFENDANT CURRENTLY EMPLOYED AN ADMINISTRATIVE STAFF, CONVENIENCE AND ECONOMY WOULD REQUIRE THAT THEIR DEPOSITIONS BE TAKEN IN UTAH, NOT CONNECTICUT.**

Even when current employees or officers of a party to a lawsuit are scheduled for deposition, courts almost always require the party requesting the deposition to depose the employees at the corporation's principal place of business.[12] 8A Fed. Prac. & Proc. Civ.2d §2112. For example, in *Philadelphia Indem. Ins. Co. v. Federal Ins. Co.*, 215 F.R.D. 492 (E.D. Pa 2003), a federal district court entered a protective order directing that the corporate defendant's employee depositions be taken in California, where they employees lived, not in Pennsylvania, the site of the lawsuit; *see also Rapoca Energy Co., L.P. v. Amci Export Corp,* 199 F.R.D. 191 (W.D.Va 2001) (explaining that a deposition of a corporation's agents or officers should normally be taken in the district of the corporation's principal place of business); *Archer Daniels Midland Co. v. Aon Risk Services, Inc., of Minn.,* 187 F.R.D. 578 (D. Minn. 1999) (ordinary employees are subject

---

[11] In fact, before plaintiff can compel defendant's former employees to attend their depositions in Utah, she will first be required to request a subpoena from a Utah court, which plaintiff must then properly serve on defendant's former staff. Federal Rule of Civil Procedure 45. And like any subpoena issued by the Connecticut Court, the Utah court's subpoena will be limited to requiring former staff to attend depositions within 100 miles of where they reside.

[12] It is important to note that, as Judge Kravitz has already held in this case, defendant is not a corporation, but is a sole proprietorship. See Judge Kravitz's January 27, 2005 ruling and order at p. 2; attached as Exhibit B.

6

to the rule that a deponent should be deposed near his or her business, or physical place of work); *Chris-Craft Indus. Products, Inc., v. Kuararay Co., Ltd,* 184 F.R.D. 605 (N.D. Ill. 1999) (when a corporation objects to a deposition being taken at a place other than the corporation's principal place of business, the objection should be sustained unless there are unusual circumstances which justify such inconvenience to the corporation).

In some instances a district court will not even require a defendant corporation to travel to the venue of the lawsuit, even though the lawsuit was filed in the same state where the defendant corporation resides. *See Twardzik v. Sepauley,* 286 F.Supp. 346 (D. Pa. 1968) (where defendants all resided in the same county in Pennsylvania, the Court held that it would be oppressive to require all of the defendants to come to Philadelphia to be deposed).

This policy and rule that a defendant employee should be deposed at or near the defendant business's principal place of business is based on the concept that it is the plaintiffs who brought the lawsuit and who exercised the first choice as to forum because the defendant neither chose to be sued or where to be sued. As a result, courts typically require plaintiffs to depose defendant employees where they reside or where the corporation is located. As such, defendant requests that the Special Master reconsider the Order and schedule defendant's former administrative staff depositions to take place in Salt Lake City, Utah.

## CONCLUSION

Based on the foregoing, defendant respectfully requests the Special Master to reconsider the Order and, provided that the Utah witnesses are properly served with valid

subpoenas, re-schedule the depositions of defendant's former employees to take place in Salt Lake City, Utah.

Victor Lawrence, Pro Se  
P.O. Box 1413  
Bountiful, Utah 84011  
(telephone) 801-244-2515

## CERTIFICATE OF SERVICE

The undersigned herby certifies that a true and correct copy of the foregoing was mailed, postage prepaid, on the __6th__ day of __July__, 20__05__, to the following:

Joanne S. Faulkner  
123 Avon Street  
New Haven, CT 06511

Victor Lawrence

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE,

        Plaintiff

v.

VICTOR LAWRENCE, d/b/a LEXINGTON LAW FIRM,

        Defendant

Civil No. 3:03cv89(MRK)

# SPECIAL MASTER'S DISCOVERY REPORT AND RECOMMENDED ORDER

On May 7, 2005, the Honorable Mark R. Kravitz, U.S. District Judge for the District of Connecticut, entered an order appointing F. Owen Eagan as a Special Master to oversee discovery, in particular as it pertains to Pleading Nos. 115, 117, and 130 (130 was later withdrawn).

Pursuant to this Order, a telephone conference was conducted with counsel on April 4, 2005.

On April 21, 2005, counsel met with the Special Master for five and one half hours in the Special Master's West Hartford office, at which time, all of the disputed items in Pleadings Nos. 115 and 117 (Motions to Compel) were reviewed.

The Special Master requested additional information, some of which has been received. The Special Master also requested transcripts of the April 20 and December 23, 2004 telephone discovery dispute conferences with Judge Kravitz. These transcripts were essential in that counsel disagree as to the contents of Judge Kravitz's Orders in the conferences.

After a careful review of all the arguments advanced by counsel, as well as the transcripts and the information supplied by the Clerk's Office, the Special Master makes

the following recommended ruling for the Honorable Judge Kravitz to review and issue a final order.

## RECOMMENDED ORDER

A.    PLAINTIFF'S THIRD DISCOVERY REQUEST – JULY 19, 2004

Request No. 3 - At the present time, there is no objection or answer on file to this request. It is hereby ordered that the request be answered on or before June 30, 2005. In his answer, the defendant may disregard the last five words of the plaintiff's question ("after visiting a referring website").

Request No. 4 – Defendant's answer to this request is not sufficiently specific; therefore, the defendant is ordered to answer this question with more specificity on or before June 30, 2005.

B.    PLAINTIFF'S SECOND PRODUCTION REQUEST - APRIL 20, 2004

Request No. 1 - The defendant is ordered to produce this material on or before June 30, 2005.

Request No. 2 - The defendant is ordered to produce this material on or before June 30, 2005.

C.    PLAINTIFF'S FIFTH PRODUCTION REQUEST – NOVEMBER 23, 2004

Request No. 1 - The defendant is ordered to produce the information requested on or before June 30, 2005.

Request No. 2 - The defendant is ordered to produce the information requested on or before June 30, 2005.

D.    PLAINTIFF'S FOURTH PRODUCTION REQUEST – SEPTEMBER 17, 2004

The original objection by the defendant was based on confidentiality. Confidentiality has been resolved by the Court's Protective Order. Consequently, the defendant is ordered to produce this material on or before June 30, 2005. The defendant's responses shall be limited in time from June 1, 2002 to December 31, 2002.

E.    PLAINTIFF'S INTERROGATORIES – MAY 2003

Questions Nos. 4 and 5 - the defendant is required to answer these interrogatories on or before June 30, 2005.

Question No. 7 – the defendant will answer this interrogatory on or before June 30, 2005; however, the answer will be limited in time from January 1, 2002 to December 31, 2002.

Question No. 8 – the defendant will answer this interrogatory on or before June 30, 2005.

F.  PLAINTIFF'S MAY 2003 PRODUCTION REQUEST

Request No. 8 - the defendant does not have to provide this report as it is too broad and not likely to lead to the discovery of admissible evidence.

Request No. 9 – the defendant does not have to provide these as requested, but he must provide them for the year 2002, which production shall be supplied on or before June 30, 2005.

Requests Nos. 10, 11, 12 & 13 – the defendant shall provide this information for the period from September 25, 2002 to November 18, 2002. This production must be accomplished on or before June 30, 2005.

G.  PLAINTIFF'S INTERROGATORIES AND PRODUCTIONS DATED APRIL 2004

Question No. 3 – shall be answered by the defendant, but shall be limited in time from September 25, 2002 to November 18, 2002, and shall be produced on or before June 30, 2005.

Question No. 7 – same as No. 3 above.

Production Request No. 1 – this matter has been addressed by the Court's Protective Order and this request should be complied with no later than June 30, 2005.

H.  PLAINTIFF'S DISCOVERY REQUEST

Question No. 1 – the defendant will answer this question, but is limited in time from September 25, 2002 to November 18, 2002. This answer is due on or before June 30, 2005.

Question No. 2 – same as No. 1 above.

Question No. 5 – same as No. 1 above.

Production Request No. 2 (2002, 2003 quarterly reports) – This information should be supplied, but is limited in time to September 25, 2002 to November 18, 2002.

I. PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION – SEPTEMBER 17, 2004

Requests Nos. 3, 4, 5, 6, 7, 8, 9, 10 and 11 – all of these requests will be complied with by the defendant on or before June 30, 2005, but are hereby limited in time to the last quarter of the year 2002.

Requests Nos. 12, 13, and 14 are denied and the defendant does not need to respond.

J. FURTHER DEPOSITIONS – Plaintiff will be allowed to take depositions of the defendant's staff of six members. The 30B 6 deposition is limited to the staff member whom the defendant identifies as the most appropriate administrative person to respond to this type of deposition. These depositions are to be taken on or before July 15, 2005. Defendant will be allowed a continued deposition of the plaintiff, which will last for no more than 4 hours. Defendant will also be allowed a full deposition of the plaintiff's husband. These two depositions will be supervised by this Special Master and taken at the Special Master's office, 1013 Farmington Avenue, West Hartford, Connecticut on September 13, 2005. Said depositions will begin no later than 9 a.m.

K. RESPONSE TO NOVEMBER 19, 2004 PLAINTIFF'S REQUEST FOR ADMISSIONS

Admissions Nos. 1 and 2 – the defendant should admit or respond to these admissions no later than June 30, 2005.

Admissions Nos. 3 and 4 – responses to these admissions should be either fully admitted or responded to no later than June 30, 2005.

Respectfully submitted this 10 day of June, 2005,

F. Owen Eagan
U.S. Magistrate Judge (Retired)

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHELLE GOKTEPE,

    Plaintiff,

v.

VICTOR LAWRENCE, d/b/a LEXINGTON LAW FIRM,

    Defendant.

Civil No. 3:03cv89 (MRK)

FILED
2005 JAN 27 P 12: 16
U.S. DISTRICT COURT
NEW HAVEN. CT

## RULING AND ORDER

The Court hereby DENIES Plaintiff's Motion to Strike Election to Appear Pro Se [**doc. #99**]. As Plaintiff rightly points out, the general rule is that an entity cannot appear *pro se*. "Pro se denotes (in law latin) appearance for one's self, so that a person ordinarily may not appear pro se in the cause of another person or entity." *Pridgen v. Anderson*, 113 F.3d 391, 393 (2d Cir. 1997). Thus "it is settled law that a corporation cannot generally appear in federal court except through its lawyer." *Jacobs v. Patent Enforcement Fund, Inc.* 230 F.3d 565, 568 (2d Cir. 2000). *Cf. United States v. Priority Prods. Inc.*, 615 F. Supp. 593, 596 (Ct. Int'l Trade 1985) ("[o]ccasionally, the courts have held that a corporation may appear through an agent other than an attorney where the agent is party to the action along with the corporation.").

However, a sensible exception exists when an entity is a sole proprietorship, because "a sole proprietorship has no legal existence apart from its owner." *United States v. Fox*, 721 F.2d 32, 36 (2d Cir. 1983). Accordingly, many courts have held that "sole proprietorships may proceed *pro se* in federal court." *Kraebel v. N.Y. City Dep't of Hous. Pres. and Dev*, No.

1